```
 1  KAREN JOHNSON-MCKEWAN (STATE BAR NO. 121570)
    kjohnson-mckewan@orrick.com
 2  NANCY E. RAPKIN (STATE BAR NO. 197042)
    nRapkin@orrick.com
 3  NIKKA N. RAPKIN (STATE BAR NO. 244207)
    nrapkin@orrick.com
 4  ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
 5  405 Howard Street
    San Francisco, CA  94105-2669
 6  Telephone:    (415) 773-5700
    Facsimile:    (415) 773-5759
 7
 8  Attorneys for Defendant
    GOOGLE INC.
 9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNA GODDARD, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., a Delaware corporation,<br><br>Defendant. | CASE NO.  C 08-02738 (JF)<br><br>**GOOGLE INC.'S ADMINISTRATIVE REQUEST TO FILE UNDER SEAL: (1) GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND (2) THE DECLARATION OF MATTHEW HUDSON IN SUPPORT THEREOF**<br><br>Date: September 19, 2008<br>Time: 10:30 a.m.<br>Judge:  The Honorable Jeremy Fogel<br><br>Date Action Filed: May 30, 2008<br>No Trial Date Set |

OHS West:260497470.1

1  Pursuant to Civil Local Rule 79-5, Defendant Google Inc. ("Google") respectfully submits
2  this Administrative Request for leave to file under seal with this Court: (1) Certain portions of
3  Google's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand
4  ("Opposition") as set forth below, and (2) the Declaration of Matthew Hudson in support thereof
5  ("Hudson Decl."). This Administrative Request is accompanied by the Declaration of Nikka N.
6  Rapkin ("Rapkin Decl.") in support of Google's request to file these documents under seal.

7  Good cause exists to file under seal the documents referenced above. *See* Rapkin Decl. ¶
8  3-4; *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1214-15 (9th Cir. 2002) (holding that a
9  lesser, "good cause," standard is appropriate for sealing a document attached to a nondispositive
10 motion). Google is the nation's leading internet search engine, maintaining the largest and most
11 comprehensive index of online content and providing users with a searchable format to access the
12 world wide web. Complaint ¶ 2. To maintain its industry-leading position, Google must keep its
13 confidential business information out of the reach of its competitors. Google has expended a
14 great deal of effort and money to develop its business and routinely goes to great lengths to
15 protect its business and trade secrets.

16 Plaintiff's sole argument in support of her motion to remand is that Google has not shown
17 that the amount in controversy exceeds the $5 million threshold required by the Class Action
18 Fairness Act ("CAFA"). To respond to Plaintiff's motion, Google's Opposition and the
19 accompanying Hudson Declaration offer specific facts to establish that Plaintiff's claims, if true,
20 would result in damages, disgorgement, restitution and other relevant costs in excess of the
21 jurisdictional minimum. These facts involve highly confidential and proprietary information
22 about Google's business which is not made available to the public and would cause specific
23 prejudice and harm to Google if made available to Google's competitors. Rapkin Decl. ¶ 3.

24 Such confidential information includes, for example, the revenues from certain types of
25 Google advertising customers. Although Google reports revenue in public filings, it does not
26 disclose particularized information, such as revenue by specific types of advertiser, that Google
27 has provided in its Opposition and the accompanying Hudson Declaration. While Google has
28 disclosed this information because of its relevance to determine the amount in controversy at

issue in this proceeding, this information speaks directly to Google's primary source of revenue and thus to the heart of its business. Such detailed information is confidential and proprietary to Google and releasing it to the public would place Google at a competitive disadvantage. Rapkin Decl. ¶ 4; *see also Reilly v. MediaNews Group Inc.*, 2007 WL 196682 *4, No. 06-CV-04332 (SI) (N.D. Cal. Jan. 24, 2007) (granting request to keep revenue information sealed because "the revenue information and projections might allow competitors to anticipate and reach to actions taken by defendants in the future," and "such information might also help the bargaining position of companies that negotiate the defendants in the future").

Because the information disclosed in Google's Opposition and the Hudson Declaration would cause prejudice to Google's business if it became publicly available, Google respectfully requests this Court grant Google's administrative motion to seal: (1) the following portions of Google's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand: (1) Page 2, lines 7-8 beginning after " . . . in the accompanying declaration" and before "*See* Declaration of . . . ."; (2) Page 2, lines 12-15 beginning after ". . . Compl. ¶ 7" and before "Plaintiff makes clear . . . ."; Page 10, lines 10-16 beginning after ". . . 10-Q at 24)"; Page 12, lines 12-15 beginning after ". . . this conclusion" and before "This evidence, . . . ."; and (2) the complete Declaration of Matthew Hudson in support thereof.

Dated: August 29, 2008

KAREN JOHNSON-MCKEWAN
NANCY E. HARRIS
NIKKA N. RAPKIN
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Nikka N. Rapkin
Attorneys for Defendant
GOOGLE INC.

OHS West:260497470.1                - 2 -

GOOGLE'S ADMINISTRATIVE REQUEST
TO FILE REMAND OPP. DOCS. UNDER SEAL
CASE NO. C 08-02738 (JF)