1  KAREN JOHNSON-MCKEWAN (STATE BAR NO. 121570)
   kjohnson-mckewan@orrick.com
2  NANCY E. HARRIS (STATE BAR NO. 197042)
   nharris@orrick.com
3  NIKKA N. RAPKIN (STATE BAR NO. 244207)
   nrapkin@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:    (415) 773-5700
   Facsimile:     (415) 773-5759
7

8  Attorneys for Defendant
   GOOGLE INC.
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNA GODDARD, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. C 08-02738 (JF)<br><br>**DECLARATION OF NIKKA N. RAPKIN IN SUPPORT OF GOOGLE INC.'S ADMINISTRATIVE REQUEST TO FILE UNDER SEAL (1) GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND (2) THE DECLARATION OF MATTHEW HUDSON IN SUPPORT THEREOF**<br><br>Date: September 19, 2008<br>Time: 10:30 a.m.<br>Judge:  The Honorable Jeremy Fogel<br><br>Date Action Filed: May 30, 2008<br>**No Trial Date Set** |

OHS West:260496989.1

I, Nikka N. Rapkin, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am an associate at Orrick, Herrington & Sutcliffe LLP, counsel of record to Defendant Google Inc. ("Google") in this action.

2. Good cause exists to grant Google's administrative request to file under seal with this Court: (1) Google's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand and (2) the Declaration of Matthew Hudson in support thereof.

3. Google's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand and the accompanying Declaration of Matthew Hudson contain highly confidential and proprietary information concerning, among other things, details regarding categories of certain Google advertisers, specific revenues generated by these advertisers over a period of years, and Google's practices in running its business and in maintaining its internal information and databases.

4. Although Google reports its revenue in public filings made available to the public and its investors, it does not make available its revenue by specific segments of advertiser. Such detailed information is confidential and proprietary to Google and releasing it to the public would place Google at a competitive disadvantage. Similarly, information regarding Google's business practices and internal operations is confidential and would cause Google harm if made publicly available.

I declare under penalty of perjury that the foregoing is true and correct.

Executed August 29, 2008 at San Francisco, California

Nikka N. Rapkin