1  ALAN HIMMELFARB- SBN 90480
   KAMBEREDELSON, LLC
2  2757 Leonis Boulevard
   Los Angeles, California 90058
3  t: 323.585.8696

4  JAY EDELSON (*Pro Hac Vice pending*)
   MYLES MCGUIRE (*Pro Hac Vice pending*)
5  KAMBEREDELSON, LLC
   53 West Jackson Blvd.
6  Suite 550
   Chicago, IL 60604
7  t: 312.589.6370
   f: 312.873.4610
8
   ATTORNEYS FOR PLAINTIFF
9

10

11

12

13                    **UNITED STATES DISTRICT COURT**

14                   **NORTHERN DISTRICT OF CALIFORNIA**

15                          **SAN JOSE DIVISION**

16  JENNA GODDARD, individually and on          CASE NO. C 08 02738 PVT
    behalf of a class of similarly situated
17  individuals,                                 **PLAINTIFF JENNA GODDARD'S
                                                  MOTION TO REMAND**
18                        Plaintiff,
                                                  Date:
19  v.                                            Time:
                                                  Dept:
20  GOOGLE INC., a Delaware corporation,          Judge:
                                                  Date Action Filed: 5/30/2008
21                        Defendant.              No Trial Date Set

22

23

24

25      **PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO REMAND**

26      Plaintiff Jenna Goddard ("Goddard" or "Plaintiff"), replies in support of her motion to

27  remand this action to the Superior Court of the State of California, County of Santa Clara.  In

28  support, the Plaintiff states as follows:

# I.  Introduction

This Court should grant Plaintiff's motion to remand the case because defendant Google, Inc. ("Google" or "Defendant") failed to demonstrate that the amount in controversy exceeds $5 million, the minimum for this Court to exercise jurisdiction under the Class Action Fairness Act ("CAFA").  Defendant concedes that the Court may only exercise jurisdiction in the matter under CAFA.

Google has failed to demonstrate that the amount in controversy exceeds $5 million for two primary reasons: 1) Google has not identified when the guidelines governing mobile content advertisers went into effect; and, 2) Google has not identified how much of its revenue from mobile content advertisers is attributable to noncompliant advertisers.

The result of not disclosing these two key pieces of information is that neither Plaintiff, nor the Court, can discern how much of Google's revenue from mobile content advertisers is attributable to Plaintiff's allegations.  Simply citing total revenue derived from both legitimate and noncompliant mobile content advertisers since April 30, 2004 is insufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeds $5 million.  Accordingly, this Court should remand this action to Superior Court of the State of California, County of Santa Clara.

# II.  Argument

## A.  **Google Has Failed to Provide a Plausible Good-Faith Estimate of the Amount-In-Controversy.**

Plaintiff does not allege that all Google revenue from mobile content providers is in controversy.  Rather, Plaintiff contends that the revenue from mobile content providers that did not comply with Google's Advertising Program Terms is in controversy.  But Google has not disclosed formally or informally when Google instituted the program terms at issue in this

matter.[1]  Because Defendant has not revealed when the relevant terms took effect, the Court cannot assess how much of Google's revenue from mobile content providers since April 30, 2004 relates to Plaintiff's allegations.  For example, if Google began using the relevant terms and conditions on January 1, 2007, then the relevance of its mobile content ad revenue from April 30, 2004 to December 31, 2006 would be outside the class definition and thus irrelevant.

Similarly, Defendant's revenue figures include money earned from compliant, as well as noncompliant advertisers.  Revenue from compliant mobile content advertisers is also outside the class definition and thus serves only to confuse the true issue.

As explained in Plaintiff's opening brief, Defendant bears the burden to provide a reasonable basis for the amount in controversy.  It cannot create federal jurisdiction by mere speculation or by showing that because it does significant amounts of legitimate business, it must be assumed that it does significant amounts of illegitimate business as well.  *See* § B, *infra*.

**B.     Other Courts Have Rejected CAFA Jurisdiction Where Defendants Have Advanced Similar "Evidence" of the Amount-In-Controversy.**

Four District Court Judges—two in the Northern District of Illinois, one in the Southern District of Florida, and another in the Central District of California—have rejected CAFA jurisdiction where defendants produced similar evidence of the amount in controversy. *See Paluzzi v. Cellco P'ship*, No. 08 C 0405 (N.D. Ill. Apr. 29, 2008) *petition for leave to appeal denied*; *Wallace v. Universal Music Group, Inc.*, No. CV 08-04553 (C.D. Cal. September 5, 2008); *Fiddler v. AT&T Mobility, LLC*, No. 08-416, 2008 WL 2130436 (N.D.

---

[1] Plaintiff's counsel requested through Google's counsel that Google provide the date that the relevant program terms took effect, but Google has thus far failed to comply with the request.

Ill. May 20, 2008); and *Gray v. Cellco P'ship*, No. 08-60146 (S.D. Fla. March 26, 2008). *See* Exhibits A, B. and C attached to Plaintiff's Motion to Remand.

In *Paluzzi*, defendant Verizon Wireless presented evidence of its total mobile content revenue and argued that to meet the CAFA threshold, the unauthorized charges complained of need only represent a percentage of that total mobile content revenue. No. 08 C 0405, Exhibit A, p. 2-3. The court disagreed and held that Verizon failed to provide the evidence necessary for the court to make a determination as to the amount in controversy. *Id.*, Exhibit A, p. 4.

Likewise, in *Wallace*, Defendant Universal Music Group, Inc., argued that to find CAFA's $5 million jurisdictional requirement satisfied, the Court need only assume that 1% of U.S. mobile phone users received unauthorized mobile content related to Universal. The Court refused to make such an assumption and found instead that Universal "failed to establish, beyond mere speculation, that the amount in controversy more likely than not exceeds $5 million …." No. CV-08-04553, Exhibit B, p. 2-3.

In *Fiddler*, the court declined to find CAFA jurisdiction based on percentages where the defendants presented evidence of "total gross revenue from third-party mobile content from Illinois subscribers' and the 'aggregate retail value of the traffic' processed by the other." *Fiddler*, 2008 WL 2130436 at *2. The *Fiddler* Court remanded the case, holding that defendants' evidence of "total sales during the relevant time period brings Defendants no closer to establishing the amount in controversy in this case since Defendants have not provided even an estimation of the portion of total sales implicated by [plaintiff's] claims." *Id.*; *see also Gray*, No. 08-60146, Exhibit C (refusing to speculate as to the size of the class and the claims of each class member, or to assume that a certain percentage of charges were unauthorized).

Similar to the defendants in *Paluzzi*, *Wallace*, *Fiddler*, and *Gray*, Google failed to advance any evidence showing that removal is proper.  Google does not explain why it is reasonable to surmise that any particular amount of its revenue from mobile content advertisers has come from noncompliant mobile content advertisers.  Google merely chose a percentage of revenue generated from mobile content sales that satisfied CAFA's $5 million amount-in-controversy requirement.  This is insufficient to establish the amount in controversy.

### III.  Conclusion

Ultimately, it is Google's burden to prove that $5 million is at issue in this case. Absent evidence that distinguishes Google's overall revenue from the revenue generated from noncompliant mobile content advertisers since the date the Program Terms took effect, Google has failed to satisfy its burden.

**WHEREFORE**, Plaintiff Jenna Goddard prays that this Honorable Court remand this case to the Superior Court of the State of California, County of Santa Clara, or, in the alternative, reserve its ruling on the issue of whether Google has shown that federal diversity jurisdiction is available under CAFA and grant Plaintiffs leave to conduct limited discovery on the issue of the amount in controversy in this case, award reasonable attorneys fees incurred in connection with the prosecution of this motion, and award such other and further relief as is equitable and just.

Dated September 26, 2008

Respectfully submitted,

By: /s/ Alan Himmelfarb_____
    ALAN HIMMELFARB
    One of the Attorneys for Jenna Goddard,
    individually and on behalf of a class of
    similarly situated individuals

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 26, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Karen Johnson-McKewan
Nancy E. Harris
Nikka N. Rapkin
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

*Attorneys for Defendant Google, Inc.*

Dated: September 26, 2008

By: /s/ Alan Himmelfarb_____
    ALAN HIMMELFARB
    One of the Attorneys for Jenna
    Goddard, individually and on behalf of
    a class of similarly situated individuals