KAREN JOHNSON-MCKEWAN (SBN 121570)
kjohnson-mckewan@orrick.com
NANCY E. HARRIS (SBN 197042)
nharris@orrick.com
NIKKA N. RAPKIN (SBN 244207)
nrapkin@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CA 94105-2669
TELEPHONE: (415) 773-5700
FACSIMILE: (415) 773-5759

ATTORNEYS FOR DEFENDANT
GOOGLE INC.

ALAN HIMMELFARB (SBN 90480)
ahimmelfarb@kamberedelson.com
KAMBEREDELSON, LLC
2757 LEONIS BOULEVARD
LOS ANGELES, CA 90058
TELEPHONE: (323) 585-8696
FACSIMILE: (323) 585-6195

ATTORNEY FOR PLAINTIFF
JENNA GODDARD

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JENNA GODDARD, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 08-02738 (JF)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Jeremy Fogel<br>Date: October 3, 2008<br>Time:<br>Ct. Rm.: |

# JOINT CASE MANAGEMENT STATEMENT

Pursuant to this Court's Civil Local Rule ("Civil L.R.") 16-9, plaintiff Jenna Goddard ("Goddard" or "Plaintiff") and defendant Google Inc. ("Google" or "Defendant") jointly submit this Case Management Statement. In support, the parties state as follows:

## I. JURISDICTION AND SERVICE:

On April 30, 2008, Goddard filed this multi-count class action complaint in the Superior Court for the County of Santa Clara against Google alleging: (I) violation of the California Unfair Competition Law; (II) breach of contract; (III) negligence; and (IV) aiding and abetting. On May 30, 2008, Google removed this action to the U.S. District Court for the Northern District of California based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(d).

Plaintiffs filed a motion to remand on the issue of this Court's jurisdiction under 28 U.S.C. § 1332(d) on June 30, 2008. That motion is scheduled to be heard on October 3, 2008.

All parties to this action have been served and there is no dispute that this Court has personal jurisdiction over the parties and that this Court is a proper venue for the adjudication of this action.

## II. FACTS IN DISPUTE:

Goddard claims she was injured as a result of entering her cell phone number on an allegedly fraudulent mobile subscription services website that she viewed after clicking on a Google AdWords advertisement. According to plaintiff, "mobile subscription services" and "mobile content" include products that range from the basic (customized ringtones for use with cell phones, sports score reports, weather alerts, stock tips, horoscope services, and the like) to those requiring more advanced capabilities (such as direct payment services, interactive radio and participatory television). Google

2

JOINT CASE MANAGEMENT STATEMENT                                        CASE NO. C 08-02738 (JF)
OHS WEST:260522019(1)

AdWords is an auction-based advertising program that lets advertisers deliver relevant ads targeted to search queries or web content across Google sites and through the Google Network. Plaintiff alleges that customers of Google purchase targeted advertising from Google's AdWords program to promote their products and services.

Plaintiff alleges that Google failed independently to enforce its Content Policy and allowed certain fraudulent mobile subscription services to advertise through its AdWords program in violation of California Business and Professions Code section 17200. Plaintiff further alleges that Defendant's conduct constituted a breach of contract, negligence, and aiding and abetting the alleged misconduct of mobile subscription service advertisers. Compl. ¶¶ 57, 65, 71, 80. Plaintiff seeks to represent a nationwide class of similarly situated plaintiffs who "suffered damages as a result of clicking on a Google AdWords advertisement for mobile subscription services which linked to a Fraudulent Mobile Subscription Services website." Compl. ¶ 40.

Google denies Goddard's allegations and denies that it has any liability to Goddard or the putative class. Google is not currently aware of facts regarding whether Plaintiff visited the Google website, whether Plaintiff clicked on an AdWords advertisement, or whether Plaintiff experienced harm as a result of visiting a mobile subscription service's website.

**III.   LEGAL ISSUES:**

Presently disputed points of law include:

(a) Whether this Court has jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332 and 1453.

(b) Whether Google is immune from this litigation under Section 230 of the Communications Decency Act of 1996, 47 U.S.C. § 230(c)(1).

(c) Whether this class would be appropriately certified under Federal Rule of Civil Procedure 23.

(d) Whether Google is liable for violation of the California Unfair Competition Law ,Cal. Bus & Prof. Code § 17200.

(e) Whether Google has breached a contract to which Plaintiff was an intended third-party beneficiary.

(f) Whether Google breached a duty to Plaintiff by permitting the allegedly fraudulent mobile subscription services to advertise through its AdWords program.

(g) Whether Google is liable for aiding and abetting tortious and/or unlawful acts by allegedly fraudulent mobile subscription services.

**IV. MOTIONS:**

On May 30, 2008, Google removed this action to this Court. On June 30, 2008, Goddard filed a motion to remand this case back to the Superior Court for Santa Clara County. Goddard's motion to remand is set for hearing on October 3, 2008, at 9:00 a.m.

Google intends to move for dismissal of this action on the ground, *inter alia*, that this action is barred under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1).

**V. AMENDMENT OF PLEADINGS:**

Goddard does not anticipate amending her complaint to name new parties or add additional claims. Google intends to file a motion to dismiss and has not yet filed an answer to the complaint.

**VI. EVIDENCE PRESERVATION:**

The parties have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

**VII. DISCLOSURES:**

The parties have yet to serve disclosures pursuant to Fed. R. Civ. P. 26. The parties agree that Rule 26 disclosures should be postponed until the pending motion to remand and Google's motion to dismiss pursuant to Rule 12(b)(6) are resolved.

4

## VIII. DISCOVERY:

To date, the parties have not exchanged formal discovery. The parties agree that the establishment of a discovery schedule should take place after the resolution of Google's motion to dismiss pursuant to Rule 12(b)(6).

## IX. CLASS ACTIONS:

### Plaintiff's Position

Goddard anticipates moving for class certification under Fed. R. Civ. P. 23(a)(b)(2)(3). At present, Goddard has not had a sufficient opportunity to conduct discovery and therefore, a motion for class certification is premature. As a result, Goddard intends to move for class certification after the close of discovery.

### Defendant's Position

It is Google's position that Plaintiff must file her motion for class certification as soon as practicable after the motion to dismiss is resolved. *See* Fed. R. Civ. Proc. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.").

## X. RELATED CASES:

Goddard has no knowledge of any related cases pending before any other Judge of this Court as defined in Civil L.R. 3-12 or otherwise.

## XI. RELIEF:

Goddard seeks damages, injunctive relief, and equitable remedies, including a constructive trust and an accounting. Google intends to seek its attorneys' fees and costs.

## XII. SETTLEMENT AND ADR

The parties will engage in an ADR telephone conference on October 1, 2008. To date, the parties have not engaged in settlement negotiations.

## XIII. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE:

The parties do not consent to proceed before a magistrate judge for all purposes.

**XIV. OTHER REFERENCES:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV. NARROWING OF ISSUES:**

The parties believe that it is premature to determine which issues may be resolved by agreement or motion, or whether any request will be made to bifurcate issues, claims or defenses.

**XVI. EXPEDITED SCHEDULE:**

The parties do not believe that this case is appropriate for an expedited schedule at this time.

**XVII. SCHEDULING:**

The parties have not yet designated any experts at this time.

### Plaintiff's Position

The discovery cut-off should not occur until at least 180 days after the case management conference scheduled for October 3, 2008. The cut-off for the designation of experts should occur 60 days after the discovery cut-off date. The cut-off for dispositive motions should occur 60 days after the cut-off for the designation of experts. A pre-trial conference should occur 30 days after the cut-off for dispositive motions. A trial should occur 30 days after the pre-trial conference.

### Defendant's Position

Establishment of a case schedule should be postponed until Google's motion to dismiss pursuant to Rule 12(b)(6) is ruled upon.

**XVIII. TRIAL:**

Goddard seeks to have this case tried before a jury. The parties anticipate that a trial of this matter will last approximately four to five days.

**XIX. DISCLOSURE OF INTERESTED PARTIES:**

The parties are in compliance with Civil Local Rule 3-16 regarding the Certification of Interested Entities or Persons.

Dated: September 26, 2008          KAMBEREDELSON, LLC


/s/ Alan Himmelfarb
ALAN HIMMELFARB (SBN 90480)
AHIMMELFARB@KAMBEREDELSON.COM
KAMBEREDELSON, LLC
2757 LEONIS BOULEVARD
LOS ANGELES, CA 90058
TELEPHONE: (323) 585-8696
FACSIMILE: (323) 585-6195

ATTORNEY FOR PLAINTIFF
JENNA GODDARD


Dated: September 26, 2008          ORRICK, HERRINGTON & SUTCLIFFE LLP


/s/ Nikka N. Rapkin
NIKKA N. RAPKIN (SBN # 244207)
NRAPKIN@ORRICK.COM
ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CA 94105-2669
TELEPHONE: (415) 773-5700
FACSIMILE: (415) 773-5759

ATTORNEY FOR DEFENDANT
GOOGLE INC.