Alan Himmelfarb (SBN 90480)
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Vernon, CA 90058
T: 323.585.8696
ahimmelfarb@kamberedelson.com

*Attorneys For Plaintiff*
JENNA GODDARD

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JENNA GODDARD, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation,<br><br>Defendant. | Case No. C 08-2738 JF (PVT)<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date: May 29, 2009<br>Judge: Honorable Jeremy Fogel |

Plaintiff's Supplemental Brief in Opposition
to Defendant's Motion to Dismiss

Case No. C 08-2738 JF (PVT)

Currently pending before this Court is Google, Inc.'s ("Google" or "Defendant") 12(b)(6) Motion to Dismiss. (Dkt. No. 50.) Pursuant to this Court's order granting plaintiff Jenna Goddard ("Plaintiff") leave to file supplemental briefing in opposition to Google's motion to dismiss, Plaintiff addresses the recent Ninth Circuit decision *Barnes v. Yahoo!, Inc.,* __F.3d__, 2009 WL 1232367 (9th Cir. May 7, 2009), and its impact on the present litigation as follows:

**I.   Google Cannot Use 47 U.S.C. § 230 As a Basis For Dismissal Under Rule 12(b)(6).**

The primary argument proffered in support of Google's Motion to Dismiss the Amended Complaint is that Google enjoys immunity under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c) ("Section 230"). (*See* Dkt. No. 50.) In *Barnes,* however, the Ninth Circuit clarified that 47 U.S.C. § 230 "*is* an affirmative defense and district courts are to treat it as such." *Barnes*, 2009 WL 1232367, at *2. As an affirmative defense, Section 230 *cannot* be used as a basis for dismissal under Rule 12(b)(6); the "assertion of an affirmative defense does not mean that the plaintiff has failed to state a claim, and therefore does not by itself justify dismissal under Rule 12(b)(6)." *Id*. Google must therefore follow the "normal method of presenting defenses" and assert Section 230 as an affirmative defense in its responsive pleading, if it so chooses. *Id*. As with any affirmative defense, Google bears the burden of both pleading and proving its Section 230 defense. *See id*.

As argued by Plaintiff in her opposition to the Motion to Dismiss the Amended Complaint, Google's Section 230 argument relies on a factual presumption—contrary to the allegations of the Amended Complaint—that its KeyWord Tool is in fact "neutral." (*See* Oppo. to Motion to Dismiss, Dkt. No. 53, at 3.) The *Barnes* Court recognized the impropriety of allowing defendants like Google to sidestep fact development and ask the Court presume the facts on which Section 230 relies—e.g., that Google does no more than provide "neutral tools." *Barnes* simply requires such disputed issues of fact to be pleaded and proved as affirmative defenses before Section 230 immunity can be afforded.

Therefore, to conform to the procedural requirements set out in *Barnes*, this Court should deny that portion of Google's Motion to Dismiss predicated upon Section 230 and require Google

Plaintiff's Supplemental Brief in Opposition    2    Case No. C 08-2738 JF (PVT)
to Defendant's Motion to Dismiss

to file an answer to Plaintiff's Amended Complaint whereby it can assert any affirmative defenses it so chooses.

## II. Google May Not Use 47 U.S.C. § 230 As a Defense Against a Breach of Contract Claim.

*Barnes* provides additional justification as to why Google's Section 230 defense must fail with regard to Count II of the Amended Complaint, the breach of contract claim. In *Barnes*, the plaintiff brought suit against Yahoo! for, *inter alia*, its promise to remove indecent personal profiles created as an act of revenge by an unscrupulous ex-boyfriend, plaintiff's reliance to her detriment on Yahoo's promise, and Yahoo's breach of that promise to remove those profiles. *Barnes*, 2009 WL 1232367, at *1-2. The district court granted Yahoo!'s motion to dismiss, accepting that Section 230(c) afforded Yahoo! immunity. *Id.* at *2. In reversing this decision, the *Barnes* Court indicated that a Section 230 defense does not preclude a breach of contract claim where the plaintiff seeks to hold the Defendant liable as a *promisor* or *counter-party* to the contract, not as a *publisher* or *speaker*. *Id*. at *9, 11. This is because Section 230 does not provide a "general immunity from liability from third-party content" but instead has a limited scope, protecting only those providers or users of interactive computer services "whom a plaintiff *seeks to treat* . . . as a *publisher*[1] or *speaker*" of information provided by another information content provider. *Id.* at *3- 4 (emphasis added).

To determine whether defendants fall within the narrow scope of protection provided by Section 230(c), courts should look to "whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Id.* at 4. Section 230(c) affords immunity where the duty defendant violated derives from the defendant's status or conduct performed as "publisher or speaker." *Id*. However, in the context of a claim for breach of contract,[2] "the duty the defendant allegedly violated springs from a contract—an enforceable

---

[1] The *Barnes* Court finds publishers are those that review, edit, and decide "whether to publish or to withdraw from publication third-party content." *Barnes*, 2009 WL 1232367, at *5.
[2] The Ninth Circuit makes clear that this principle applies to all contract claims by stating, "[i]n a promissory estoppel case, *as in any other contract case*, the duty of the defendant allegedly

promise—not from any non-contractual conduct or capacity of the defendant." *Id.* at *9. As such, in a breach of contract claim, a plaintiff does "not seek to hold [the defendant] liable as a *publisher* or *speaker* of third-party content, but rather as the *counter-party* to a contract, as a *promisor* who has breached." *Id*. In this sense, Section 230 immunity operates differently as to contractual claims because such a claim "treats the outwardly manifested intention to create an expectation on the part of another as a legally significant event." *Id.* at 10.

In this matter, Plaintiff's Breach of Contract claim alleges that the Content Policy incorporated in Google's Advertising Terms is a contract between Google, Fraudulent Mobile Subscription Services, and intended third-party beneficiaries that include Goddard and the proposed Class. (Amend. Compl., Dkt. No. 49 ¶¶ 72-73.) Plaintiff further alleges that Google breached this contract by failing to comply with its promise under the contract to allow only advertising that complied with the Content Policy, and by driving third-party beneficiary consumers to webpages operated by Fraudulent Mobile Subscription Services. (Amend. Compl. ¶ 74.) Like the plaintiff in *Barnes*, the Plaintiff here seeks to hold Google liable as a *promisor* and *counter-party to a contract*, for failing to uphold its promise under the contract, not as a publisher or speaker of the information provided by the Fraudulent Mobile Subscription Services. Accordingly, to the extent that Google's Motion to Dismiss Count II for breach of contract is predicated on Section 230, the motion should be denied.

---

violated springs from a contract—an enforceable promise—not from any non-contractual conduct or capacity of the defendant." *Barnes,* 2009 WL 1232367, at *9 (emphasis added).

Plaintiff's Supplemental Brief in Opposition    4    Case No.  C 08-2738 JF (PVT)
to Defendant's Motion to Dismiss

# CONCLUSION

WHEREFORE, Plaintiff requests that the Court deny Defendant's Motion to Dismiss for the reasons stated above and for the reasons stated in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss. (Dkt. No. 53.)

Dated: May 29, 2009

By: /s/ Alan Himmelfarb
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Los Angeles, California 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Myles McGuire
Michael McMorrow
KAMBEREDELSON, LLC
350 North LaSalle, Ste 1300
Chicago, Illinois 60654
(312) 589-6370
jedelson@kamberedelson.com
mmcguire@kamberedelson.com
mjmcmorrow@kamberedelson.com

*Attorneys for Plaintiff* JENNA GODDARD