John P. Bovich (SBN 150688)
E-Mail: JBovich@reedsmith.com
**Reed Smith LLP**
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Telephone: 415-543-8700
Facsimile: 415-391-8269

William H. Manning (*pro hac vice*)
E-mail: WHManning@rkmc.com
Brad P. Engdahl (*pro hac vice*)
E-mail: BPEngdahl@rkmc.com
Cole M. Fauver (*pro hac vice* appl. pending)
E-mail: CMFauver@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

Attorneys for Plaintiffs and Counterclaim-Defendants Advanced Micro Devices, Inc. and ATI Technologies, ULC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> (1) ADVANCED MICRO DEVICES, INC., and <br> (2) ATI TECHNOLOGIES, ULC, <br><br> Counterclaim-Defendants. | Case No. CV-08-0986-SI <br><br> **COUNTERCLAIM-DEFENDANTS' REPLY AND COUNTERCLAIM IN RESPONSE TO THE COUNTERCLAIMS OF SAMSUNG ELECTRONICS CO., LTD.** <br><br> **[DEMAND FOR JURY TRIAL]** |

Counterclaim-Defendants Advanced Micro Devices, Inc. ("AMD") and ATI Technologies, ULC ("ATI") (collectively, "Counterclaim-Defendants"), by and through their counsel, reply and counterclaim in response to the counterclaims filed by Counterclaim-Plaintiff

Samsung Electronics Co., Ltd. ("SEC") as follows:

**PARTIES**

1. On information and belief, Counterclaim-Defendants admit the allegations of paragraph 62 of SEC's counterclaims.

2. Counterclaim-Defendants admit the allegations of paragraph 63 of SEC's counterclaims.

3. Counterclaim-Defendants admit the allegations of paragraph 64 of SEC's counterclaims.

**JURISDICTION AND VENUE**

4. In response to paragraph 65 of SEC's counterclaims, Counterclaim-Defendants admit that this Court has subject matter jurisdiction over SEC's counterclaims. As to the remaining allegations of paragraph 65 of SEC's counterclaims, Counterclaim-Defendants lack sufficient knowledge or information to admit or deny such allegations, and so deny those allegations and put SEC to its strictest proof.

5. In response to paragraph 66 of SEC's counterclaims, Counterclaim-Defendants do not contest venue in this district.

**RESPONSE TO FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement)**

6. In response to paragraph 67 of SEC's counterclaims, Counterclaim-Defendants incorporate by reference their above responses to paragraphs 62-66 of SEC's counterclaims as if specifically set forth herein.

7. Counterclaim-Defendants admit the allegations of paragraph 68 of SEC's counterclaims.

8. Counterclaim-Defendants admit that, on February 19, 2008, they filed this lawsuit,

which alleges that SEC infringes U.S. Patent No. 5,545,592, U.S. Patent No. 4,737,830, U.S. Patent No. 5,248,893, U.S. Patent No. 5,559,990, U.S. Patent No. 5,377,200, and U.S. Patent No. 6,784,879. Counterclaim-Defendants further admit that on May 1, 2008, they filed their First Amended Complaint, which alleges that SEC infringes those six patents, as well as U.S. Patent No. 5,623,434. Except as expressly admitted, Counterclaim-Defendants deny each and every allegation of paragraph 69 of SEC's counterclaims.

9. Counterclaim-Defendants admit the allegations of paragraph 70 of SEC's counterclaims.

10. Counterclaim-Defendants deny the allegations of paragraph 71 of SEC's counterclaims.

11. Counterclaim-Defendants deny the allegations of paragraph 72 of SEC's counterclaims.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity)**

12. In response to paragraph 73 of SEC's counterclaims, Counterclaim-Defendants incorporate by reference their above responses to paragraphs 62-72 of SEC's counterclaims as if specifically set forth herein.

13. Counterclaim-Defendants admit the allegations of paragraph 74 of SEC's counterclaims.

14. Counterclaim-Defendants admit that, on February 19, 2008, they filed this lawsuit, which alleges that SEC infringes U.S. Patent No. 5,545,592, U.S. Patent No. 4,737,830, U.S. Patent No. 5,248,893, U.S. Patent No. 5,559,990, U.S. Patent No. 5,377,200, and U.S. Patent No. 6,784,879. Counterclaim-Defendants further admit that on May 1, 2008, they filed their First Amended Complaint, which alleges that SEC infringes those six patents, as well as U.S. Patent

No. 5,623,434. Except as expressly admitted, Counterclaim-Defendants deny each and every allegation of paragraph 75 of SEC's counterclaims.

15. Counterclaim-Defendants admit the allegations of paragraph 76 of SEC's counterclaims.

16. Counterclaim-Defendants deny the allegations of paragraph 77 of SEC's counterclaims.

17. Counterclaim-Defendants deny the allegations of paragraph 78 of SEC's counterclaims.

## RESPONSE TO THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 6,407,429)

18. In response to paragraph 79 of SEC's counterclaims, Counterclaim-Defendants incorporate by reference their above responses to paragraphs 62-78 of SEC's counterclaims as if specifically set forth herein.

19. In response to paragraph 80 of SEC's counterclaims, Counterclaim-Defendants admit that, on its face, United States Patent No. 6,407,429 (the "'429 Patent") shows a title of "Semiconductor Device Having Silicon on Insulator and Fabricating Method Therefor," shows an issue date of June 18, 2002, names Young-Gun Ko as the lead inventor, and lists SEC as an assignee. Counterclaim-Defendants deny that the '429 Patent was duly and legally issued. Counterclaim-Defendants admit that, upon the filing of SEC's counterclaims, they received notice of the existence of the '429 Patent. Counterclaim-Defendants deny that SEC's counterclaims provide actual notice of specific infringement allegations. As to the remaining allegations of paragraph 80 of SEC's counterclaims, Counterclaim-Defendants lack sufficient knowledge or information to admit or deny such allegations, and so deny those allegations and put SEC to its strictest proof.

20. Counterclaim-Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 81 of SEC's counterclaims, and so deny those allegations and put SEC to its strictest proof.

21. Counterclaim-Defendants deny the allegations of paragraph 82 of SEC's counterclaims.

22. Counterclaim-Defendants deny the allegations of paragraph 83 of SEC's counterclaims.

23. Counterclaim-Defendants deny the allegations of paragraph 84 of SEC's counterclaims.

## RESPONSE TO FOURTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,173,442 Against ATI)

24. In response to paragraph 85 of SEC's counterclaims, ATI incorporates by reference its above responses to paragraphs 62-84 of SEC's counterclaims as if specifically set forth herein.

25. In response to paragraph 86 of SEC's counterclaims, ATI admits that, on its face, United States Patent No. 5,173,442 (the "'442 Patent") shows a title of "Methods of Forming Channels and Vias in Insulating Layers," shows an issue date of December 22, 1992, names David H. Carey as the inventor, and lists Microelectronics and Computer Technology Corporation as an assignee. ATI denies that the '442 Patent was duly and legally issued. As to the remaining allegations of paragraph 86 of SEC's counterclaims, ATI lacks sufficient knowledge or information to admit or deny such allegations, and so denies those allegations and puts SEC to its strictest proof.

26. ATI lacks sufficient knowledge or information to admit or deny the allegation of paragraph 87 of SEC's counterclaims, and so denies such allegation and puts SEC to its strictest

proof.

27. In response to paragraph 88 of SEC's counterclaims, ATI denies that it is practicing the inventions claimed in the '442 Patent. ATI lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 88 of SEC's counterclaims, and so denies those allegations and puts SEC to its strictest proof.

28. ATI denies the allegations of paragraph 89 of SEC's counterclaims.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,091,339 Against ATI)

29. In response to paragraph 90 of SEC's counterclaims, ATI incorporates by reference its above responses to paragraphs 62-89 of SEC's counterclaims as if specifically set forth herein.

30. In response to paragraph 91 of SEC's counterclaims, ATI admits that, on its face, United States Patent No. 5,091,339 (the "'339 Patent") shows an issue date of February 25, 1992, names David H. Carey as the inventor, and lists Microelectronics and Computer Technology Corporation as an assignee. ATI denies that the '339 Patent was duly and legally issued. As to the remaining allegations of paragraph 91 of SEC's counterclaims, ATI lacks sufficient knowledge or information to admit or deny such allegations, and so denies those allegations and puts SEC to its strictest proof.

31. ATI lacks sufficient knowledge or information to admit or deny the allegation of paragraph 92 of SEC's counterclaims, and so denies such allegation and puts SEC to its strictest proof.

32. In response to paragraph 93 of SEC's counterclaims, ATI denies that it is practicing the inventions claimed in the '339 Patent. ATI lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 93 of SEC's counterclaims,

and so denies those allegations and puts SEC to its strictest proof.

33. ATI denies the allegations of paragraph 94 of SEC's counterclaims.

## RESPONSE TO SIXTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,781,750)

34. In response to paragraph 95 of SEC's counterclaims, Counterclaim-Defendants incorporate by reference their above responses to paragraphs 62-94 of SEC's counterclaims as if specifically set forth herein.

35. In response to paragraph 96 of SEC's counterclaims, Counterclaim-Defendants admit that, on its face, United States Patent No. 5,781,750 (the "'750 Patent") shows a title of "Dual-Instruction-Set Architecture CPU with Hidden Software Emulation Mode," shows an issue date of July 14, 1998, and names James S. Blomgren as the lead inventor. Counterclaim-Defendants deny that the '750 Patent was duly and legally issued. As to the remaining allegations of paragraph 96 of SEC's counterclaims, Counterclaim-Defendants lack sufficient knowledge or information to admit or deny such allegations, and so deny those allegations and put SEC to its strictest proof.

36. Counterclaim-Defendants lack sufficient knowledge or information to admit or deny the allegation of paragraph 97 of SEC's counterclaims, and so deny such allegation and put SEC to its strictest proof.

37. Counterclaim-Defendants deny the allegations of paragraph 98 of SEC's counterclaims.

38. In response to paragraph 99 of SEC's counterclaims, Counterclaim-Defendants admit that AMD had knowledge of the existence of the '750 Patent prior to this lawsuit. Counterclaim-Defendants deny actual notice of infringement pursuant to 35 U.S.C. § 287(a). Counterclaim-Defendants deny the remaining allegations of paragraph 99 of SEC's

counterclaims.

39. Counterclaim-Defendants deny the allegations of paragraph 100 of SEC's counterclaims.

40. Counterclaim-Defendants deny the allegations of paragraph 101 of SEC's counterclaims.

## RESPONSE TO SEVENTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,470,065)

41. In response to paragraph 102 of SEC's counterclaims, Counterclaim-Defendants incorporate by reference their above responses to paragraphs 62-101 of SEC's counterclaims as if specifically set forth herein.

42. Counterclaim-Defendants deny the allegations of paragraph 103 of SEC's counterclaims. On its face, United States Patent No. 5,470,065 shows a title of "Slider Puzzle," shows an issue date of November 28, 1995, and names Robert Hilchie as the inventor. Assuming that SEC intended to recite United States Patent No. 5,740,065, Counterclaim-Defendants admit that, on its face, U.S. Patent No. 5,740,065 shows a title of "Method for Manufacturing Semiconductor Device," shows an issue date of April 14, 1998, names Young-Chul Jang as the lead inventor, and lists SEC as an assignee. Counterclaim-Defendants deny that U.S. Patent No. 5,740,065 was duly and legally issued. As to the remaining allegations of paragraph 103 of SEC's counterclaims, Counterclaim-Defendants lack sufficient knowledge or information to admit or deny such allegations, and so deny those allegations and put SEC to its strictest proof.

43. Counterclaim-Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 104 of SEC's counterclaims, and so deny those allegations and put SEC to its strictest proof.

44. Counterclaim-Defendants deny the allegations of paragraph 105 of SEC's

counterclaims.

45. Counterclaim-Defendants deny the allegations of paragraph 106 of SEC's counterclaims.

46. Counterclaim-Defendants deny the allegations of paragraph 107 of SEC's counterclaims.

**RESPONSE TO EIGHTH CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 6,689,648)**

47. In response to paragraph 108 of SEC's counterclaims, Counterclaim-Defendants incorporate by reference their above responses to paragraphs 62-107 of SEC's counterclaims as if specifically set forth herein.

48. In response to paragraph 109 of SEC's counterclaims, Counterclaim-Defendants admit that, on its face, United States Patent No. 6,689,648 (the "'648 Patent") shows a title of "Semiconductor Device Having Silicon on Insulator and Fabricating Method Therefor," shows an issue date of February 10, 2004, names Young-Gun Ko as the lead inventor, and lists SEC as an assignee. Counterclaim-Defendants deny that the '648 Patent was duly and legally issued. As to the remaining allegations of paragraph 109 of SEC's counterclaims, Counterclaim-Defendants lack sufficient knowledge or information to admit or deny such allegations, and so deny those allegations and put SEC to its strictest proof.

49. Counterclaim-Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 110 of SEC's counterclaims, and so deny those allegations and put SEC to its strictest proof.

50. Counterclaim-Defendants deny the allegations of paragraph 111 of SEC's counterclaims.

51. Counterclaim-Defendants deny the allegations of paragraph 112 of SEC's

counterclaims.

52. Counterclaim-Defendants deny the allegations of paragraph 113 of SEC's counterclaims.

**RESPONSE TO PRAYER FOR RELIEF**

53. Counterclaim-Defendants deny that SEC is entitled to any relief from Counterclaim-Defendants, either as prayed or otherwise.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

54. SEC fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

55. Counterclaim-Defendants have not and are not infringing, contributing to the infringement of, and/or inducing infringement of any claim of the Samsung patents-in-suit.

**THIRD AFFIRMATIVE DEFENSE**

**(Non-Infringement of any Valid, Enforceable Claim of the Samsung Patents-in-Suit)**

56. Counterclaim-Defendants have not and are not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the Samsung patents-in-suit.

**FOURTH AFFIRMATIVE DEFENSE**

**(Invalidity of the Samsung Patents-in-Suit)**

57. The Samsung patents-in-suit are invalid for failure to meet the legal requirements for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

58. SEC's counterclaims are barred, in whole or in part, by the statute of limitations as set forth in 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

59. SEC's counterclaims are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

60. SEC's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver and/or Acquiescence)

61. SEC's counterclaims are barred, in whole or in part, by the doctrines of waiver and/or acquiescence.

## NINTH AFFIRMATIVE DEFENSE

### (License)

62. SEC's counterclaims are barred, in whole or in part, by license.

## TENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

63. SEC's counterclaims are barred, in whole or in part, under the doctrine of prosecution history estoppel to the extent that SEC alleges infringement under the doctrine of equivalents.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

64. SEC's counterclaims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Counterclaim-Defendants Advanced Micro Devices, Inc. ("AMD") and ATI Technologies, ULC ("ATI") (collectively, "Counterclaim-Defendants"), for their counterclaim against Counterclaim-Plaintiff Samsung Electronics Co., Ltd. ("SEC"), state as follows:

## THE PARTIES

65. AMD is a Delaware corporation with its principal offices at One AMD Place, Sunnyvale, California 94085.

66. ATI is a subsidiary of AMD and is incorporated in Alberta, Canada with its principal offices at 1 Commerce Valley Drive E, Markham, Ontario, L3T 7X6, Canada.

67. SEC is a Korean business entity with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea.

## JURISDICTION AND VENUE

68. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) (patent exclusive jurisdiction), and 2201 and 2202 (declaratory relief).

69. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

# FIRST COUNTERCLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity)**

70. Counterclaim-Defendants incorporate by reference the allegations set forth in paragraphs 65-69 above as if specifically set forth herein.

71. This is a claim for a declaratory judgment, together with such relief based thereon as may be necessary or proper, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States patent laws, 35 U.S.C. § 1, *et seq*.

72. SEC alleges that Counterclaim-Defendants infringe United States Patent Nos. 6,407,429, 5,781,750, 5,740,065, and 6,689,648. SEC further alleges that ATI infringes United States Patent Nos. 5,173,442 and 5,091,339. SEC contends that it is the owner of these patents.

73. There is an actual controversy between Counterclaim-Defendants and SEC regarding the validity of United States Patent Nos. 6,407,429, 5,173,442, 5,091,339, 5,781,750, 5,740,065, and 6,689,648.

74. United States Patent Nos. 6,407,429, 5,173,442, 5,091,339, 5,781,750, 5,740,065, and 6,689,648 are invalid for failure to meet the legal requirements for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

75. Counterclaim-Defendants are entitled to a declaratory judgment that United States Patent Nos. 6,407,429, 5,173,442, 5,091,339, 5,781,750, 5,740,065, and 6,689,648 are invalid.

# PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Defendants pray for judgment as follows:

a. That SEC take nothing by its counterclaims, that SEC's counterclaims be dismissed with prejudice, and that judgment on SEC's counterclaims be entered in favor of Counterclaim-Defendants and against SEC;

b. That the Court grant Counterclaim-Defendants declaratory judgment that United States Patent Nos. 6,407,429, 5,173,442, 5,091,339, 5,781,750, 5,740,065, and 6,689,648 are

invalid;

  c. That SEC, its officers, agents, employees, attorneys, and all persons in active concert or participation with them are permanently enjoined from asserting or threatening to assert United States Patent Nos. 6,407,429, 5,173,442, 5,091,339, 5,781,750, 5,740,065, and 6,689,648 against Counterclaim-Defendants or any other person;

  d. That the Court adjudge this to be an "exceptional case" and award Counterclaim-Defendants their attorneys' fees under 35 U.S.C. Section 285;

  e. That Counterclaim-Defendants be awarded their costs of suit; and

  f. For such other and further relief as this Court deems just and proper.

Respectfully submitted.

DATED: August 1, 2008  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ William H. Manning
   William H. Manning
   Brad P. Engdahl
   Cole M. Fauver

**ATTORNEYS FOR PLAINTIFFS AND COUNTERCLAIM-DEFENDANTS ADVANCED MICRO DEVICES, INC. AND ATI TECHNOLOGIES, ULC**

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Counterclaim-Defendants demand a jury trial as to all matters so triable.

Respectfully submitted.

DATED: August 1, 2008　　　　　　　　**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:　/s/ William H. Manning
　　　William H. Manning
　　　Brad P. Engdahl
　　　Cole M. Fauver

**ATTORNEYS FOR PLAINTIFFS AND COUNTERCLAIM-DEFENDANTS ADVANCED MICRO DEVICES, INC. AND ATI TECHNOLOGIES, ULC**