# EXHIBIT B

# HellerEhrman LLP

June 25, 2008

*Via E-mail*

Christine Saunders Haskett
Christine.Haskett@hellerehrman.com
Direct +1 (415) 772-6426
Direct Fax +1 (415) 772-1788
Main +1 (415) 772-6000
Fax +1 (415) 772-6268

03656.0003

William H. Manning
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

Re: Advanced Micro Devices, Inc., et al. v. Samsung Electronics Co., Ltd., et al.

Dear Bill:

I write in response to your letter of June 10, 2008 regarding the possibility of grouping the Samsung products that AMD accuses of infringement in order to streamline discovery in this case. Samsung is willing to consider entering into some type of an agreement regarding representative products, but in order to do so, we need more information about AMD's reasoning underlying its infringement case. Only then can we understand the product features that AMD sees as relevant to its case and propose appropriate groupings of products.

With this requirement in mind, I respond below to the discussion in your letter regarding each of the patents asserted by AMD in turn. None of this discussion should be construed as an admission by Samsung of infringement of any of the claims of the AMD patents.

## I.  U.S. Patent No. 5,559,990

You state in your letter that most of Samsung's memory products "share the operational and structural characteristics that are relevant to the asserted claims of the Cheng patent." You have not shared with us, however, what you believe those operational and structural characteristics to be. You then suggest that the parties "agree on an exemplar Samsung product for each category [of memory]."

In order to be able to suggest representative products for the purposes of this patent, we need to know what the "operational and structural characteristics" are that AMD sees as significant to its case. We propose that AMD provide us with a claim chart for one Samsung product that AMD contends infringes each of claims 1, 8, 15, 19, and 20 of the '990 patent. In particular, this chart must explain where in the accused product AMD contends the

Heller Ehrman LLP   333 Bush Street   San Francisco, CA  94104-2878   www.hellerehrman.com

Beijing   Hong Kong   London   Los Angeles   Madison, WI   New York   San Diego   San Francisco   Seattle/Anchorage   Shanghai   Silicon Valley   Singapore   Washington, D.C.

limitations of these claims are met. Once we have that chart, we will be in a better position to consider whether there are products representative of groups of products that have in common the features that AMD believes are important to its infringement case.

Finally, with respect to this patent, you state that AMD will require detailed discovery on approximately 30 of Samsung's products, after which AMD expects to be able to narrow the representative products to 15. We are unclear as to where these numbers are coming from, particularly given that your letter lists only nine categories of memory. We also do not understand how AMD plans to narrow the number of representative products from 30 to 15. Please explain in detail your reasoning behind this proposal.

## II. U.S. Patent No. 5,248,893

With respect to this patent, you have asked Samsung to provide "proof that the transistors in other DRAMs operate the same way as the exemplar [K4T51083QE] chip, have the same general appearance, are layered in the same fashion, and that the various components of the transistors have the same composition." Again, we may be able to provide you with this information once we know which aspects of the appearance, layering, and component compositions AMD sees as important to its case. We suggest that you provide us with a claim chart showing how AMD contends that this product infringes claims 1, 4, and 14 of the '893 patent, explaining particularly how the product is contended to satisfy each of the requirements of those claims. Once we have that chart, we will be in a better position to consider which universe of products the K4T51083QE product would be a representative of, and also suggest representative products for other groups.

We also suggest a similar approach for the RCAT transistors. In this case, we suggest that AMD provide us with a claim chart showing how the RCAT transistors that AMD has seen described in the publicly available literature infringe claims 1, 4, and 14 of the '893 patent, so that we can identify representative products containing RCAT transistors.

## III. U.S. Patent No. 4,737,830

Although, as you note, there is a wide variety of possible capacitor layouts in semiconductor products generally, we are hopeful that representative products may be identified for the purposes of this patent. Again, to assist us in making a preliminary identification of such products, please provide us with a claim chart showing how one Samsung product is contended to infringe claim 5 of the '830 patent, particularly pointing out how AMD contends each of the limitations of claims 1 and 5 are satisfied. Once we have that claim chart, we will be in a better position to consider whether there are products representative of groups of products that have the relevant features in common.

### IV. U.S. Patent No. 5,545,592

You have asked Samsung to provide evidence that "the process used to manufacture the two exemplar [K4T1G164QA-ZCD5 and K9WAG08U1A] chips is the same, in every material way, as the process used to manufacture Samsung's other DRAM and NAND Flash chips." Again, however, we first need to know from AMD what it considers to be "every material way" in this context. We suggest that you provide us with a claim chart showing how AMD contends the K4T1G164QA-ZCD5 and K9WAG08U1A products infringe claims 1 and 8 of the '592 patent, particularly pointing out how these products are contended to satisfy each of the limitations of those claims. Once we have that chart, we will be in a better position to consider whether there are products representative of groups of Samsung products that have in common the features that AMD believes to be important to its case.

### V. U.S. Patent No. 5,623,434 and U.S. Patent No. 5,377,200

It is our understanding from your letter that AMD is asserting these patents against the circuitry of the ARM cores contained in various Samsung products. Accordingly, we are willing to consider providing you with a list of which Samsung products incorporate which of the ARM cores that you have listed. We would also consider agreeing to a representative product containing each pertinent type of ARM core, provided that the parties agree that the '434 and '200 patents are being asserted against circuitry that is solely contained with the ARM core, and not against any circuitry outside of the ARM core. Obviously, if circuitry outside of the ARM core is implicated in any way, it will be much more difficult to agree on representative products.

Finally, with respect to both of these patents, you have stated that an agreement as to representative products containing ARM cores "will not eliminate AMD's need for discovery to determine whether Samsung's proprietary semiconductor parts also practice the . . . patent claims." Unless you have some evidence, however, that any Samsung product not incorporating an ARM core infringes any of the claims of these two patents, we do not believe that you have the necessary basis to pursue an infringement claim against such products, under Rule 11. Obviously, if you do have such evidence, please let us know.

### VI. U.S. Patent No. 6,784,879

You have proposed that Samsung identify the groups of televisions, camcorders, and cell phones that incorporate "the same or similar user interface" as the television, camcorder, and cell phone that AMD has identified. In order to do as you propose, however, we need to know what it is about that user interface that AMD believes infringes the '879 patent. Although you have noted the picture-in-picture aspect of certain Samsung televisions, you have not told us what it is about the picture-in-picture feature that allegedly infringes the '879 patent. Furthermore, as camcorders and cell phones generally do not have a picture-in-

picture features, we do not know what it is about the user interfaces of those products that AMD is accusing of infringement.

We propose that AMD provide us with a claim chart showing how the particular television, camcorder, and cell phone identified by AMD are contended to infringe claims 1, 6, 11, 14, 17, and 21 of the '879 patent, particularly pointing out what it is about those products that is contended to infringe each of the limitations of those claims. Once we have that chart, we will be in a better position to consider whether there are groups of products that have the relevant features in common.

\* \* \*

Finally, we note that your letter does not state whether AMD is also interested in identifying representative AMD products accused of infringement by Samsung, in order to limit the discovery that will be required of AMD in this case. Please let us know AMD's position on this point.

Very truly yours,

Christine Saunders Haskett