# EXHIBIT C

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

WILLIAM H. MANNING
612-349-8461

July 10, 2008

**VIA FEDERAL EXPRESS**

Christine Saunders Haskett, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878

  Re: *Advanced Micro Devices, Inc., et al. v. Samsung Electronics Co., Ltd., et al.*

Dear Christine:

  I write to advance our conversation regarding identifying exemplar Samsung products in order to streamline discovery and trial. I have considered your letter dated June 25, 2008, and believe that AMD can address the concerns you have raised.

  As I understand your letter, you have taken the position that for the Cheng '990, Sakamoto '893, Patel '830, Iacoponi '592, and Orr '879 patents, you cannot begin to identify representative Samsung products until AMD provides, for each patent, a claim chart that shows where each claim element is found in an accused product, and the documents that support each chart. We respect your request, and in response I have enclosed with this letter a detailed claim chart for each of those five patents. This detail should allow you to propose an exemplar product for each patent based on the relevant infringing structural and operational features that AMD has identified.

  In addition to the claim charts for each patent that you requested, I have also enclosed a set of infringement claim charts based on publicly available information that AMD and its experts have reviewed. This set includes additional infringement claim charts and supporting documents for the five patents mentioned above, as well as charts and supporting documents for the Purcell '434 and Pedneau '200 patents, which you did not request. The charts I have enclosed likely will correspond to the preliminary infringement contentions that AMD will produce to Samsung and the Court on September 30. This set of information should allow you and your client to identify exemplar products for each patent and the other products contained within the groups the exemplars represent. I have enclosed three sets of the charts and supporting documents in both electronic and hard copy for your convenience.

  The enclosed charts do not constitute preliminary infringement contentions under the Northern District of California Local Rules, nor do they constitute any kind of discovery

response or any other type of paper or pleading being served in this litigation. Instead, they are informal documents that we are sending for the purpose of identifying product groupings and exemplars. Therefore, AMD will not be bound by these charts and retains the right to change them.

As you can see from the charts and discussion below, it is easily possible to reduce the number of products that will require significant discovery in this case. For example, the number of Samsung products that will require detailed discovery for the Cheng patent should be reduced to 15 to 20 exemplar products. The other six patents will require far fewer exemplar products. The Sakamoto patent should require only one exemplar product, the Patel patent should require only three, and the Iacoponi patent only two. The parties should be able to agree that for the Purcell and Pedneau patents, AMD will need detailed discovery on only exemplar products that contain specific ARM cores—two products for Purcell, and three for Pedneau—along with discovery on agreed-upon exemplars of Samsung proprietary processors. Finally, for the Orr patent, AMD should only need discovery on three exemplar products if Samsung can identify groups of products that employ similar user interfaces. In sum, of the over 15,000 products on the list attached as Exhibit A to Plaintiffs' First Set of Interrogatories, AMD should need detailed infringement discovery for only 40 products.

In order to facilitate mutual cooperation in streamlining this case for discovery and trial, AMD also has taken steps to identify exemplar AMD products that Samsung has accused of infringement. At this point, however, Samsung has given AMD minimal information about Samsung's infringement contention, including what products and structures within those products allegedly infringe which asserted patents. AMD therefore needs Samsung to provide information as AMD has provided with this letter, including infringement claim charts and supporting documentation. AMD can have meaningful conversation about exemplar AMD products only after Samsung provides allegations of infringement that are more detailed than the assertion against "semiconductor devices and/or products incorporating semiconductor devices" in Samsung's Answer and Counterclaims, and a list of "accused products" in Samsung's discovery requests.

The following sections of this letter respond to the patent-specific concerns that you raised in your letter. I believe that this letter and the enclosures provide Samsung more than enough information to identify product groups and representative exemplar products.

**I.      U.S. Patent No. 5,559,990 (Cheng)**

Your letter correctly states that AMD believes that most of Samsung's memory products share the operational and structural characteristics that are relevant to the claims of the Cheng '990 patent. These operational and structural characteristics are clearly understood from the patent claims themselves, which define the scope of the Cheng invention and the characteristics necessary to determine both infringement and exemplar categories. However, to provide greater assistance to Samsung to determine which products are representative of groups of products for purposes of discovery and infringement, I have enclosed as Exhibits B-J detailed infringement charts for claims of the Cheng patent. These infringement charts show from publicly available

information the operational and structural characteristics of Samsung memory products which confirm infringement of the Cheng patent.

Your letter also raised questions regarding AMD estimates for the necessary discovery of approximately 15 to 30 Samsung products for purposes of infringement. The chart enclosed as Exhibit A below will assist Samsung in understanding our reasoning behind these numbers and guide Samsung to denoting certain memory products as representative of a larger group of products. The first column of the chart outlines the nine categories of memory which infringe the Cheng patent, as described in our letter of June 10. For each of these categories, the second column lists our current understanding of the Samsung memory chips, by part number, which fall under this category and for which AMD is entitled to collect damages. Obviously, it is Samsung's burden to verify and supplement this list with any missing products, based upon the product list and interrogatories previously provided to Samsung. The third column lists the publicly available datasheet for that product. Samsung's grouping of multiple products being covered with the same datasheet naturally leads to a grouping of products. The number of groups can be consolidated by noting the similarity of structures and characteristics of Samsung memory products within those groups based upon publicly available documentation.

The fourth column sets forth our suggested discovery groupings based on this consolidation. Discovery on these 38 groups of products should allow AMD to further reduce the number of groupings by approximately a factor of two. This reduction will be made based upon studying the relevant technical documentation for these groupings and ascertaining the similar operational and structural characteristics that are not clearly determinable based upon publicly available documentation alone. The end result will be approximately 15-20 exemplar groups for the Cheng patent. AMD is open to discussions with Samsung engineers to further reduce the number of exemplar groups.

## II.     U.S. Patent No. 5,248,893 (Sakamoto)

Your letter requests claim charts for Samsung's products containing S-RCAT and RCAT transistors so that Samsung can understand which of its products share the appearance, layering, and composition characteristics that are relevant to infringement of the Sakamoto '893 patent. In particular, Samsung has requested charts for claims 1, 4, and 14. To provide greater assistance to Samsung to determine which products are representative of groups of products for purposes of discovery and infringement, I have enclosed as Exhibit K a detailed claim chart for all claims of the Sakamoto patent that AMD presently intends to assert against Samsung products. This infringement chart shows the operational and structural characteristics of Samsung memory products which indicate infringement of the Sakamoto patent.

The enclosed claim chart contains information about both S-RCAT and RCAT transistors. Based on published Samsung technical papers, we believe that the infringement analysis for the S-RCAT transistors applies equally to Samsung's RCAT technology for all asserted claims of the Sakamoto patent.

### III. U.S. Patent No. 4,737,830 (Patel)

Your letter requests claim charts for a representative product that infringes claim 5 of the Patel '830 patent. To provide greater assistance to Samsung to determine which products are representative of groups of products for purposes of discovery and infringement, I have enclosed as Exhibit L a detailed claim chart demonstrating how claims 5 and 6 of the Patel patent, which include the limitations of claim 1, read on Samsung's DRAM memory. In addition, AMD has enclosed as Exhibits M-N claim charts for Samsung NAND and SRAM memory. While capacitor layout can vary, we believe that Samsung follows time-tested industry protocol that includes placing capacitors below power busses in memory devices. We believe that Samsung follows similar design practices for other semiconductor products, including processors. This practice should make it easier for Samsung to group products for purposes of infringement and discovery.

### IV. U.S. Patent No. 5,545,592 (Iacoponi)

Samsung requested claim charts that illustrate how Samsung's K4TIGI64QA-ZCD5 and K9WAG08UIA products infringe claims 1 and 8 of the Iacoponi '592 patent. Enclosed as Exhibits O-P are detailed claim charts for the claims of the Iacoponi patent that AMD presently intends to assert against Samsung. These claim charts specifically identify the layers in Samsung's source/drain contacts that correspond to the claim limitations of the Iacoponi patent. We believe that it will be relatively easy for Samsung to establish product groupings based on the use of these process steps across many Samsung product lines.

### V. U.S. Patent No. 5,623,434 (Purcell) and U.S. Patent No. 5,377,200 (Pedneau)

You have suggested that Samsung will consider providing a list of products that incorporate the ARM processor cores identified in my June 10, 2008 letter. We believe that such a list will substantially advance the goal of identifying exemplar products that AMD accused of infringing the Purcell and Pedneau patents. We therefore request that Samsung provide that list as soon as possible. I have enclosed as Exhibits Q-R claim charts that demonstrate infringement of Purcell by ARM7TDMI and ARM9TDMI products, and have enclosed as Exhibits S-U claim charts that demonstrate infringement of Pedneau by ARM7EJ-S, ARM9EJ-S, and ARM9E-S products.

You also have suggested that Samsung does not have an obligation to provide discovery regarding Samsung's proprietary processor parts. Case law, however, demonstrates that AMD may obtain discovery on products that are not named specifically in preliminary infringement contentions. *See DR Sys., Inc. v. Fujifilm Med. Sys. USA, Inc.*, No. 06cv417 JLS (NLS), 2008 WL 1734241, at *3 (S.D. Cal. Apr. 10, 2008) (allowing discovery on products not named in infringement contentions); *LG Elecs. Inc. v. Q-lity Computer Inc.*, 211 F.R.D. 360, 368 (N.D. Cal. 2002) (showing that judges do not limit discovery to products named in infringement contentions); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("If a local patent rule required the final identification of infringement and invalidity contentions to occur at the outset of the case, shortly after the pleadings were filed and well

before the end of discovery, it might well conflict with the spirit, if not the letter, of the notice pleading and broad discovery regime created by the Federal Rules."). Samsung makes and sells proprietary processors, including the CalmRISC series, for use in microcontrollers and other small parts that would benefit from using the inventions claimed by Purcell and Pedneau. These parts, like ARM cores, are based on reduced instruction set computing architectures. Therefore, information about these proprietary products is relevant and discoverable.

In order to expedite the process of identifying exemplar products for Samsung's proprietary cores, AMD suggests that Samsung review the enclosed claim charts for Purcell and Pedneau and provide AMD with documentation for the relevant features of the architecture used by Samsung's proprietary processor cores. The parties can then develop an agreement about exemplar products for Samsung's proprietary semiconductor parts.

### VI.    U.S. Patent No. 6,784,879 (Orr)

I have enclosed as Exhibits V-X claim charts for the television, digital camcorder, and cell phone that I identified in my June 10 letter. The charts show which features of those products infringe the Orr claims. As you have suggested, you now should have the information needed to identify groups of Samsung consumer electronics that use the same or similar user interfaces as these products.

### VII.   Conclusion

AMD now has responded to all requests you made and issues you raised in your letter on June 25, 2008. The detailed claim charts and supporting documentation enclosed with this letter will give you enough information to propose exemplar products and product groupings. It should easily be possible, if the parties cooperate, to reduce AMD's infringement discovery to a very small subset of the 15,000 products listed in Exhibit A to Plaintiffs' First Set of Interrogatories. That subset may contain only approximately 40 products. Reaching an agreement on these exemplars and the groups they represent will meet your prior request to streamline discovery. When Samsung provides AMD with the same information, in the same level of detail, AMD will unquestionably cooperate to identify exemplar products of its own. We look forward to continuing this discussion.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

William H. Manning

WHM/arf

cc: Robert T. Haslam, Esq., w/o enclosures (*via email only*)
Michael K. Plimack, Esq., w/o enclosures (*via email only*)
Alan H. Blankenheimer, Esq., w/o enclsoures (*via email only*)

Enclosures:

Banker's boxes, each containing claim charts and supporting documents for all seven patents, and CDs containing the same materials.