# EXHIBIT E

**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

ATTORNEYS AT LAW

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

COLE M. FAUVER
612-349-0948

July 30, 2008

**U.S. MAIL & E-MAIL**

Christine Saunders Haskett
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

    Re:  *Advanced Micro Devices, Inc. et al. v. Samsung Electronics Co., Ltd. et al.*
          3:08-CV-0986
          Our File No.: 124318-0010

Dear Christine:

    I write to follow up on the issues raised in our July 10, 2008 letter to you, particularly regarding Samsung's patent infringement allegations against AMD and ATI.

    Samsung Electronics Company's ("SEC") counterclaims of infringement assert 6 different patents, which contain 120 separate claims. The counterclaims do not identify any specific accused products at all. SEC only alleges that these patents are infringed by, "among other things, semiconductor devices and/or products incorporating semiconductor devices." See, for example, paragraphs 82, 88, 93, 98, 105, and 111 of SEC's counterclaims. Even under the relatively liberal standards of notice pleading, the counterclaims do not fairly apprise AMD of the basis for the allegations. The allegations of induced and contributory infringement are similarly deficient.

    Under the Federal Rules, a pleading is defective if it possesses insufficient facts to support a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In patent litigation, one must do more than simply allege a bare statement of direct and indirect infringement within a counterclaim to demonstrate a plausible entitlement to relief. *AntiCancer, Inc. v. Xenogen Corp. et al.*, 248 F.R.D. 278, 281 (S.D. Cal. 2007) (applying Supreme Court law and finding that, to comply with F. R. Civ. P. 8, pleadings must express a "plausible entitlement to relief."). SEC has failed to meet these basic standards.

    This creates an immediate problem with respect to discovery. While your discovery requests name over 30 different "series" of processors and chipsets, there is no correlation between this list and the asserted patents. For example, document request 76 asks for all

documents relating to the design, conception, research, development, reduction to practice, and manufacturing and testing of each AMD Accused Product and Process. As it stands, this request would encompass all documents relating to every feature of each of the several individual products within the broad series you have named. Document requests 75, 77 and 79 similarly would call for virtually all documents on every feature of all products. However, most of the six patents SEC has asserted against AMD are directed to fabrication methods, not to product design or product features. There is nothing that fairly limits your requests to the product features called out in the few apparatus claims in suit. There is also nothing that narrows the requests directed to fabrication processes. For example, SEC provides no indication of which aspect of which process used to manufacture which product potentially relates to which patent. These examples are selected for illustrative purposes; the same fundamental problem exists with many other document requests as well as Samsung's interrogatories.

As such, the discovery requests are improperly overbroad and should be substantially narrowed. However, because we are committed to producing documents to you on October 15, we raise this objection now, and also repeat our request of July 10 that you provide detailed information about SEC's infringement contentions. We will use this information to try to identify exemplar "accused products" to streamline both discovery and trial proofs. We gave you such detailed information on AMD's infringement contentions over two weeks ago. We will need the information on SEC's contentions from you soon, however, to meet the October 15 date. You must have this information readily available because the federal rules mandate that a party have conducted an adequate investigation before asserting a patent. In the context of patent infringement claims, this requires, at a minimum, a comparison between the allegedly infringing article and an asserted claim to determine if each claim limitation is met.

I look forward to your prompt response.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Cole M. Fauver

CMF/ll

cc: Robert T. Haslam (via e-mail)
    Michael K. Plimack (via e-mail)
    Alan H. Blankenheimer (via e-mail)

cc: William H. Manning