# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL. 612-349-8500 FAX. 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

Brad P. Engdahl
612-349-8474

September 3, 2008

Hon. Susan Illston
United States District Court
Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:   *Advanced Micro Devices, Inc., et al. v. Samsung Electronics Co., Ltd., et al.*
           Case No. CV-08-0986-SI

Dear Judge Illston:

We write in response to Samsung's letter of September 2 opposing AMD's request for a case management conference. AMD requested the case management conference to seek the Court's assistance with the prompt identification of exemplar products for discovery and trial purposes.

At the case management conference on May 30, AMD understood the Court to invite the parties to seek a case management conference in September if the mediation was unsuccessful and if there were case-management issues that would benefit from the Court's attention. AMD's request is an attempt to streamline the litigation by dramatically reducing the volume of discovery, clarifying compliance with the Patent Local Rules (including Preliminary Infringement Contentions), and simplifying proof at trial. Samsung does not dispute that identification of exemplar products could streamline the litigation and resolve the outstanding issues regarding the Protective Order and discovery.

AMD's request for a case management conference was not a motion to compel requiring the parties to meet and confer. Nevertheless, AMD has met and conferred with Samsung over the past three months. Almost two months ago, AMD produced extensive documentation, including 22 claim charts and all supporting materials, that Samsung told AMD was required for it to identify Samsung exemplar products. In late July, Samsung's counsel, in response to a telephone inquiry from AMD's counsel, advised that Samsung

would provide a proposal "soon." Five weeks later, Samsung has not identified a single exemplar product. Although Samsung claims it "is working diligently to respond to AMD's proposal," Samsung has offered no proposal or counterproposal regarding exemplars. Letter of Michael Plimack dated September 2, 2008 at 3.

The issue is ripe for the Court's attention. The parties' Preliminary Infringement Contentions are due September 30. AMD has been diligently working to develop detailed Preliminary Infringement Contentions for Samsung. Patent Local Rule 3-1 requires, among other things, identification of claims and each accused product. To date, AMD has identified more than 15,000 Samsung products that infringe AMD's patents. It is AMD's view that this can easily be reduced to less than 50 exemplars and AMD has provided Samsung with a detailed proposed list of exemplars. By initiating the exemplars discussion at the earliest moment in the litigation, AMD sought to identify exemplars by September so that both parties could provide in their initial Preliminary Infringement Contentions the prompt and early notice of the products at issue contemplated by Patent L.R. 3-1. Even if occurring shortly after September 30, identification of exemplars will allow both parties to focus, and if necessary amend, their Preliminary Infringement Contentions, so that the defendants will have prompt and early notice of the products at issue.

Identification of exemplar products at this stage of litigation will focus the litigation and significantly reduce the burdens on the Court and the parties. With discovery underway, absent Samsung identification of exemplars, extensive documentary and testimonial discovery will soon be required regarding the characteristics of over 15,000 products. Indeed, in a patent case involving only 268 accused products, Heller Ehrman itself moved for "grouping products with the same relevant features" because "representative products will define the case for motion practice and trial" and "grouping the accused products will expedite pretrial proceedings and achieve an orderly and expeditious trial." Plaintiffs' Motion to Group the Accused Products for Purposes of Proof at Trial at 2,7, *Fujitsu Limited, et al. v. Netgear, Inc.*, No. 07-C-0710-C (W.D. Wis. Aug. 22, 2008) (filed by Heller Ehrman). Exemplars are appropriate in this case and will promote significant judicial economy.

As to Samsung's patent infringement counterclaims, Samsung similarly has rebuffed all attempts by AMD to identify exemplars of AMD products that would lessen the burdens on the parties. Despite repeated requests, Samsung has not provided any specific information, much less exemplar claim charts as AMD has provided to Samsung, to define the relevant aspects of the accused products so that AMD can identify exemplar products. To minimize the discovery burdens on the parties, the selection of exemplars for products accused by Samsung must be accomplished immediately.

Samsung suggests that limiting access to its chip layout database to its counsel's office in San Francisco is regularly agreed to by its adversaries. However, these agreements have occurred when Samsung has identified exemplar chips, which it has not done here. *See, e.g., Rambus v. Hynix Semiconductor, Inc.*, No. 5:05-cv-00334-RMW, currently pending in this District. In addition, AMD's lead counsel is located in Minneapolis and conducts all interaction with AMD's experts. A case of this complexity requires full, unfettered access to the experts without being subject to opposing counsel control.

Samsung opposes providing the Court with a brief tutorial to assist the Court in understanding the technology associated with the exemplars issue. AMD contemplates a tutorial of 15-20 minutes focused not on claim construction, as Samsung suggests, but on the technology relevant to resolution of the exemplars issue.

AMD believes that the requested case management conference with the Court would be of great assistance to the parties in identifying exemplars for both the Samsung and AMD accused products. Doing so at this stage of the litigation will dramatically reduce the discovery burdens on the parties, promote early identification of accused products as contemplated by Patent L.R. 3-1, and streamline the litigation through trial.

Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Brad P. Engdahl

cc: William H. Manning
    Robert Haslam
    Michael Plimack
    Christine Haskett