Michael Rubin (S.B. No. 80618)
Scott A. Kronland (S.B. No. 171693)
Eileen B. Goldsmith (S.B. No. 218029)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151 – Office
(415) 362-8064 – Fax
mrubin@altshulerberzon.com
skronland@atshulerberzon.com
egoldsmith@altshulerberzon.com

Theodor J. Pintar (S.B. No. 131372)
Steven W. Pepich (S.B. No. 116086)
James A. Caputo (S.B. No. 120485)
COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058 – Office
(619) 231-7423 – Fax
tedp@csgrr.com
stevep@cgsrr.com
jimc@cgsrr.com
larrya@csgrr.com

Theresa M. Traber (S.B. No. 116305)
Laboni Hoq (S.B. No. 224140)
TRABER & VOORHEES
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
(626) 585-9611 – Office
(626) 577-7079 – Fax
tmt@tvlegal.com
lhoq@tvlegal.com

(Additional counsel on following page)

Attorneys for Plaintiffs PAUL VELIZ, *et al.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CINTAS CORP. OVERTIME PAY ARBITRATION LITIGATION | Case No. No. M:06-cv-01781-SBA<br><br>**PLAINTIFFS' RESPONSE TO CINTAS' NOTICE OF SUPPLEMENTAL AUTHORITY (DOCKET 77)**<br><br>Date: Under submission<br>Time: N/A<br>Courtroom: 3 |

Nancy Juda, Esq.
COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
1100 Connecticut Ave., N.W., Suite 730
Washington, D.C. 20036
(202) 822-2024 – Office
(202) 828-8528 – Fax
nancyj@csgrr.com

Attorneys for Plaintiffs PAUL VELIZ, *et al.*

Plaintiffs Paul Veliz et al. (plaintiffs in No. 03-1180 and respondents in No. 06-1781) hereby respond to Cintas Corporation's misleading characterization of the U.S. Supreme Court's recent grant of *certiorari* review in *Stolt-Nielsen S.A., et al. v. Animalfeeds International Corp.*, U.S. Sup. Ct. Case No. 08-1198.

Cintas quotes the question for review *as broadly posed in the Stolt-Nielsen cert. petition* – "whether imposing class arbitration on parties whose arbitration clauses are silent on that issue is consistent with the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*." – and contends that the resolution of this question as posed "will be relevant to Cintas' pending motions" in the two cases before this Court (which concern whether to confirm or vacate Arbitrator Meyerson's clause construction ruling and whether to enjoin that ongoing arbitration). However, the grant of *certiorari* review in *Stolt-Nielsen* should not have any impact on the pending motions for at least four reasons:

First, the grant of review by the Supreme Court is obviously not a decision on the merits, and does not signal any particular decision on the merits. The law in the Ninth Circuit *and* in the Supreme Court is entirely consistent with the Second Circuit's analysis in *Stolt-Nielsen*, and holds: a) an arbitrator may conclude, based on application of traditional contract construction principles, that parties to an arbitration agreement intended to permit rather than prohibit class arbitration even if there is no express reference to class arbitration; and b) the standard of judicial review of an arbitrator's award, including a clause construction award, is highly deferential and is limited to the grounds set forth in §10 of the Federal Arbitration Act. *See, e.g, Hall St. Assocs., LLC v. Mattel Inc.*, __ U.S. __, 128 S.Ct. 1396 (2008); *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 453 (2003); *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994, 998 (9th Cir. 2003 (en banc). If Ninth Circuit law differed in some way from the principles set forth above, there would have been no reason for the Ninth Circuit in April 2008 to vacate this Court's previous rulings and remand to Arbitrator Meyerson for his *de novo* determination of the clause construction issues).

Second, because the current Supreme Court Term is nearly over, the briefing in *Stolt-Nielsen* will not be completed until Fall, the case will not be argued until Winter, and a decision

will likely not issue until one year from now. The parties to the *Veliz* arbitration bargained for a just, speedy, and inexpensive resolution of their dispute. This bargained-for goal of the arbitration agreement would be substantially undermined by another lengthy delay in the arbitration process while awaiting a decision from another court in another case.

Third, even if the *Stolt-Nielsen* petitioners were ultimately successful in obtaining a ruling from the Supreme Court on the broad question presented – concerning the impact of an arbitration clause that is wholly "silent" as to the availability of class arbitration – that same broad issue is *not* presented by the *Veliz* case. Rather, as Arbitrator Meyerson found, there is considerable evidence *in the actual text of the parties' arbitration agreements* that the *Veliz* parties intended their agreements to permit class and collective arbitration. *See infra* at 3. As a result, no matter what the outcome of *Stolt-Nielsen*, it will not likely affect the result in this case.

Fourth, the issue in *Stolt-Nielsen* arises in a materially different bargaining context as well. As the Petition for Certiorari acknowledges, the trial court in *Stolt-Nielsen* rested its decision not upon the absence of any contract language pertaining to class arbitrations, but upon the uniform and longstanding practice in the maritime industry, under the form maritime contract at issue in *Stolt-Nielsen*, to limit arbitrations to individual disputes only. Under that form industry contract (the "Vegoilvoy" charter form, in common use since 1950), there has *never* been a classwide arbitration. Further, there was no indication in the *Stolt-Nielsen* record or in the parties' form contract clause that any member of the maritime industry, let alone either of the particular contracting parties, had contemplated otherwise – as the uniform expert testimony established. *See* Cert. Petition at 4-5 & n.1, 6, 22 & n.12.[1] Moreover, there was no disparity of bargaining power between the parties in *Stolt-Neilsen*, which was another factor identified by the *Stolt-Nielsen* petitioners in support of their effort to obtain Supreme Court

---

[1] As petitioners in *Stolt-Nielsen* noted, "substantially identical arbitration clauses have been used for decades in industry-standard forms that have never previously been made the basis for a class arbitration. Moreover, all evidence of maritime industry custom and usage here confirms that no party signing any of the agreements at issue would have expected that it authorized class arbitration." Cert. Petition at 22 n.12 (citations omitted).

review. *Id*. at 12-13 & n.7. In the present case, by contrast, as Arbitrator Meyerson expressly found: the parties affirmatively manifested their intent to permit class arbitration; the parties had grossly unequal bargaining power; the only other arbitrator and the only other judge to consider the meaning and intent of this very same Cintas arbitration agreement (Judges Lynch and White) likewise concluded that Cintas and its delivery drivers *did* intend to permit class arbitration; and Cintas itself acknowledged, during the oral argument on the Clause Construction cross-motions before Arbitrator Meyerson, that its agreements might permit *regional-based* class and collective arbitrations. *See* Goldsmith Decl. Ex. 1 (Dkt. #1228-2) (Dec. 11, 2008 Clause Construction Award) at 1-2 & n. 1 ("correctly interpreted, the arbitration agreements permit both a collective and class arbitration"), 4 ("During oral argument Cintas offered a way to potentially harmonize these provisions by suggesting that a collective arbitration might be filed in each county where its employees worked or have worked"); 6 (citing contract language); 6 n.6 (citing identical construction in AAA/N.D. Cal. discrimination case against Cintas), 7 (Arbitrator is "ascertaining that intent [of the contracting parties] in accordance with well established principles of contract interpretation"), 7 (addressing stated purposes of arbitration agreement).

For all these reasons, and particularly given the overwhelmingly deferential review that must be given to an arbitrator's construction of the parties' governing contract language and the parties' underlying intent, this Court should confirm Arbitrator Meyerson's Clause Construction Award in full and permit this arbitration to continue to the next, class certification, phase under the applicable American Arbitration Association rules.

DATED: June 16, 2009            Respectfully submitted,

ALTSHULER BERZON LLP

  /s/ Michael Rubin
    Michael Rubin

Attorneys for Plaintiffs PAUL VELIZ, *et al.*