William H. Manning (*pro hac vice*)
E-mail: WHManning@rkmc.com
Brad P. Engdahl (*pro hac vice*)
E-mail: BPEngdahl@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

Attorneys for Plaintiffs and
Counterdefendants Advanced Micro
Devices, Inc., et al.

Robert T. Haslam (Bar No. 71134)
E-mail: Rhaslam@cov.com
**Covington & Burling, LLP**
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: 650-632-4700
Facsimile: 650-632-4800

Alan H. Blankenheimer (Bar No. 006164)
E-mail: Ablankenheimer@cov.com
**Covington & Burling, LLP**
9191 Towne Centre Drive, Suite 600
San Diego, CA 92122
Telephone: 858-658-1800
Facsimile: 858-678-1600

Attorneys for Defendants and Counterclaimants
Samsung Electronics Co., Ltd., et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Case. No. CV-08-0986-SI<br><br>**STIPULATION REGARDING EXEMPLAR PRODUCTS FOR DISCOVERY**<br><br>**[Civil L.R. 7-12]** |

Advanced Micro Devices, Inc. and ATI Technologies, ULC (collectively "AMD"), and Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Samsung Austin Semiconductor, LLC; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLP; Samsung Techwin Co., Ltd.; and Samsung Opto-Electronics America, Inc. (collectively "Samsung") jointly submit this Stipulation regarding exemplar products

This Stipulation shall apply only to this case, captioned *Advanced Micro Devices, Inc., et al. v. Samsung Electronics Co., Ltd., et al.,* Case No. CV-08-0986-SI. This Stipulation shall not raise any presumption of infringement by any product in this or any other case or other circumstances.

Rather, this Stipulation is intended to identify exemplar products for purposes of discovery only of Accused Instrumentalities identified by AMD and Samsung in their respective Patent Local Rule 3-1(c) charts, and the documents referenced therein. The Stipulation does not affect AMD's or Samsung's duty to produce documents and information that relate to the exemplar products, even though said documents and information lack specific reference to the exemplar product name, model number or product ID. The Stipulation is not intended to identify exemplar products for purposes of any infringement analysis or at trial of such Accused Instrumentalities. The parties agree that different exemplary products and groupings may be agreed to or otherwise established for purposes of infringement analyses.

Accordingly, as the factual and legal record of this case develops, the parties may determine that products identified as exemplars of Accused Instrumentalities for purposes of discovery herein are not accurate exemplars for purposes of infringement analyses of any product within an identified grouping of Accused Instrumentalities, and new exemplars or groupings of Accused Instrumentalities are required. In that event, the parties shall promptly (1) identify the new proposed exemplars or groupings of Accused Instrumentalities that are required; (2) produce the documents or information upon which each bases its determination that new proposed exemplars or groupings of Accused Instrumentalities are required; and (3) thereafter meet and confer to discuss the new proposed exemplars or groupings of Accused Instrumentalities. If, following the meet and confer, an agreement is reached regarding the new proposed exemplars or groupings of Accused Instrumentalities, the parties will amend this Stipulation to reflect the agreement and the party accused of infringement with respect to each such Accused Instrumentality (hereinafter "the Accused Party") shall promptly produce technical documents sufficient to show the operation or elements of each new or amended group of Accused Instrumentalities identified by the adverse party in its Patent Local Rule 3-1(c) charts, and the documents referenced therein.

Pursuant to Civil Local Rule 7-12, IT IS HEREBY STIPULATED AND AGREED, by and between AMD and Samsung that:

1. This Stipulation shall apply to discovery only. This Stipulation shall limit, on a patent-by-patent basis, AMD's and Samsung's production of documents related to the manufacture,

structure and operation of products that are represented by an exemplar product. The parties agree to work collaboratively to identify exemplar products, wherever possible, for use at trial.

2. With respect to U.S. Patent No. 5,623,434, Samsung products used, manufactured, imported, sold or offered for sale in the United States that comprise or incorporate Samsung chips or chipsets utilizing ARM cores are represented by five core designs: ARM920T, ARM940T, ARM7TDMI, ARM9TDMI, and ARM7TDMI-S. Those core designs also are exemplary for all Samsung products incorporating third-party chips or chipsets utilizing those ARM cores.

3. With respect to U.S. Patent No. 5,377,200, Samsung products used, manufactured, imported, sold or offered for sale in the United States that comprise or incorporate Samsung chips or chipsets utilizing ARM cores are represented by three core designs: ARM966E-S, ARM946E-S, and ARM926EJ-S. Those core designs also are exemplary for all Samsung products incorporating third-party chips or chipsets utilizing those ARM cores.

4. With respect to U.S. Patent No. 5,248,893, Samsung RCAT DRAM products used, manufactured, imported, sold or offered for sale in the United States are represented by the Samsung K4H510438C DRAM product, and Samsung S-RCAT DRAM products used, manufactured, imported, sold or offered for sale in the United States are represented by the Samsung K4T51083QE DRAM product. Samsung has advised AMD that there may be material differences for purposes of the '893 patent within those categories based on process flow and recipe. Samsung will produce process flows for all Accused Instrumentalities that are accused of infringing the '893 patent and are currently being sold by Samsung within one week of execution of this Stipulation by the parties. If Samsung determines that the process flows may be material, Samsung will meet and confer with AMD within four weeks of the execution of this Stipulation regarding the methodology to be used to identify the Samsung products used, made, imported, sold or offered for sale in the United States for each of the process flows identified. If the process flows are not material, Samsung will identify the Samsung products used, made, imported, sold or offered for sale in the United States, in the two exemplar categories, within three weeks of the determination that the process flows are not material.

5. With respect to U.S. Patent No. 6,784,879, the parties were unable to come to an agreement with respect to representative products. However, the parties continue to negotiate with respect to this patent. Samsung has agreed that for discovery purposes, (1) the Samsung SC-HMX10 camcorder is representative of the Samsung SC-HMX20C camcorder; (2) the Samsung LN-T4065F television is representative of other Samsung televisions used, manufactured, imported, sold or offered for sale in the United States that have a picture-in-picture function and a menu system that operates in the same way as the LN-T4065F television; (3) the Samsung SCH-u940 cellular phone is representative of other Samsung cellular phones used, manufactured, imported, sold or offered for sale in the United States that have the same user interface; and (4) the Samsung S860 digital camera is representative of other Samsung cameras used, manufactured, imported, sold or offered for sale in the United States that have the same user interface.

6. With respect to U.S. Patent No. 5,545,592, the Samsung K4T1G164QA DRAM product is representative for purposes of discovery of all Samsung DRAM products used, manufactured, imported, sold or offered for sale in the United States, and the Samsung K9WAG08U1A NAND product is representative of all Samsung NAND products used, manufactured, imported, sold or offered for sale in the United States. Samsung has advised AMD that there may be material variations within these categories for purposes of the '592 patent based on process flow and recipe. Samsung will produce process flows for all Accused Instrumentalities that are accused of infringing the '592 patent and are currently being sold by Samsung within one week of execution of this Stipulation by the parties. Samsung will further identify which accused models correlate to each of those process flows within four weeks of execution of this Stipulation by the parties.

7. With respect to U.S. Patent No. 5,559,990, thirty exemplar Accused Instrumentalities will be representative of the accused Samsung memory products. Each of these exemplar Accused Instrumentalities, along with a partial list of accused memory chips that are exemplified by each of those Accused Instrumentalities, is included as Exhibit F to Alan Blankenheimer's letter to Brad Engdahl, of November 12, 2008.

8. With respect to U.S. Patent No. 4,737,830, Samsung SRAM products used, manufactured, imported, sold or offered for sale in the United States are represented by the Samsung K7x32xxxC

1 SRAM product. Samsung NAND products used, manufactured, imported, sold or offered for sale in the United States are represented by the Samsung K9F4G08U0m-8XT NAND product. Samsung DRAM products used, manufactured, imported, sold or offered for sale in the United States are represented by either the Samsung K4H51083C DRAM product or the Samsung K4S560832B DRAM product. Samsung will identify which accused DRAM products correlate to each exemplar DRAM product within four weeks of execution of this Stipulation by the parties.

9. With respect to U.S. Patent No. 5,781,750, AMD identifies the AMD K6, K8 and "K10" series processors as exemplars. The documents produced for each series of processors will be exemplary for all processors within the series. AMD will identify, within 4 weeks of the execution of this Stipulation by the parties, the specific products within each category.

10. With respect to U.S. Patents Nos. 6,407,429 and 6,689,648, AMD has used three different processes to fabricate the relevant features of the Athlon SOI processors over the relevant time period, and will produce documents sufficient to show the three different processes. The documents produced for each process will be exemplary for all Athlon SOI processors manufactured in AMD fabrication using that process. AMD will identify within four weeks of executing this Stipulation the time frames within which each process was used and will meet and confer with Samsung to identify a methodology for establishing the volumes of product produced by each method. For processors produced for AMD, AMD will produce documents within its possession, custody or control relating to the relevant features.

11. With respect to U.S. Patent No. 5,740,065, AMD will produce documents sufficient to show the operation of all of the several versions of APC or Catalyst used by AMD since 2002. The documents produced for each version will be exemplary for all semiconductors manufactured in AMD fabrication facilities during the time period that the version was in use. AMD will identify the dates that each version was in use within three weeks of execution of this Stipulation by the parties. AMD will also meet and confer with Samsung within four weeks of execution of the Stipulation by the parties regarding the methodology to be used to identify the AMD products used, manufactured, imported, sold or offered for sale in the U.S., for each of the several versions of Catalyst or APC.

12. With respect to U.S. Patents Nos. 5,173,442 and 5,091,339, the parties agree that selection of exemplar products is not necessary.

13. For each exemplar category described in this Stipulation, the Accused Party will produce technical documentation sufficient to show the operation of any aspects or elements of the exemplar Accused Instrumentality, as required by Patent Local Rule 3-4(a) within one week of execution of this Stipulation by the parties. The documents produced represent for purposes of discovery all Accused Instrumentalities represented by each exemplar product.

14. For each exemplar category described in this Stipulation, the party asserting infringement may request source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of one Accused Instrumentality of that party's choosing other than the agreed-upon representative product. The parties agree to produce such documents promptly or, if the Accused Party contends that the request is unreasonable, promptly to meet and confer to seek resolution of any such dispute.

15. AMD and Samsung will work to complete the determination of which Accused Instrumentalities identified by the adverse party in its Patent Local Rule 3-1(c) charts belong in each representative product category enumerated above.

16. For each Accused Instrumentality that the parties have not identified as represented by an exemplar enumerated above, the Accused Party will produce within one week of execution of this Stipulation, source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of such Accused Instrumentality identified by the adverse party in its Patent Local Rule 3-1(c) chart, as required by Patent Local Rule 3-4(a).

| | |
|---|---|
| DATED: December 10, 2008 | **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.** |
| | By: /s/ Brad P. Engdahl<br>William H. Manning<br>Brad P. Engdahl |
| | **ATTORNEYS FOR ADVANCED MICRO DEVICES, INC. AND ATI TECHNOLOGIES, ULC** |
| DATED: December 10, 2008 | **COVINGTON & BURLING, LLP** |
| | By: /s/ Alan Blankenheimer<br>Robert T. Haslam<br>Alan Blankenheimer |
| | **ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SAMSUNG TECHWIN CO., LTD.; AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC.** |

*Plaintiffs' counsel attests that concurrence in the filing of this document has been obtained from the above-named signatory.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

December __, 2008

_____
Honorable Susan Illston
United States District Judge