| | |
|---|---|
| William H. Manning (*pro hac vice*) <br> E-mail: WHManning@rkmc.com <br> Brad P. Engdahl (*pro hac vice*) <br> E-mail: BPEngdahl@rkmc.com <br> **Robins, Kaplan, Miller & Ciresi L.L.P.** <br> 2800 LaSalle Plaza <br> 800 LaSalle Avenue <br> Minneapolis, MN 55402 <br> Telephone: 612-349-8500 <br> Facsimile: 612-339-4181 <br><br> John P. Bovich (SBN 150688) <br> E-mail: JBovich@reedsmith.com <br> **Reed Smith LLP** <br> Two Embarcadero Center, Suite 2000 <br> San Francisco, CA 94111 <br> Telephone: 415-543-8700 <br> Facsimile: 415-391-8269 <br><br> Attorneys for Plaintiffs and <br> Counterdefendants Advanced Micro <br> Devices, Inc., et al. | Robert T. Haslam (Bar No. 71134) <br> E-mail: Rhaslam@cov.com <br> **Covington & Burling, LLP** <br> 333 Twin Dolphin Drive, Suite 700 <br> Redwood Shores, CA 94065 <br> Telephone: 650-632-4700 <br> Facsimile: 650-632-4800 <br><br> Michael K. Plimack (Bar No. 133869) <br> E-mail: Mplimack@cov.com <br> Christine Saunders Haskett <br> (Bar No. 188053) <br> E-mail: chaskett@cov.com <br> **Covington & Burling, LLP** <br> One Front Street <br> San Francisco, CA 94111 <br> Telephone: (415) 591-6000 <br> Facsimile: (415) 591-6091 <br><br> Alan H. Blankenheimer (Bar No. 006164) <br> E-mail: Ablankenheimer@cov.com <br> **Covington & Burling, LLP** <br> 9191 Towne Centre Drive, Suite 600 <br> San Diego, CA 92122 <br> Telephone: 858-658-1800 <br> Facsimile: 858-678-1600 <br><br> Attorneys for Defendants and Counterclaimants <br> Samsung Electronics Co., Ltd., et al. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Case. No. CV-08-0986-SI <br><br> **JOINT SUBSEQUENT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> **[Civil L.R. 16-9, Patent L.R. 2-1]** <br><br> Date: January 23, 2009 <br> Time: 2:30 p.m. <br> Place: Courtroom 10, 19th Floor <br> Judge: Hon. Susan Illston |

Pursuant to the Court's Local Rules, Advanced Micro Devices, Inc. and ATI

Technologies, ULC (collectively "AMD"), and Samsung Electronics Co., Ltd.; Samsung

Semiconductor, Inc.; Samsung Austin Semiconductor, LLC; Samsung Electronics America,

Inc.; and Samsung Telecommunications America, LLC, Samsung Techwin, Co., Ltd., and Samsung Opto-Electronics America, Inc. (collectively "Samsung"), jointly submit this Subsequent Case Management Statement and Proposed Order. Each party certifies that its lead trial counsel who will try this case have met and conferred for the preparation of this Statement, as required by Civil L.R. 16-3.

## CIVIL LOCAL RULES

**1.  STATEMENT REPORTING PROGRESS OR CHANGES**

Since the last Case Management Conference the parties have negotiated a Stipulation Regarding Exemplar Products for Discovery, which the Court signed on December 16, 2008.

Also, on October 7, 2008, Advanced Micro Devices, Inc. announced its intent to split its operations into two distinct companies. The parties intend to work collaboratively to address the impact that the finalization of this event will have on the pleadings in the case, if any.

**2.  STATEMENT REGARDING SETTLEMENT AND ADR**

The parties have complied with the provisions of ADR L.R. 3-5, and have submitted the materials required under that rule. On May 13, 2008, the Court entered an Order directing the parties to private ADR as proposed in the parties' ADR Stipulation filed on May 9, 2008.

The parties held mediation sessions in San Francisco with Judge Infante on August 12 and 13, 2008. The parties were unable to reach a settlement at that time.

Further, AMD and SEC held a meeting on November 4, 2008, at which there were further discussions regarding settlement. The parties were unable to reach a settlement at that time even though the parties made substantial progress towards resolution of the case.

**3.  MOTIONS**

Samsung anticipates filing a motion to amend its Patent Local Rule 3-3 Preliminary Invalidity Contentions in the near future.

AMD does not anticipate filing any motions in the near future, unless discovery does not proceed as has been agreed on by the parties.

**4.  AMENDMENT OF PLEADINGS**

The parties propose, as in the Initial Joint Case Management Statement, February 27,

1  2009 as the last day to amend the pleadings.

2  **5.    DISCOVERY**

3      **A.    Discovery taken to date**

4      <u>Written Discovery</u>

Samsung has served AMD with its objections and responses to Plaintiffs' First and Second Sets of Interrogatories, Plaintiffs' First Set of Requests for Production of Documents, and Counterclaim-Defendants' First Set of Requests for Production of Documents.

AMD has served Samsung with its objections and responses to Samsung's First, Second, and Third Sets of Interrogatories, as well as Samsung's First, Second and Third Sets of Requests for Production of Documents and Things.

<u>Depositions</u>

The parties have conducted several depositions to date. Both AMD and Samsung took three depositions of the opposing party's 30(b)(6) witnesses in November. The parties have two additional depositions scheduled in January.

<u>Patent Local Rules Discovery</u>

The parties have exchanged infringement contentions and invalidity contentions, and accompanying document productions, per the Patent Local Rules.

    **B.    Outstanding Discovery**

<u>Written Discovery</u>

Samsung served AMD with a Fourth Set of Interrogatories, a Fourth Set of Requests for Production of Documents, and a First Set of Requests for Admission on December 15, 2008. Samsung has since agreed to a 30-day extension under which responses to these discovery requests will be due on February 13, 2009.

AMD has served Samsung with Plaintiffs' Second Set of Requests for Production of Documents. AMD has similarly agreed to a 30-day extension, making these responses due on February 17, 2009.

AMD served Samsung with Plaintiffs' First Set of Requests for Admission on June 2, 2008. The parties have been negotiating an alternative to Samsung's answering certain of these

requests, whereby Samsung would grant AMD access to certain of its databases.

AMD granted Samsung an extension to respond to AMD's Requests for Admission until after the parties conduct a "real-time session" for collecting data from Samsung's databases. These sessions will likely take place during the week of either the 9th or 16th of February, after which AMD will attempt to reduce the number of outstanding Requests for Admission and the parties will discuss a date by when Samsung will respond to AMD's remaining Requests for Admission.

Depositions

The parties are continuing to schedule depositions of fact witnesses. The parties have agreed to forego expert depositions related to claim construction.

Discovery Disputes

A number of disputes have arisen with respect to compliance with the discovery obligations of the Patent Local Rules and the parties' various discovery requests. The parties are continuing to meet-and-confer with respect to those issues. Emerging from those meet-and-confer efforts, the parties' respective positions and agreements on the disputed issues are as follows:

### 1. AMD's Position

On January 8, 2009, AMD raised several discovery issues at an in-person meet-and-confer in San Francisco attended by lead counsel for both parties. Those issues included (a) Samsung's Patent L.R. 3-4(a) document production, (b) Samsung's responses to AMD's document requests, (c) AMD's access to Samsung product databases, (d) AMD's access to Samsung's GDS layout database, and (e) the pace of scheduling depositions of Samsung witnesses. As set forth below, the parties reached an agreement on the process to resolve these disputes, as well as on the impact of discovery delays on future case events such as Final Infringement Contentions and summary judgment motions.

#### a. Samsung's Patent L.R. 3-4(a) Document Production

The parties have been exchanging letters on this topic since late November 2008. Although certain documents that evidence operation of accused Samsung products have yet to

be produced, Samsung has agreed to comply in the near future with AMD's request for a more complete production.

### b. Samsung's Responses to AMD's Document Requests

The parties have been discussing Samsung's responses and objections to approximately one hundred AMD document requests since early November 2008. The two central disputes have been: (1) Samsung's indication that it would produce only certain types of documents; and (2) Samsung's indication that it would produce only those documents that made specific mention of an exemplar product.

The parties have now agreed to a process under which in the near future they will jointly develop keywords to be used in searches run over Samsung's electronic documents. The keywords will relate to the technologies claimed in the patents-in-suit. Samsung will produce non-privileged documents that hit on the keywords, regardless of either their type or their specific mention of an exemplar product. The parties have agreed to refine the keyword search process collaboratively so that not too many or too few Samsung documents are located.

### c. Access to Samsung's Product Databases

AMD has accused more than 18,000 Samsung products of infringing the AMD Patents. The vast majority of these are Samsung consumer products such as cell phones, cameras and TVs that contain an infringing Samsung processor or memory chip. AMD is cognizant of the fact that placing before a jury the issue of whether this many Samsung consumer products contain an infringing memory chip or processor could be burdensome. Consequently, on June 2, 2008 AMD served Samsung with Requests for Admission, asking Samsung to admit that specifically identified accused Samsung consumer products contain an accused memory chip or processor.

Samsung could readily respond to AMD's RFAs because it maintains databases that track detailed information about all of its products. Samsung could access its Enterprise Resource Planning ("ERP") systems, including Supply Chain Management ("SCM") and Customer Relationship Management ("CRM") systems, to respond to AMD's RFAs. Samsung, however, has not undertaken these steps.

AMD initiated conversations with Samsung in October 2008, in the hopes of reaching a solution on this issue. In essence, AMD offered to do the work associated with accessing Samsung's SCM and CRM databases and ascertaining what memory chips and processors are in what Samsung consumer products. The parties are still working to reach a final agreement on the issue.

One sticking point has been under what conditions AMD would be permitted to access Samsung's databases. Over the course of the negotiations, AMD proposed multiple solutions, the majority of which Samsung rejected. AMD has offered (1) to fly its database experts and outside counsel to Korea to work with Samsung database engineers to access Samsung's databases; (2) to have its database expert write database queries that would read and copy the desired information without altering the contents of Samsung's databases; (3) to have its database expert talk to Samsung database engineers about writing database queries; and (4) to have Samsung's database engineers write database queries that AMD would then approve and quality check through limited access to the database.

The parties have agreed to an approach similar to AMD's fourth proposal, referred to as the "real-time session." Under the agreement, AMD's representatives will sit in one room at the Covington & Burling San Francisco office, while Samsung database personnel will be in an adjacent room. The Samsung personnel will run queries and present AMD's representatives with the results of the queries. AMD's representatives will perform quality checks on the results and may ask Samsung's personnel to run follow-up queries.

Left outstanding is the issue of precisely how and when the "real-time session" will take place, and how many additional sessions will be required. AMD has proposed a protocol that will govern the sessions. The parties are tentatively scheduled to conduct the initial session either the week of February 9 or February 16, 2009.

As for the RFAs, AMD has granted Samsung several extensions on the time to answer, extending the October 15 deadline first to November 14, then to December 15, and more recently to the conclusion of the "real-time session" mentioned above, at which time the parties will re-address the issue.

#### d. Access to Samsung's GDS Layout Database

The October 2008 Case Management Conference dealt in part with the circumstances under which AMD would be allowed to view the native GDS layout files for Samsung chips. AMD wished to access the files at the Minneapolis office of its outside counsel, but Samsung "offered to provide AMD with its layout database" only at the San Francisco office of its outside counsel. (Dkt. #74 at 2, Letter of Samsung Counsel Michael Plimack). The "sole issue of contention between the parties" was not whether, but where the access to the database would occur. (*Id.*). Ultimately, through discussions and direction by the Court, Samsung's view prevailed.

Despite repeated requests, Samsung has yet to provide access at its counsel's office to the GDS layout files. Samsung now states that access will be provided in the first half of February 2009.

#### e. Scheduling Depositions of Samsung Witnesses

AMD served Samsung with deposition topics pursuant to Fed. R. Civ. P. 30(b)(6) in May 2008, and Samsung followed suit soon thereafter. The parties did not discuss producing Rule 30(b)(6) witnesses, however, until after mediation in August 2008. In September 2008, the parties exchanged lists of previously served topics with the goal of presenting witnesses on those topics in November 2008.

AMD produced or was prepared to produce witnesses for all topics enumerated in Samsung's list in November, as planned. AMD produced two of its inventors and its Director of Patents and Licensing. AMD was also prepared to produce a senior process engineer on the remaining topics, but Samsung canceled the deposition and subsequent efforts to reschedule were hampered by medical issues. Nevertheless, the deposition is scheduled for January 16, 2009.

Samsung produced a total of three witnesses on only a subset of the noticed topics. AMD approached Samsung in mid-November about scheduling additional depositions on topics set out in AMD's September list, and requested that these depositions take place in early December. Samsung's response, however, was that the earliest they could occur would be early

to mid-January given that some witnesses reside in Korea.

AMD continued its efforts to schedule depositions in December, and also sent Samsung a letter identifying additional topics for which it would like to depose Samsung witnesses. Despite AMD's efforts to schedule as many depositions in January as possible, only one deposition will take place in January with efforts still underway, but not agreed on, to schedule further depositions in February and March of 2009.

### f. Parties' Agreement Regarding Impact of Samsung Discovery Delays

Following the in-person meeting of lead counsel and the respective discovery teams in San Francisco on January 8, 2009, AMD memorialized the processes described above in a letter to Samsung's lead counsel. Most importantly, the letter outlined an agreement reached between the parties, whereby the parties will jointly request a time extension in the event that discovery delays hinder AMD's ability to prepare for or respond to significant future case events.

Specifically, AMD discussed the deadlines that will arrive with Final Infringement Contentions, summary judgment motions and trial. Samsung's counsel acknowledged that AMD has been diligent in pursuing discovery. Therefore, Samsung agreed that any delay in obtaining relevant documents to prove infringement or damages will not be used by Samsung to argue lack of diligence or that an upcoming deadline will prevent discovery. The parties agreed to work hard and collaboratively and if delays require deadlines to be extended, the parties will jointly approach the Court with a request.

### g. AMD Discovery Responses

Samsung's overbroad discovery requests seek virtually all technical information pertaining to virtually all aspects of virtually every processor manufactured by AMD. Nevertheless, AMD has produced responsive documents and provided interrogatory responses. On January 12, 2009, AMD further agreed to supplement certain interrogatory responses by February 6, 2009 and to continue working with Samsung to address certain issues that Samsung has identified in connection with AMD's document production to date.

### 2. Samsung's Position

Samsung agrees that the parties have reached an agreement on the process to resolve the

discovery disputes raised by AMD to date, as well as on the impact of discovery delays on future case events, as described by AMD above, with the following clarifications.  First, the keywords to be used to search Samsung's electronic documents will relate to the technologies of the asserted claims.  In producing documents located through the keyword searches, Samsung will not withhold from production any non-privileged documents on the basis that the document does not refer to the exemplar products.  Second, Samsung disagrees that all of the information that AMD seeks from Samsung's databases is readily available; nonetheless, Samsung is working to provide access to the databases so that AMD can obtain what information is available through that means.  Third, with respect to upcoming deadlines in the case, the agreement between the parties is not predicated on AMD's diligence but rather on the understanding between the parties that if discovery has been delayed, Samsung will work cooperatively with AMD to extend deadlines as necessary, with the Court's approval.  Samsung, however, reserves the right to object to discovery requests on grounds such as undue burden and cumulativeness.

This is a complex case in which AMD has requested a great deal of discovery on an enormous number of products.  As AMD acknowledges, it has requested discovery on over 18,000 products, which is incredibly burdensome to Samsung.  Nonetheless, Samsung has been working diligently with AMD to agree upon and implement solutions to the logistical problems presented by AMD's requests, and will continue to do so.

In addition, Samsung has been working with AMD to resolve various deficiencies in AMD's discovery responses provided to Samsung.  On January 12, 2009, the parties held a telephonic meet and confer to discuss several issues raised by Samsung in previous correspondence.  During that meet and confer, the parties agreed that, no later than February 6, 2009, AMD will supplement its interrogatory responses to provide various information requested by Samsung.  AMD will also continue to work with Samsung to remedy certain issues that Samsung has identified in connection with AMD's document production to date.

**C.     Discovery Plan**

The parties remain in agreement with the discovery plan proposed in the Initial Joint

1 Case Management Statement, as well as the dates set by the Court in the June 4, 2008 Case

2 Management Order, with the following exceptions:

3 The parties submitted a Joint Stipulated Protective Order which was approved by the

4 Court on June 19, 2008. The parties also submitted an Addendum to the Joint Stipulated

5 Protective Order which was approved by the Court on November 17, 2008.

6 The parties submitted a Stipulation Setting Discovery Protocol, which was approved by

7 the Court on October 15, 2008.

8 The parties have agreed to limit interrogatories to 150 interrogatories total, per side,

9 subject to any further agreement of the parties.

**6. SCHEDULING**

11 The schedule has been set by the Case Management Order of June 4, 2008, as modified

12 by the December 29, 2008 Stipulation Regarding Claim Construction Deadlines.

13 As the parties have notified Court personnel by telephone, the dates set in the Stipulation

14 Regarding Claim Construction Deadlines, as modified by the Court, for the Claim Construction

15 tutorial and the *Markman* Hearing present scheduling conflicts for the parties. Accordingly, the

16 parties jointly respectfully request that the timing of the tutorial and *Markman* hearing be

17 discussed among the parties and the Court at the Case Management Conference.

18 The parties propose the following dates for the remainder of the case:

19 **a.** ***Markman*/Claim Construction Order**          July 10, 2009

20 (Hypothetical date contemplated by the parties)

21 **b**. **AMD's and Samsung's Final Infringement Contentions**

22                                                                                 **October 8, 2009**

23 (90 days after *Markman*/Claim Construction Order)

24 **c**. **AMD's and Samsung's Final Invalidity Contentions**

25                                                                                 **November 9, 2009**

26 (120 days after *Markman*/Claim Construction Order)

27 **d**. **Fact Discovery Cutoff**                          **December 7, 2009**

28 (150 days after *Markman* Order)


| | | | |
|---|---|---|---|
| 1 | e. | **Opening Expert Reports** | **December 28, 2009** |
| 2 | | (3 weeks after Fact discovery cutoff) | |
| 3 | f. | **Rebuttal Expert Reports** | **January 18, 2010** |
| 4 | | (3 weeks after Opening expert reports) | |
| 5 | g. | **Expert Discovery Cutoff** | **March 15, 2010** |
| 6 | | (8 weeks after Rebuttal expert reports) | |
| 7 | h. | **Dispositive Motion Filing Cutoff** | **April 5, 2010** |
| 8 | | (3 weeks after Expert discovery cutoff) | |
| 9 | i. | **Dispositive Motion Hearings** | **May 10, 2010** |
| 10 | | (5 weeks after Dispositive motion cutoff) | |
| 11 | j. | **Dispositive Motion Ruling** | **June 7, 2010** |
| 12 | | (Hypothetical date contemplated by the parties ) | |
| 13 | k. | **Pretrial Conference Statement** | **June 29, 2010** |
| 14 | | (3 weeks after Dispositive motion ruling) | |
| 15 | l. | **Pretrial Conference** | **July 13, 2010** |
| 16 | | (2 weeks after Pretrial statement) | |
| 17 | m. | **Trial** | **August 9, 2010** |
| 18 | | (4 weeks after Pretrial conference) | |

<u>**PATENT LOCAL RULES**</u>

**7. MODIFICATIONS TO PATENT LOCAL RULES**

The parties continue to agree on the modifications to the Patent Local Rules set forth in the original Joint Case Management Statement.

**8. NO LIVE TESTIMONY AT TUTORIAL OR CLAIM CONSTRUCTION HEARING**

The parties continue to agree that no live testimony shall be presented at the Tutorial or the Claim Construction Hearing. AMD continues to prefer and intends to have experts present at those hearings, should the Court wish to directly question those experts.

9.     **SCHEDULING CLAIM CONSTRUCTION PREHEARING CONFERENCE**

The parties do not anticipate the need for a Claim Construction Prehearing Conference at this time, but will request one of the Court should issues arise that would suggest a need for such a hearing.

DATED: January 13, 2009          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ William H. Manning _____
    William H. Manning
    Brad P. Engdahl

**ATTORNEYS FOR ADVANCED MICRO DEVICES, INC. AND ATI TECHNOLOGIES, ULC**

DATED: January 13, 2009          **COVINGTON & BURLING LLP**

By: /s/ Christine Saunders Haskett _____
    Robert T. Haslam
    Michael K. Plimack
    Christine Saunders Haskett
    Alan H. Blankenheimer

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SAMSUNG TECHWIN CO., LTD.; AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC.**

*Plaintiffs' counsel attests that concurrence in the filing of this document has been obtained from the above-named signatory.*

| | |
|---|---|
| William H. Manning (*pro hac vice*) <br> E-mail: WHManning@rkmc.com <br> Brad P. Engdahl (*pro hac vice*) <br> E-mail: BPEngdahl@rkmc.com <br> **Robins, Kaplan, Miller & Ciresi L.L.P.** <br> 2800 LaSalle Plaza <br> 800 LaSalle Avenue <br> Minneapolis, MN 55402 <br> Telephone: 612-349-8500 <br> Facsimile: 612-339-4181 <br><br> John P. Bovich (SBN 150688) <br> E-mail: JBovich@reedsmith.com <br> **Reed Smith LLP** <br> Two Embarcadero Center, Suite 2000 <br> San Francisco, CA 94111 <br> Telephone:   415-543-8700 <br> Facsimile:    415-391-8269 <br><br> Attorneys for Plaintiffs and Counterdefendants Advanced Micro Devices, Inc., et al. | Robert T. Haslam (Bar No. 71134) <br> E-mail: Rhaslam@cov.com <br> **Covington & Burling, LLP** <br> 333 Twin Dolphin Drive, Suite 700 <br> Redwood Shores, CA 94065 <br> Telephone: 650-632-4700 <br> Facsimile: 650-632-4800 <br><br> Michael K. Plimack (Bar No. 133869) <br> E-mail: Mplimack@cov.com <br> Christine Saunders Haskett <br> (Bar No. 188053) <br> E-mail: chaskett@cov.com <br> **Covington & Burling, LLP** <br> One Front Street <br> San Francisco, CA 94111 <br> Telephone:   (415) 591-6000 <br> Facsimile:  (415) 591-6091 <br><br> Alan H. Blankenheimer (Bar No. 006164) <br> E-mail: Ablankenheimer@cov.com <br> **Covington & Burling, LLP** <br> 9191 Towne Centre Drive, Suite 600 <br> San Diego, CA 92122 <br> Telephone: 858-658-1800 <br> Facsimile: 858-678-1600 <br><br> Attorneys for Defendants and Counterclaimants Samsung Electronics Co., Ltd., et al. |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., <br><br>              Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br>              Defendants. | Case. No. CV-08-0986-SI <br><br> **[PROPOSED] CASE MANAGEMENT ORDER** <br><br> **[Civil L.R. 16-9, Patent L.R. 2-1]** <br><br> Date: January 23, 2009 <br> Time: 2:30 p.m. <br> Place: Courtroom 10, 19th Floor <br> Judge: Hon. Susan Illston |

The schedule included below has been agreed upon by the parties and is adopted by the Court. The schedule shall govern the timelines for all patents-in-suit.

| | | | |
|---|---|---|---|
| a. | *Markman*/Claim Construction Order | | **July 10, 2009** |
| | (Hypothetical date contemplated by the parties) | | |
| b. | **AMD's and Samsung's Final Infringement Contentions** | | **October 8, 2009** |
| | (90 days after *Markman*/Claim Construction Order) | | |
| c. | **AMD's and Samsung's Final Invalidity Contentions** | | **November 9, 2009** |
| | (120 days after *Markman*/Claim Construction Order) | | |
| d. | **Fact Discovery Cutoff** | | **December 7, 2009** |
| | (150 days after *Markman* Order) | | |
| e. | **Opening Expert Reports** | | **December 28, 2009** |
| | (3 weeks after Fact discovery cutoff) | | |
| f. | **Rebuttal Expert Reports** | | **January 18, 2010** |
| | (3 weeks after Opening expert reports) | | |
| g. | **Expert Discovery Cutoff** | | **March 15, 2010** |
| | (8 weeks after Rebuttal expert reports) | | |
| h. | **Dispositive Motion Filing Cutoff** | | **April 5, 2010** |
| | (3 weeks after Expert discovery cutoff) | | |
| i. | **Dispositive Motion Hearings** | | **May 10, 2010** |
| | (5 weeks after Dispositive motion cutoff) | | |
| j. | **Dispositive Motion Ruling** | | **June 7, 2010** |
| | (Hypothetical date contemplated by the parties ) | | |
| k. | **Pretrial Conference Statement** | | **June 29, 2010** |
| | (3 weeks after Dispositive motion ruling) | | |
| l. | **Pretrial Conference** | | **July 13, 2010** |
| | (2 weeks after Pretrial statement) | | |
| m. | **Trial** | | **August 9, 2010** |
| | (4 weeks after Pretrial conference) | | |

**IT IS SO ORDERED.**

DATED: January \_\_\_, 2009

                                          Honorable Susan Illston
                                        United States District Judge