# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500  Fax: 612-339-4181
www.rkmc.com

WILLIAM H. MANNING
612-349-8461

February 16, 2009

Hon. Susan Illston
United States District Court
Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   *Advanced Micro Devices, Inc. v. Samsung Electronics Co., Ltd. et al.*
             Case No. CV-08-0986-SI

Dear Judge Illston:

      Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies ULC (collectively "AMD") respectfully request an Order compelling defendants Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Techwin Co., Ltd., and Samsung Opto-Electronics America, Inc. (collectively "Samsung") to produce firmware source code that provides a graphical user interface for controlling video in each accused television, cell phone, camcorder, and digital camera that Samsung has imported, offered for sale, or sold in the United States on or after February 19, 2008.

      The above-captioned matter is an action for patent infringement of, *inter alia*, AMD's U.S. Patent No. 6,784,879 ("'879 patent"). The '879 patent generally relates to the control of background video on a device while at least one application remains in focus in the foreground. The operation and interaction of each accused product's graphical user interface with displayed video is fundamental to the determination of infringement.

**I.     The Asserted '879 Claims Recite Operations that Require Coordination between a Graphical User Interface and Displayed Video.**

Asserted '879 claims 11-24 all recite "programming instructions" that cause a "processing unit" to provide a user interface for controlling video. A user interface provides on-screen icons and menus that allow the user to make selections to control an electronic device. The claims recite user interface operations performed by each set of "programming instructions." Claim 14, for example, recites:

> 14. A video graphics processor comprising:
>
> a processing unit; and
>
> memory that stores programming instructions that, when read by the processing unit, causes the processing unit to (a) detect selection of a video control icon, wherein the video control icon relates to live video that is being presented as a background on a display; (b) provide a control panel while the live video remain the background and an application that was in focus remains in focus when the video control icon has been selected; and (c) adjust at least one attribute of the live video based on an input received via the control panel, wherein the at least one attribute included: volume, mute, pause, rewind, and fast-forward.

'879 at 5:1-14. Several of the claimed user interface operations require coordination between the user interface and the video displayed on the screen. Others require a cause-and-effect relationship between the user interface and the displayed video. Claim 14, for example, requires instructions that cause the processing unit to "provide a control panel *while* the live video remain[s] the background and an application that was in focus remains in focus *when* the video control icon has been selected." '879 at 5:7-10 (emphasis added). This limitation requires coordination between the user interface and the video. Claim 14 also requires instructions that cause the processing unit to "adjust at least one attribute of the live video *based on an input* received via the control panel." '879 at 5:11-12 (emphasis added). That limitation requires a cause-and-effect relationship between the user interface and video. Each asserted claim recites a coordination or cause-and-effect relationship between the user interface and background video.

## II. Samsung Repeatedly Has Refused to Produce Highly Relevant Firmware Source Code in Response to AMD's Document Requests.

On May 9, 2008, AMD served Plaintiffs' First Set of Requests for Production of Documents on Samsung. That Set of Requests contained document request number 167, which requests production of:

> All Technical Documents, including source code, that relate to firmware or applications provided to customers that execute in programmable processors in any products made or sold by Samsung that are capable of simultaneously displaying a video image and a graphical user interface.

Samsung responded on October 15, 2008, that it "will not produce 'source code,' 'firm ware,' or 'applications' related to" AMD's document request:

> Samsung objects to this request on the grounds set forth in the General Objections, incorporated by reference as if fully set forth herein. Samsung objects to this request to the extent it calls for documents and things that are protected by the attorney-client privilege, and the attorney work-product doctrine. Samsung objects to this request as overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. The '879 patent does not claim or disclose firmware or source code. Samsung objects to the request as insolubly vague and ambiguous. Samsung will not produce "source code," "firm ware," or "applications" related to this request.

Defendants and Counterclaimants' Responses to Plaintiffs and Counterdefendants' First Set of Requests for Production of Documents at 85.

On September 30, 2008, AMD served its Preliminary Infringement Contentions, which accused Samsung televisions, cell phones, camcorders, and digital cameras of infringing the '879 patent. With its Infringement Contentions, AMD served a product list that identifies thousands of those products that AMD believes Samsung has sold in the United States. AMD generated that list from publicly available information without the benefit of any discovery from Samsung. AMD now requests source code only for the graphical user interfaces found in accused Samsung televisions, cell phones, camcorders, and digital cameras imported, offered for sale, or sold in the United States on or after February 19, 2008, the date AMD filed its Complaint in this case.

AMD requests firmware source code in order to establish the precise and exact operation of the user interface for controlling video in each accused Samsung television, cell phone, camcorder, and digital camera. Each product contains this code that provides the product's graphical user interface. The code will illustrate the precise coordination of the user interface with background video and the exact effect that each user interface selection has on the background video. It will demonstrate the existence of '879 claim limitations such as programming instructions that "provide a control panel while the live video remain[s] in the background and an application that was in focus remains in focus when the video control icon has been selected" and "adjust at least one attribute of the live video *based on an input* received via the control panel." The firmware source code, therefore, is highly relevant and important for AMD's infringement proof.

AMD explained its need for source code in correspondence on November 26, 2008 and December 19, 2008, and in numerous meet-and-confers, including an in-person meet-and-confer held in San Francisco on January 8, 2009. Samsung has consistently refused to produce source code, as confirmed in AMD's correspondence to Samsung dated January 16, 2009 and February 10, 2009. As the basis for its refusal, Samsung states that its production of user manuals for the accused products should be enough for AMD's infringement proof. For the near-total majority of televisions, camcorders, digital cameras, and cell phones, Samsung has produced only user manuals.

In general, the user manuals produced by Samsung do not conclusively determine infringement under the asserted claims of the '879 patent. User manuals illustrate, at best, still screen shots of a product's user interface. Many manuals do not illustrate that much, but instead provide only text descriptions of the product's operation. While still photos may illustrate portions of a product's user interface, such as the claimed "control panel," they often do not show the effect of making a control panel selection or demonstrate that the video remains active in the background while the control panel is being used. The user manuals, therefore, do not necessarily illustrate the coordination and cause-and-effect aspects of the '879 asserted claims.

The source code that AMD requests here—source code for the firmware that provides the user interface in Samsung's products—will illustrate in precise detail the user interface's coordination with displayed video and control of that video. AMD is entitled to this code under Federal Rule of Civil Procedure 26. The firmware source code will provide information in addition to the user manuals produced by Samsung, and therefore is not cumulative to the user manuals. Furthermore, this code is highly relevant to AMD's infringement proof and greatly outweighs any burden to Samsung of producing the code, especially since AMD has narrowly requested only the code that provides the user interface for controlling video. AMD has not been able to obtain this detailed information from Samsung in any other way. AMD requests, therefore, that the

Court compel Samsung to produce the firmware source code for in Samsung televisions, cell phones, camcorders, and digital cameras offered for sale or sold in the United States on or after February 19, 2008.

Samsung's delay on this particular issue highlights a greater concern. From the beginning, Samsung has failed to meet its discovery obligations. Whereas AMD has produced more than 3 million pages of documents to Samsung, Samsung has produced approximately 300,000 pages of documents to AMD, even though there are far more Samsung Accused Products than AMD Accused Products in the case.

Samsung's production delays have significant consequences. The cumulative effects of this delay and delays in other areas of discovery will impact AMD's ability to prepare for significant case events such as assembling Final Infringement Contentions and motions for summary judgment. Thus, AMD brings this to the Court's attention now, in the hopes that an Order directing Samsung to fulfill its discovery obligations will obviate the need for future discovery motions.

AMD has attached a proposed Order that compels Samsung to produce firmware source code that provides a graphical user interface for controlling video in each television, cell phone, camcorder, and digital camera that Samsung has imported, offered for sale, or sold in the United States on or after February 19, 2008. AMD respectfully requests that the Court enter the proposed Order. AMD will provide any additional information related to this request that the Court desires, including more detailed briefing with exhibits, a telephone call, or oral argument.

Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

William H. Manning

WHM/arf

Enclosure

cc: Robert T. Haslam, Counsel for Defendants
Michael K. Plimack, Counsel for Defendants
Christine Saunders Haskett, Counsel for Defendants
Alan Blankenheimer, Counsel for Defendants
Aaron R. Fahrenkrog, Counsel for Plaintiffs