ROBERT T. HASLAM (Bar No. 71134)
rhaslam@cov.com
MICHAEL K. PLIMACK (Bar No. 133869)
mplimack@cov.com
CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
chaskett@cov.com
SAMUEL F. ERNST (Bar No. 223963)
sernst@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

ALAN H. BLANKENHEIMER (Bar No. 218713)
ablankenheimer@cov.com
LAURA E. MUSCHAMP (Bar No. 228717)
lmuschamp@cov.com
JO DALE CAROTHERS (Bar No. 228703)
jcarothers@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122-1225
Telephone: (858) 678-1800
Facsimile: (858) 678-1600

Attorneys for Defendants and Counterclaimants SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG TECHWIN CO., LTD., and SAMSUNG OPTO-ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>Plaintiffs and Counterdefendants,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants and Counterclaimants. | Case No. 3:08-CV-0986-SI<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS**<br><br>DATE: April 3, 2009<br>TIME: 9:00 a.m.<br>COURTROOM: 10, 19th Floor<br>JUDGE: The Honorable Susan Illston |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................... 1

II. STATEMENT OF FACTS ...................................................................................... 3

III. ARGUMENT ........................................................................................................... 7

    A. Samsung Has Good Cause to Amend Its Preliminary Invalidity Contentions. ................................................................................................ 7

        1. The New Prior Art Is Highly Relevant to the Ultimate Determination of Invalidity. ........................................................... 8

        2. Samsung's Motion Is Timely and Not Motivated by Gamesmanship. ................................................................................ 10

        3. Samsung Has Acted Diligently to Locate Hard-to-Find Prior Art. ............ 11

        4. AMD Cannot Be Prejudiced by an Amendment at This Stage of the Case. ................................................................................ 12

IV. CONCLUSION ..................................................................................................... 13

# TABLE OF AUTHORITIES

Page

**CASES**

*Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*,
　No. C04-03526 SI, 2008 WL 2168379 (N.D. Cal. May 22, 2008).................................. 7, 8, 12

*Foman v. Davis*,
　371 U.S. 178 (1962) ................................................................................................................ 8

*Golden Hour Data Sys., Inc. v. Health Svc. Integration, Inc.*,
　No. C06-7477 SI, 2008 WL 2622794 (N.D. Cal. July 1, 2008) ....................................... passim

*LG Electronics Inc. v. Q-Lity Computer, Inc.*,
　211 F.R.D. 360 (N.D. Cal. 2002) ......................................................................................... 11

*O2 Micro Int'l. Ltd. v. Monolithic Power Sys., Inc.*,
　467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................ 11

*The Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
　No. C05-04158 MHP, 2008 WL 624771 (N.D. Cal. March 4, 2008) ....................... 7, 8, 11, 12

*Yodlee, Inc. v. CashEdge, Inc.*,
　No. C05-01550 SI, 2007 WL 1454259 (N.D. Cal. May 17, 2007) .................................. passim

**STATUTES**

35 U.S.C. § 103(a) .......................................................................................................................... 8

**OTHER AUTHORITIES**

Local Rule 1-4 ................................................................................................................................ 7

Local Rule 3-6(a) .......................................................................................................................... 11

Local Rule 3-7 ................................................................................................................ 1, 2, 7, 11

**NOTICE OF MOTION**

TO PLAINTIFF AND COUNTERDEFENDANTS ADVANCED MICRO DEVICES, INC.
AND ATI TECHNOLOGIES, ULC (COLLECTIVELY "AMD") AND ITS ATTORNEYS OF
RECORD:

PLEASE TAKE NOTICE THAT Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Techwin Co., Ltd., and Samsung Opto-Electronics America, Inc. (collectively "Samsung") hereby move for leave to amend their Preliminary Invalidity Contentions, pursuant to Local Rule 3-7. Samsung requests that the Court grant it permission to serve on AMD the Second Amended Preliminary Invalidity Contentions attached as Exhibit 1 to the Declaration of Christine Saunders Haskett in Support of Samsung's Motion for Leave to Amend its Preliminary Infringement Contentions ("Haskett Decl.").

This motion is based on this Notice of Motion, on the following Memorandum of Points and Authorities, on the Declaration of Christine Saunders Haskett, and on such other materials or oral argument as the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

AMD has asserted seven patents against Samsung in this case. By the time its Preliminary Invalidity Contentions were due, Samsung had identified 225 invalidating prior art references and had drafted detailed invalidity claim charts. Although Samsung's initial efforts were substantial, and the results robust, on-going investigation and discovery have revealed several additional prior art references that render certain of AMD's asserted patent claims invalid. Specifically, Samsung has identified one new prior art article, one new patent, and testimony from the named inventor that go to the invalidity of U.S. Patent No. 5,545,592 (the "'592 Patent"), one new prior art article relating to the invalidity of U.S. Patent No. 5,248,893 (the "'893 Patent"), and five new U.S. Patents that relate to the invalidity of U.S. Patent No. 5,559,990 (the "'990 Patent"). Including

these additional prior art references and associated invalidity claim charts in Samsung's Invalidity Contentions would ensure that this case is decided on a full and fair record.

Furthermore, all of the factors this Court evaluates when considering a motion to amend invalidity contentions under Patent Local Rule 3-7 favor granting Samsung's motion. First, all of the proposed amendments are relevant to the issue of invalidity in that each of the proposed pieces of prior art, considered either alone or in combination with others, renders at least one asserted patent claim invalid.

Second, because Samsung has moved diligently to find this additional prior art and has sought to make these amendments early in the case, there is no suggestion that it is doing so out of improper gamesmanship. To the contrary, the proposed amendments are the result of ongoing and diligent discovery and investigation efforts.

Third, the short delay in finding and analyzing the new prior art is excused by the difficulty Samsung has faced in combing through the vast amount of prior art that exists with respect to AMD's '592, '893, and '990 Patents. And in the case of the '592 inventor testimony, the relevant material only became available when the inventor was deposed, which was several days after the deadline for Preliminary Invalidity Contentions.

Finally, because Samsung has acted quickly and because the case is still at a relatively early stage of the proceedings, AMD will not be prejudiced by the proposed amendments.

For these reasons, Samsung respectfully requests that the Court grant it leave to serve AMD with the Second Amended Preliminary Invalidity Contentions that are attached as Exhibit 1 to the Haskett Declaration.[1]

---

[1] Exhibit 1 to the Haskett Declaration is Samsung's complete proposed Second Amended Preliminary Invalidity Contentions, including appended charts, shown in redline form to indicate the new material proposed to be added to the pleading and to the existing charts. Five of the charts accompanying the proposed Second Amended Preliminary Contentions are entirely new, however, and thus are not shown in redline form. These charts are Appendices A9, C6, D15, D16 and D17 to the Second Amended Preliminary Invalidity Contentions. References in this brief to Appendices are to those charts appended to Exhibit 1.

## II. STATEMENT OF FACTS

*Procedural Background.*

This lawsuit was initiated by AMD on February 19, 2008. After the Initial Case Management Conference, held on May 30, 2008, the case was stayed for several months so that the parties could pursue mediation. Those mediation efforts were unsuccessful, and the stay was lifted on August 31, 2008.

On November 14, 2008, approximately three months before the filing of this motion, Samsung served its Preliminary Invalidity Contentions, which consisted of lists of 255 prior art references and 29 invalidity claim charts. At AMD's request, on December 10, 2008, Samsung served Amended Preliminary Invalidity Contentions to correct a typographical error and an omission in the cover pleading. *See* Haskett Decl., Ex. 2 (Letter from Lesli Rawles dated December 10, 2008). On November 24, 2008, AMD complained that Samsung's Preliminary Invalidity Contentions were insufficient in part because they did not include specific identifications of the motivation to combine certain references. *See* Haskett Decl., Ex. 3 (Letter from William Manning dated November 24, 2008). Samsung attempted to accommodate AMD's concern by offering a stipulation whereby Samsung would amend its motivation-to-combine contentions and, in return, AMD would not object to Samsung including some additional prior art references as part of the amendment. *See* Haskett Decl., Ex. 4 (Letter from Sam Ernst, dated December 8, 2008). AMD refused Samsung's offer, necessitating this motion. *See* Haskett Decl., Ex. 5 (Letter from Samuel Walling dated December 12, 2008).

*'592 Patent Supplemental Prior Art References.*

The first group of references Samsung seeks to add pertain to the invalidity of U.S. Patent No. 5,545,592 (the "'592 Patent"). The '592 Patent—the asserted claims of which are directed towards forming an electrical contact on a semiconductor—implicates an enormous body of prior art, dating back as far as 1986. Indeed, Samsung's Preliminary Invalidity Contentions for the '592 Patent, which were necessarily compiled before Samsung had the benefit of any significant discovery of AMD, cited no fewer than 54 prior art references. Given the volume of relevant prior

art, it has taken significant time and effort to analyze that art, and it is an effort that Samsung has continued to pursue in several respects after filing its Preliminary Invalidity Contentions.

For example, in preparing for the recent deposition of named inventor John Iacoponi, which was scheduled by mutual agreement for November 18, 2008, four days after the deadline for Preliminary Invalidity Contentions, Samsung discovered that Mr. Iacoponi had been a regular attendee in the 1990's at the annual VMIC conference, which was a prominent conference for those involved in the field to which the '592 patent relates. Although the VMIC conference and the papers presented there are highly relevant to the subject matter of the '592 Patent, AMD did not disclose any VMIC materials to the U.S. PTO during the prosecution of the '592 Patent. AMD's failure to disclose the VMIC conferences or any of the papers presented means that that prior art does not appear anywhere on the face of the '592 Patent. Instead, Samsung had to search out the relevant materials, which did not happen until shortly before the deadline for Preliminary Invalidity Contentions. Even once the VMIC materials were located, consisting of six large volumes each containing over a hundred technical papers, there was substantial work involved in reviewing and analyzing the materials. And the inventor, John Iacoponi, obviously could not be questioned about the materials until his deposition, which took place after the deadline for Preliminary Invalidity Contentions. One of the articles presented at the 1992 VMIC conference, authored by Kazuyoshi Kamoshida and entitled "Self-Aligned TiN Formation by $N_2$ Plasma Bias Treatment of $TiSi_x$", is particularly relevant to the asserted claims of the '592 Patent and, combined with certain art already disclosed by Samsung in its Preliminary Invalidity Contentions, renders those claims invalid. *See* Haskett Decl., Ex. 6 (Kamoshida Reference). Attached to Samsung's proposed Second Amended Preliminary Invalidity Contentions as Appendices A1-A9 are nine invalidity claim charts that incorporate the Kamoshida reference into Samsung's Preliminary Invalidity Contentions.[2] *See* Haskett Decl., Ex. 1.

---

[2] Appendices A1-A8 are charts that were appended to Samsung's Preliminary Invalidity Contentions, redlined to show the new material proposed to be added by this motion. Appendix A9 is a new chart that Samsung proposes to add by this motion. Only Appendices A4 and A9 reference the Kamoshida article explicitly; the other charts incorporate the article by reference as included in the group designated in Appendix A4 as "Nitrogen Plasma Treatment of Metal Silicide References."

1  The second additional reference Samsung proposes to add to its Preliminary Invalidity
2  Contentions regarding the '592 Patent is U.S. Patent No. 5,175,126 to Huei-Min Ho and Yi Ching
3  Lin (the "Ho '126 Patent"). *See* Haskett Decl., Ex. 7 (Ho '126 Patent). The Ho '126 Patent is
4  incorporated into Exhibit 1 at Appendices A1-A8 to this motion.[3] The Ho '126 Patent is another
5  reference that is part of the immense body of prior art relevant to the '592 Patent that has taken
6  Samsung substantial time to review and analyze.

7  Finally, Samsung proposes to amend its '592 Patent invalidity contentions by adding a
8  number of references to the deposition testimony of Mr. Iacoponi himself. In his deposition, which
9  took place several days after Samsung's Preliminary Invalidity Contentions were due, Mr. Iacoponi
10  provided testimony regarding the state of the prior art at the time of the inventions of the '592
11  Patent, as well as testimony on the motivation to combine the various prior art references identified
12  by Samsung, all of which supports Samsung's contention that the asserted claims of the '592 Patent
13  are invalid. Exhibit 1 at Appendices A1-A9 to this motion includes the references to the testimony
14  of John Iacoponi that Samsung seeks to add by this motion.

15  ***'990 Patent Supplemental Prior Art References.***

16  Like the '592 Patent, the breadth and subject matter of U.S. Patent No. 5,559,990 (the "'990
17  Patent")—pertaining to the organization of and access to computer memory—implicates a vast
18  body of potentially invalidating prior art. Identifying the most relevant references is painstaking
19  work. Because there are relatively few standard terms or ways of describing the manner in which
20  memories are arranged or accessed, keyword searching of prior art references is of limited value,
21  and instead, searching requires a detailed examination of the structures shown in a large number of
22  patents.

23  In its Preliminary Invalidity Contentions, Samsung identified 32 references that invalidate
24  the asserted claims of the '990 Patent and drafted 14 invalidity claim charts detailing those
25  contentions. Continued searching in the field has yielded additional results. In particular, Samsung

---

[3] Only Exhibit 1 at Appendix A4 references the Ho '126 Patent explicitly; the other charts incorporate the patent by reference as included in the group designated in Appendix A4 as "Nitrogen Plasma Treatment of Metal Silicide References."

- 5 -

recently identified U.S. Patent Nos. 5,222,047 ("the '047 Reference"), 4,788,667 ("the '667 Reference"), 5,276,649 ("the '649 Reference"), 5,210,723 ("the '723 Reference") and 5,287,324 ("the '324 Reference"). *See* Haskett Decl., Exs. 8-12. The '047, '667 and '649 References are particularly relevant to claim 8 of the '990 patent. That claim includes a limitation for "selectively enabling said sense amplifier circuits . . ." The Examiner emphasized the importance of that limitation in allowing the '990 patent.[4] But the '047, '667 and '649 References plainly teach this limitation and thus show that claim 8 should not have been allowed.

The '723 and '324 References relate to accessing memory locations in different rows. The examiner relied on this limitation too as a reason for allowance: she explained that the cited prior art could "only access one row at a time" whereas the claimed invention involves "accessing at least two locations in different rows." *See* Haskett Decl., Ex. 13 (excerpts of Notice of Allowability, p. 7). The '723 and '324 References explicitly teach accessing memory locations in multiple rows and thus contradict this basis for allowance.

### *'893 Patent Supplemental Prior Art References.*

Samsung also proposes to add one additional reference, and an accompanying invalidity claim chart, pertaining to U.S. Patent No. 5,248,893 (the "'893 Patent"). The reference—"Grooved Gate MOSFET," authored by Nishimatsu, et. al. and appearing in *Proceedings of the 8th Conference (1976 International) on Solid State Devices*, *Japanese Journal of Applied Physics*, Vol. 16 (1977) Supplement 16-1—discloses each element of claims 1-7 and claim 11 of the '893 Patent. *See* Haskett Decl., Ex. 14.

As with the other references Samsung proposes to add, the Nishimatsu article was part of an immense body of prior art. The relevant field of the Nishimatsu reference and the '893 Patent, namely the design of integrated circuit devices, stretches back decades. Indeed, the Nishimatsu article was published in 1977, over 15 years prior to the filing date of the '893 Patent. The

---

[4] For example, the Patent Examiner explained, in her Notice of Allowability, that "Claims 7 and 16 [issued claims 8 and 19] include the features of selectively enabling and disabling sense amplifier circuits which is taught by neither Pinkham, Rao or Young, et. al." *See* Haskett Decl., Ex. 13 (excerpts of Notice of Allowability, p. 7).

- 6 -

accumulation of prior art in the crowded field of semiconductor design during this time period necessarily made finding and analyzing the relevant material a time consuming process; one that Samsung, even with diligent effort, was not able to complete before its Preliminary Invalidity Contentions were due.

## III. ARGUMENT

### A. Samsung Has Good Cause to Amend Its Preliminary Invalidity Contentions.

Because AMD filed this case before the current Patent Local Rules became effective, this motion is governed by the former Local Rule 3-7, which provides that "[a]mendment or modification of…the Preliminary or Final Invalidity Contentions…may be made only by order of the Court, which shall be entered only upon a showing of good cause." Patent L.R. 3-7.[5] To determine whether there is good cause for amendment, this Court has, in the past, looked at four factors:

1) Relevance of the newly-discovered prior art
2) Whether the request to amend is motivated by gamesmanship
3) The difficulty of locating the prior art
4) Risk of prejudice to the opposing party

*Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, No. C04-03526 SI, 2008 WL 2168379, *1 (N.D. Cal. May 22, 2008) (citing *Yodlee, Inc. v. CashEdge, Inc.*, No. C05-01550 SI, 2007 WL 1454259, *2-3 (N.D. Cal. May 17, 2007)); *see also The Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C05-04158 MHP, 2008 WL 624771 (N.D. Cal. March 4, 2008) (focusing inquiry on moving parties' diligence and potential for prejudice to resisting party).

---

[5] The new Patent Local Rules state that they apply only to patent cases filed on or after March 1, 2008. "For actions pending prior to March 1, 2008, the provisions of the Patent Local Rules that were in effect on February 29, 2008, shall apply." Patent L.R. 1-4. AMD filed this action on February 19, 2008.

Here, in large part because this case is still in its relatively early stages, all four factors favor granting Samsung leave to make its modest proposed amendments to its Preliminary Invalidity Contentions.

### 1. The New Prior Art Is Highly Relevant to the Ultimate Determination of Invalidity.

This Court has expressed a preference for deciding cases, and, more particularly, invalidity disputes, "on the merits." *See Acco Brands*, 2008 WL 2168379 at *2. Allowing Samsung to introduce its newly-discovered prior art references, all of which are material to the invalidity of AMD's asserted claims, will achieve the just result of helping ensure that Samsung's defenses have a full and fair hearing. *See Golden Hour Data Sys., Inc. v. Health Svc. Integration, Inc.*, No. C06-7477 SI, 2008 WL 2622794 at *4 (N.D. Cal. July 1, 2008) (when prior art is relevant to the merits, "it would be unjust for such information 'to be avoided on the basis of…mere technicalities'" (quoting *Foman v. Davis*, 371 U.S. 178, 181-182 (1962)).

#### a. '592 Patent Invalidity References.

As reflected in Samsung's proposed amended invalidity charts, all of the prior art references Samsung seeks to add regarding the '592 Patent bear directly on the invalidity of the asserted claims. The Kamoshida reference (the only new '592 reference for which Samsung seeks to add an entirely new chart) discloses the fundamental first two steps of the method of claim 1, namely forming a metal silicide layer and then converting a portion of that layer to a metal nitride by exposing it to a nitrogen plasma. *See* Haskett Decl., Ex. 1 (Appendix A9 at 1). And when combined with either of two other references previously identified by Samsung, Kamosihda renders both claim 1 and the dependent claim 4 invalid as obvious. *See* Haskett Decl., Ex. 1 (Appendix A9 at 1). Although Samsung has already identified other combinations of prior art that invalidate the claims under 35 U.S.C. § 103(a), the Kamoshida reference is the foundation of an additional, strong obviousness argument and should, in fairness to Samsung, be considered.

The Ho '126 Patent, which Samsung seeks to add to the previously-served invalidity chart attached as Appendix A4 to Exhibit 1, also discloses the key step of using a plasma to form a metal nitride from a metal silicide layer as claimed by the '592 Patent.

- 8 -

Finally, deposition testimony from a named inventor of the at-issue patent is highly relevant to an invalidity analysis of the patent. Indeed, Mr. Iacoponi's own testimony regarding both the state of the relevant prior art and the motivation to combine aspects of that art shows that his patent is, in fact, invalid. Allowing Samsung leave to amend its invalidity contentions to include that relevant testimony is the fair result. *See Golden Hour Data*, 2008 WL 2622794 at *4.

### b. '990 Patent Invalidity References.

Three of Samsung's new prior art references for the '990 patent teach a key limitation of independent claim 8 upon which the examiner relied in allowing the claim. Namely, they show that it was known in the art to selectively enable and disable sense amplifiers in a computer memory, in order to conserve power and speed up operation. The examiner concluded that this limitation was not shown in the prior art of record: "Claims 7 and 16 [issued claims 8 and 19] include the features of selectively enabling and disabling sense amplifier circuits which is taught by neither Pinkham, Rao or Young, et. al." *See* Haskett Decl., Ex. 13 (Notice of Allowability, p. 7).

In reality, the '047 Reference—which was filed three and a half years before the '990 patent—clearly does teach the selective enabling of sense amplifiers in a computer memory: specifically, the '047 Reference discloses "timing for activating the sense amplifiers … so that the number of sense amplifiers which are activated at one time is reduced …." *See* Haskett Decl, Ex. 1 (Appendix D16 at 10, 23, 26, 30).

The '667 and '649 References also teach selectively enabling the sense amplifier circuits. For example, the Abstract of the '667 patent teaches a switching circuit for "switching between sense amplifiers belonging to the first cell block and sense amplifiers belonging to the second cell block." *See* Haskett Decl., Ex. 9 ('667 Reference, Abstract). Similarly, the '649 patent Abstract teaches "a control circuit (20) for activating the sense amplifiers for the first column group and the sense amplifiers for the second column group at different timings." *See* Haskett Decl., Ex. 10 ('649 Reference, Abstract). The '667 and '649 References both teach the selective enabling limitation relied on by the examiner in allowing the claims.

The '723 and '324 References relate to the second aspect of the invention identified by the examiner in her Notice of Allowance—accessing at least two locations in different rows. *See*

MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS
CV-08-0986-SI

Haskett Decl., Ex. 11 ('723 Reference); Ex. 12 ('324 Reference).  Samsung identified in its preliminary invalidity contentions prior art that taught this key limitation.  However, the '723 and '324 References disclose an additional prior art technique for accessing memory locations in different rows.

The '047, '667, '649, '723 and '324 References are highly relevant. They  squarely address limitations upon which the examiner relied in allowing the '990 patent.  Because they are prior art, they show the patent is invalid.  Fairness requires that Samsung be able to allowed to use them, and at this early stage of the litigation there is no countervailing unfair prejudice to AMD.

### c. '893 Patent Invalidity Reference.

Samsung's new prior art reference for the '893 Patent (the Nishimatsu reference) is likewise potentially dispositive of the issue of invalidity and thus highly relevant to this lawsuit.  Insulated gate field effect devices, such as MOSFET devices, are building blocks of integrated circuits, and increased miniaturization of integrated circuits demands increased density of the devices on a chip. Both the '893 Patent and the Nishimatsu Reference attempt to increase device density by achieving a longer effective channel length in a MOSFET without increasing the occupying area for the semiconductor device. *See* Haskett Decl., Ex. 15 ('893 Patent at 1:18-22); Ex. 1 (Appendix C6 at 6-8, 13-18).   And both the '893 patent and the Nishimatsu Reference propose the same solution to achieve this longer channel length:  creating a concavity on the ordinarily flat semiconductor substrate. *See* Haskett Decl., Ex. 15 ('893 Patent at 3:46-49);  Ex. 1 (Appendix C6 at 6-8, 13-18).

### 2. Samsung's Motion Is Timely and Not Motivated by Gamesmanship.

Reflecting on the 'gamesmanship' factor, this Court has observed that one purpose of this Local Rule is to "prevent the parties from shifting their theories in reaction to adverse substantive rulings,…or late in discovery, leaving the opposing party with little time to conduct discovery on a new theory.…" *Yodlee*, 2007 WL 1454259, *2 (citing *LG Electronics Inc. v. Q-Lity Computer, Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) and *O2 Micro Int'l. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n. 12 (Fed. Cir. 2006)).  There are no indications that any such gamesmanship is present here.

MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS
CV-08-0986-SI

First, there have been no substantive rulings by the Court between the time Samsung's original Preliminary Invalidity Contentions were served and the time Samsung notified AMD of its intention to supplement (and then filed this motion). So Samsung's proposed amendments plainly are not an attempt to respond to an adverse ruling by shifting its theory of the case. Accordingly, the Local Rules' policy of preventing "shifting sands" litigation is not imperiled. *See id*.

Second, because discovery in this case is not scheduled to close for another nine months, there is no concern that Samsung's proposed amendments will serve to sandbag AMD. *See id.* (where there is "ample time" left for discovery, "concern with parties sandbagging opponents late in discovery period is…not an issue"). Indeed, although the Rule requires leave of the Court no matter when in the proceedings a party seeks to make an amendment,[6] it appears that this Court contemplates that, once the parties have taken some discovery, they will routinely need to amend their preliminary contentions. *See Golden Hour*, 2008 WL 2622794, *2; *Stanford v. Roche*, 2008 WL 624771, *4-5. Patent Local Rule 3-7 is not designed to thwart the purpose of discovery, which is to learn information vital to developing one's case. Rather, the Rules merely "seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *See Golden Hour*, 2008 WL 2622794, *2 (quoting *O2 Micro*, 467 F.3d at 1366). And far from cutting off a party's right to refine its case, Patent Local Rule 3-7 merely circumscribes it by requiring that parties "proceed with diligence in amending [their] contentions *when* new information comes to light in the course of discovery." *Id*. (emphasis added). The parties are now in the thick of discovery—including depositions of the various patents' inventors—and it is neither surprising nor inappropriate for Samsung to incorporate the product of that discovery into its invalidity contentions.

### 3. Samsung Has Acted Diligently to Locate Hard-to-Find Prior Art.

When it has been difficult for a defendant to find the prior art it seeks to add to its invalidity contentions, the Court generally takes a sympathetic view and permits amendment. *See Acco Brands*, 2008 WL 2168379, *2; *Yodlee*, 2007 WL 1454259.

---

[6] Excepting the circumstances provided for in Patent L.R. 3-6(a).

- 11 -

With respect to the prior art references Samsung seeks to add, the difficulty in finding the relevant information has been due to the sheer volume of prior art Samsung has had to sift through and analyze. All three of the AMD patents that are the subject of this motion (the '592, the '990, and the '893) come from extremely crowded fields of technology and invention. The large number of prior art reference that Samsung *did* identify and chart for each of those patents in its original Preliminary Invalidity Contentions provides a rough gauge of the mountains of prior art available to review. Although Samsung has been working on its invalidity defenses diligently since the beginning of this case, the amount of time and effort required to identify and analyze the prior art relevant to these patents has made it a virtual certainty that at least some amendment to Samsung's invalidity contentions would be required.

### 4. AMD Cannot Be Prejudiced by an Amendment at This Stage of the Case.

Finally, and for many of the reasons discussed above in connection with the 'gamesmanship' factor, there is no risk that AMD will be prejudiced by Samsung's proposed amendments. In a number of decisions on motions to amend invalidity or infringement contentions, this Court has focused on whether there is sufficient time left for the other side to take discovery on the new contentions. *See Yodlee*, 2007 WL 1454259, *3 ("ample time" left for discovery); *Golden Hour*, 2008 WL 2622794, *4 (three months remaining for fact discovery; expert discovery not yet started); *Stanford v. Roche*, 2008 WL 624771, *4-5 (allowing amendment of final infringement contentions and indicating that discovery could be reopened regarding the new contention). Here, there is no question that ample time remains for AMD to explore Samsung's new contentions in discovery. Fact discovery is not set to close for nine months. And as in the *Golden Hour* case, expert discovery has not even begun; indeed, opening expert reports are not due until the very end of 2009. *Golden Hour*, 2008 WL 2622794, *4.

Nor is there any danger that AMD's litigation strategy will be harmed in a prejudicial way by the amendments. As discussed above, there have been no substantive rulings that would be affected by Samsung's amendments. Furthermore, AMD does not have any substantive motions pending that could be impacted by the proposed amendments. *See Yodlee*, 2007 WL 1454259, *3 (finding no prejudice when opposing party had ample discovery time and no pending motions).

- 12 -

1 | Indeed, the only significant motion practice on the near horizon is with respect to claim construction, which, as of the time this motion is filed, is set to begin in approximately one month with the filing of the parties' opening claim construction briefs.  And because Samsung and AMD have not included any terms from the '592 Patent in their joint claim construction statement, AMD cannot argue that granting Samsung leave to amend its prior art references and charts related to this particular patent would cause any prejudice in claim construction.  To the extent AMD needs to consider Samsung's new, supplemental prior art references as it formulates its *Markman* arguments for the '990 and '893 Patents, it has ample time to do so.

In short, this "most important[]" factor in the analysis strongly favors granting leave to Samsung to make its proposed modest amendments to the Preliminary Invalidity Contentions. *Yodlee*, 2007 WL 1454259, *3.

## IV.  CONCLUSION

For all of the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's Motion for Leave to Amend its Preliminary Invalidity Contentions.

DATED:  February 19, 2009          COVINGTON & BURLING LLP

By: */s/ Christine Saunders Haskett*
      CHRISTINE SAUNDERS HASKETT

Attorneys for Defendants and Counterclaimants
SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG TECHWIN CO., LTD., and SAMSUNG OPTO-ELECTRONICS AMERICA, INC.