# EXHIBIT 3

ROBINS, KAPLAN, MILLER & CIRESI LLP

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

WILLIAM H. MANNING
612-349-8461

November 24, 2008

<u>**VIA E-MAIL**</u>

Michael Plimack, Esq.
Covington & Burling LLP
One Front Street
San Francisco, CA 94111

Re:     *Advanced Micro Devices, Inc., et al. v. Samsung Electronics Co., Ltd., et al.*
        Case No.: CV-08-0986-SI

Dear Michael:

I write regarding Samsung's Preliminary Invalidity Contentions (the "Contentions"), served upon AMD on November 14, 2008. Samsung's Contentions are deficient in several significant respects, both in their form and in their content, for the following reasons.

## I.      Reservation of Rights

At the outset, Samsung attempts to reserve a right to supplement or amend its Contentions for numerous reasons. For instance, Samsung reserves a right to amend "as it discovers new documents and/or information;" in the case that "AMD seeks to assert additional claims, or attempts to supplement or amend its Preliminary Infringement Contentions;" or "in light of the Court's claim construction order(s) in this case or other proceedings involving the patents-in-suit."

The Patent Local Rules set forth the circumstances under which a party may amend its Preliminary Invalidity Contentions. Patent L.R. 3-6(b) instructs that in serving its Final Invalidity Contentions a party may amend its Preliminary Invalidity Contentions if (1) the party claiming infringement has served Final Infringement Contentions, or (2) the amending party believes in good faith that the Court's Claim Construction ruling so requires. Further, Patent L.R. 3-7 provides that a party may amend its Preliminary Invalidity Contentions "only by order of the Court, which shall be entered only upon a showing of good cause." The Patent Local Rules do not provide a right to amend in any other circumstance. AMD, therefore, rejects Samsung's attempt to reserve a right to amend its Contentions that is any broader than the rights set out in the Patent Local Rules.

## II.     Unidentified Prior Art

Samsung also attempts to circumvent the Patent Local Rules by including in its Contentions prior art that it has not properly identified.  Following its identification of prior art for each AMD Patent, Samsung asserts that it "further identifies all prior art references cited or included in the prosecution history of the [AMD] patent, as well as any statements regarding the prior art present in the prosecution history.  Samsung further identifies and reserves the right to rely on all related applications and foreign counterparts to *any reference identified above*." (emphasis added).

Patent L.R. 3-3 explains the procedure for identifying allegedly invalidating prior art.  The rule directs that the Preliminary Invalidity Contentions "must contain the following information." The rule goes on to identify the required information: a "prior art patent must be identified by its number, country of origin, and date of issue," and a "prior art publication must be identified by its title, date of publication, and where feasible, author and publisher."  Nowhere does the rule allow for a "blanket identification" of prior art such as that Samsung attempts to make in its Contentions.  The closest the rules come to such a shortcut is Patent L.R. 3-4(b), which relieves the parties from producing copies of prior art *identified pursuant to Patent L.R. 3-3(a)* that appear in the file history of the patent(s) at issue.  Thus, AMD rejects Samsung's attempt to identify and rely on prior art that is not identified pursuant to Patent L.R. 3-3(a) in Samsung's Contentions, and will construe Samsung's Contentions to include only the prior art Samsung has identified in accordance with that rule.

## III.     General and Vague Obviousness Allegations

Samsung further attempts to circumvent the Patent Local Rules with its allegations of obviousness.  First, Samsung offers a lone statement in its Contentions cover pleading regarding the motivation to combine, by alleging that "one of skill in the art would have been motivated to combine the prior art identified above in such a way as to reach the alleged inventions." Although, as Samsung acknowledges, a motivation to combine is no longer necessarily required in view of *KSR Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727 (2007), Samsung does not offer additional detail in support of this allegation.  Instead, Samsung only asserts that "exemplary reasons to combine the items can be found in Appendices A-G.  Unfortunately, even a brief survey of those appendices quickly contradicts that statement.  For example, many claim charts simply list various items of prior art with no statement concerning the reasons for reaching the alleged combination.  *See, e.g.*, Appendix A6, Claims 1,4; Appendix C1, Claims 1-7, 11; Appendix D1, Claims 20, 22-23; Appendix E5, Claims 1-3, 5-8, 11-13, 15-17, 19; etc.

In addition, Samsung generally "contends that each of the items of prior art listed above renders the asserted claims of the asserted patents obvious, either alone or in combination with each other or with what was known to those of ordinary skill in the art at the time of the alleged invention of the subject matter claimed in the asserted patents."  This sweeping and ambiguous allegation is extremely prejudicial to AMD because the "prior art listed above" comprises literally hundreds of references with thousands of potential combinations.

The Patent Local Rules envision a process and result much clearer and more precise than the Contentions Samsung has assembled. Patent L.R. 3-3(b) instructs the parties to declare "[w]hether each item of prior art anticipates each asserted claim *or* renders it obvious." (emphasis added). The rule further states that, "If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, *must* be identified." (emphasis added).

Samsung's Contentions fall woefully short of meeting these requirements. Samsung's Contentions do not clearly explain whether an identified item of prior art is anticipatory or a component of an obviousness claim, do not consistently provide a satisfactory explanation of why one of ordinary skill in the art would combine those items of prior art, and attempt to allege combinations of prior art that are not supported by invalidity charts. AMD rejects Samsung's attempts to allege obviousness combinations beyond those charted, and will construe any offered statements regarding a motivation to combine as limited to the items of prior art referred to in those statements.

## IV.    Exemplary Charts and Combination

Finally, Samsung also attempts to improperly expand the scope of its invalidity claims through the use of "exemplary" charts and allegations. The irony of Samsung's embrace of exemplars in this instance aside, such a practice is wholly inappropriate in light of the Patent Local Rules.

Patent L.R. 3-3(c) holds that the parties must produce invalidity charts "identifying where specifically in each alleged item of prior art each element of each asserted claim is found." In contrast, Samsung attempts to cast a broader net by explaining that its contentions are exemplary, only:

> Exemplary combinations of references that render the asserted claims of the asserted patents obvious are identified in the charts attached hereto as Appendices A-G, along with exemplary reasons to combine the items. Further, although not necessarily specified in each of the claim charts (Appendices A-G) in order to avoid repetition, Samsung contends that, for each AMD Patent, it would have been obvious for one of ordinary skill in the art at the relevant time to combine each reference identified in Section I above, for at least the same reasons identified in the respective claim charts (see Appendices).

As you can see, this is not the specific identification of each element of each asserted claim that the Patent Local Rules demands. Samsung offers a multitude of explanations for this approach, such as its continuing investigation and its belief that some references are cumulative. Nowhere do the Patent Local Rules provide an exception from the provisions I have cited, for the explanation Samsung has put forth. Thus, AMD rejects Samsung's assertion that its Contentions

are exemplary in any respect, and will construe the Contentions as limited to the items of prior art charted therein.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

William H. Manning