Goodard v. Google, Inc.

Doc. 105 Att. 31

# EXHIBIT 4

Dockets.Justia.com

COVINGTON & BURLING LLP

ONE FRONT STREET
SAN FRANCISCO, CA 94111-5356
TEL 415.591.6000
FAX 415.591.6091
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

**SAMUEL F. ERNST**
TEL 415.591.7026
FAX 415.955.6526
SERNST @ COV.COM

December 8, 2008

VIA E-MAIL

William H. Manning, Esq.
Robins, Kaplan, Miller & Ciresis LLP
2800 LaSalle Plaza
800 LaSalle Ave.
Minneapolis, MN 55402-2015

Re: *Advanced Micro Devices, Inc., et al., v. Samsung Electronics Co., Ltd., et al.*
Case No.: CV-08-0986-SI

Dear Bill:

This letter is in response to your letter of November 24, 2008 regarding Samsung's Preliminary Invalidity Contentions.

I. Reservation Of Rights

We believe that our reservation of rights is consistent with what the Patent Local Rules provide with the clarification that we would seek leave of the Court prior to amending our contentions in light of new documents and/or information. We agree that Patent L.R. 3-6(b) and 3-7 govern when a party may amend its Preliminary Invalidity Contentions.

II. Prior Art Cited In The Prosecution History

We disagree that we have failed adequately to identify for AMD the prior art that is cited in the prosecution histories of the AMD patents-in-suit. AMD is well-aware of the number, country of origin, and date of issue of each prior art patent cited in the prosecution histories of the AMD patents. AMD is also aware of the title, date of publication, author, and publisher of each prior art article cited in the prosecution histories of the AMD patents. In *IXYS Corp. v. Advanced Power Tech., Inc.*, 321 F. Supp. 2d 1133, *1153 n. 19 (N.D. Cal. June 16, 2004), the Court rejected an argument similar to the one AMD is making here on the basis that "the Korman and Jones patents have been at issue from the moment IXYS's patent applications were filed," and "[i]n the interests of privileging substance over form." *Id.* at 1153 n. 19. Nonetheless, we are happy to provide AMD with a list of the prior art references cited in the prosecution histories for its patents if AMD feels it needs this information.

III. Samsung's Obviousness Allegations

You contend that Samsung fails to identify a motivation to combine in Appendix A6, Appendix C1, Appendix D1, and Appendix E5. Each of these charts contains a single anticipatory reference, based on Samsung's understanding of the construction AMD is likely to assert and/or the construction that Samsung believes the Court will adopt. The charts state that, in the alternative, these references would also render the asserted patent claims obvious, for example if the Court were to arrive at a claim construction that somehow negates the references as anticipatory references. But in that event, Samsung would have the right to serve amended contentions, in the form of Final Invalidity Contentions. Moreover, the statement in our cover pleading regarding motivation to combine applies to these references. However, we would be willing to enter into a stipulation with AMD requiring us to serve amended contentions providing more detailed allegations regarding motivation to combine, in return for AMD stipulating that we may identify additional prior art references in our amended contentions.

AMD is incorrect that Samsung does not comply with the rules by listing prior art references both as anticipatory references and as part of obvious-rendering combinations. The Court rejected this argument in *Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1149-50 (N.D. Cal. 2008) (Illston, J.), and in general accepted the method of charting references that Samsung has engaged in here.

Finally, in certain circumstances it is acceptable to provide charts for exemplary combinations. In *Semiconductor Energy Laboratory Co. v. CHI MEI Optoelectronics Corp.*, 531 F. Supp. 2d 1084 (N.D. Cal. 2007), the Court allowed the defendant to rely on obviousness combinations that were not specifically charted on the reasoning that "[t]he application of Local Rules is within the discretion of the District Court"; "it is apparent that [the defendant] has provided detailed citations to prior art"; and "[plaintiff] has not argued that any of the particular references relied upon by [defendant] were previously undisclosed." *Id.* at 1109. Samsung's approach is particularly appropriate here, where AMD has asserted multiple claims of seven patents against thousands of Samsung products. *See Keithley*, 553 F. Supp. 2d at 1150 ("Defendants respond that the claim chart is permissible under the Local Rules, particularly since plaintiffs broadly allege that defendants infringe 58 claims of the '25 patent.").

Best regards,

Sam Ernst

032449.00101
SF#110282.1