# EXHIBIT 5

# ROBINS, KAPLAN, MILLER & CIRESI LLP

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

SAMUEL L. WALLING
612-349-8541

December 12, 2008

**VIA E-MAIL**

Samuel F. Ernst
Covington & Burling LLP
One Front Street
San Francisco, CA 94111

  Re: *Advanced Micro Devices, Inc., et al., v. Samsung Electronics Co., Ltd., et al.*
    Case No. CV-08-0986-SI

Dear Sam:

This letter is in response to your letter of December 8, 2008 to Bill Manning, regarding Samsung's Preliminary Invalidity Contentions. Your letter does not sufficiently address many of the deficiencies we raised in our original November 24, 2008 letter to Michael Plimack.

## I. Unidentified Prior Art

In our November 24 letter we pointed out that Samsung's blanket identification of "all prior art references cited or included in the prosecution history of the [AMD] patent, as well as any statements regarding the prior art present in the prosecution history," was not adequate under Patent L.R. 3-3(a). In your response, you allege that this statement is sufficient because "AMD is well-aware" of these references. You also assert that the "Court rejected an argument similar to the one AMD is making here" in *IXYS Corp. v. Advanced Power Tech. Inc.*, 331 F. Supp. 2d 1133 (N.D. Cal. 2004). Both assertions are incorrect.

First, Samsung misconstrues the purpose of Patent L.R. 3-3. The purpose of exchanging Preliminary Invalidity Contentions is to notify AMD of Samsung's use of prior art references in support of its anticipation and/or obviousness contentions. *See, e.g, IXYS Corp. v. Advanced Power Tech. Inc.*, No. C02-03942, 2004 WL 1368860, at *3 (N.D. Cal. June 16, 2004) ("The Local Rules exist to . . . provide all parties with adequate notice and information with which to litigate their cases."); *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998) (The Patent Local Rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."). Samsung's blanket reference to prior art cited in the prosecution history does not provide adequate notice of how Samsung intends to use the prior art and does not "crystallize" in any fashion Samsung's theories of invalidity. Citation of prior art in the

prosecution histories of the AMD patents-in-suit simply does not provide the notice required by Patent Local Rule 3-3.

Second, Samsung's reliance on *IXYS* is unavailing. In *IXYS*, the Court permitted the defendant to rely on two references the defendant did not chart or produce, because of their prominence in the prosecution of the patents-in-suit. 331 F. Supp. 2d at 1153 n.19. The references were used to reject the patents-in-suit during prosecution, and were referred to as "the familiar Korman and Jones patents." *Id.* at 1149 n.15, 1150.

In contrast, Samsung attempts to rely on *any* reference in the prosecution history, regardless of whether it is "familiar," or played a prominent role in rejecting an application. The *IXYS* decision does not support Samsung's position.

In sum, AMD rejects Samsung's attempt to identify and rely on prior art that is not identified pursuant to Patent L.R. 3-3(a) in Samsung's invalidity contentions, and will continue to construe Samsung's invalidity contentions to include only the prior art Samsung has identified in accordance with that rule.

## II.     Deficient Obviousness Allegations

Our November 24 letter also highlighted the numerous deficiencies in Samsung's obviousness allegations. In particular, we pointed out that Samsung often fails to state a motivation to combine references, and also improperly attempts to use "exemplary" combinations and motivations to combine.

### A.     Failure to State a Motivation to Combine

In your letter, you seem to explain that Samsung has not identified a motivation to combine because its obviousness allegations are made in the alternative to its anticipation contentions. You further explain that Samsung would provide a motivation in its Final Infringement Contentions "if the Court were to arrive at a claim construction that somehow negates the references as anticipatory references." We were surprised at this explanation because it is not supported by the language or purpose of the Patent Local Rules.

The Patent Local Rules do not envision a scenario where parties can avoid fully pleading their obviousness allegations until after claim construction. The local rules clearly state that an accused infringer must identify the motivation to combine prior art items in its *Preliminary* Invalidity Contentions. Patent Local Rule 3-3(b) ("If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified."). Under Samsung's interpretation, this provision would be superfluous. Thus, Samsung is not excused from identifying the necessary motivations to combine in its Preliminary Invalidity Contentions.

"The Patent Local Rules are designed to force the parties to explicitly state their theories of the case and to adhere to those theories once disclosed." *Sick A.G. v. Omron Sci. Techs., Inc.*, 2007 WL 1223675, * 2 (N.D. Cal. Apr. 24, 2007). This is facilitated through the timed exchange of key information. In the case of Preliminary Invalidity Contentions, the exchange is timed to occur prior to claim construction. This is so because it gives the parties time to identify those claim terms and elements that will be important in light of the invalidity allegations. When a party does not fully disclose its invalidity allegations as required under the Rules, however, that process is significantly undermined. In that case a party is left to guess at the full scope of the opposing party's invalidity contentions, and cannot make fully informed decisions about claim construction. This is contrary to the very purpose of the Rules.

In your letter you propose a stipulation under which Samsung would provide "more detailed allegations regarding motivation to combine, in return for AMD stipulating that [Samsung] may identify additional prior art references in [Samsung's] amended contentions." We decline your proposed stipulation, which cures Samsung's failure to timely disclose its obviousness allegations by permitting Samsung to assert additional, even less timely invalidity contentions. Further, a stipulation is unnecessary because Samsung's obligation to provide motivations to combine is imposed by Patent L.R. 3-3(b).

## B. Exemplary Charts and Combinations

Lastly, you assert that "in certain circumstances it is acceptable to provide charts for exemplary combinations." While this is undoubtedly true, the instant circumstances are not supported by the cases relied on by Samsung.

As you note, in *Semiconductor Energy Lab. Co. v. CHI MEI Optoelectronics Corp.*, the Court permitted the defendant to rely on obviousness combinations that were not specifically charted. 531 F. Supp. 2d 1084 (N.D. Cal. 2007). Your analysis, however, overlooks the key fact underlying the Court's decision. The Court permitted the defendant to use combinations that were not specifically charted only after it reviewed the defendant's Final Invalidity Contentions *in conjunction* with the defendant's expert report. *Id.* at 1109. Here, AMD does not have the benefit of analyzing Samsung's expert reports in order to ascertain whether Samsung, like the defendant in *Semiconductor Energy*, "provided detailed citations to the prior art." *Id.*

You also state that Samsung's method of charting references is accepted by *Keithley v. The Homestore.com*, 553 F. Supp. 2d 1148 (N.D. Cal. 2008). This reliance is incorrect for several reasons.

In *Keithley*, Judge Illston approved the charting method outlined in *Avago Tech. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 JW (HRL) 2007 WL 951818 (N.D. Cal. Mar. 28, 2007). 553 F. Supp. 2d at 1150. There, the *Avago* Court allowed the defendant to organize obviousness references into two groups that "disclose[d] the same claim element." 2007 WL 951818, at *4. Group One identified "motivations to combine optical mouse cursor control devices" and Group Two disclosed "image correlation techniques." *Id.* The defendant offered one theory of obviousness for "each and every possible combinations of the two groups."

*Id.* That is, any Group One reference could be combined with any Group Two reference to render the patent-in-suit obvious under the defendant's stated theory. This logical and straightforward organization provided the patent-holder with sufficient notice under the local rules.

In order to rely on the *Keithley* and *Avago* opinions, Samsung was required to make exemplary statements in an orderly way. First, Samsung should have organized every reference that it intended to rely on into groups of equivalent references. Second, Samsung should have articulated a theory of obviousness that applies to combinations of references from specific groups. Instead, Samsung failed to provide any organization of the references that it alleges render the AMD patents-in-suit obvious.

Samsung's Preliminary Invalidity Contentions merely contain unbounded statements that fail to provide AMD with notice of Samsung's allegations. Unlike the situations in *Keithley* and *Avago*, Samsung does not group its references nor does it provide motivations to combine for groups of references on a per-claim basis. Because Samsung's contentions do not comply with the system endorsed in the *Keithley* and *Avago* opinions, Samsung cannot claim its benefit.

Lastly, the Court has refused to accept improperly charted obviousness allegations in at least two instances. In *Sick A.G.*, the Court found that rejected the charting of exemplary obviousness combinations in the defendant's Preliminary Invalidity Contentions. 2007 WL 1223675, at *1 (noting that there is an inherent danger of inaccuracy even when a party is permitted to group prior art references). Also, in *Medtronic, Inc. et al v. W.L. Gore & Assoc., Inc.*, the Court denied the defendant's motion for summary judgment of invalidity because the defendant relied on a combination that was not disclosed in its Final Invalidity Contentions. No. 06-04455 JSW, at *14–15 (N.D. Cal. Dec. 9, 2008) (denying the motion even though the defendant "disclosed 'ad nauseum' the prior art on which it relied").

Because Samsung has not properly identified motivations to combine for all obviousness combinations claimed, as required under Patent L.R. 3-3(b), AMD will continue ton construe any statements regarding motivation as limited to the references explicitly mentioned therein.

Best regards,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Samuel L. Walling

SLW/

cc: William H. Manning, Esq.
Brad P. Engdahl, Esq.