ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

WILLIAM H. MANNING
612-349-8461

February 25, 2009

Hon. Susan Illston
United States District Court
Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:   *Advanced Micro Devices, Inc. v. Samsung Electronics Co., Ltd. et al.*
           Case No. CV-08-0986-SI

Dear Judge Illston:

    Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies ULC (collectively "AMD") respectfully request leave to file the Declaration of Dr. Andrew Wolfe in support of AMD's motion to compel production of firmware source code, filed on February 17, 2009 (Dkt. #103). In response to AMD's motion to compel, Defendants Samsung Electronics Co., Ltd., et al. attached exhibits and an expert declaration from Jack D. Grimes to their letter brief. In order to give the Court the opportunity to hear fully from both sides, AMD requests leave to file the attached declaration from Dr. Andrew Wolfe, an expert in the field of graphics processing and display devices. AMD sent Dr. Wolfe's declaration to Samsung prior to filing this request for leave. Dr. Wolfe's declaration responds to Samsung's contention that user interface source code is not necessary for AMD's infringement proof for U.S. Patent No. 6,784,879 and, in paragraph 15, Samsung's premature claim construction argument that the '879 patent should be limited to personal computers.

    AMD also wishes to clarify the record with respect to the extensive meet-and-confer process that occurred before AMD filed its motion. On January 8, 2009, when I met in person with Samsung's attorneys, Samsung's attorneys stated unequivocally that Samsung would not produce any source code in response to AMD's document request number 167. AMD confirmed Samsung's refusal in a letter dated February 10, 2009. If Samsung disagreed with AMD's letter, it had a week to respond before AMD filed its motion, during which the parties had a phone call about all aspects of discovery. Samsung did not respond. The meet-and-confer process was properly completed.

Samsung now claims that AMD did not properly meet-and-confer because AMD did not accept Samsung's offer to stipulate that both the accused products and prior art contained "programming instructions." First, as explained in AMD's motion, "programming instructions" is not the only claim element that is deficient in Samsung's production of user manuals for the accused products. Second, the burden is not on AMD to exchange a concession about the prior art in order to obtain infringement proof. The burden is on Samsung to produce relevant documents.

In response to Samsung's opposition, AMD has further met and conferred with Samsung to determine whether Samsung would enter a stipulation that would obviate AMD's need to discover source code. AMD sent Samsung a draft stipulation the same night that Samsung filed its opposition letter and declarations. The stipulation is enclosed with this letter. This morning, the parties discussed the draft stipulation. AMD requested that Samsung stipulate to the existence of each claim element that requires coordination between the graphical user interface and the displayed video. AMD explained verbally that its request merely reflects the arguments that Samsung is making to the Court about what would be adequate for AMD to prove infringement. Samsung's counsel did not sign the stipulation, but intends to speak to its client, and intends to call us to possibly discuss a counter-stipulation.

AMD strongly believes that the meet-and-confer process is exhausted. AMD respectfully requests that the Court order Samsung to produce its user interface firmware source code. If the Court does so, AMD is confident a stipulation will be reached.

Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

William H. Manning

WHM/arf

Enclosures

cc: Robert T. Haslam, Counsel for Defendants
Michael K. Plimack, Counsel for Defendants
Christine Saunders Haskett, Counsel for Defendants
Alan Blankenheimer, Counsel for Defendants
Aaron R. Fahrenkrog, Counsel for Plaintiffs