# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

COLE M. FAUVER
612-349-0948

February 27, 2009

Hon. Susan Illston
United States District Court
Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   *Advanced Micro Devices, Inc., et al. v. Samsung Electronics Co., Ltd., et al.*, Case No. CV-08-0986-SI

Dear Judge Illston:

      AMD seeks the Court's assistance on a discovery matter. Plaintiffs and Counterdefendants Advanced Micro Devices, Inc. and ATI Technologies ULC (collectively "AMD") respectfully request an Order compelling Defendant and Counterclaimant Samsung Electronics Co., Ltd. ("Samsung") to produce documents in response to Document Request Nos. 260, 262, 263, 279, 283, 284, 291, and 292, and provide supplemental answers to Interrogatory Nos. 17, 18, and 20.

      This patent infringement case was brought by AMD, with a counterclaim action brought by Samsung for infringement of certain Samsung patents (the "Samsung Counterclaim Patents"). The documents and information sought by the discovery requests listed above are fundamental to defending against the Samsung counterclaim allegations.

      The parties have held two formal meet-and-confers on these issues, one on December 30, 2008 and another one on January 14, 2009. The January 14th meet-and-confer date was specifically chosen by Samsung to allow Samsung's counsel a full opportunity to confer with its client regarding these discovery issues. AMD has written numerous letters to Samsung outlining its need for documents and information, including two letters since the most recent meet-and-confer on January 14th. In a January 21, 2009 letter to Samsung's counsel, AMD specifically requested that Samsung provide dates by which Samsung would provide documents and information responsive to, *inter alia*, Document Request Nos. 260, 262, 263, 279, 283, 284, 291, and 292, and Interrogatory

Nos. 18 and 20. AMD did not receive a response to this letter. In two separate phone calls, one on February 5, 2009 and one on February 6, 2009, AMD again asked that Samsung, within the next week, provide dates for production, and Samsung counsel agreed. AMD sent another letter on February 13, 2009, again seeking dates by which Samsung would respond to Document Request Nos. 260, 262, 263, 279, 283, 284, 291, and 292, and Interrogatory Nos. 18 and 20. Samsung has still not answered.

Samsung's failures break down into two general categories: 1) document requests and interrogatories for which Samsung has agreed to produce documents or provide information but has failed to do so, and has not even provided dates by which it will, and 2) interrogatories for which Samsung has refused or failed to provide some or all responsive information.

### I. Samsung Has Failed to Provide Dates By Which It Will Produce Responsive Documents.

As described above, notwithstanding two meet-and-confers and several letters and phone calls on these issues, Samsung has repeatedly failed to even provide dates by which it will produce the documents that it has promised. Samsung does not have any legitimate opposition to these discovery requests, and there is no dispute as to their discoverability (subject to limited privilege objections which have been addressed). AMD's good faith efforts have met with nothing but delay, and it is apparent that this delay will continue until Samsung is ordered by this Court to respond to the following requests:

Document Request No. 260: This document request seeks curricula vitae of the named inventors of the Samsung Counterclaim Patents.

Document Request No. 262: This request seeks documents relating to the first disclosure of the subject matter of the Samsung Counterclaim Patents to a person other than a named inventor.

Document Request No. 263: This request seeks documents relating to the first disclosure of the subject matter of the Samsung Counterclaim Patents to a person other than a Samsung employee.

Document Request No. 279: This request seeks documents relating to the first sale or offer for sale of Samsung Products incorporating the patented inventions.

Document Request No. 283: This request seeks "[a]ll documents relating to any testing, evaluation, analysis, or opinions regarding Products and Processes of parties other than

AMD that Samsung has alleged or believed infringe the claims of the Samsung Patents, and all documents describing or referring to such Products and Processes."

Document Request No. 284: This request seeks documents and things relating to actual or threatened enforcement by Samsung of the Samsung Counterclaim Patents, including litigation documents and pleadings.

Document Request No. 291: This request seeks "documents and things relating to any disclosure to a third party, sale, offer for sale, offer to buy, or incidents of public use on or prior to the United States filing date for each Samsung Patent, of any alleged invention claimed in each of the Samsung Patents."

Document Request No. 292: This request seeks documents demonstrating Samsung's document destruction and/or retention policies. Samsung has agreed to produce such documents from January 1994 until the present.

Interrogatory No. 20: This interrogatory concerns communications between Samsung and AMD regarding the Samsung Counterclaim Patents. Samsung initially responded to this interrogatory by identifying communications between the two parties regarding one of the Samsung Counterclaim Patents. Samsung has agreed to supplement its initial interrogatory response to include a clear response regarding any communications between the two parties relating to the other five Samsung Counterclaim Patents.

## II. Samsung Has Failed to Supplement Its Answers to Certain Interrogatories as Promised and Has Refused to Provide Other Discoverable Information.

Interrogatory No. 17: In AMD's Interrogatory No. 17, AMD asked that Samsung "[d]escribe the facts and circumstances surrounding the marking, pursuant to 35 U.S.C. § 287, of each Product . . . with one or more of the Samsung Patents . . . ." Samsung's original answer did not definitively respond. In the January 14th meet-and-confer, Samsung agreed to supplement its answer to clearly confirm that Samsung did not mark *any products* with any of the patent numbers of the Samsung Counterclaim Patents. This agreement is reflected in AMD's January 21, 2009 letter to Samsung.

Samsung provided a supplemental answer to Interrogatory No. 17 on February 17, 2009. In its supplemental answer, Samsung states that it "has no information relevant to this request as no *accused products* were marked by Samsung or its licensees." [Samsung's] First Amended and Supplemental Responses and Objections to [AMD's] Second Set of Interrogatories at 8 (emphasis added). This answer is both incomplete and evasive. AMD is entitled to a clear statement that no products—Samsung's, its licensees', or anybody else's—have ever been marked with the numbers of the Samsung Counterclaim Patents.

Samsung's counterclaims, filed in May 2008, cited the marking statute, 35 U.S.C. § 287. *See, e.g.*, SEC's Counterclaim, paragraphs 80 and 99. Marking is relevant under Rule 26(b)(1). Samsung has not disputed the relevance of this information, and indeed stated that it would provide a clear and definitive response to this interrogatory. It did not and should now be compelled to do so.

Interrogatory No. 18: This interrogatory seeks information about whether "Samsung has ever contended that a Product or Process made, sold, offered for sale, or used by a person other than [AMD] infringed one or more of the Samsung Patents." The interrogatory asks that Samsung identify the asserted patent, the Accused Products or Accused Processes, and the person or entity that Samsung contended infringed its patent(s).

Samsung has agreed only to produce litigation documents from one case that it identified in its response to this interrogatory, *Samsung Electronics Co., Ltd. v. Matsushita Electric Industrial Co., Ltd.*, Case No. 6:06CV 154 (E.D. Tex 2007). Samsung indicated that it would take a "couple of weeks" from January 14, 2009 for Samsung to ascertain exactly what it will give, but Samsung agreed to let AMD know when it has more information. It has now been over six weeks since the January 14 meet-and-confer, and Samsung has provided no further information, nor has it provided a specific date by which it will do so, despite two additional written requests by AMD that Samsung provide such a date.

Samsung has not agreed to provide an interrogatory response describing other instances in which Samsung has contended that a product or process infringes the Samsung Counterclaim Patents. AMD is entitled to information evidencing communications between Samsung and any third party that express the view that a particular product or process infringes one of the Samsung Counterclaim Patents. This Court has held that information expressing such a view, such as licensing negotiations, are relevant and discoverable. *See, e.g.*, *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, No. C 08000863 MHP, 2008 WL 4667084, at *13 (N.D. Cal. Oct. 22, 2008) (holding that "discovery of licensing/settlement negotiations is reasonably calculated to lead to relevant, admissible evidence" because, *inter alia*, "third-party negotiations could help [a defendant] ascertain the extent of its liability to [a plaintiff] and to formulate an appropriate litigation strategy"). AMD is entitled to a clear interrogatory response setting forth the requested information.

As outlined above, there has been extensive discussion between the parties regarding these discovery requests. AMD has made a good faith effort to resolve these issues without seeking the aid of the Court. AMD's efforts have been met with numerous promises from Samsung. To date, however, these promises have proven to be of little value. Samsung's production delays and refusals to produce documents have significant

consequences for AMD. The cumulative effects of this delay and delays in other areas of discovery is prejudicial to AMD in defending against Samsung's counterclaims.

AMD has attached a proposed Order directing Samsung, within two weeks of the date of the Order, to produce documents responsive to Document Request Nos. 260, 262, 263, 279, 283, 284, 291, and 292, and to provide full written responses to Interrogatory Nos. 17, 18, and 20. AMD respectfully requests that the Court enter the proposed Order. AMD will provide any additional information related to this request that the Court requests, including more detailed briefing with exhibits, a telephone conference, or oral argument.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Cole M. Fauver

CMF/ljd

Enclosure

cc: Robert T. Haslam, Counsel for Samsung
    Michael K. Plimack, Counsel for Samsung
    Christine Saunders Haskett, Counsel for Samsung
    Alan Blankenheimer, Counsel for Samsung
    William H. Manning, Counsel for AMD