# COVINGTON & BURLING LLP

333 TWIN DOLPHIN DRIVE
SUITE 700
REDWOOD SHORES, CA 94065-1418
TEL 650.632.4700
FAX 650.632.4800
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

ROBERT T. HASLAM
TEL 650.632.4702
FAX 650.632.4802
RHASLAM @ COV.COM

March 6, 2009

The Honorable Susan Illston
United States District Court
Courtroom 10, 19th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

    Re: *Advanced Micro Devices, Inc. v. Samsung Electronics Co., Ltd.*
      *et al., Case No. CV-08-0986-SI*

Dear Judge Illston:

  Samsung Electronics Company Ltd. ("Samsung") submits this letter in opposition to the letter brief filed on February 27, 2009 by Plaintiffs and Counterdefendants (collectively, "AMD") requesting an order compelling Samsung to produce documents in response to Document Request Nos. 260, 262, 263, 279, 283, 284, 291, and 292, and to provide supplemental answers to Interrogatories Nos. 17, 18, and 20.

  A. Overview

  AMD's motion to compel should be denied as moot because Samsung has agreed to provide, and in most cases has already provided, the requested discovery.

  First, Samsung has already agreed to produce documents in response to each of the document requests that are the subject of AMD's motion. And, for most of the requests at issue, Samsung has already produced all non-privileged responsive documents that have been located.

  With respect to any outstanding categories of documents that have not yet been produced, Samsung is working diligently to produce them. AMD's demand that all of these documents be produced on an expedited schedule is unreasonable in light of the tremendous discovery burden AMD has placed on Samsung in this litigation. AMD has served over 800 separate written discovery requests on Samsung related to the approximately 19,000 products AMD has chosen to accuse. Most of AMD's document requests are extremely broad, requesting many millions of documents, if read literally. Samsung is searching its many divisions for documents responsive to AMD's requests, but given the massive scope of that project, in some cases the process remains ongoing. That is normal and to be expected; it is no reason for AMD to resort to motion practice.

  Second, Samsung is willing to supplement its responses to the three interrogatories that are the subject of AMD's motion with the information AMD has requested. Indeed, Samsung

already supplemented its response to one of the interrogatories in question, but AMD apparently believes that the response is incomplete. Now that AMD has alerted Samsung to its position by its motion to compel, Samsung is willing to serve a further supplemental response. AMD could have more appropriately resolved this issue on an informal basis, without involving the Court. Samsung will serve supplemental responses to this interrogatory and to the other two interrogatories at issue within one week of today's date.

  B.  Samsung has already agreed to produce documents in response to Document Request Nos. 260, 262, 263, 279, 283, 284, 291, and 292.

As AMD acknowledges, Samsung has agreed to produce documents in response to all of the requests that are the subject of AMD's motion. Below, Samsung will address each document request in order.

*Document Request No. 260*

Samsung has already produced all of the documents in its possession that are responsive to this request. The request asks for "[a]ll curricula vitae of the named inventors of the Samsung Patents." Samsung responded that it would produce "non-privileged curricula vitae of the named inventors from the time of the patented inventions to the extent that such documents are within SEC's custody, possession or control." Samsung has conducted an extensive search and has produced what are known in South Korea as "work history cards" for the named inventors who are Samsung employees; these are the closest equivalents to "curricula vitae," as that term is used in the U.S.[1] Samsung has collected and produced the work history cards that it has for the named inventors.

*Document Requests 262 and 263*

Samsung has agreed to produce documents responsive to these requests. Samsung has already produced documents in these categories located to date and is continuing to search for additional documents.

Request 262 asks for "[a]ll documents and things relating to the first disclosure to a person other than a named inventor of the subject matter of the Samsung Patents." Request 263 asks for " [a]ll documents and things relating to the first disclosure to a person other than a Samsung employee of the subject matter of the Samsung Patents." Samsung responded that it would produce documents "sufficient to show the first disclosure of the inventions claimed in the

---

[1] "Curricula vitae" are not typically used in Korea, and the "work history cards" are the closest equivalent. In fact, the Korean term used to describe these documents can also be roughly translated to mean "resume."

The Honorable Susan Illston
March 6, 2009
Page 3

Samsung patents-in-suit to a person other than a named inventor" and "to a person other than a Samsung employee." Samsung will continue to search for such documents and expects to be able to complete its production in response to these requests within about a month.

### *Document Requests 279 and 291*

Again, Samsung has agreed to produce documents responsive to these requests and is continuing to search for such documents.

Request 279 asks for "[a]ll documents relating to the first sale or offer for sale of each Samsung Product, whether or not such Product existed at the time of the offer for sale." Request 291 asks for "[a]ll documents and things relating to any disclosure to a third party, sale, offer for sale, offer to buy, or incidents of public use on or prior to the United States filing date for each Samsung Patent, of any alleged invention claimed in each of the Samsung Patents." Samsung has responded that it will search for and produce non-privileged documents responsive to these requests. Samsung is in the process of undertaking that effort, but searching for and producing these documents is a time-consuming task. Samsung will continue to search for the documents and expects to be able to complete its production in response to these requests within about a month.

### *Document Request 283 and 284*

Samsung has agreed to produce, and has largely already produced, the majority of the documents demanded by these requests.

Document requests 283 and 284 ask for documents related to previous efforts by Samsung to enforce the Samsung patents-in-suit. Request 283 asks for "[a]ll documents relating to any testing, evaluation, analysis, or opinions regarding Products and Processes of parties other than AMD that Samsung has alleged or believed infringe the claims of the Samsung Patents, and all documents describing or referring to such Products and Processes." Request 284 requests "[a]ll documents and things, including litigation documents and pleadings, relating to actual or threatened enforcement of the Samsung Patents."

Samsung has agreed to produce:

- Notice letters that Samsung has sent to other parties regarding the Samsung patents-in-suit.

- Licensing negotiations with third parties regarding the Samsung patents-in-suit. Samsung has collected and produced all such licensing negotiations it has been able to locate to date and is continuing to search for any additional documents.

- Certain documents from Case No. 6:06CV 154 in the Eastern District of Texas, in which Samsung asserted U.S. Patent Nos. 5,091,339 and 5,173,442 against Matsushita Electric Industrial Company, Ltd. Samsung is in the process of investigating which documents exist from the prior litigation and will continue to meet and confer with AMD regarding which documents from that litigation should be produced.

The only category of documents Samsung is currently withholding from among those it understands AMD to be requesting by these requests are tests conducted by Samsung of third party products. These documents are irrelevant because whether a third party's product meets the limitations of the Samsung patents is wholly unrelated to the question of whether AMD's products infringe the Samsung patents. Furthermore, to the extent that such testing was performed at the direction of Samsung's attorneys, these documents are protected from disclosure by the attorney-client privilege.

### Document Request 292

Samsung has already produced all of the documents in its possession that are responsive to this request. Request 292 asks for "[a]ll documents sufficient to demonstrate Samsung's document destruction and/or retention policy or policies from January 1993 until the present." During meet and confer, Samsung agreed to produce all such documents from January 1994 to the present. Samsung has gathered and produced a total of twenty document retention policies, which represents all such documents Samsung has been able to locate thus far.

C. Samsung will supplement its responses to Interrogatory Nos. 17, 18, and 20.

AMD's motion is moot with respect to the three interrogatories in question. Samsung is willing to supplement its responses to these interrogatories with the information requested by AMD.

### Interrogatory 17

This interrogatory asks that Samsung "[d]escribe the facts surrounding the marking, pursuant to 35 U.S.C. § 287, of each Product . . .with one or more of the Samsung Patents . . . ." Samsung has not marked its products with the numbers of any of the asserted patents and has not so alleged in its counterclaim. Samsung supplemented it response to this interrogatory on February 17 to state this fact but limited its response to the "accused products." Samsung is willing to clarify this response within one week of filing this opposition to include all products—not just the accused products—in its response. AMD did not need to resort to a motion to compel on this point.

COVINGTON & BURLING LLP

The Honorable Susan Illston
March 6, 2009
Page 5

*Interrogatory 18*

This interrogatory asks: "If Samsung has ever contended that a Product or Process made, sold, offered for sale, or used by a person or entity other than Counterclaim-Defendants infringed one or more of the Samsung Patents, identify the asserted patent, each accused Product or Process and the person who made, sold, offered for sale, or used such Product or Process."

Samsung has responded to this request by identifying a previous lawsuit in which Samsung asserted two of the Samsung patents-in-suit—the case against Matsushita Electric Industrial Company mentioned above that is pending in the Eastern District of Texas. Samsung will supplement its response to identify one additional lawsuit in which one of the Samsung patents-in-suit was asserted but was subsequently withdrawn.

AMD also is moving to compel Samsung to identify instances outside of the litigation context "in which Samsung has contended that a product or process infringes the Samsung Counterclaim Patents." As discussed above, Samsung will produce to AMD notice letters that Samsung has sent to third parties asserting the Samsung patents-in-suit. These notice letters will provide AMD with information "describing other instances in which Samsung has contended that a product or process infringes the Samsung Counterclaim Patents." Accordingly, Samsung will serve a supplemental response to interrogatory 18 invoking FRCP 33(d) and referring to these notice letters.

*Interrogatory 20*

This interrogatory asks that Samsung "[i]dentify all communications with Counterclaim-Defendants related to the Samsung Patents." Samsung has responded by identifying the prior communications between the parties regarding one of Samsung's asserted patents, and these are the only such communications of which Samsung is aware.

AMD is now moving to compel because it views Samsung's response as failing "to include a clear response regarding any communications between the two parties relating to the other five Samsung Counterclaim Patents." Samsung does not view its response as unclear on this point, but to avoid an unnecessary dispute, Samsung will file a supplemental response within one week of this opposition stating that Samsung is unaware of communications with AMD prior to this litigation regarding the other five Samsung patents-in-suit.

D.   Conclusion

For the foregoing reasons, AMD's motion to compel should be denied as moot.

Respectfully submitted,

*/s/ Robert T. Haslam*

cc: Counsel for Plaintiffs and Counterdefendants