**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., | No. C 08-00986 SI |
| Plaintiff, | **ORDER RE: AMD'S RECENT DISCOVERY REQUESTS [Docket Nos. 103 and 114]** |
| v. | |
| SAMSUNG ELECTRONICS CO., et al., | |
| Defendants. | |

Advanced Micro Devices, Inc. ("AMD") has filed two letter briefs asking the Court to compel the Samsung defendants and counter-claimants to produce certain documents requested by AMD. The Court will consider each in turn.

**1.  AMD's request for firmware source code [Docket No. 103]**

AMD has accused Samsung products of infringing various AMD patents, including U.S. Patent No. 6,784,879 ("the '879 patent"). In general terms, the '879 patent describes a "user interface" (i.e. a system by which a user interacts with a device) that displays images in the foreground of the device's screen while the background video remains in focus. The parties dispute the scope of the '879 patent. Samsung contends that the '879 patent claims only the visual design and operation of the user interface, while AMD argues that the patent also comprises the system whereby the interface "interacts" with the displayed video.

AMD requests an order compelling Samsung to produce the "firmware source code" (i.e. a software program or set of instructions programmed on a hardware device) that generates the graphical user interfaces in approximately 7,095 accused Samsung televisions, cell phones, camcorders and digital

1 cameras. AMD contends that, because the '879 patent claims a system for controlling background video 2 while an application is displayed in the foreground, AMD must examine the firmware source code of 3 the accused devices to determine whether the computer programs in those devices have the same effect 4 as limitations claimed in the '879 patent. Samsung responds that AMD has no need to analyze the 5 firmware in the accused devices because the '879 patent describes only a user interface; AMD can 6 therefore determine whether the accused devices infringe the '879 patent by examining screen images 7 already produced by Samsung.

8 The Court finds that AMD is entitled to the documents it requests under the broad discovery 9 contemplated by Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. Pro. 26 ("For good cause, the 10 court may order discovery of any matter relevant to the subject matter involved in the action."). To find 11 otherwise would require the Court to interpret the scope of the '879 patent, which it cannot do at this 12 early stage in the litigation, before the Court has conducted a *Markman* hearing or issued a claim 13 construction order. Accordingly the Court GRANTS AMD's request for Samsung to produce the 14 firmware source code for the accused Samsung televisions, cell phones, camcorders and digital cameras 15 offered for sale or sold in this country on or after February 19, 2008. Samsung must produce this 16 discovery <u>within twenty-one days of the issuance of this Order</u>.

17

18 **2.     AMD's request for documents and supplemental interrogatory responses [Docket No. 114]**

19 AMD has also filed a letter brief requesting an order compelling Samsung to (1) produce 20 documents responsive to AMD's Document Requests Nos. 260, 262, 263, 279, 283, 284, 291 and 292 21 and (2) provide supplemental answers to AMD's Interrogatories Nos. 17, 18, and 20. Samsung contends 22 that AMD's request should be denied as moot because Samsung has either already produced or agreed 23 to produce the discovery at issue. Based on the representations made by Samsung's counsel in their 24 March 6 letter brief, the Court agrees with Samsung that AMD is premature in seeking the Court's 25 intervention in this matter. It appears that the only issue that remains in dispute is Samsung's response 26 to Document Request No. 291, which seeks documents relating to Samsung's testing of third-party 27 products prior to the filing of the Samsung counterclaim patents. Samsung (as counter-plaintiff) 28 contends that these documents are irrelevant to the issue of whether AMD's products infringe the

Samsung patents. The Court disagrees. Evidence of third-products in existence before the filing of the Samsung patents could be relevant to anticipation and obviousness defenses. Accordingly, the Court GRANTS AMD's request with respect to Request No. 291, insofar as AMD requests documents relating to testing of third party products that was not performed at the direction of Samsung's attorneys. All other requests are DENIED without prejudice. Samsung shall produce these documents within twenty-one days of the issuance of this Order.

**IT IS SO ORDERED.**

Dated: March 9, 2009

SUSAN ILLSTON
United States District Judge