# APPENDIX D

Dockets.Justia.com

1  ROBERT T. HASLAM (Bar No. 71134)
   RHaslam@cov.com
2  MICHAEL K. PLIMACK (Bar No. 133869)
   MPlimack@cov.com
3  CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
   CHaskett@cov.com
4  COVINGTON & BURLING LLP
5  1 Front Street, 35th Floor
   San Francisco, California 94111
6  Telephone: (415) 591-6000
7  Facsimile: (415) 591-6091

8  ALAN H. BLANKENHEIMER (Bar No. 218713)
   ABlankenheimer@cov.com
9  LAURA E. MUSCHAMP (Bar No. 228717)
   LMuschamp@cov.com
10 JO DALE CAROTHERS (Bar No. 228703)
   JCarothers@cov.com
11 COVINGTON & BURLING LLP
12 9191 Towne Centre Drive, 6th Floor
   San Diego, California 92122
13 Telephone: (858) 678-1800
   Facsimile: (850) 678-1600
14

15 Attorneys for Defendants and Counterclaimants SAMSUNG ELECTRONICS CO., LTD.,
   SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC,
16 SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS
   AMERICA, LLC, SAMSUNG TECHWIN CO., LTD., and SAMSUNG OPTO-ELECTRONICS
17 AMERICA, INC.

18              UNITED STATES DISTRICT COURT

19            NORTHERN DISTRICT OF CALIFORNIA

20

21 ADVANCED MICRO DEVICES, INC., et al.,          Case No. 3:08-CV-0986-SI

22       Plaintiffs and Counterdefendants,         **FIRST AMENDED ANSWER AND
                                                    COUNTERCLAIMS OF DEFENDANT
23 v.                                               AND COUNTERCLAIMANT
                                                    SAMSUNG TECHWIN CO.; DEMAND
24 SAMSUNG ELECTRONICS CO., LTD., et al.,           FOR JURY TRIAL**

25       Defendants and Counterclaimants.

26

27

28

Defendant and Counterclaimant Samsung Techwin Co., Ltd. ("STW"), by and through its counsel, answers the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiffs and Counterdefendants Advanced Micro Devices, Inc. ("AMD") and ATI Technologies, ULC ("ATI") (collectively, "Plaintiffs and Counterdefendants") as follows:

## **INTRODUCTION**

STW admits that Plaintiffs and Counterdefendants have filed this suit for patent infringement against STW and six related entities, asserting U.S. Patent No. 5,545,592 ("the '592 patent"), U.S. Patent No. 4,737,830 ("the '830 patent"), U.S. Patent No. 5,248,893 ("the '893 patent"), U.S. Patent No. 5,559,990 ("the '990 patent"), U.S. Patent No. 5,377,200 ("the '200 patent"), U.S. Patent No. 5,623,434 ("the '434 patent"), and U.S. Patent No. 6,784,879 ("the '879 patent") (collectively, "the AMD patents"). STW is without knowledge or information sufficient to form a belief as to the ownership of the AMD patents and on that basis, denies the allegation as to ownership. Plaintiffs and Counterdefendants' allegation regarding what the AMD patents "generally cover" states a legal conclusion to which STW is not required to respond. Except as expressly admitted, STW denies the allegations in the Introduction.

## **THE PARTIES**

1.     STW admits the allegations of paragraph 1 of the Complaint.

2.     STW admits the allegations of paragraph 2 of the Complaint.

3.     STW admits the allegations of paragraph 3 of the Complaint.

4.     STW is without sufficient information to admit or deny the allegations of paragraph 4 of the Complaint and on that basis denies them.

5.     STW  is without sufficient information to admit or deny the allegations of paragraph 5 of the Complaint and on that basis denies them.

6.     STW is without sufficient information to admit or deny the allegations of paragraph 6 of the Complaint and on that basis denies them.

7.     STW is without sufficient information to admit or deny the allegations of paragraph 7 of the Complaint and on that basis denies them.

8.     STW admits the allegations of paragraph 8 of the Complaint.

9.     STW admits the allegations of paragraph 9 of the Complaint.

## JURISDICTION

10.     STW admits that Plaintiffs and Counterdefendants purport to bring an action for patent infringement.  The remaining allegations of paragraph 10 of the Complaint state legal conclusions, and STW is not required to, and does not, admit or deny such allegations.

11.     STW denies that Defendants and Counterclaimants have committed acts of patent infringement.  To the extent that the remaining allegations of paragraph 11 of the Complaint state legal conclusions, STW is not required to, and does not, admit or deny such allegations.  To the extent the remaining allegations of paragraph 11 of the Complaint do not state legal conclusions, STW is without sufficient information to admit or deny such allegations and on that basis denies them.

## VENUE

12.     STW denies that SSI has committed acts of patent infringement.  To the extent that the remaining allegations of paragraph 12 of the Complaint state legal conclusions, STW is not required to, and does not, admit or deny such allegations.  To the extent the remaining allegations of paragraph 12 of the Complaint do not state legal conclusions, STW is without sufficient information to admit or deny such allegations and on that basis denies them.

## INTRADISTRICT ASSIGNMENT

13.     STW admits that Plaintiffs and Counterdefendants purport to bring an action for patent infringement.  The remaining allegations of paragraph 13 of the Complaint state a legal conclusion which STW is not required to, and does not, admit or deny.

## FACTUAL BACKGROUND

14.     STW is without knowledge or information to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, on that basis, denies them.

2

(a) STW denies that the '592 patent was duly and legally issued. STW admits that the face of the '592 patent indicates that it issued from an application filed on February 24, 1995 and that the purported inventor listed on the face of the patent is John A. Iacoponi. To the extent the remaining allegations of paragraph 14(a) of the Complaint state legal conclusions, STW is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STW denies the allegations of paragraph 14(a) of the Complaint.

(b) STW denies that the '830 patent was duly and legally issued. STW admits that the face of the '830 patent indicates that it issued from an application filed on January 8, 1986 and that one of the purported inventors listed on the face of the patent is Bharat D. Patel. To the extent the remaining allegations of paragraph 14(b) of the Complaint state legal conclusions, STW is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STW denies the allegations of paragraph 14(b) of the Complaint.

(c) STW denies that the '893 patent was duly and legally issued. STW admits that the face of the '893 patent indicates that it issued from an application filed on January 5, 1993 and that the purported inventor listed on the face of the patent is Shinichi Sakamoto. To the extent the remaining allegations of paragraph 14(c) of the Complaint state legal conclusions, STW is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STW denies the allegations of paragraph 14(c) of the Complaint.

(d) STW denies that the '990 patent was duly and legally issued. STW admits that the face of the '990 patent indicates that it issued from an application filed on September 24, 1996 and that one of the purported inventors listed on the face of the patent is Pearl P. Cheng. To the extent the remaining allegations of paragraph 14(d) of the Complaint state legal conclusions, STW is not required to, and does not, admit or deny such allegations. To the extent not expressly admitted, STW denies the allegations of paragraph 14(d) of the Complaint.

(e) STW denies that the '200 patent was duly and legally issued. STW admits that the face of the '200 patent indicates that it issued from an application filed on August 27, 1992 and that the purported inventor listed on the face of the patent is Michael D. Pedneau. To the extent the remaining allegations of paragraph 14(e) of the Complaint state legal conclusions, STW is not

required to, and does not, admit or deny such allegations.  To the extent not expressly admitted, STW denies the allegations of paragraph 14(e) of the Complaint.

(f)     STW denies that the '434 patent was duly and legally issued.  STW admits that the face of the '434 patent indicates that it issued from an application filed on July 27, 1994, and that the purported inventor listed on the face of the patent is Stephen C. Purcell.  To the extend the remaining allegations of paragraph 14(f) of the Complaint state legal conclusions, SEC is not required to, and does not, admit or deny such allegations.  To the extent not expressly admitted, STW denies the allegations of paragraph 14(f) of the Complaint.

(g)     STW denies that the '879 patent was duly and legally issued.  STW admits that the face of the '879 patent indicates that it issued from an application filed on July 14, 1997 and that the purported inventor listed on the face of the patent is Stephen Jonathan Orr.  To the extent the remaining allegations of paragraph 14(g) of the Complaint state legal conclusions, STW is not required to, and does not, admit or deny such allegations.  To the extent not expressly admitted, STW denies the allegations of paragraph 14(g) of the Complaint.

15.     STW denies the allegations of paragraph 15 of the Complaint.

16.     To the extent the allegations of paragraph 16 of the Complaint state legal conclusions, STW is not required to, and does not, admit or deny such allegations.  STW denies that STW had prior actual notice of the '592 patent no later than April 2006.  STW denies that STW had prior actual notice of the '830 patent no later than March 31, 2003.  STW is without knowledge or information sufficient to form a belief as to when Defendants other than STW received actual notice of the AMD patents and on that basis, denies the allegations as to actual notice of the AMD patents to those other Defendants.

17.     STW denies the allegations of paragraph 17 of the Complaint and each of its subparts.

18.     STW denies the allegations of paragraph 18 of the Complaint.

4

## RESPONSE TO FIRST CLAIM FOR RELIEF

19.    STW incorporates by reference its above responses to paragraphs 1 through 18 of the Complaint as if specifically set forth herein.

20.    STW denies the allegations of paragraph 20 of the Complaint.

21.    STW denies the allegations of paragraph 21 of the Complaint.

22.    STW denies that STW had actual notice of the '592 patent since at least as early as April 2006.  STW denies that AMD presented STW with a detailed PowerPoint presentation outlining how Defendants' products specifically infringed claims of the '592 patent.  STW denies that Plaintiffs demanded that STW license the '592 patent.  STW is without knowledge or information sufficient to form a belief as to when Defendants other than STW received actual notice of the '592 patent and on that basis, denies the allegations as to actual notice of the '592 patent to those other Defendants.

## RESPONSE TO SECOND CLAIM FOR RELIEF

23.    STW incorporates by reference its above responses to paragraphs 1 through 22 of the Complaint as if specifically set forth herein.

24.    STW denies the allegations of paragraph 24 of the Complaint.

25.    STW denies the allegations of paragraph 25 of the Complaint.

26.    STW denies that STW had actual notice of the '830 patent since at least as early as March 31, 2003.  STW denies that AMD presented STW with a detailed PowerPoint presentation outlining how Defendants' products specifically infringed claims of the '830 patent.  STW denies that Plaintiffs demanded that STW license the '830 patent.  STW is without knowledge or information sufficient to form a belief as to when Defendants other than STW received actual notice of the '830 patent and on that basis, denies the allegations as to actual notice of the '830 patent to those other Defendants.

## RESPONSE TO THIRD CLAIM FOR RELIEF

27.     STW incorporates by reference its above responses to paragraphs 1 through 26 of the Complaint as if specifically set forth herein.

28.     STW denies the allegations of paragraph 28 of the Complaint.

29.     STW denies the allegations of paragraph 29 of the Complaint.

## RESPONSE TO FOURTH CLAIM FOR RELIEF

30.     STW incorporates by reference its above responses to paragraphs 1 through 29 of the Complaint as if specifically set forth herein.

31.     STW denies the allegations of paragraph 31 of the Complaint.

32.     STW denies the allegations of paragraph 32 of the Complaint.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

33.     STW incorporates by reference its above responses to paragraphs 1 through 32 of the Complaint as if specifically set forth herein.

34.     STW denies the allegations of paragraph 34 of the Complaint.

35.     STW denies the allegations of paragraph 35 of the Complaint.

## RESPONSE TO SIXTH CLAIM FOR RELIEF

36.     STW incorporates by reference its above responses to paragraphs 1 through 35 of the Complaint as if specifically set forth herein.

37.     STW denies the allegations of paragraph 37 of the Complaint.

38.     STW denies the allegations of paragraph 38 of the Complaint.

## RESPONSE TO SEVENTH CLAIM FOR RELIEF

39.     STW incorporates by reference its above responses to paragraphs 1 through 38 of the Complaint as if specifically set forth herein.

40.     STW denies the allegations of paragraph 40 of the Complaint.

41.     STW denies the allegations of paragraph 41 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

STW denies that Plaintiffs and Counterdefendants are entitled to any relief whatsoever from STW, either as prayed or otherwise.

## AFFIRMATIVE DEFENSES

42.     By alleging the matters set forth below as affirmative defenses, STW does not thereby allege or admit that STW has the burden of proof with respect to any of said matters.

43.     For its further and separate defense to Plaintiffs and Counterdefendants' Claims and each purported cause of action therein, STW alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
## (Non-Infringement of the '592 patent)

44.     STW has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '592 patent.

## SECOND AFFIRMATIVE DEFENSE
## (Non-Infringement of the '830 patent)

45.     STW has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '830 patent.

## THIRD AFFIRMATIVE DEFENSE
## (Non-Infringement of the '893 patent)

46.     STW has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '893 patent.

## FOURTH AFFIRMATIVE DEFENSE
## (Non-Infringement of the '990 patent)

47.     STW has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '990 patent.

## FIFTH AFFIRMATIVE DEFENSE

## (Non-Infringement of the '200 patent)

48.     STW has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '200 patent.

## SIXTH AFFIRMATIVE DEFENSE

## (Non-Infringement of the '434 patent)

49.     STW has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '434 patent.

## SEVENTH AFFIRMATIVE DEFENSE

## (Non-Infringement of the '879 patent)

50.     STW has not and is not infringing, contributing to the infringement of, and/or inducing infringement of any valid, enforceable claim of the '879 patent.

## EIGHTH AFFIRMATIVE DEFENSE

## (Invalidity of the '592 patent)

51.     Each claim of the '592 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## NINTH AFFIRMATIVE DEFENSE

## (Invalidity of the '830 patent)

52.     Each claim of the '830 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## TENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '893 patent)

53.     Each claim of the '893 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '990 patent)

54.     Each claim of the '990 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## TWELFTH AFFIRMATIVE DEFENSE

### (Invalidity of the '200 patent)

55.     Each claim of the '200 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '434 patent)

56.     Each claim of the '434 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Invalidity of the '879 patent)

57.     Each claim of the '879 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including, but not limited to, 35 U.S.C. §§ 101-103 and/or 112.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (Statute of Limitations)

58.     Recovery on Plaintiffs and Counterdefendants' Claims is barred, in whole or in part, by the applicable statute of limitations, 35 U.S.C. § 286.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (Equitable Doctrines)

59.     Plaintiffs and Counterdefendants' Claims are barred by the equitable doctrines of laches, estoppel, waiver, implied license, and/or unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (Prosecution History Estoppel)

60.     Plaintiffs' and Counterdefendants' Claims for relief are barred under the doctrine of prosecution history estoppel to the extent that plaintiffs allege infringement under the doctrine of equivalents.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (Res Judicata and Collateral Estoppel)

61.     On information and belief, some or all of Plaintiffs' and Counterdefendants' Claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE
## (Unenforceability of the '990 patent due to Inequitable Conduct)

62.     AMD's allegations of infringement of the '990 patent are barred because the '990 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

63.     Upon information and belief, one or more individuals associated with the filing and prosecution of the '990 Patent application, including prosecuting attorney Michael Shenker, ("Attorney Shenker") of the law firm of Skjerven, Morrill, MacPherson, Franklin & Friel ("the

Skjerven Morrill law firm") withheld material information from the United States Patent and Trademark Office ("USPTO") with an intent to deceive.

64.     Specifically, one or more persons involved with the filing and/or prosecution of the '990 patent, including, but not limited to, Attorney Shenker, withheld, from the USPTO, U.S. Patent No. 5,285,421 ("the '421 patent reference").

65.     The '421 patent reference discloses each and every limitation of at least one of the issued claims of the '990 patent, either alone or in combination with other prior art.

66.     The '421 patent reference was issued by the USPTO on February 8, 1994, and claims priority to patent application 07/557,899, which was filed on July 25, 1990 by Young, *et. al.* ("the '899 Application").  Therefore, the '421 patent reference is prior art to the claims of the '990 Patent pursuant to the provisions of, *inter alia*, 35 U.S.C. § 102(e) and/or 103 in effect during the prosecution of the '990 patent.

67.     As the '421 patent reference discloses each and every limitation of at least one of the issued claims of the '990 patent, alone or in combination with other prior art, and as the '421 patent reference is prior art to the claims of the '990 patent pursuant to, *inter alia*, 35 U.S.C. § 102 and/or 103, the '421 patent reference is highly material to the patentability of the claims of the '990 patent.

68.     Upon information and belief, one or more persons involved with the filing and/or prosecution of the '990 patent, including, but not limited to, Attorney Shenker, was aware of the disclosures of the relevant portions of the '421 patent reference prior to and during the prosecution of the '990 patent, and was further aware that these disclosures were highly material to the patentability of the '990 patent.

69.     Specifically, on April 17, 1992, Attorney Shenker submitted, on behalf of the named inventors, an Information Disclosure Statement and accompanying form PTO-1449 that identified, *inter alia*, U.S. Patent Application 07/558,033, filed July 25, 1990 by Young, *et. al.*; ("the '033 Patent Application") and the '899 Patent Application.  Both the '033 Patent Application and the '899 Patent Application were owned by AMD and filed by the Skjerven Morrill law firm.

70.     In an Office Action dated October 17, 1993, Patent Examiner Sheela Nadig stated that "Applications for Patents cannot be cited on form PTO-1449.  However, they may be

referenced in the 'Background of the Invention' portion of the disclosure. Therefore, applications 07/558,033 and 07/557,899 were not considered by the examiner."

71.     On January 18, 1994, the '033 Patent Application was issued by the USPTO as U.S. Patent No. 5,280,594 ("the '594 patent reference").

72.     On February 8, 1994, U.S. Patent Application No. 07/865,812, which was a file wrapper continuation application of the '899 Patent Application, was issued by the USPTO as the '421 patent reference.

73.     On March 21, 1994, Attorney Shenker submitted, on behalf of the named inventors, an Information Disclosure Statement and accompanying form PTO-1449 that identified the '594 patent reference ("the March 21, 1994 IDS"). Attorney Shenker did not disclose the existence of the '421 patent reference on the March 21, 1994 IDS. On information and belief, neither Attorney Shenker, nor any other person involved with the prosecution of the '990 patent, ever disclosed to the USPTO that the '421 patent reference had been issued.

74.     Despite the high level of materiality of the '421 patent reference, Attorney Shenker and/or others involved with the filing and/or prosecution of the '990 patent withheld (*i.e.*, failed to submit) the '421 patent reference to the USPTO during the prosecution of the '990 patent.

75.     Upon information and belief, Attorney Shenker and/or others withheld the '421 patent reference from the USPTO with an intent to deceive, as the claims of the '990 patent would not have issued in their current form had the '421 patent reference been provided to the USPTO. Moreover, an inference of an intent to deceive the USPTO is warranted, in light of: (a) the high level of materiality of the '421 patent reference; and/or (b) Attorney Shenker's unsuccessful attempt to have the patent examiner consider the '899 Patent Application coupled with his subsequent failure to disclose the issuance of the '421 patent reference to the patent examiner.

76.     As such, upon information and belief, Attorney Shenker and/or others, committed inequitable conduct, and the '990 patent is therefore unenforceable.

## TWENTIETH AFFIRMATIVE DEFENSE

## (Unenforceability of the '592 Patent due to Inequitable Conduct)

77.     AMD's allegations of infringement of the '592 patent are barred because the '592 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

78.     Upon information and belief, one or more individuals associated with the filing and prosecution of the '592 patent application withheld material information from the United States Patent and Trademark Office ("USPTO") with an intent to deceive.

79.     At least between 1993 and 1996, there was an annual conference held in Northern California during the month of June in the field of semiconductor interconnect technology, known as the VLSI Multi-Level Interconnect ("VMIC") conference.

80.     During the four years covered by the 1993 to 1996 VMIC conferences, the inventor of the '592 patent, John Iacoponi, attended several of the VMIC conferences held during that time period.  Mr. Iacoponi estimates that he attended three, or possibly all four, of the VMIC conferences held during that period.

81.     At each VMIC conference, a set of materials was distributed to the participants at the conference, consisting of a one- or two-inch book of over a hundred technical abstracts.  These abstracts related to the field of semiconductor interconnect technology, which includes the formation of contacts in semiconductor devices.  Mr. Iacoponi retained for a period of time—typically, at least a year or two—the materials that he received at each of the VMIC conferences that he attended.

82.     The application that became the '592 patent was filed on February 24, 1995, and the '592 patent issued on August 13, 1996.  During the prosecution of the '592 patent, neither Mr. Iacoponi nor the prosecuting attorneys, including Paul J. Winters of the Skjerven Morrill law firm, disclosed to the USPTO any materials from any VMIC conference held between and including June of 1993 to June of 1996.

83.     Numerous of the over one hundred technical abstracts distributed at each of the VMIC conferences between and including June of 1993 to June of 1996 were highly material to the

13

patentability of the claims of the '592 patent in that they disclosed processes for forming nitrided contacts in semiconductor devices, including processes utilizing nitrogen ionized in a plasma. Among these highly material references were the following:

- Takashi Akahori, *TiN/Ti Films Formation Using ECR Plasma CVD*, Tenth VMIC Conference Proceedings, at 405 - 411 (June 8 - 9, 1993).

- F.H. Baumann, *Application and Constraints of Collimated Ti/TiN Sputtering for 0.25μm and Sub-0.25μm Contact Structures*, Tenth VMIC Conference Proceedings, at 412 - 417 (June 8 - 9, 1993).

- T. Suzuki, *LPCVD-TiN Using Hydrazine and $TiCl_4$,* Tenth VMIC Conference Proceedings, at 418 - 423 (June 8 - 9, 1993).

- N.A.H. Wils, *Study of TiN Films for Use in Deep Submicron Devices*, Tenth VMIC Conference Proceedings, at 430 - 432 (June 8 - 9, 1993).

- G.A. Dixit, *A Reactively Sputtered Coherent TiN Process for Sub-0.5μm Technology*, Tenth VMIC Conference Proceedings, at 433 - 435 (June 8 - 9, 1993).

- Sesh Ramaswami, *Single Chamber Implementation of a Coherent Ti/TiN Process for Sub-half Micron Technologies*, Tenth VMIC Conference Proceedings, at 439 - 441 (June 8 - 9, 1993).

- W. De Bosscher, *Comparative Study on the Thermal Stability of Ti(W)N and Ti/TiN Barrier Layers*, Tenth VMIC Conference Proceedings, at 442 - 444 (June 8 - 9, 1993).

- Tim O'Brien, *Comparison of Barrier Layer Metallization Schemes for Use with ULSI Tungsten Plug Technologies*, Tenth VMIC Conference Proceedings, at 445 - 447 (June 8 - 9, 1993).

- Tohru Hara, *Properties of Titanium Layers Deposited by Collimation Sputtering*, Tenth VMIC Conference Proceedings, at 448 - 450 (June 8 - 9, 1993).

- G. Gagnon, *Applications of Reactively Evaporated TiSi2/TiN Layers in CMOS Devices Metallization*, Tenth VMIC Conference Proceedings, at 451 - 453 (June 8 - 9, 1993).

- J.T. Hillman, *Titanium Chemical Vapor Deposition, Eleventh VMIC Conference Proceedings*, at 365 - 368 (June 7 - 8, 1994).

- Atsumi Aoki, *Ti-Salicide Process for Deep Submicron CMOS Devices*, Eleventh VMIC Conference Proceedings, at 389 - 391 (June 7 - 8, 1994).

- Jamin Ling, *Collimated TiN Process Characterization for 0.35μm CMOS Technology*, Eleventh VMIC Conference Proceedings, at 401 (June 7 - 8, 1994).

- De-Dui Liao, *Ti/TiN Barrier Enhancement for Aluminum Plug Interconnect Technology*, Eleventh VMIC Conference Proceedings, at 428 - 434 (June 7 - 8, 1994).

- Dean Gourley, *Evaluation of Barrier Improvement Techniques for High Temperature Sputtering Applications*, Eleventh Conference Proceedings, at 437 - 439 (June 7 - 8, 1994).

- K.A. Littau, *CVD TiN: A Barrier Metallization for Sub-Micron Via and Contact Applications, Eleventh VMIC Conference Proceedings*, at 440 - 442 (June 7 - 8, 1994).

- Shoso Shingubara, *VLSI Multilevel Interconnection - Year in Review in Japan*, VMIC State-of-the-Art Seminar Visuals Booklet, at 11 - 29 (June 9, 1994).

- Robert S. Blewer, *Advanced Conductor Systems*, VMIC State-of-the-Art Seminar Visuals Booklet, at 35 - 109 (June 9, 1994).

- Geraldine Cogin Schwartz, *Advanced Dielectric Systems*, VMIC State-of-the-Art Seminar Visuals Booklet, at 111 - 250 (June 9, 1994).

- Joe W. McPherson, *Reliability Issues*, VMIC State-of-the-Art Seminar Visuals Booklet, at 251 - 303 (June 9, 1994).

- Donald S. Gardner, *Fifth Annual Review of Japanese Interconnection Papers (translations from Japanese)*, VMIC State-of-the-Art Seminar Visuals Booklet, at 395 - 433 (June 9, 1994).

- H. Matsuhashi, *Dependence of Top Electrode Materials on Leakage Current Characteristics of $Ta_2O_3$ Film*, VMIC State-of-the-Art Seminar Visuals Booklet, at 450 (June 9, 1994).

- Nobuyoshi Awaya, *Evaluation of a Copper Metallization Process and Its Effect on the Electrical Characteristics of Copper-Interconnected Quarter-Micron CMOS*, Twelfth VMIC Conference Proceedings, at 17 - 23 (June 27 - 29, 1995).

- H.J. Barth, *Integration Aspects of a Hi-Fill Barrier with a High Pressure Aluminum Contact Fill*, Twelfth VMIC Conference Proceedings, at 52 - 58 (June 27 - 29, 1995).

- Hyung-Sik Ryu, *An Advanced Multilevel Interconnection for Sub-Half Micron CMOS Technology*, Twelfth VMIC Conference Proceedings, at 61 - 63 (June 27 - 29, 1995).

- Y. Akasaka, *Low Resistivity Poly-Metal Gate Electrode Durable for High-Temperature Processing*, Twelfth VMIC Conference Proceedings, at 168 - 174 (June 27 - 29, 1995).

- G.A. Dixit, *A Robust, Versatile MOCVD TiN Process*, Twelfth VMIC Conference Proceedings, at 175 - 181 (June 27 - 29, 1995).

- Takeo Oku, *Thermal Stability of $WN_x$ and $TaN_x$ Diffusion Barriers Between Si and Cu*, Twelfth VMIC Conference Proceedings, at 182 - 185 (June 27 - 29, 1995).

- T. Miyamoto, *Development of Ti Film Deposition Technology Using ECR CVD with Minimized Si Etching and Low Cl Content*, Twelfth VMIC Conference Proceedings, at 195 - 197 (June 27 - 29, 1995).

- Jianming Fu, *Single-Chamber* In-Situ *Coherent PVD TiN Barrier for Al Planarization Applications*, Twelfth VMIC Conference Proceedings, at 198 - 200 (June 27 - 29, 1995).

- K.C. Wang, *Correlation of PVD-TiN Materials Properties to Barrier and Device Performance in Al-Fill Technologies*, Twelfth VMIC Conference Proceedings, at 204 - 206 (June 27 - 29, 1995).

- Chun-Cho Chen, *The Coupling Effects of Substrate Temperature and Treatment on Ti/TiN Barrier Improvement*, Twelfth VMIC Conference Proceedings, at 214 - 216 (June 27 - 29, 1995).

- Oded Harel, *Thermal Stability of Reactively Sputtered TiN Barrier*, Twelfth VMIC Conference Proceedings, at 217 - 219 (June 27 - 29, 1995).

- A. Hobbs, *Microstructure of Sputter Deposited TiN Films and Effects on Film Properties*, Twelfth VMIC Conference Proceedings, at 225 (June 27 - 29, 1995).

- K.C. Wang, *Is Barrier Treatment Necessary for Hot Aluminum Process*, Twelfth VMIC Conference Proceedings, at 227 (June 27 - 29, 1995).

- Jay L.C. Chao, *The Searching of Optimum Condition for TiN Process in a Single Wafer Sputtering*, Twelfth VMIC Conference Proceedings, at 229 (June 27 - 29, 1995).

- Yoshio Homma, *Using Selective CMP with Low Permittivity Organic SOG to Achieve Low Capacitance Multilevel Interconnection*, Twelfth VMIC Conference Proceedings, at 457 - 463 (June 27 - 29, 1995).

- Guy F. Hudson, *Barrier Metalization Effects During Tungsten CMP*, Twelfth VMIC Conference Proceedings, at 514 - 516 (June 27 - 29, 1995).

- P.J. Holverson, *A Multilevel Al-Plug Technology for Sub-Half Micron Metallization*, Twelfth VMIC Conference Proceedings, at 537 - 543 (June 27 - 29, 1995).

- Subhas Bothra, *Contact Integration Using a Ti/TiN Barrier Layer and a CVD W Plug for 0.35μm Technology*, Twelfth VMIC Conference Proceedings, at 579 - 581 (June 27 - 29, 1995).

- T. Ishigami, *A Ti-Salicide Process Utilizing Low Pressure $N_2RTA$*, Twelfth VMIC Conference Proceedings, at 640 - 642 (June 27 - 29, 1995).

- Toshinori Imai, *2.0μm Pitch 6-Level Metallization Process for High Performance Application Integrated Circuits*, Thirteenth VMIC Conference Proceedings, at 17 - 22 (June 18 - 20, 1996).

- J.S. Kim, *A Triple Level Metallization Technique for Gigabit Scaled DRAMs*, Thirteenth VMIC Conference Proceedings, at 28 - 33 (June 18 - 20, 1996).

- S. Bothra, *Integration of W-Plug Via in a SOG Etch Back Based IMO Process*, Thirteenth VMIC Conference Proceedings, at 34 - 39 (June 18 - 20, 1996).

- S.C. Sun, *Characterization of Diffusion Barrier Properties of CVD and PVD Tungsten Nitride Thin Films*, Thirteenth VMIC Conference Proceedings, at 151 - 155 (June 18 - 20, 1996).

- David Butler, *Integration of Hi-Fill Ti/TiN Process into a 0.5μm W-Plug Metallization Scheme*, Thirteenth VMIC Conference Proceedings, at 156 - 161 (June 18 - 20, 1996).

- Paul Martin Smith, *Chemical Vapor Deposition of Ternary Refractory Nitrides for Diffusion Barrier Applications*, Thirteenth VMIC Conference Proceedings, at 162 - 167 (June 18 - 20, 1996).

- T. Iijima, *Microstructure and Electrical Properties of Amorphous W-Si-N Barrier Layer for Cu Interconnections*, Thirteenth VMIC Conference Proceedings, at 168 - 173 (June 18 - 20, 1996).

- Mitsuru Sekiguchi, *Self-Aligned Barrier Layer Formation on TiSi₂ Layer with N₂ Plasma Treatment*, Thirteenth VMIC Conference Proceedings, at 180 - 180e (June 18 - 20, 1996).

- J. Gambino, *Tungsten Contacts for 256M DRAM Process Using a Thermally Formed TiN Diffusion Barrier*, Thirteenth VMIC Conference Proceedings, at 180i - 180k (June 18 - 20, 1996).

- G. Gagnon, *Effects of the Oxidation of the TiN Barrier on Its Efficiency as a Diffusion Barrier in AlSiCu Metallization of VLSI Devices*, Thirteenth VMIC Conference Proceedings, at 180l - 180n (June 18 - 20, 1996).

- A.J. Konecni, *A Stable Plasma Treated CVD Titanium Nitride Film for Barrier/Glue Layer Applications*, Thirteenth VMIC Conference Proceedings, at 181 - 183 (June 18 - 20, 1996).

- Bruce Gittleman, In Situ *TiON Process for SubMicron Hot Al Wiring Applications*, Thirteenth VMIC Conference Proceedings, at 184 - 186 (June 18 - 20, 1996).

- Bing-Zong Li, *Very Thin CoSi2 Film Formed by Solid State Interaction*, Thirteenth VMIC Conference Proceedings, at 187 - 189 (June 18 - 20, 1996).

- Greg Hamilton, *Comparison of Single Chamber Ti/TiN Deposition with Conventional Dedicated Ti and TiN Deposition in SubMicron VLSI Metallization*, Thirteenth VMIC Conference Proceedings, at 190 - 192 (June 18 - 20, 1996).

- Duane Wilcoxen, *Multilayered Titanium Nitride Layer Processing for Improved Barrier Integrity Results*, Thirteenth VMIC Conference Proceedings, at 197 (June 18 - 20, 1996).

- Seung-Jin Yeom, *Effects of Rapid Thermal Annealing of Sputtered TiN on W-Nucleation and Defect Formation During CVD of W*, Thirteenth VMIC Conference Proceedings, at 198 (June 18 - 20, 1996).

- G.H. Choi, *Effects of Underlayer Composition on Al-Reflow Process*, Thirteenth VMIC Conference Proceedings, at 251 - 256 (June 18 - 20, 1996).

- Chin-Kun Wang, *Process Integration of An Enhanced MOCVD TiN and SOG for Via-plug Application in Sub-0.5μm Technology*, Thirteenth VMIC Conference Proceedings, at 277 (June 18 - 20, 1996).

- Jay L.C. Chao, *The Relationship between Metal Via Etch and Glue Layer Structure for Tungsten Via Process*, Thirteenth VMIC Conference Proceedings, at 279 (June 18 - 20, 1996).

- Kaustav Banerjee, *Impact of High Current Stress Conditions on VLSI Interconnect Electromigration Reliability Evaluation*, Thirteenth VMIC Conference Proceedings, at 289 - 294 (June 18 - 20, 1996).

- Makiko Kageyama, *Dependence of Electromigration Failure Mechanism on Via/Interconnects Structures*, Thirteenth VMIC Conference Proceedings, at 321 - 326 (June 18 - 20, 1996).

- G. Ramanath, *F Accumulation in Ti: The Cause of Adhesion Failure of TiN/Ti Liner on SiO2 During W CVD?*, Thirteenth VMIC Conference Proceedings, at 333 - 335 (June 18 - 20, 1996).

- Po-Tao Chu, *Stress Characterization of Ti/TiN Barrier Layer*, Thirteenth VMIC Conference Proceedings, at 345 - 347 (June 18 - 20, 1996).

84.     Although Mr. Iacoponi was aware of and retained copies of the VMIC materials distributed at the VMIC conferences that he attended, he did not provide any of those materials, including the references listed in paragraph 83, to the attorneys prosecuting the '592 patent, including Paul J. Winters of the Skjerven Morrill law firm, nor to the USPTO in connection with the prosecution of the '592 patent.

85.     Upon information and belief, Mr. Iacoponi was aware that the VMIC materials distributed at the VMIC conferences that he attended, including the references listed in paragraph 83, were highly material to the patentability of the claims of the '592 patent.

86.     Mr. Iacoponi was a co-author of a paper presented at the 1993 VMIC conference, entitled "Single Chamber Implementation of a Coherent Ti/TiN Process for Sub-Half Micron Technologies" ("the Iacoponi paper"). The Iacoponi paper was included in the materials distributed to participants attending the 1993 VMIC conference. This paper was highly material to the patentability of the claims of the '592 patent in that it addressed several of the same concepts as the claims of the '592 patent, including the use of titanium and titanium nitride to form contacts in semiconductor devices. Upon information and belief, Mr. Iacoponi was aware that the Iacoponi paper was highly material to the patentability of the claims of the '592 patent.

87.     Upon information and belief, Mr. Iacoponi did not disclose the Iacoponi paper, nor any other papers authored by him relating to the formation of contacts in semiconductor devices, to the attorneys prosecuting the '592 patent, nor to the USPTO in connection with the prosecution of the '592 patent.

88.     Upon information and belief, Mr. Iacoponi withheld the materials distributed at the VMIC conferences held between and including June of 1993 to June of 1996, including the references listed in paragraph 83 and the Iacoponi paper, from the USPTO with an intent to deceive the USPTO. Moreover, an inference of an intent to deceive the USPTO is warranted, in light of:

(a) the high level of materiality of the materials presented at the 1993 to 1996 VMIC conferences, including the references listed in paragraph 83; and/or (b) the fact that the VMIC conference was well-known to those working in the field of semiconductor interconnect technology; and/or (c) the large volume of highly material information distributed at the VMIC conferences between June of 1993 and June of 1996; and/or (d) the high level of materiality of the Iacoponi paper and the fact that this paper was co-authored by the inventor himself.

89.     As such, upon information and belief, Mr. Iacoponi and/or others committed inequitable conduct, and the '592 patent is therefore unenforceable.

## COUNTERCLAIMS

## THE PARTIES

90.     STW is a Korean business entity with a principal place of business at 28, Sungju-Dong, Changwon-City, Gyeongsangnam-Do, 641-717, Republic of Korea.

91.     On information and belief, AMD is a Delaware corporation with its principal offices at One AMD Place, Sunnyvale, California 94085.

92.     On information and belief, ATI is a subsidiary of AMD and is incorporated in Alberta, Canada, with its principal place of business at 1 Commerce Valley Drive E, Markham, Ontario, L3T 7X6, Canada.

## JURISDICTION AND VENUE

93.     STW's counterclaims do not require the presence of third parties over whom this Court cannot acquire jurisdiction for adjudication.  This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

94.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## FIRST CLAIM FOR RELIEF

## (Declaratory Judgment of Non-Infringement)

95.     STW repeats and realleges each and every allegation set forth in paragraphs 90 through 94 as if fully set forth herein.

96.     This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, and more particularly, under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, *et seq.*

97.     On February 18, 2008, Plaintiffs and Counterdefendants filed this lawsuit, and on May 1, 2008, Plaintiffs and Counterdefendants filed their First Amended Complaint adding allegations that STW infringes the AMD patents.

98.     A justiciable controversy exists between STW on the one hand and Plaintiffs and Counterdefendants on the other hand concerning the infringement and validity of the AMD patents.

99.     STW has not and is not now infringing, contributorily infringing, or inducing infringement of any of the AMD patents.

100.     STW is entitled to a declaratory judgment that it has not infringed and does not infringe directly or indirectly, contributorily or by inducement, any of the AMD patents.

## SECOND CLAIM FOR RELIEF

## (Declaratory Judgment of Invalidity)

101.     STW repeats and realleges each and every allegation set forth in paragraphs 90 through 100 as if fully set forth herein.

102.     This Claim arises under the Federal Declaratory Relief Act and the Patent Laws of the United States, and more particularly, under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1, *et seq.*

103.     On February 18, 2008, Plaintiffs and Counterdefendants filed this lawsuit, and on May 1, 2008, Plaintiffs and Counterdefendants filed their First Amended Complaint adding allegations that STW infringes the AMD patents.

104.    A justiciable controversy exists between STW on the one hand and Plaintiffs and Counterdefendants on the other hand concerning the infringement and validity of the AMD patents.

105.    Each claim of the AMD patents is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

106.    STW is entitled to a declaratory judgment that the AMD patents are invalid.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Unenforceability
### of the '990 Patent due to Inequitable Conduct)

107.    STW repeats and realleges each and every allegation set forth in paragraphs 90 through 106 as if fully set forth herein.

108.    AMD's allegations of infringement of the '990 patent are barred because the '990 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

109.    Upon information and belief, one or more individuals associated with the filing and prosecution of the '990 Patent application, including prosecuting attorney Michael Shenker, ("Attorney Shenker") of the law firm of Skjerven, Morrill, MacPherson, Franklin & Friel ("the Skjerven Morrill law firm") withheld material information from the United States Patent and Trademark Office ("USPTO") with an intent to deceive.

110.    Specifically, one or more persons involved with the filing and/or prosecution of the '990 patent, including, but not limited to, Attorney Shenker, withheld, from the USPTO, U.S. Patent No. 5,285,421 ("the '421 patent reference").

111.    The '421 patent reference discloses each and every limitation of at least one of the issued claims of the '990 patent, either alone or in combination with other prior art.

112.    The '421 patent reference was issued by the USPTO on February 8, 1994, and claims priority to patent application 07/557,899, which was filed on July 25, 1990 by Young, *et. al.* ("the '899 Application").  Therefore, the '421 patent reference is prior art to the claims of the '990

Patent pursuant to the provisions of *inter alia*, 35 U.S.C. § 102(e) and/or 103 in effect during the prosecution of the '990 patent.

113.    As the '421 patent reference discloses each and every limitation of at least one of the issued claims of the '990 patent, alone or in combination with other prior art, and as the '421 patent reference is prior art to the claims of the '990 patent pursuant to *inter alia*, 35 U.S.C. § 102 and/or 103, the '421 patent reference is highly material to the patentability of the claims of the '990 patent.

114.    Upon information and belief, one or more persons involved with the filing and/or prosecution of the '990 patent, including, but not limited to, Attorney Shenker was aware of the disclosures of the relevant portions of the '421 patent reference prior to and during the prosecution of the '990 patent, and was further aware that these disclosures were highly material to the patentability of the '990 patent.

115.    Specifically, on April 17, 1992, Attorney Shenker submitted, on behalf of the named inventors, an Information Disclosure Statement and accompanying form PTO-1449 that identified, *inter alia*, U.S. Patent Application 07/558,033, filed July 25, 1990 by Young, *et. al.*; ("the '033 Patent Application") and the '899 Patent Application.  Both the '033 Patent Application and the '899 Patent Application were owned by AMD and filed by the Skjerven Morrill law firm.

116.    In an Office Action dated October 17, 1993, Patent Examiner Sheela Nadig stated that "Applications for Patents cannot be cited on form PTO-1449.  However, they may be referenced in the 'Background of the Invention' portion of the disclosure.  Therefore, applications 07/558,033 and 07/557,899 were not considered by the examiner."

117.    On January 18, 1994, the '033 Patent Application was issued by the USPTO as U.S. Patent No. 5,280,594 ("the '594 patent reference").

118.    On February 8, 1994, U.S. Patent Application No. 07/865,812, which was a file wrapper continuation application of the '899 Patent Application, was issued by the USPTO as the '421 patent reference.

119.    On March 21, 1994, Attorney Shenker submitted, on behalf of the named inventors, an Information Disclosure Statement and accompanying form PTO-1449 that identified the '594 patent reference ("the March 21, 1994 IDS").  Attorney Shenker did not disclose the existence of

22

the '421 patent reference on the March 21, 1994 IDS. On information and belief, neither Attorney Shenker, nor any other person involved with the prosecution of the '990 patent, disclosed to the USPTO that the '421 patent reference had been issued.

120. Despite the high level of materiality of the '421 patent reference, Attorney Shenker and/or others involved with the filing and/or prosecution of the '990 patent withheld (*i.e.*, failed to submit) the '421 patent reference to the USPTO during the prosecution of the '990 patent.

121. Upon information and belief, Attorney Shenker and/or others withheld the '421 patent reference from the USPTO with an intent to deceive, as the claims of the '990 patent would not have issued in their current form had the '421 patent reference been provided to the USPTO. Moreover, an inference of an intent to deceive the USPTO is warranted, in light of: (a) the high level of materiality of the '421 patent reference; and/or (b) Attorney Shenker's unsuccessful attempt to have the patent examiner consider the '899 Patent Application coupled with his subsequent failure to disclose the issuance of the '421 patent reference to the patent examiner.

122. As such, upon information and belief, Attorney Shenker and/or others, committed inequitable conduct, and the '990 patent is therefore unenforceable. Accordingly, SSI seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the '990 patent is unenforceable.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment of Unenforceability
### of the '592 Patent due to Inequitable Conduct)

123. STW repeats and realleges each and every allegation set forth in paragraphs 90 through 122 as if fully set forth herein.

124. AMD's allegations of infringement of the '592 patent are barred because the '592 patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.

125. Upon information and belief, one or more individuals associated with the filing and prosecution of the '592 patent application withheld material information from the United States Patent and Trademark Office ("USPTO") with an intent to deceive.

23

126.     At least between 1993 and 1996, there was an annual conference held in Northern California during the month of June in the field of semiconductor interconnect technology, known as the VLSI Multi-Level Interconnect ("VMIC") conference.

127.     During the four years covered by the 1993 to 1996 VMIC conferences, the inventor of the '592 patent, John Iacoponi attended several of the VMIC conferences held during that time period.  Mr. Iacoponi estimates that he attended three, or possibly all four, of the VMIC conferences held during that period.

128.     At each VMIC conference, a set of materials was distributed to the participants at the conference, consisting of a one- or two-inch book of over a hundred technical abstracts.  These abstracts related to the field of semiconductor interconnect technology, which includes the formation of contacts in semiconductor devices.  Mr. Iacoponi retained for a period of time—typically, at least a year or two—the materials that he received at each of the VMIC conferences that he attended.

129.     The application that became the '592 patent was filed on February 24, 1995, and the '592 patent issued on August 13, 1996.  During the prosecution of the '592 patent, neither Mr. Iacoponi nor the prosecuting attorneys, including Paul J. Winters of the Skjerven Morrill law firm, disclosed to the USPTO any materials from any VMIC conference held between and including June of 1993 to June of 1996.

130.     Numerous of the over one hundred technical abstracts distributed at each of the VMIC conferences between and including June of 1993 to June of 1996 were highly material to the patentability of the claims of the '592 patent in that they disclosed processes for forming nitrided contacts in semiconductor devices, including processes utilizing nitrogen ionized in a plasma. Among these highly material references were the following:

- Takashi Akahori, *TiN/Ti Films Formation Using ECR Plasma CVD*,  Tenth VMIC Conference Proceedings, at 405 - 411 (June 8 - 9, 1993).

- F.H. Baumann, *Application and Constraints of Collimated Ti/TiN Sputtering for 0.25µm and Sub-0.25µm Contact Structures*, Tenth VMIC Conference Proceedings, at 412 - 417 (June 8 - 9, 1993).

- T. Suzuki, *LPCVD-TiN Using Hydrazine and TiCl₄,* Tenth VMIC Conference Proceedings, at 418 - 423 (June 8 - 9, 1993).

24

▪ N.A.H. Wils, *Study of TiN Films for Use in Deep Submicron Devices*, Tenth VMIC Conference Proceedings, at 430 - 432 (June 8 - 9, 1993).

▪ G.A. Dixit, *A Reactively Sputtered Coherent TiN Process for Sub-0.5µm Technology*, Tenth VMIC Conference Proceedings, at 433 - 435 (June 8 - 9, 1993).

▪ Sesh Ramaswami, *Single Chamber Implementation of a Coherent Ti/TiN Process for Sub-half Micron Technologies*, Tenth VMIC Conference Proceedings, at 439 - 441 (June 8 - 9, 1993).

▪ W. De Bosscher, *Comparative Study on the Thermal Stability of Ti(W)N and Ti/TiN Barrier Layers*, Tenth VMIC Conference Proceedings, at 442 - 444 (June 8 - 9, 1993).

▪ Tim O'Brien, *Comparison of Barrier Layer Metallization Schemes for Use with ULSI Tungsten Plug Technologies*, Tenth VMIC Conference Proceedings, at 445 - 447 (June 8 - 9, 1993).

▪ Tohru Hara, *Properties of Titanium Layers Deposited by Collimation Sputtering*, Tenth VMIC Conference Proceedings, at 448 - 450 (June 8 - 9, 1993).

▪ G. Gagnon, *Applications of Reactively Evaporated TiSi2/TiN Layers in CMOS Devices Metallization*, Tenth VMIC Conference Proceedings, at 451 - 453 (June 8 - 9, 1993).

▪ J.T. Hillman, *Titanium Chemical Vapor Deposition, Eleventh VMIC Conference Proceedings*, at 365 - 368 (June 7 - 8, 1994).

▪ Atsumi Aoki, *Ti-Salicide Process for Deep Submicron CMOS Devices*, Eleventh VMIC Conference Proceedings, at 389 - 391 (June 7 - 8, 1994).

▪ Jamin Ling, *Collimated TiN Process Characterization for 0.35µm CMOS Technology*, Eleventh VMIC Conference Proceedings, at 401 (June 7 - 8, 1994).

▪ De-Dui Liao, *Ti/TiN Barrier Enhancement for Aluminum Plug Interconnect Technology*, Eleventh VMIC Conference Proceedings, at 428 - 434 (June 7 - 8, 1994).

▪ Dean Gourley, *Evaluation of Barrier Improvement Techniques for High Temperature Sputtering Applications*, Eleventh Conference Proceedings, at 437 - 439 (June 7 - 8, 1994).

▪ K.A. Littau, *CVD TiN: A Barrier Metallization for Sub-Micron Via and Contact Applications, Eleventh VMIC Conference Proceedings*, at 440 - 442 (June 7 - 8, 1994).

▪ Shoso Shingubara, *VLSI Multilevel Interconnection - Year in Review in Japan*, VMIC State-of-the-Art Seminar Visuals Booklet, at 11 - 29 (June 9, 1994).

▪ Robert S. Blewer, *Advanced Conductor Systems*, VMIC State-of-the-Art Seminar Visuals Booklet, at 35 - 109 (June 9, 1994).

▪ Geraldine Cogin Schwartz, *Advanced Dielectric Systems*, VMIC State-of-the-Art Seminar Visuals Booklet, at 111 - 250 (June 9, 1994).

▪ Joe W. McPherson, *Reliability Issues*, VMIC State-of-the-Art Seminar Visuals Booklet, at 251 - 303 (June 9, 1994).

STW'S FIRST AMENDED ANSWER
AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL

CV-08-0986-SI

- Donald S. Gardner, *Fifth Annual Review of Japanese Interconnection Papers (translations from Japanese)*, VMIC State-of-the-Art Seminar Visuals Booklet, at 395 - 433 (June 9, 1994).

- H. Matsuhashi, *Dependence of Top Electrode Materials on Leakage Current Characteristics of $Ta_2O_3$ Film*, VMIC State-of-the-Art Seminar Visuals Booklet, at 450 (June 9, 1994).

- Nobuyoshi Awaya, *Evaluation of a Copper Metallization Process and Its Effect on the Electrical Characteristics of Copper-Interconnected Quarter-Micron CMOS*, Twelfth VMIC Conference Proceedings, at 17 - 23 (June 27 - 29, 1995).

- H.J. Barth, *Integration Aspects of a Hi-Fill Barrier with a High Pressure Aluminum Contact Fill*, Twelfth VMIC Conference Proceedings, at 52 - 58 (June 27 - 29, 1995).

- Hyung-Sik Ryu, *An Advanced Multilevel Interconnection for Sub-Half Micron CMOS Technology*, Twelfth VMIC Conference Proceedings, at 61 - 63 (June 27 - 29, 1995).

- Y. Akasaka, *Low Resistivity Poly-Metal Gate Electrode Durable for High-Temperature Processing*, Twelfth VMIC Conference Proceedings, at 168 - 174 (June 27 - 29, 1995).

- G.A. Dixit, *A Robust, Versatile MOCVD TiN Process*, Twelfth VMIC Conference Proceedings, at 175 - 181 (June 27 - 29, 1995).

- Takeo Oku, *Thermal Stability of $WN_x$ and $TaN_x$ Diffusion Barriers Between Si and Cu*, Twelfth VMIC Conference Proceedings, at 182 - 185 (June 27 - 29, 1995).

- T. Miyamoto, *Development of Ti Film Deposition Technology Using ECR CVD with Minimized Si Etching and Low Cl Content*, Twelfth VMIC Conference Proceedings, at 195 - 197 (June 27 - 29, 1995).

- Jianming Fu, *Single-Chamber* In-Situ *Coherent PVD TiN Barrier for Al Planarization Applications*, Twelfth VMIC Conference Proceedings, at 198 - 200 (June 27 - 29, 1995).

- K.C. Wang, *Correlation of PVD-TiN Materials Properties to Barrier and Device Performance in Al-Fill Technologies*, Twelfth VMIC Conference Proceedings, at 204 - 206 (June 27 - 29, 1995).

- Chun-Cho Chen, *The Coupling Effects of Substrate Temperature and Treatment on Ti/TiN Barrier Improvement*, Twelfth VMIC Conference Proceedings, at 214 - 216 (June 27 - 29, 1995).

- Oded Harel, *Thermal Stability of Reactively Sputtered TiN Barrier*, Twelfth VMIC Conference Proceedings, at 217 - 219 (June 27 - 29, 1995).

- A. Hobbs, *Microstructure of Sputter Deposited TiN Films and Effects on Film Properties*, Twelfth VMIC Conference Proceedings, at 225 (June 27 - 29, 1995).

- K.C. Wang, *Is Barrier Treatment Necessary for Hot Aluminum Process*, Twelfth VMIC Conference Proceedings, at 227 (June 27 - 29, 1995).

- Jay L.C. Chao, *The Searching of Optimum Condition for TiN Process in a Single Wafer Sputtering*, Twelfth VMIC Conference Proceedings, at 229 (June 27 - 29, 1995).

- Yoshio Homma, *Using Selective CMP with Low Permittivity Organic SOG to Achieve Low Capacitance Multilevel Interconnection*, Twelfth VMIC Conference Proceedings, at 457 - 463 (June 27 - 29, 1995).

- Guy F. Hudson, *Barrier Metalization Effects During Tungsten CMP*, Twelfth VMIC Conference Proceedings, at 514 - 516 (June 27 - 29, 1995).

- P.J. Holverson, *A Multilevel Al-Plug Technology for Sub-Half Micron Metallization*, Twelfth VMIC Conference Proceedings, at 537 - 543 (June 27 - 29, 1995).

- Subhas Bothra, *Contact Integration Using a Ti/TiN Barrier Layer and a CVD W Plug for 0.35µm Technology*, Twelfth VMIC Conference Proceedings, at 579 - 581 (June 27 - 29, 1995).

- T. Ishigami, *A Ti-Salicide Process Utilizing Low Pressure $N_2$RTA*, Twelfth VMIC Conference Proceedings, at 640 - 642 (June 27 - 29, 1995).

- Toshinori Imai, *2.0µm Pitch 6-Level Metallization Process for High Performance Application Integrated Circuits*, Thirteenth VMIC Conference Proceedings, at 17 - 22 (June 18 - 20, 1996).

- J.S. Kim, *A Triple Level Metallization Technique for Gigabit Scaled DRAMs*, Thirteenth VMIC Conference Proceedings, at 28 - 33 (June 18 - 20, 1996).

- S. Bothra, *Integration of W-Plug Via in a SOG Etch Back Based IMO Process*, Thirteenth VMIC Conference Proceedings, at 34 - 39 (June 18 - 20, 1996).

- S.C. Sun, *Characterization of Diffusion Barrier Properties of CVD and PVD Tungsten Nitride Thin Films*, Thirteenth VMIC Conference Proceedings, at 151 - 155 (June 18 - 20, 1996).

- David Butler, *Integration of Hi-Fill Ti/TiN Process into a 0.5µm W-Plug Metallization Scheme*, Thirteenth VMIC Conference Proceedings, at 156 - 161 (June 18 - 20, 1996).

- Paul Martin Smith, *Chemical Vapor Deposition of Ternary Refractory Nitrides for Diffusion Barrier Applications*, Thirteenth VMIC Conference Proceedings, at 162 - 167 (June 18 - 20, 1996).

- T. Iijima, *Microstructure and Electrical Properties of Amorphous W-Si-N Barrier Layer for Cu Interconnections*, Thirteenth VMIC Conference Proceedings, at 168 - 173 (June 18 - 20, 1996).

- Mitsuru Sekiguchi, *Self-Aligned Barrier Layer Formation on $TiSi_2$ Layer with $N_2$ Plasma Treatment*, Thirteenth VMIC Conference Proceedings, at 180 - 180e (June 18 - 20, 1996).

- J. Gambino, *Tungsten Contacts for 256M DRAM Process Using a Thermally Formed TiN Diffusion Barrier*, Thirteenth VMIC Conference Proceedings, at 180i - 180k (June 18 - 20, 1996).

- G. Gagnon, *Effects of the Oxidation of the TiN Barrier on Its Efficiency as a Diffusion Barrier in AlSiCu Metallization of VLSI Devices*, Thirteenth VMIC Conference Proceedings, at 180l - 180n (June 18 - 20, 1996).

- A.J. Konecni, *A Stable Plasma Treated CVD Titanium Nitride Film for Barrier/Glue Layer Applications*, Thirteenth VMIC Conference Proceedings, at 181 - 183 (June 18 - 20, 1996).

STW'S FIRST AMENDED ANSWER
AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL

CV-08-0986-SI

- Bruce Gittleman, In Situ *TiON Process for SubMicron Hot Al Wiring Applications*, Thirteenth VMIC Conference Proceedings, at 184 - 186 (June 18 - 20, 1996).

- Bing-Zong Li, *Very Thin CoSi2 Film Formed by Solid State Interaction*, Thirteenth VMIC Conference Proceedings, at 187 - 189 (June 18 - 20, 1996).

- Greg Hamilton, *Comparison of Single Chamber Ti/TiN Deposition with Conventional Dedicated Ti and TiN Deposition in SubMicron VLSI Metallization*, Thirteenth VMIC Conference Proceedings, at 190 - 192 (June 18 - 20, 1996).

- Duane Wilcoxen, *Multilayered Titanium Nitride Layer Processing for Improved Barrier Integrity Results*, Thirteenth VMIC Conference Proceedings, at 197 (June 18 - 20, 1996).

- Seung-Jin Yeom, *Effects of Rapid Thermal Annealing of Sputtered TiN on W-Nucleation and Defect Formation During CVD of W*, Thirteenth VMIC Conference Proceedings, at 198 (June 18 - 20, 1996).

- G.H. Choi, *Effects of Underlayer Composition on Al-Reflow Process*, Thirteenth VMIC Conference Proceedings, at 251 - 256 (June 18 - 20, 1996).

- Chin-Kun Wang, *Process Integration of An Enhanced MOCVD TiN and SOG for Via-plug Application in Sub-0.5μm Technology*, Thirteenth VMIC Conference Proceedings, at 277 (June 18 - 20, 1996).

- Jay L.C. Chao, *The Relationship between Metal Via Etch and Glue Layer Structure for Tungsten Via Process*, Thirteenth VMIC Conference Proceedings, at 279 (June 18 - 20, 1996).

- Kaustav Banerjee, *Impact of High Current Stress Conditions on VLSI Interconnect Electromigration Reliability Evaluation*, Thirteenth VMIC Conference Proceedings, at 289 - 294 (June 18 - 20, 1996).

- Makiko Kageyama, *Dependence of Electromigration Failure Mechanism on Via/Interconnects Structures*, Thirteenth VMIC Conference Proceedings, at 321 - 326 (June 18 - 20, 1996).

- G. Ramanath, *F Accumulation in Ti: The Cause of Adhesion Failure of TiN/Ti Liner on SiO2 During W CVD?*, Thirteenth VMIC Conference Proceedings, at 333 - 335 (June 18 - 20, 1996).

- Po-Tao Chu, *Stress Characterization of Ti/TiN Barrier Layer*, Thirteenth VMIC Conference Proceedings, at 345 - 347 (June 18 - 20, 1996).

131.    Although Mr. Iacoponi was aware of and retained copies of the VMIC materials distributed at the VMIC conferences that he attended, he did not provide any of those materials, including the references listed in paragraph 165, to the attorneys prosecuting the '592 patent, including Paul J. Winters of the Skjerven Morrill law firm, nor to the USPTO in connection with the prosecution of the '592 patent.

132.    Upon information and belief, Mr. Iacoponi was aware that the VMIC materials distributed at the VMIC conferences that he attended, including the references listed in paragraph 165, were highly material to the patentability of the claims of the '592 patent.

133.    Mr. Iacoponi was a co-author of a paper presented at the 1993 VMIC conference, entitled "Single Chamber Implementation of a Coherent Ti/TiN Process for Sub-Half Micron Technologies" ("the Iacoponi paper"). The Iacoponi paper was included in the materials distributed to participants attending the 1993 VMIC conference. This paper was highly material to the patentability of the claims of the '592 patent in that it addressed several of the same concepts as the claims of the '592 patent, including the use of titanium and titanium nitride to form contacts in semiconductor devices. Upon information and belief, Mr. Iacoponi was aware that the Iacoponi paper was highly material to the patentability of the claims of the '592 patent.

134.    Upon information and belief, Mr. Iacoponi did not disclose the Iacoponi paper, nor any other papers authored by him relating to the formation of contacts in semiconductor devices, to the attorneys prosecuting the '592 patent, nor to the USPTO in connection with the prosecution of the '592 patent.

135.    Upon information and belief, Mr. Iacoponi withheld the materials distributed at the VMIC conferences held between and including June of 1993 to June of 1996, including the references listed in paragraph 165 and the Iacoponi paper, from the USPTO with an intent to deceive the USPTO. Moreover, an inference of an intent to deceive the USPTO is warranted, in light of: (a) the high level of materiality of the materials presented at the 1993 to 1996 VMIC conferences, including the references listed in paragraph 165; and/or (b) the fact that the VMIC conference was well-known to those working in the field of semiconductor interconnect technology; and/or (c) the large volume of highly material information distributed at the VMIC conferences between June of 1993 and June of 1996; and/or (d) the high level of materiality of the Iacoponi paper and the fact that this paper was co-authored by the inventor himself.

136.    As such, upon information and belief, Mr. Iacoponi and/or others committed inequitable conduct, and the '592 patent is therefore unenforceable. Accordingly, STW seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the '592 patent is unenforceable.

## PRAYER FOR RELIEF

Wherefore STW prays for judgment and relief as follows:

a.    That Plaintiffs and Counterdefendants are not entitled to the relief prayed for in their Complaint, or to any relief whatsoever; and that the Complaint be dismissed with prejudice;

b.    That the Court grant STW declaratory judgment that the AMD patents have never been, and are not now, infringed by STW or by any other person using STW's products, and that STW has not induced infringement of or contributorily infringed the AMD patents;

c.    That the Court grant STW declaratory judgment that the AMD patents are invalid;

d.    That the Court adjudge this to be an "exceptional case" and award STW attorneys' fees pursuant to 35 U.S.C. § 285.

e.    That STW be awarded its costs of suit pursuant to 35 U.S.C. § 284; and

f.    That the Court order such other and further relief as the Court deems proper.

g.    That the Court grant STW declaratory judgment that AMD's '990 and '592 patents are unenforceable due to inequitable conduct.

## DEMAND FOR JURY TRIAL

STW demands a jury trial on all issues that may be so tried.

DATED: March ___, 2009                      COVINGTON & BURLING LLP


                                            /s/Robert T. Haslam
                                            ROBERT T. HASLAM
                                            Attorneys for Defendant and Counterclaimant
                                            SAMSUNG TELECOMMUNICATIONS
                                            AMERICA, INC.

STW'S FIRST AMENDED ANSWER                                    CV-08-0986-SI
AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL