# EXHIBIT 2

William H. Manning (*pro hac vice*)
E-mail: WHManning@rkmc.com
Brad P. Engdahl (*pro hac vice*)
E-mail: BPEngdahl@rkmc.com
Cole M. Fauver (*pro hac vice*)
E-mail: CMFauver@krmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

Attorneys for Plaintiffs:
Advanced Micro Devices, Inc., and
ATI Technologies, ULC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | **AMD'S RESPONSES AND OBJECTIONS TO SAMSUNG'S FOURTH SET OF INTERROGATORIES TO AMD (NOS. 23-35)**<br><br>Case No. CV-08-0986-SI |

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Advanced Micro Devices, Inc. and ATI Technologies ULC (hereinafter "AMD") hereby object and respond to Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc. Samsung Telecommunications America, LLC, Samsung Techwin Co., and Samsung Opto-Electronics America, Inc.'s (hereinafter "Samsung") Fourth Set of Interrogatories (Nos. 23-35) (hereinafter "Interrogatories") as

through the expiration date of the patent.

Pedneau '200 Patent:

Pursuant to 35 U.S.C. §§ 286 and 287, AMD will seek damages for infringement of the Pedneau patent from at least February 19, 2008 when AMD filed its Initial Complaint through the expiration date of the patent.

Orr '879 Patent:

Pursuant to 35 U.S.C. §§ 286 and 287, AMD will seek damages for infringement of the Orr patent from at least February 19, 2008 when AMD filed its Initial Complaint through the expiration date of the patent.

AMD will supplement its response to this Interrogatory when Samsung produces the additional information it is required to produce in discovery and/or the parties enter into a stipulation on this issue.

**Interrogatory No. 33:**

Identify and describe all facts or reasons why the Applicants for the '990 patent did not disclose U.S. Patent Number 5,285,421 to the Examiner responsible for examining the patent application(s) that matured into the '990 patent.

**Response to Interrogatory No. 33:**

AMD incorporates its General Objections by reference, including the objection that this Interrogatory exceeds the proper scope of discovery. AMD also objects to this Interrogatory to the extent that it seeks documents or information protected from discovery by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiving these objections, AMD states as follows:

The Cheng '990 patent applicants repeatedly and properly disclosed U.S. Patent Application No. 07/577,899 ("the '899 application") to the examiner. The Young '421 patent matured from a file wrapper continuation of the '899 application. The Young '421 patent is identical to the Young '899 application that was disclosed to the examiner in all material respects. Any information beyond these statements is not within the possession, custody, or control of AMD.

**Interrogatory No. 34:**

Identify and describe all facts or reasons why the Applicants for the '990 patent did not identify U.S. Patent Number 5,285,421 on the Information Disclosure Statement that was submitted to the U.S. Patent & Trademark Office on March 21, 1994.

**Response to Interrogatory No. 34:**

AMD incorporates its General Objections by reference, including the objection that this Interrogatory exceeds the proper scope of discovery. AMD also objects to this Interrogatory to the extent that it seeks documents or information protected from discovery by the attorney-client privilege and attorney work-product doctrine.

Subject to and without waiving these objections, AMD states as follows:

The Cheng '990 patent applicants repeatedly and properly disclosed U.S. Patent Application No. 07/577,899 ("the '899 application") to the examiner. The Young '421 patent matured from a file wrapper continuation of the '899 application. The Young '421 patent is identical to the Young '899 application that was disclosed to the examiner in all material respects. Any information beyond these statements is not within the possession, custody, or control of AMD.

**Interrogatory No. 35:**

If you contend that AMD did not have a legal obligation to disclose U.S. Patent No. 5,285,421 to the examiner responsible for examining the '990, identify all bases for your assertion including, but not limited to, any contention that the '421 patent was not material or was cumulative of prior art and the factual bases supporting any such contention.

**Response to Interrogatory No. 35:**

AMD incorporates its General Objections by reference, including the objection that this Interrogatory exceeds the proper scope of discovery. AMD also objects to this Interrogatory to the extent that it seeks documents or information protected from discovery by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving these objections, AMD states as follows:

The Cheng '990 patent applicants did not have a legal obligation to disclose U.S. Patent No. 5,285,421 to the examiner responsible for examining the Cheng '990 patent for the following reasons:

- The Young '421 patent was not material to the patentability of any of the issued claims of the Cheng '990 patent, either alone or in combination with other art of record. The Young '421 patent does not supply any of the missing elements (e.g., plurality of first registers, plurality of row decoders, selectively enabled sense amplifier circuits) that the examiner relied on in allowing the claims of the Cheng '990 patent.

- According to MPEP Rule 56, "information is material to patentability when it is not cumulative to information already of record or being made of record in the application." 37 C.F.R. § 1.56(b). The Young '421 patent is cumulative to art being made of record. AMD repeatedly and properly disclosed U.S. Patent Application No. 857,899 to the examiner during prosecution, intending that the Young '899 application be made of record. According to PTO rules, the examiner should have considered the cited Young '899 application and made it of record. The Young '421 patent is substantively identical to the cited Young '899 application.

- Additional reasons why the Cheng '990 patent applicants did not have a legal obligation to disclose the '421 patent may be discovered through information that is currently outside of AMD's possession, custody, or control.

| | |
|---|---|
| DATED: February 13, 2009 | **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.** |

By: \_\_\_/s/ Brad P. Engdahl_____

    William H. Manning
    Brad P. Engdahl
    Cole M. Fauver

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500

**ATTORNEYS FOR PLAINTIFFS
ADVANCED MICRO DEVICES, INC. AND
ATI TECHNOLOGIES, ULC**

## VERIFICATION

Kent Cooper, Patents & Licensing Director for Advanced Micro Devices, Inc. states that he has read these answers, but does not assert that he has personal knowledge of the matters that are the subject of these responses to Interrogatories (Nos. 23-35). On behalf of Advanced Micro Devices, Inc. and ATI Technologies Inc., ULC and in accordance with Rule 33 of the Federal Rules of Civil Procedures, these answers are true and correct to the best current knowledge of Kent Cooper.

*Kent D. Cooper*
Signature

Director of Patents and Licensing
Title

2/10/09
Date