William H. Manning (*pro hac vice*)
E-mail: WHManning@rkmc.com
Andrew M. Kepper (*pro hac vice*)
E-mail: AMKepper@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

John P. Bovich (SBN 150688)
E-mail: JBovich@reedsmith.com
**Reed Smith L.L.P.**
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Telephone: 415-543-8700
Facsimile: 415-391-8269

Attorneys for Plaintiffs
Advanced Micro Devices, Inc., and ATI Technologies, ULC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants. | Case No. CV-08-0986-SI <br><br> **PLAINTIFFS' OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS** <br><br> Date: April 3, 2009 <br> Time: 9:00 a.m. <br> Courtroom: 10, 19th Floor <br> Judge: The Honorable Susan Illston |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................... 1

II. BACKGROUND .......................................................................................................... 1

III. STATEMENT OF APPLICABLE LAW ................................................................... 3

IV. ARGUMENT ................................................................................................................ 4

    A. Samsung Has Offered Insufficient Evidence Of Its Diligence ......................... 4

        1. Samsung Has Not Shown That It Acted Diligently In Locating Prior Art .................................................................................................. 5

        2. Samsung Has Not Shown That It Promptly Filed Its Motion Upon Learning Of New Prior Art ............................................................ 7

        3. Arguments Or Facts Not Raised In An Opening Brief Are Waived ........................................................................................................ 9

    B. Even If Samsung Had Been Diligent, Other Factors Weigh Strongly Against A Finding Of "Good Cause" ................................................................. 9

V. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Acco Brands v. PC Guardian Anti-Theft Products, Inc.*,
  2008 WL 2168379 (N.D. Cal. May 22, 2008) .................................... 4, 5, 6, 10

*Berger v. Rossignol Ski Co., Inc.*,
  2006 WL 1095914 (N.D. Cal. April 25, 2006) ............................................ 7, 8

*Daghlian v. DeVry Univ., Inc.*,
  461 F. Supp. 2d 1121 (C.D. Cal. 2006) ............................................................ 9

*Fox v. Citicorp Credit Services, Inc.*,
  15 F.3d 1507 (9th Cir. 1994) ............................................................................ 9

*MEMC, Elec. Materials v. Mitsubishi Materials Silicon Corp.*,
  2004 WL 5363616 (N.D. Cal. Mar. 2, 2004) ................................................ 4, 8

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ..................................................................... 4, 8

*Randolph v. City of East Palo Alto*,
  2007 WL 1232057 (N.D. Cal. April 26, 2007) ................................................. 9

*West v. Jewelry Innovations, Inc.*,
  No. C07-1812, 2008 WL 4532558 (N.D. Cal. Oct. 8, 2008) ........................ 4, 5

*Yodlee, Inc. v. CashEdge, Inc.*
  2007 WL 2261566, at *3 (N.D. Cal. Aug. 6, 2007) ...................................... 6, 7

*Yodlee, Inc. v. CashEdge, Inc.*,
  2007 WL 1454259 (N.D. Cal. May 17, 2007) .................................. 3, 5, 6, 10

**Other Authorities**

Patent Local Rule 3-3 ............................................................................................ 2, 3

Patent Local Rule 3-7 ................................................................................................ 3

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

## I. INTRODUCTION

On the eve of the deadline for AMD's Opening Claim Construction Brief, Samsung asks this Court for leave to amend its invalidity contentions to include additional prior art references. Tellingly, Samsung devotes only five conclusory sentences of its brief to the threshold issue of diligence. This cursory treatment fails to establish that Samsung diligently searched for the prior art and promptly sought leave to amend its contentions once the prior art was located. Samsung's showing is deficient for the obvious reason that its efforts fall far short of the diligence necessary to obtain leave to amend. Because Samsung has not established – and cannot establish – the requisite diligence, the inquiry into whether Samsung has shown "good cause" to amend its invalidity contentions should end.

Even if Samsung had put forth a convincing showing of its diligence, AMD would be substantially prejudiced if Samsung were allowed to cure its own errors and delays through amendment. AMD has already spent considerable time and resources based on the existing invalidity contentions, and is literally days away from filing its claim construction brief. Samsung's proposed amendment – made long after it should have and could have made such a request – embodies precisely the sort of "shifting sands" approach to claim construction the Patent Local Rules are designed to prevent. Accordingly, AMD respectfully requests that the Court deny Samsung's Motion For Leave To Amend Its Preliminary Invalidity Contentions.

## II. BACKGROUND

AMD has asserted seven patents against Samsung in this case. (Dkt. ##1, 23). AMD received Samsung's Preliminary Invalidity Contentions ("PICs") relating to AMD's asserted patents on November 14, 2008. Samsung's PICs consisted of: (1) a cover pleading, which listed 225 prior art references; and (2) 47 invalidity claim charts covering only 94 of the 225 prior art references.[1] *See* Haskett Decl., Ex. 1 (Samsung's PICs).[2] The

---
[1] Samsung incorrectly states that its initial Preliminary Invalidity Contentions "consisted of lists of 255 prior art references and 29 invalidity claim charts." (Samsung Brief at 3:7-9).

- 1 -

Case No. CV-08-0986-SI

OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS

remaining 131 references were uncharted, despite Samsung's obvious awareness of them.

Samsung became aware of the Kamoshida article, which it now seeks to include in its proposed amended PICs, "shortly before the deadline for Preliminary Invalidity Contentions." Samsung Brief at 4:12; Haskett Decl., Ex. 6 (Kamoshida Article). Despite being aware of this prior art before filing its PICs, Samsung failed to chart or even list the article. Samsung then questioned John Iacoponi, the inventor of the Iacoponi '592 patent (one of the AMD patents-in-suit), at length regarding the Kamoshida article during his deposition on November 18, 2008. *See* Kepper Decl., Ex. 3 (Iacoponi Deposition Transcript at 140:22–143:4).

Upon receiving Samsung's PICs, AMD promptly informed Samsung of several fundamental omissions and deficiencies in the PICs. *See* Haskett Decl., Ex. 3 (Letter from William Manning dated November 24, 2008). First, Samsung's PICs did not clearly explain whether an identified item of prior art is anticipatory or a component of an obviousness claim as required by Patent Local Rule 3-3(a)-(b). *Id.* Second, Samsung failed to explain why one of ordinary skill in the art would have a motivation to combine the specific prior art references as required by Patent L.R. 3-3(b). *Id.* Third, instead of identifying where in its prior art references each element of each asserted claim is found as is required by Patent L.R. 3-3(c), Samsung stated that its invalidity charts merely contain exemplary combinations. *Id.*

In response, Samsung stated that it "would be willing to enter into a stipulation with AMD requiring [Samsung] to serve amended contentions providing more detailed allegations regarding motivation to combine, in return for AMD stipulating that [Samsung] may identify additional prior art references in [Samsung's] amended contentions." *See* Haskett Decl., Ex. 4 (Letter from Sam Ernst dated December 8, 2008). Samsung's offer to amend its PICs in early December of 2008 to include additional prior art suggests that it was aware *months ago* of the prior art references it now belatedly and

---

[2] The portions of the proposed amended PICs that Samsung filed on February 19, 2009 that are not "red-lined" comprise Samsung's original PICs served on November 14, 2008.

improperly seeks to add through its current motion. *See also* Samsung Brief at 3 ("AMD refused Samsung's offer, necessitating this motion.").

AMD declined to enter into the stipulation, and explained to Samsung that a stipulation was unnecessary because Samsung already had an obligation to correct the deficiencies in its PICs under Patent Local Rule 3-3(b). *See* Haskett Decl., Ex. 5 (Letter from Samuel Walling dated December 12, 2008). AMD further explained that it would continue to construe Samsung's invalidity contentions to include only the prior art references and motivations to combine that Samsung identified in accordance with the Patent Local Rules. *Id.* AMD received no response from Samsung. Notably, Samsung's proposed amended PICs do not address – much less correct – any of the deficiencies that AMD brought to Samsung's attention.

On February 19, 2009, Samsung served AMD with its Motion For Leave To Amend Its Preliminary Invalidity Contentions. (Dkt. #104).[3] Samsung's motion seeks to add eight new prior art references to its PICs: five U.S. Patents relating to the Cheng '990 patent; an article and a U.S. Patent relating to the Iacoponi '592 patent; and an article relating to the Sakamoto '893 patent. Samsung Brief at 1:23-27.

## III. STATEMENT OF APPLICABLE LAW

Samsung's Motion To Amend Its Preliminary Invalidity Contentions is made under Patent Local Rule 3-7, which requires that "[a]mendment or modification of . . . the Preliminary or Final Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of *good cause*." Patent L.R. 3-7 (emphasis added).[4] "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, at *1 (N.D. Cal. May 17, 2007) (Illston, J.) ("*Yodlee I*"). As such, the rules are

---

[3] On February 24, 2009, Samsung served a Corrected Notice of Motion for Leave to Amend Its Preliminary Invalidity Contentions that contains no substantive changes. (Dkt. #110).
[4] This action was filed by AMD on February 19, 2008. Accordingly, the Local Rules in place prior to March 1, 2008 apply to this action.

Case No. CV-08-0986-SI - 3 - OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS

"designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.*

As a threshold matter, good cause to amend requires a showing of diligence. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-67 (Fed. Cir. 2006) ("The party seeking to amend its contentions bears the burden of establishing diligence."). Specifically, the party seeking to amend its invalidity contentions must show that it: (1) acted diligently in locating the prior art, and (2) acted diligently in seeking to amend its invalidity contentions to include that prior art. *Id.* at 1366 (holding that parties in patent cases must "proceed with diligence in amending [their infringement and invalidity contentions] when new information comes to light in the course of discovery."); *see also West v. Jewelry Innovations, Inc.*, 2008 WL 4532558, at *2 (N.D. Cal. Oct. 8, 2008) ("[T]he Court also must address whether the party was diligent in discovering the basis for the proposed amendment."). Other factors such as "the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, the difficulty of locating the prior art, and whether the opposing party will be prejudiced by the amendment" may also be considered. *Acco Brands v. PC Guardian Anti-Theft Prods., Inc.*, 2008 WL 2168379, at *1 (N.D. Cal. May 22, 2008) (Illston, J.). However, if the moving party fails to show diligence, the "good cause" inquiry should end. *MEMC, Elec. Materials v. Mitsubishi Materials Silicon Corp.*, 2004 WL 5363616, at *5 (N.D. Cal. Mar. 2, 2004); *see also O2 Micro*, 467 F.3d at 1368 ("Having concluded that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to MPS.").

### IV. <u>ARGUMENT</u>

#### A. **Samsung Has Offered Insufficient Evidence Of Its Diligence**

By devoting *only* the following five sentences of its brief to the issue of diligence, Samsung falls woefully short of demonstrating good cause to amend:

> (1) Where it has been difficult for a defendant to find the prior art it seeks to add to its invalidity contentions, the Court generally takes a sympathetic view and permits

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

the amendment. *See Acco Brands*, 2008 WL 2168379, *2; *Yodlee*, 2007 WL 1454259.

(2) With respect to the prior art references Samsung seeks to add, the difficulty in finding the relevant information has been due to the sheer volume of prior art that Samsung has had to sift through and analyze. (3) All three of the AMD patents that are the subject of this motion (the '592, the '990, and the '893) come from extremely crowded fields of technology and invention. (4) The large number of prior art references that Samsung *did* identify and chart for each of those patents in its original Preliminary Invalidity Contentions provides a rough gauge of the mountains of prior art available to review. (5) Although Samsung has been working on its invalidity defenses diligently since the beginning of this case, the amount of time and effort required to identify and analyze the prior art relevant to these patents has made it a virtual certainty that at least some amendment to Samsung's invalidity contentions would be required.

Samsung Brief at 11-12 (Section III(A)(3)) (numbering added). This unsupported and conclusory explanation is insufficient to establish that Samsung was diligent in locating the prior art, and does not establish that Samsung filed its motion promptly upon learning of the prior art.

### 1. Samsung Has Not Shown That It Acted Diligently In Locating Prior Art

Samsung's demonstration of "diligence" in locating its prior art amounts to a vague invocation of the word without substance to support it. The law requires more from Samsung. In *West v. Jewelry Innovations, Inc.*, the defendant argued that good cause existed to amend its invalidity contentions because it had made "diligent inquiries" regarding prior art and those inquires "bore fruit when they did." 2008 WL 4532558, at *3. The Court rejected the defendant's argument, emphasizing that "[t]he burden is on [the party seeking amendment] to establish diligence." *Id.* Thus, as the court explained, the defendant "merely asserting that it made 'diligent' inquiries does not meet this burden." *Id.* The Court noted that the defendant had not "provide[d] any information about when or why it began the inquires, how it inquired, who its contacts in the industry were, or event [sic] what it inquired about." *Id.* Like the defendant in *West*, Samsung has not provided any specific information about when or why it made any specific inquiries,

Case No. CV-08-0986-SI - 5 - OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS

how such inquiries were made and to whom, or any other specific information that would allow this Court (and AMD) to evaluate Samsung's alleged diligence. Put simply, Samsung has failed to carry its burden of proving diligence, and its Motion should be denied on this basis alone.

In addition, Samsung's reliance on the *Yodlee I* and *Acco Brands* cases is misplaced. *See* Samsung Brief at 11 (citing *Yodlee*, *Inc.,* 2007 WL 1454259, at *2 and *Acco Brands*, 2008 WL 2168379, at *2). The Court's decision to grant leave to amend invalidity contentions in *Yodlee I* was premised on the defendant's detailed showing that *web-based* prior art was exceptionally difficult to locate. *See Yodlee, Inc. v. CashEdge, Inc.,* 2007 WL 2261566, at *3 (N.D. Cal. Aug. 6, 2007) (Illston, J.) ("*Yodlee II*") ("Good cause existed [in *Yodlee I*] to allow amendment largely because past incarnations of web-based technology may be exceptionally difficult to identify."). In *Acco Brands*, the Court's decision to grant leave to amend invalidity contentions was due to the "attendant difficulties" in locating three Apple computers from the late 1980s, where the defendant provided a detailed description of the many steps it took to locate the computers. *Acco Brands, Inc.*, 2008 WL 2168379, at *2; Kepper Decl., Ex. 1 (PC Guardian Motion at 7-13, 15-17).

Here, Samsung seeks to amend its invalidity contentions to add six U.S. Patents and two published articles as prior art. Unlike *Yodlee I* and *Acco Brands*, the difficulties inherent in locating web-based prior art or vintage Apple computers are not present here. *See Yodlee*, 2007 WL 1454259, at *2 (*Yodlee I*) ("In many fields, scholarly articles provide an easily searchable source for identifying prior art. In other fields, published patent records provide the principal means for identifying prior art.").

Furthermore, unlike the defendants in *Yodlee I* and *Acco Brands*, Samsung provides no explanation of where it searched for prior art, when it began searching, how much time it spent searching, or the types of searches it conducted. *Compare* Samsung Brief at 11-12 (Section III(A)(3)), *with* Kepper Decl., Ex. 1 (PC Guardian Motion at 7-13, 15-17), *and* Kepper Decl., Ex. 2 (CashEdge Motion at *1-3, 5). Accordingly, the Court

1 and AMD are unable to evaluate Samsung's diligence. Thus, Samsung has not only failed
2 to prove its alleged diligence, it has also failed to provide the information necessary even
3 to evaluate such claims.

4 Even if there were "mountains of prior art" as claimed, Samsung is an extremely
5 large company with vast resources. It has hired one of the largest law firms in the country
6 as litigation counsel. Samsung has been on notice of infringement of the Cheng '990 and
7 Sakamoto '893 patents for over a year and has been on notice of the Iacoponi '592 patent
8 since 2006. (Dkt. #1 at 6:14-15; 7:21-24). Samsung incorrectly states that "the amount of
9 time and effort required to identify and analyze the prior art . . . made it a virtual certainty
10 that at least some amendment to Samsung's invalidity contentions would be required."
11 Samsung Brief at 12. It was not the "amount of time and effort" itself that created the
12 need for Samsung to amend its PICs, but Samsung's own conscious decision *not to invest*
13 *the "time and effort"* necessary to identify and analyze the prior art ahead of the PICs
14 deadline. Samsung cannot now seek to avoid the consequences of that decision. *See*
15 *Berger v. Rossignol Ski Co., Inc.*, 2006 WL 1095914, at *5 (N.D. Cal. April 25, 2006)
16 (stating that carelessness does not establish good cause). Not surprisingly, Samsung offers
17 no explanation for why its prior art references could not have been discovered earlier. *See*
18 *Yodlee*, 2007 WL 2261566, at *3 (*Yodlee II*) (striking invalidity contentions where there
19 was "no explanation for why the patents, scholarly articles, and other publications it added
20 in the Amended Contentions could not have been discovered" earlier).

### 2. Samsung Has Not Shown That It Promptly Filed Its Motion Upon Learning Of New Prior Art

23 Importantly, even if Samsung could somehow establish that its efforts to locate
24 prior art were diligent, its Motion should be denied because it has not acted diligently in
25 seeking amendment. *See O2 Micro*, 467 F.3d at 1366. Indeed, other courts have refused
26 to grant leave to amend contentions for similar delays. *Id.* (holding that the district court
27 did not abuse its discretion by disallowing amendments to infringement contentions
28 brought after a three-month delay); *Berger*, 2006 WL 1095914, at *5 (denying motion to

amend based, in part, on a three-month delay and plaintiff's failure to provide "any justification for the amendment, other than mere error").

Here, Samsung was aware of the prior art it now seeks to add since at least December 8, 2008, when it attempted to obtain a stipulation from AMD allowing Samsung to add additional prior art references to its PICs. *See* Haskett Decl., Ex. 4 (Letter from Sam Ernst dated December 8, 2008). Samsung would not have proposed a stipulation allowing it to add new prior art references to its PICs at that time if it had not already located its references. Thus, Samsung could have filed its motion for leave to amend its PICs back in December of 2008, but simply chose not to do so. *See* Samsung Brief at 6:19 ("AMD refused Samsung's offer, necessitating this motion."). Such conduct hardly amounts to "diligence."

Samsung further admits that it was aware of at least some of the prior art that is now included in its proposed amended PICs prior to December of 2008. In its brief, Samsung states that it became aware of the Kamoshida article relating to the Iacoponi '592 patent "shortly before the deadline for Preliminary Invalidity Contentions." Samsung Brief at 4:12; Haskett Decl., Ex. 6 (Kamoshida Article). Despite being aware of this prior art before serving its PICs on November 14, 2008, Samsung failed to chart or even list the article in its cover pleading at that time. Samsung even questioned Mr. Iacoponi at length regarding the Kamoshida article during his deposition on November 18, 2008. *See* Kepper Decl., Ex. 3 (Iacoponi Deposition Transcript at 140:22–143:4). Now, over three months later, and without any justification for the delay, Samsung improperly seeks to amend its PICs so that this prior art is included. In short, as in *O2 Micro* and *Berger*, Samsung offers an insufficient explanation for its delay in seeking amendment. Because Samsung has failed to establish diligence, the "good cause" inquiry should end and the Court should deny Samsung's motion. *See O2 Micro*, 467 F.3d at 1368; *MEMC,* 2004 WL 5363616, at *5.

### 3. Arguments Or Facts Not Raised In An Opening Brief Are Waived

It is likely that in response to AMD's opposition brief Samsung will seek to introduce additional facts and arguments relating to diligence. Because AMD will not have an opportunity to respond, AMD points out now that any new facts or arguments introduced in Samsung's reply brief should be rejected as improper. *See Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 n.6 (9th Cir. 1994) (noting that an issue first raised in a reply brief is ordinarily not considered out of fairness to the non-moving party who has had no chance to respond); *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1144 n.37 (C.D. Cal. 2006) (noting that it is "improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those] presented in the moving papers"); *Randolph v. City of East Palo Alto*, 2007 WL 1232057, at *5 (N.D. Cal. April 26, 2007) (Illston, J.) ("[T]he Court is disinclined to consider arguments raised for the first time in a reply brief.").

### B. Even If Samsung Had Been Diligent, Other Factors Weigh Strongly Against A Finding Of "Good Cause"

Even if the Court were to look beyond Samsung's complete failure to demonstrate its diligence, Samsung's Motion for leave still should not be granted. AMD has relied on Samsung's Preliminary Invalidity Contentions for the past four months and has expended substantial time and resources doing so. AMD has identified the claim terms that it believes should be construed based on the invalidity contentions that are in place. It is possible that AMD would have proposed different claim terms or proposed different definitions for claim terms if it had known of Samsung's new invalidity positions. Although there is more time for fact discovery, the claim construction discovery deadline established by this Court has passed. (Dkt. #90 at 2:24-26).

Moreover, AMD's Opening Claim Construction Brief is due in three days. Samsung's delay in seeking to amend its invalidity contentions has "sandbagged" AMD, as AMD must now scramble to digest Samsung's new invalidity theories prior to briefing.

The timing of Samsung's motion, on the eve of claim construction briefing, and after an opportunity to fully analyze AMD's proposed claim terms and definitions, suggests that Samsung's motion was motivated by gamesmanship. *See Acco Brands*, 2008 WL 2168379, at *1 (listing gamesmanship as a factor court's consider). The inference of gamesmanship is strengthened by Samsung's unexplained delay in seeking to amend its contentions despite knowing since November of 2008 that it would need to amend its PICs. In contrast to the defendants in *Acco Brands* and *Yodlee I*, who disclosed additional prior art to opposing counsel immediately upon discovery and provided advance copies of claim charts, Samsung withheld its new prior art references and charts from AMD until the filing of its motion. *See* Kepper Decl., Ex. 1 (PC Guardian Motion at 3:9-10); Kepper Decl., Ex. 2 (CashEdge Motion at *1-2). In short, Samsung belatedly seeks an amendment that would be unfair and would cause serious prejudice to AMD, who should not be forced to react to new invalidity contentions on the eve of *Markman* briefing. This is exactly the sort of "shifting sands" approach to claim construction that has been rejected by this Court. *See Yodlee*, 2007 WL 1454259, at *1 (*Yodlee I*) (stating that the Patent Local Rules are "designed to prevent the 'shifting sands' approach to claim construction"). Accordingly, because allowing Samsung leave to amend its Preliminary Invalidity Contentions at this stage would substantially prejudice AMD, Samsung's Motion should be rejected on this basis as well.

## V. **CONCLUSION**

For all of the foregoing reasons, AMD respectfully requests that the Court deny Samsung's Motion For Leave To Amend Its Preliminary Invalidity Contentions.

| | | |
|---|---|---|
| DATED: March 13, 2009 | | Respectfully submitted, |

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _____
    William H. Manning
    Andrew M. Kepper

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500

**ATTORNEYS FOR PLAINTIFFS ADVANCED MICRO DEVICES, INC. and ATI TECHNOLOGIES, ULC**