# Exhibit G

Exhibit to the Declaration of Aaron R. Fahrenkrog in Support of Plaintiffs' Opening Claim Construction Brief

08/328,337



UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|

| EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|
|  | 20 |

**DATE MAILED:**

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined   ☑ Responsive to communication filed on 10/24/94   ☑ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), __0__ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I  THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II  SUMMARY OF ACTION**

1. ☑ Claims ___2-26___ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims ___2-26___ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

1.   Upon examination of claims 2-26 an Office action follows.

2.   The title as given in the File Wrapper Continuation is "Memories With Burst Mode Access". In an amendment filed for the parent application on March 24, 1994, the title was changed, Examiner's objection in the Office Action dated October 17, 1993, to "Memories Having A Burst Mode Sequential Access". The question arises as to which of the titles is correct for the present application.

3.   The following is a quotation of the appropriate paragraphs of 35 U.S.C. § 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

4.   Claims 2-14 and 18-20 are rejected under 35 U.S.C. § 102(b) as being anticipated by Pinkham (US Patent 4,636,986).

   Pinkham discloses a circuit for data transfer to address memory locations in a plurality of memory arrays on a single chip. Each of the arrays has an equal number of memory elements arranged in rows and columns. Row and column decoders are provided for receiving the row and column addresses. Each of the memory arrays includes read/write memory which is organized with both serial and random access. The arrays are split into two halves with an equal number of memory cells in each half to define the rows and columns of

the memory elements. Sense amplifiers are placed between the halves such that activation of one row provides an output on each of the sense amplifiers. Pinkham's disclosure as read on claims 2-4, 7-9, and 18-20.

As per the burst mode method as claimed in the instant invention, a burst mode transfer is nothing more than a beginning mode address and an ending address which is equivalent to serial transfer of information of which the reference teaches burst mode transfer to the extent of the claims. (Claims 2, 3, 6, and 7).

The "sequence of consecutive addresses" as discussed in the claims is referred to as serial addressing and is discussed throughout the prior art reference by Pinkham. Furthermore, the numbering of the address locations in either ascending or descending order is inherent when the sequence of addresses is consecutive.

With reference to the timing arrangement, tTARA and tOE as well as the elements associated with these timing characteristics, as discussed in the claim language, is inherent for all memory arrays to have memory array access times, operational times associated with the sense amplifiers to the output of memory; thereby, being sufficiently discussed in the disclosure of Pinkham. (Claims 5, 7, 10, and 13).

5.      The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having

Serial Number: 08/328,337  -4-
Art Unit: 2312

>ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
>Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. § 103, the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is advised of the obligation under 37 C.F.R. § 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of potential 35 U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.

6. Claims 14-17 and 21-26 are rejected under 35 U.S.C. § 103 as being unpatentable over Pinkham in view of Rao (US Patent 4,347,587).

Pinkham is taught as discussed above. The use of X-registers or X-decoders and Y-registers or Y-decoders is discussed by Pinkham and more explicitly detailed in the teachings by Rao.

Rao discloses a semiconductor memory device integrated circuit that has both serial and random access, similar to Pinkham. As per claims 14-17 and 21-26, the X-decoders and Y-decoders are discussed in column 3, lines 26-43 and 44-51, respectively.

It would have been obvious to one of ordinary skill in the art at the time the invention was made to have combined the split decoders, as they are split into four, in the serial/random access memory system as taught by Rao with the separately addressable memory arrays as disclosed by Pinkham for increased speed and efficiency.

Serial Number: 08/328,337 -5-
Art Unit: 2312

7.  In response to Applicant's remarks filed September 23, 1994, the prior art references by Pinkham and Rao as cited by Examiner read on the claimed invention. Moreover, Applicant's remarks about the claimed invention do not correspond to the claimed language of the instant invention.

Applicant states that the references of prior art "do not teach or suggest simultaneous transfer in different memory rows ...". This feature of the invention as Applicant cites is not apparent or identified in the specification of the instant invention. Further, the locations of the memory rows as they are numbered to locations L1 and L2, do not seem to be any different. The rows are merely interleaved. The prior art references also have rows pointing at different memory locations and as far as the applied art read, L1 and L2 are different blocks of memory, therefore, being different rows in a similar sense.

8.  Applicant's arguments filed September 26, 1994 have been fully considered but they are not deemed to be persuasive.

9.  This is a continuation of applicant's earlier application S.N. 07/836,667. All claims are drawn to the same invention claimed in the earlier application and could have been finally rejected on the grounds or art of record in the next Office action if they had been entered in the earlier application. Accordingly, **THIS ACTION IS MADE FINAL** even though it is a first action in this case. See M.P.E.P. § 706.07(b). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

Serial Number: 08/328,337 -6-
Art Unit: 2312

    A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

10. Any inquiry of a general nature relating to the status of this application should be directed to the Group receptionist whose telephone number is **(703) 305-9600. The fax phone number for this group is (703) 305-9564.**

Any inquiry concerning this communication or earlier communications from theexaminer should be directed to Sheela N. Nadig whose telephone number is (703) 305-3836. The examiner can normally be reached Monday-Thursday from 6:30 am to 5:00 pm.

/Sheela N. Nadig
January 26, 1995

DAVID L. ROBERTSON
PATENT EXAMINER
GROUP 2300