# EXHIBIT B



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|

08/393,635   02/24/95   IACOPONI         M-3165-US

| | EXAMINER |
|---|---|
| | BILODEAU, T |

D1M1/0515

| | ART UNIT | PAPER NUMBER |
|---|---|---|
| | | 2 |

PAUL J WINTERS
SKJERVEN MORRILL MACPHERSON
FRANKLIN & FRIEL
25 METRO DRIVE SUITE 700
SAN JOSE CA 95110

1107
**DATE MAILED:**

05/15/95

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined ☐ Responsive to communication filed on_____ ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.        2. ☑ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.             4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.  6. ☐ _____.

**Part II   SUMMARY OF ACTION**

1. ☑ Claims ___1 — 13_____ are pending in the application.

   Of the above, claims ___10–13_____ are withdrawn from consideration.

2. ☐ Claims_____ have been cancelled.

3. ☐ Claims_____ are allowed.

4. ☑ Claims ___1 — 9_____ are rejected.

5. ☐ Claims_____ are objected to.

6. ☑ Claims ___1 — 13_____ are subject to restriction or election requirement.

7. ☑ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
    are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____. has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

The exmainer requests the serial number of the copending application cited on pages 1 and 7 of the instant specification.

Restriction to one of the following inventions is required under 35 U.S.C. § 121:

I.      Claims 1-9 , drawn to a process, classified in Class 437, subclass 200.

II.     Claims 10-13, drawn to a product, classified in Class 257, subclass 757.

The inventions are distinct, each from the other because of the following reasons:

Inventions I and II are related as process of making and product made. The inventions are distinct if either or both of the following can be shown: (1) that the process as claimed can be used to make other and materially different product or (2) that the product as claimed can be made by another and materially different process (M.P.E.P. § 806.05(f)). In the instant case unpatentability of the Group II invention would not necessarily imply unpatentability of the group I invention, since the device of the group I invention could be made by processes materially different than those of the group I invention. For example, the contact does not require an exposure step to active free nitrogen.

During a telephone conversation with Mr. Paul Winters on 5/1/95 a provisional election was made without traverse to prosecute the invention of group I, claims 1-9. Affirmation of this election must be made by applicant in responding to this Office action. Claims 10-13 are withdrawn from further consideration by the Examiner, 37 C.F.R. § 1.142(b), as being drawn to a non-elected invention.

Because these inventions are distinct for the reasons given above and have acquired a separate status in the art as shown by their different classification, restriction for examination purposes as indicated is proper.

Claim 1-9 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

In claim 1, lines 5-6 and claim 8,line 13, the term "active free nitrogen" renders the claims unclear in scope and meaning. Does the applicant intend "active free nitrogen" to be nitrogen ionized in a plasma or is some broader interpretation intended.

It seems that claim 5 should be dependent upon claim 2, since there is no proper antecedent basis for "said dielectric" in lines 1-2.

In claim 9, it is unclear how the plasma step can precede the step of depositing the dielectric since the etching step uncovers titanium silicide and not titanium nitride which would necessarily be formed over the titanium silicide due to the plasma step.


The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having

.ordinary skill in the art to which said subject matter pertains. Patentability shall not
be negatived by the manner in which the invention was made.
Subject matter developed by another person, which qualifies as prior art only under
subsection (f) or (g) of section 102 of this title, shall not preclude patentability under
this section where the subject matter and the claimed invention were, at the time the
invention was made, owned by the same person or subject to an obligation of
assignment to the same person.

Evaluations of the level of ordinary skill in the art requires consideration of such factors as
various prior art approaches, types of problems encountered in the art, rapidity with which
innovations are made, sophistication of technology involved, educational background of those
actively working in the field, commercial success, and failure of others.

The "person having ordinary skill" in this art has the capability of understanding the scientific
and engineering principles applicable to the claimed invention. The evidence of record
including the references and/or the admissions are considered to reasonably reflect this level
of skill.

Claims 1 and 3-6 are rejected under 35 U.S.C. § 103 as being unpatentable over

Ellwanger et al [US 4851369] in view of the admitted prior art.

Ellwanger et al teach depositing a titanium layer on a silicon surface and annealing to

form titanium silicide (201); performing a second anneal in a nitrogen atmosphere to form

TiN (202) on the titanium silicide (Figures 2 and 3, col 4, line 36); forming an isolating layer

of silicon dioxide (32) over the silicide and etching a contact hole to the nitride (Figure 4, col

6, line 1-15); forming an adhesive layer (40) over the dielectric and the titanium nitride layer

(202) (Figure 5b, col 7, lines 31-51); depositing tungsten (41) on the adhesive layer

contacting the TiN by selective CVD (col 5, lines 17-32);

Ellwanger et al do not teach the Tungsten adhesive layer to be TiN. The admitted

prior art teach forming a TiN over a dielectric and into a contact hole and subsequent

tungsten deposition where the TiN acts as an adhesive layer (instant, page 2, line 30- page 3, line 4, Figure 6). It would have been obvious to have formed the adhesive layer in the process of Ellwanger et al of TiN since the admitted prior art teach such a material to be appropriate for an adhesive material for tungsten deposition in a contact forming process.

Claims 2, 8, and 9 are rejected under 35 U.S.C. § 103 as being unpatentable over Ellwanger et al in view of the admitted prior art as applied to claims 1 and 3-6 above and further in view of Japanese patent 02-231713 (Japan '713).

Ellwanger et al in view of the admitted prior art does not teach exposing the titanium silicide to a nitrogen plasma before the formation of the overlying isolating dielectric.

Japan '713 teaches forming a titanium layer on a silicon source/drain region (13); annealing the metallic titanium to form a silicide layer (14); forming a PSG layer (15) and then a contact hole over the silicon region; annealing the silicide in a plasma of ammonia to convert the top portion of the silicide to a nitride (17); forming a wiring layer (18) contacting the nitrided region (Figure 1, abstract); a second embodiment where the nitriding is performed before the formation of the PSG layer (Figure 2).

It would have been obvious to one of ordinary skill in the art to have exposed the silicide to nitriding plasma either before or after the formation of the overlying isolating dielectric in the process of Ellwanger et al in view of the admitted prior art since Japan '731 teaches either method to be appropriate for nitriding the silicide before contact formation.

Claim 7 is rejected under 35 U.S.C. § 103 as being unpatentable over Ellwanger et al

in view of the admitted prior art as applied to claims 1 and 3-6 above and further in view of

Japanese patent 04-137621 (Japan '621).

Ellwanger et al in view of the admitted prior art do not teach a temperature for

nitriding the titanium silicide to between 25 °C and 450 °C.

Japan '621 teach nitriding a titanium silicide layer (20) in a semiconductor contact

forming process where the nitriding occurs in a $N_2$ atmosphere at a temperature of 450  °C

(abstract, figure 1, page 106, col 2, third paragraph).

It would have been obvious to one of ordinary skill in the art to have performed the

silicide nitriding process in the process of Ellwanger et al in view of the admitted prior art

by the process parameters as taught by Japan '621 to be appropriate for nitriding titanium

silicide.


The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.

Nulman et al [US 5242860] teaches that titanium nitride deposition on a titanium

nitride layer may be required to achieve a desired thickness of titanium nitride (col 1, lines

38-54)


Applicant may respond to this office action by facsimile transmission as per 37 CFR

1.6(d).  Applicant is directed to 58 FR 54494 (October 22, 1993) and 1156 Off. Gaz. Pat.

Office 61 (November 16, 1993).  Also see 37 CFR 1.4(f).  The transmission should identify the serial number of the application, art unit 1107 and the name of the examiner in charge of the application as indicated below.  The facsimile numbers for group 1100 are (703)305-3599 and (703)305-3600.

     Any inquiry concerning this communication or earlier communications from the examiner should be directed to examiner Thomas Bilodeau whose telephone number is (703) 308-1090.
     Any inquiry of a general nature or relating to the status of the application should be directed to the Group Receptionist whose telephone number is (703) 308-0661.

Tbilodeau
May 2, 1995

GEORGE FOURSON
PATENT EXAMINER
GROUP 1100

```
d hist
      (FILE 'HOME' ENTERED AT 18:25:19 ON 01 MAY 95)
      FILE 'USPAT' ENTERED AT 18:25:31 ON 01 MAY 95
L1        973 (437/200,201 OR 257/757,764,768) /CCLS
L2      68459 (TITANIUM NITRIDE) OR TIN
L3       2599 (TITANIUM SILICIDE) OR TIS
L4        312 L2(P)L3
L5         94 L4 AND L1
L6      15361 (COBALT NITRIDE) OR CON
L7      22216 (COBALT SILICIDE) OR COS
L8         50 L6 (P) L7
L9          0 L8 AND L1
L10       129 (PLATINUM NITRIDE) OR PTN
L11      2464 (PLATINUM SILICIDE) OR PTS
L12         2 L10 (P) L11
L13      1686 (MOLYBDENUM NITRIDE) OR MON
L14     26824 (MOLYBDENUM SILICIDE) OR MOS
L15        12 L13(P)L14
```

```
d hist
        (FILE 'HOME' ENTERED AT 08:17:44 ON 02 MAY 95)
        FILE 'JPOABS' ENTERED AT 08:17:58 ON 02 MAY 95
L1       12310 (TITANIUM NITRIDE) OR TIN
L2         724 (TITANIUM SILICIDE) OR TISI
L3         190 L1 AND L2
L4         109 L1(10A)L2
```

INVENTOR: YUMI SUMIHARA
ASSIGNEE: NEC CORP, et al. (70)
APPL NO: 04-83969
DATE FILED: Apr. 6, 1992
PATENT ABSTRACTS OF JAPAN
ABS GRP NO: E1504
ABS VOL NO: Vol. 18, No. 77
ABS PUB DATE: Feb. 8, 1994
INT-CL: H01L 21/28

ABSTRACT:

PURPOSE:To prevent silicon atoms from being diffused in a **titanium**
**nitride** film from a **titanium** **silicide** film on the bottom of a
contact hole in the case where the titanium nitride film is formed in the
contact hole by a vapor growth method.

CONSTITUTION:A **titanium** **nitride** film 7 is formed on a
**titanium** **silicide** film 5 formed on the bottom of a contact hole,
subsequently, a titanium nitride film 8 is grown by a vapor growth
method. Silicon atoms are prevented from being diffused in the nitride
film 8 from the silicide film 5 by the nitride film 7.

INVENTOR: TOMONORI AOYAMA, et al. (1)
ASSIGNEE: TOSHIBA CORP, et al. (80)
APPL NO: 02-259039
DATE FILED: Sep. 28, 1990
PATENT ABSTRACTS OF JAPAN
ABS GRP NO: E1255
ABS VOL NO: Vol. 16, No. 408
ABS PUB DATE: Aug. 28, 1992
INT-CL: H01L 21/28; H01L 21/336; H01L 29/784

ABSTRACT:

PURPOSE:To prevent bridging on an insulator of a metallic compound and
prevent the boundary of the interface between a board and a metallic
compound layer from becoming uneven, by making larger the ratio of the
metal in a metal-semiconductor compound before nitriding than that of the
metallic compound formed finally.

CONSTITUTION:By lamp annealing in Ar, a Ti film 17 is reacted with Si on
a board surface and a TiSi layer 20 is formed. On this occasion, the
growing temperature is low, and the growing speed is also slow.
Accordingly, it is easy to control the thickness of a growing film, and
it is possible to prevent bridging securely. Next, the unreacted part of
the Ti film 17 is removed by a hydrogen peroxide solution. This makes it
possible to form a TiSi layer 20 only on an Si-exposed part
selfmatchingly. Next, N.sub.2 is plasma-discharged, a **TiN** layer 19 is
formed on the surface of the **TiSi** layer 20, and a TiSi.sub.2 layer 18

is formed under the layer 19. As TiSi is richer than TiSi.sub.2 in Ti, it is easy for nitriding to occur. And the surplus Si of TiSi left in time of nitriding is used for the formation of TiSi.sub.2, and the Si does not grow epitaxially to the side of the board.

INVENTOR: HIROSHI ONODA
ASSIGNEE: OKI ELECTRIC IND CO LTD
APPL NO: 02-94060
DATE FILED: Apr. 11, 1990
PATENT ABSTRACTS OF JAPAN
ABS GRP NO: E1184
ABS VOL NO: Vol. 16, No. 130
ABS PUB DATE: Apr. 2, 1992
INT-CL: H01L 21/28; H01L 21/336; H01L 29/784

ABSTRACT:

PURPOSE:To form high concentration junction not exceeding 0.1.mu.m by a method wherein, after forming a gate electrode in an active region on a semiconductor substrate, a TiSi.sub.x layer in specific thickness is deposited and then heat-treated in N.sub.2 or NH.sub.3 to form a TiN layer.

CONSTITUTION:The surface of an Si substrate 201 is separated into an active region 202 and field regions 203 by selective oxidizing process and after forming a gate film 204 and a gate electrode 205 on the Si substrate 201, the active region 202 is lightly doped with ions to form an ion implanted layer 206 and a sidewall 207. Next, a TiSi.sub.x layer 208 is formed on the formed structure and when heat-treated at the temperature of 900-1000.degree.C in N.sub.2 or NH.sub.3, the **TiSi**.sub.x is turned into **TiN**. Later, a **TiN** layer 209, a polycrystalline Si layer 210 are etched away. At this time, if the etching rate is decelerated down to 1/2, a single crystal Si layer 212 about 900.ANG. thick remains in source.multidot.drain part after completely etching away the TiN layer 204 and the polycrystalline Si layer 210.

INVENTOR: KOJI YAMAZAKI
ASSIGNEE: NEC CORP, et al. (10)
APPL NO: 01-52322
DATE FILED: Mar. 3, 1989
PATENT ABSTRACTS OF JAPAN
ABS GRP NO: E1007
ABS VOL NO: Vol. 14, No. 541
ABS PUB DATE: Nov. 29, 1990
INT-CL: H01L 21/28; H01L 21/90

ABSTRACT:

PURPOSE:To obtain a semiconductor substrate having excellent

characterises by heat-treating a titanium silicide in plasma which is formed by decomposing ammonia gas when a titanium nitride film is formed as a barrier film for an aluminum electrode.

CONSTITUTION:A titanium film is formed on the surface of a silicon substrate. Thereafter, heat treatment is performed, and a titanium silicide film 14 is formed. Then, heat treatment is performed in plasma which is formed by decomposing ammonia gas, and a titanium nitride film 17 is formed at least at a part of the surface of the **titanium** **silicide** film. Since the **titanium** **nitride** film 17 can be formed at low temperature in this way, redistribution of impurities in the silicon substrate 10 does not occur. The increase in resistance value of the layer due to the deterioration of the titanium silicide film 14 is avoided. In this way, the desired characteristics of the element are obtained.m

01-25572                    Jan. 27, 1989              L4: 83 of 109
                         SEMICONDUCTOR DEVICE

INVENTOR:  SHOGO KOBAYASHI
ASSIGNEE:  MATSUSHITA ELECTRONICS CORP
APPL NO:   62-181176
DATE FILED:  Jul. 22, 1987
PATENT ABSTRACTS OF JAPAN
ABS GRP NO:  E759
ABS VOL NO:  Vol. 13, No. 213
ABS PUB DATE:  May 18, 1989
INT-CL:  H01L 29/78; H01L 29/46

ABSTRACT:

PURPOSE:To manufacture with self-alignment only portions of the captioned device from a silicide structure electrode to a contact hole part by forming barrier metal **TiN** utilizing the reaction between Ti and N in **titanium** **silicide**.

CONSTITUTION:Thickness of a polysilicon gate 1 is 300nm with that of a gate oxide film 4.approx.30nm. Ti 8 is sputtered in thickness of 70nm over the entire surface of the resulting sample to form titanium monosilicide in the Ar atmosphere by lamp annealing, and non-reaction Ti on the oxide film is removed by an aqueous $H_2O_2/NH_4OH$ solution. Thereafter, it is again annealed in the Ar atmosphere. A polycided gate 9 comprises $TiSi_2/poly-Si$, while titanium silicides 10, 11 or a source-drain comprising $TiSi_2/Si$. The sample allows thereafter PSG 12 to grow to thickness of 600nm over the entire surface thereof, for the purpose of forming a contact window. The sample is further lamp- annealed through the contact window in $N_2$ gas to form a barrier metal on TiN. TiN 13 is one formed on the gate while TiNs 14, 15 those formed on the source-drain region, both having film thickness slightly less than 20nm. The TiN so formed provides an ohmic barrier metal without affecting FET characteristics.

63-12132                    Jan. 19, 1988              L4: 93 of 109
                  MANUFACTURE OF SEMICONDUCTOR DEVICE

INVENTOR:  HIROBUMI SUMI, et al. (1)
ASSIGNEE:  SONY CORP

APPL NO: 61-156496
DATE FILED: Jul. 3, 1986
PATENT ABSTRACTS OF JAPAN
ABS GRP NO: E624
ABS VOL NO: Vol. 12, No. 217
ABS PUB DATE: Jun. 21, 1988
INT-CL: H01L 21/28; H01L 21/88; H01L 29/78

ABSTRACT:

PURPOSE:To form a barrier metal without using special processes such as evaporation, by selectively forming high-melting-point metal or a compound of high- melting-point metal on a substrate, thereafter thermally treating said high- melting-point formed layer in an atmosphere including nitrogen.

CONSTITUTION:On an Si substrate 10, an SiO.sub.2 layer 11 having a hole 11a is formed. A Ti layer 12 is deposited on the SiO.sub.2 layer. Then, annealing is performed so that a part of Ti located in the hole part 11a reacts with the substrate 10. Thus a TiSi.sub.2 layer (gate electrode) 13 is formed. Then the entire Ti 12 is removed by etching using H.sub.2O.sub.2. Heat treatment is performed in an nitrogen atmosphere, and a **TiN** layer 14 is selectively formed on the **TiSi**.sub.2 layer 13 in a self-aligning manner. Thus a barrier metal layer 14 can be formed without using special processes such as evaporation.

62-61345                       Mar. 18, 1987              L4: 103 of 109
                    MANUFACTURE OF SEMICONDUCTOR DEVICE

INVENTOR: SHIZUNORI OYU, et al. (4)
ASSIGNEE: HITACHI LTD
APPL NO: 60-199408
DATE FILED: Sep. 11, 1985
PATENT ABSTRACTS OF JAPAN
ABS GRP NO: E532
ABS VOL NO: Vol. 11, No. 249
ABS PUB DATE: Aug. 13, 1987
INT-CL: H01L 21/88; H01L 21/28

ABSTRACT:

PURPOSE:To form on the surface of a substrate a **titanium** **silicide** film having a **titanium** **nitride** film on the surface thereof, by forming the **titanium** **silicide** film on the surface of a silicon substrate and by annealing same in the atmosphere of nitrogen.

CONSTITUTION:A titanium metal film 2 is deposited on the surface of a silicon substrate 1 and subjected to silicide reaction in the atmosphere of inactive gas not containing oxygen and nitrogen, so as to form a titanium silicide film 3. When annealing is applied thereto in the atmosphere of nitrogen, the **titanium** **silicide** film 3 is nitrided, and thereby a **titanium** **nitride** film 4 is formed. Subsequently, a non-oxidized thin film 5 is formed selectively and thereafter annealing is applied in an oxidizing atmosphere. Then the titanium nitride film 4 whereon the thin film 5 is not formed is oxidized, and thereby an oxynitride film 6 of titanium is formed. Afterward, the thin film 5 is

removed, and the substrate thus treated is put in an etching liquid of fluoric acid. Then the oxynitride film 6 of titanium and the titanium silicide film 3 under the film 6 are etched.
=>

The drawings submitted with this application were declared informal by the applicant. Accordingly they have not been reviewed by a draftsperson at this time. When formal drawings are submitted, the draftsperson will perform a review.

Direct any inquires concerning drawing review to the Drawing Review Branch (703) 305-8404.

| FOFM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 08/393635 | GROUP ART UNIT 1107 | ATTACHMENT TO PAPER NUMBER | 2 |
|---|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) _Iacopani et al_ | | | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| A | | 4 8 5 1 3 6 9 | 7/89 | Ellwanger et al | 437 | 200 | |
| B | | 5 2 4 2 8 6 0 | 9/93 | Wilmon et al | 437 | 200 | |
| C | | | | | | | |
| D | | | | | | | |
| E | | | | | | | |
| F | | | | | | | |
| G | | | | | | | |
| H | | | | | | | |
| I | | | | | | | |
| J | | | | | | | |
| K | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| L | | 04 1 3 7 6 2 1 | 5/92 | Japan | Aoyama | — | — | | |
| M | | 02 3 1 7 1 3 | 9/90 | Japan | Yamazaki | — | — | | |
| N | | 63 0 1 2 1 3 2 | 1/88 | Japan | Sumi | — | — | | |
| O | | 9 0 2 5 5 7 2 | 1/89 | Japan | Kobayashi | — | — | | |
| P | | | | | | | | | |
| Q | | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER _Thomas Bilodeau_ | DATE 5/2/95 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

INVENTOR:  TOMONORI AOYAMA, et al. (1)
ASSIGNEE:  TOSHIBA CORP, et al. (80)
APPL NO:   02-259039
DATE FILED:  Sep. 28, 1990
PATENT ABSTRACTS OF JAPAN
ABS GRP NO:  E1255
ABS VOL NO:  Vol. 16, No. 408
ABS PUB DATE:  Aug. 28, 1992
INT-CL:  H01L 21/28; H01L 21/336; H01L 29/784

ABSTRACT:

PURPOSE:To prevent bridging on an insulator of a metallic compound and
prevent the boundary of the interface between a board and a metallic
compound layer from becoming uneven, by making larger the ratio of the
metal in a metal-semiconductor compound before nitriding than that of the
metallic compound formed finally.

CONSTITUTION:By lamp annealing in Ar, a Ti film 17 is reacted with Si on
a board surface and a TiSi layer 20 is formed. On this occasion, the
growing temperature is low, and the growing speed is also slow.
Accordingly, it is easy to control the thickness of a growing film, and
it is possible to prevent bridging securely. Next, the unreacted part of
the Ti film 17 is removed by a hydrogen peroxide solution. This makes it
possible to form a TiSi layer 20 only on an Si-exposed part
selfmatchingly. Next, N.sub.2 is plasma-discharged, a **TiN** layer 19 is
formed on the surface of the **TiSi** layer 20, and a TiSi.sub.2 layer 18
is formed under the layer 19. As TiSi is richer than TiSi.sub.2 in Ti, it
is easy for nitriding to occur. And the surplus Si of TiSi left in time
of nitriding is used for the formation of TiSi.sub.2, and the Si does not
grow epitaxially to the side of the board.

             MANUFACTURE OF SEMICONDUCTOR DEVICE

INVENTOR:  KOJI YAMAZAKI
ASSIGNEE:  NEC CORP, et al. (10)
APPL NO:   01-52322
DATE FILED:  Mar. 3, 1989
PATENT ABSTRACTS OF JAPAN
ABS GRP NO:  E1007
ABS VOL NO:  Vol. 14, No. 541
ABS PUB DATE:  Nov. 29, 1990
INT-CL:  H01L 21/28; H01L 21/90

ABSTRACT:

 PURPOSE:To obtain a semiconductor substrate having excellent
characteriscs by heat-treating a titanium silicide in plasma which is
formed by decomposing ammonia gas when a titanium nitride film is formed
as a barrier film for an aluminum electrode.

 CONSTITUTION:A titanium film is formed on the surface of a silicon
substrate. Thereafter, heat treatment is performed, and a titanium
silicide film 14 is formed. Then, heat treatment is performed in plasma
which is formed by decomposing ammonia gas, and a titanium nitride film
17 is formed at least at a part of the surface of the **titanium**
**silicide** film. Since the **titanium** **nitride** film 17 can be
formed at low temperature in this way, redistribution of impurities in
the silicon substrate 10 does not occur. The increase in resistance value
of the layer due to the deterioration of the titanium silicide film 14 is
avoided. In this way, the desired characteristics of the element are
obtained.m

INVENTOR: HIROBUMI SUMI, et al. (1)
ASSIGNEE: SONY CORP
APPL NO: 61-156496
DATE FILED: Jul. 3, 1986
PATENT ABSTRACTS OF JAPAN
ABS GRP NO: E624
ABS VOL NO: Vol. 12, No. 217
ABS PUB DATE: Jun. 21, 1988
INT-CL: H01L 21/28; H01L 21/88; H01L 29/78

ABSTRACT:

PURPOSE:To form a barrier metal without using special processes such as
evaporation, by selectively forming high-melting-point metal or a
compound of high- melting-point metal on a substrate, thereafter
thermally treating said high- melting-point formed layer in an atmosphere
including nitrogen.

CONSTITUTION:On an Si substrate 10, an SiO.sub.2 layer 11 having a hole
11a is formed. A Ti layer 12 is deposited on the SiO.sub.2 layer. Then,
annealing is performed so that a part of Ti located in the hole part 11a
reacts with the substrate 10. Thus a TiSi.sub.2 layer (gate electrode) 13
is formed. Then the entire Ti 12 is removed by etching using
H.sub.2O.sub.2. Heat treatment is performed in an nitrogen atmosphere,
and a **TiN** layer 14 is selectively formed on the **TiSi**.sub.2 layer
13 in a self-aligning manner. Thus a barrier metal layer 14 can be formed
without using special processes such as evaporation.

INVENTOR:  SHOGO KOBAYASHI
ASSIGNEE:  MATSUSHITA ELECTRONICS CORP
APPL NO:   62-181176
DATE FILED:  Jul. 22, 1987
PATENT ABSTRACTS OF JAPAN
ABS GRP NO:  E759
ABS VOL NO:  Vol. 13, No. 213
ABS PUB DATE:  May 18, 1989
INT-CL:  H01L 29/78; H01L 29/46

ABSTRACT:

 PURPOSE:To manufacture with self-alignment only portions of the
captioned device from a silicide structure electrode to a contact hole
part by forming barrier metal **TiN** utilizing the reaction between Ti
and N in **titanium** **silicide**.

 CONSTITUTION:Thickness of a polysilicon gate 1 is 300nm with that of a
gate oxide film 4.approx.30nm. Ti 8 is sputtered in thickness of 70nm
over the entire surface of the resulting sample to form titanium
monosilicide in the Ar atmosphere by lamp annealing, and non-reaction Ti
on the oxide film is removed by an aqueous $H_2O_2/NH_4OH$
solution. Thereafter, it is again annealed in the Ar atmosphere. A
polycided gate 9 comprises $TiSi_2$/poly-Si, while titanium silicides
10, 11 or a source-drain comprising $TiSi_2$/Si. The sample allows
thereafter PSG 12 to grow to thickness of 600nm over the entire surface
thereof, for the purpose of forming a contact window. The sample is
further lamp- annealed through the contact window in $N_2$ gas to form
a barrier metal on TiN. TiN 13 is one formed on the gate while TiNs 14,
15 those formed on the source-drain region, both having film thickness
slightly less than 20nm. The TiN so formed provides an ohmic barrier
metal without affecting FET characteristics.

August 15, 1995

AUG 29 1995

GROUP 1100

Commissioner of Patents and Trademarks
Washington, D.C. 20231

Re:  Applicant(s):     John A. Iacoponi
     Assignee:         Advanced Micro Devices, Inc.
     Title:            NITROGEN TREATMENT FOR A METAL-SEMICONDUCTOR
                       CONTACT

     Serial No.:       08/393,635        Filed:  02/24/95
     Examiner:         T. Bilodeau        Group Art Unit:  1107
     Attorney Docket No.:  M-3188 US

Dear Sir:

Transmitted herewith are the following documents in the above-identified
application:

    (1)   Amendment (responding to Office Action dated 05/15/95);
    (2)   Return Postcard; and
    (3)   this transmittal sheet (in triplicate).

XX   No additional fee is required.
___  The fee has been calculated as shown below:

### CLAIMS AS AMENDED

|  | Claims Remaining After Amendment | Highest No. Previously Paid For | Present Extra | Rate | Additional Fee |
|---|---|---|---|---|---|
| Total Claims | 9 | Minus  20 | -0- | x $22 | $  -0- |
| Independent Claims | 2 | Minus  3 | -0- | x $76 | $  -0- |

___  Fee of $230 for the first filing of one or more multiple
    dependent claims per application                          $   -0-

        Total additional fee for this Amendment:      $   -0-

___  Fee for Request for Extension of Time (   months)          $   -0-

XX   Conditional Petition for Extension of Time:
    If an extension of time is required for timely filing of
    the enclosed document(s) after all papers filed with this
    transmittal have been considered, an extension of time is
    hereby requested.

XX   Please charge our Deposit Account No. 19-2386 in
    the amount of                                              $   -0-

XX   Also, charge any additional fees required and credit any
    overpayment to our Deposit Account No. 19-2386.

        Respectfully submitted,

        Paul J. Winters
        Attorney for Applicant
        Reg. No. 25,246

I hereby certify that this correspondence is being deposited with the United
States Postal Service as first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Washington, D.C., 20231, on
August 15, 1995.

Aug 15 1995
Date of Signature

Attorney for Applicant

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FAX (408) 453-7979

- 1 -          SER. NO. 08/393,635

L:\DMS\5785\M-3188_U\0140301.WP

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED

AUG 29 1995

GROUP 1100

| Applicant: | John A. Iacoponi |
| Assignee: | Advanced Micro Devices, Inc. |
| Title: | "NITROGEN TREATMENT FOR A METAL-SEMICONDUCTOR CONTACT" |

Serial No.: 08/393,635    Filed: 02/24/95

Examiner: T. Bilodeau    Group Art Unit: 1107

Attorney Docket No.: M-3188 US

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

San Jose, California
August 15, 1995

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D. C. 20231

AMENDMENT

Sir:

Responsive to the Office Action dated May 15, 1995, please amend the above-identified patent application as follows:

In the Specification

Page 1, line 9, insert --347,781-- into the space provided;

Page 6, line 27, insert --nitride-- after the second occurrence of "titanium";

Page 7, line 12, insert --347,781-- into the space provided.

In the Claims

Please amend the claims as follows. (For the Examiner's convenience, those claims not amended are reproduced below in reduced font.)

1.    (Amended)  A method for forming a contact to a semiconductor body, said method comprising the steps of:

forming a metal silicide layer on said body;

exposing said metal silicide layer to [active free] nitrogen ionized in a plasma, thereby converting a portion

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FAX (408) 453-7979

L:\DMS\5785\M-3188_U\0140136.WP

- 1 -

SER. NO. 08/393,635

5 of said metal silicide layer to a first metal nitride

7 <u>layer;</u>

8 depositing a layer of a second metal nitride over

9 said metal silicide layer <u>, such that the second metal</u>

10 <u>nitride layer overlays and engages said first metal</u>

11 <u>nitride layer</u>; and

12 depositing a layer of a second metal over said metal

13 nitride layer.

2. The method of Claim 1, further comprising the steps of:
 depositing a dielectric layer on said metal silicide layer; and
 etching contact holes through said dielectric layer to uncover
a contact area of said metal silicide layer.

3. The method of Claim 1, wherein said forming step comprises:
 depositing a first metal on said body to form a layer of said
first metal on said body; and
 annealing said layer of said first metal.

4. (Amended) The method of Claim 1, wherein said metal

1 silicide is titanium silicide <u>, and wherein the second metal</u>

2 <u>nitride is titanium nitride</u>.

5. (Amended) The method of Claim [1] <u>2</u>, wherein said

2 dielectric is an oxide of silicon.

6. The method of Claim 1, wherein said active free nitrogen is
produced by generating a plasma above said semiconductor body using a
nitrogen source gas.

7. The method of Claim 6, wherein said step of exposing is carried
out at temperatures of approximately 25°C to 450°C.

8. (Amended) A method for forming a contact to a

2 contact area on a surface of a semiconductor body, said method

3 comprising the steps of:

4 forming a titanium silicide layer on said body by

5 depositing titanium on said body to form a titanium layer

6 on said body and annealing said titanium layer;

7 depositing a dielectric layer on said titanium

8 silicide layer;

LAW OFFICES OF
SHERMAN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

2 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FA (408) 453-7979

L:\DMS\5785\M-3188_U\0140136.WP  - 2 -  SER. NO. 08/393,635

9    etching contact holes through said dielectric layer

10   to uncover <u>said</u> [a] contact area of said [titanium

11   silicide layer] <u>body</u>;

12       generating a plasma of active free nitrogen over said

13   dielectric and said contact area, thereby converting a

14   portion of said contact area to titanium nitride;

15       depositing a layer of titanium nitride over <u>and in</u>

16   <u>contact with</u> said dielectric and said contact area; and

17       depositing a layer of tungsten, by chemical vapor

18   deposition, over said dielectric and said contact area.

1    9.    (Amended)  The method of Claim [1] <u>8</u>, wherein said

2    step of generating a plasma precedes said step of depositing a

3    dielectric layer.

Claims 10-13 have been canceled due to a restriction
requirement.

REMARKS

Claims 1-13 were pending in the application.  In response
to a restriction requirement made by the Examiner, Applicant
elected to prosecute the invention of Claims 1-9; the Examiner
withdrew Claims 10-13 from further consideration.  (<u>See</u> Office
Action, page 2.)

Claims 1-9 stand rejected under 35 U.S.C. §§103 and 112.
In response to comments from the Examiner, Applicant has
amended the specification and claims to improve clarity of
expression and to identify, by serial number, a cited copending
application.  Applicant respectfully requests reconsideration.

<u>Rejections Under 35 U.S.C. § 112, Second Paragraph</u>

Claims 1-9 stand rejected section 112, second paragraph,
for indefiniteness.  The Examiner states:

> In Claim 1, lines 5-6 and Claim 8, line 13,
> the term "active free nitrogen" renders the

LAW OFFICES OF
SJ JERVIN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

75 METRO DRIVE
SUITE 740
SJ N JOSE, CA 95110
(408) 453-9200
FX (408) 453-7979

claims unclear in scope and meaning.  Does
the Applicant intend "active free nitrogen"
to be nitrogen ionized in a plasma or is
some broader interpretation intended.

(Office Action, page 3.)  In response, Claim 1 is amended to

recite the step of "exposing said metal silicide layer to

nitrogen ionized in a plasma ..."  This amendment is clearly

supported in Applicant's specification from page 5, line 36, to

page 6, line 8, which states in part "the active free nitrogen

may be produced by generating a plasma above silicon body 100

using a nitrogen source gas, such as $N_2$ or $NH_3$."

With respect to Claim 5, the Examiner points out "that

Claim 5 should be dependent upon Claim 2, since there is no

proper antecedent basis for 'said dielectric' in lines 1-2."

(Office Action, page 3.)  Claim 5 is amended to depend from

Claim 2.

Finally, the Examiner states:

in Claim 9, it is unclear how the plasma
step can precede the step of depositing the
dielectric since the etching step uncovers
titanium silicide and not titanium nitride
which would necessarily be formed over the
titanium silicide due to the plasma step.

(Ibid.)  Claim 8 is amended to overcome this rejection.


## Rejections Under 35 U.S.C. § 103

A.   *Claims 1 and 3-6*

Claims 1 and 3-6 are rejected under §103 as being

unpatentable over Ellwanger et al. ("Ellwanger") in view of the

admitted prior art.  The Examiner states that Ellwanger teaches

each step and structure of Claims 1 and 3-6 except that

Ellwanger includes a tungsten adhesive layer in place of the

metal nitride layer of Applicant's Claim 1.  The Examiner then

points out that "[t]he admitted prior art teach forming a TiN

over a dielectric and into a contact hole in subsequent

tungsten deposition where the TiN acts as an adhesive layer,"

and concludes

[i]t would have been obvious to have formed
the adhesive layer in the process of

LAW OFFICES OF
SHERVIN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

21 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
1 (08) 453-9500
FAX (408) 453-7979

L:\DMS\5785\M-3188_U\0140136.WP          - 4 -          SER. NO. 08/393,635

Ellwanger et al. of TiN since the admitted
prior art teach such a material to be
appropriate for an adhesive material for
tungsten deposition in a contact forming
process.

(Office Action, pages 4 and 5.) This rejection is respectfully

traversed in view of the following remarks.

Applicant understands the Examiner to be arguing, in

essence, that because complementary metallic layer 30 (of

Ellwanger) and titanium nitride layer 160 (of Applicant's

admitted prior art) are both appropriate adhesive materials for

tungsten, the references suggest substituting complementary

metallic layer 30 with titanium nitride layer 160. Applicant

respectfully disagrees with the Examiner's determination of

obviousness for several reasons.

First, the modification of the Ellwanger reference

suggested by the Examiner (i.e., substituting complementary

metallic layer 30 with a titanium nitride layer), would defeat

the purpose of using complementary metallic layer 30 in

Ellwanger. Complementary metallic layer 30 "serves as a

stopping layer during etching of contact openings (33) into an

isolating layer 32..." (Ellwanger, Abstract). "[T]he etching

selectivity of silicon oxide with respect to tungsten or

molybdenum exceeds a ratio of 30/1 so that the <u>complementary</u>

<u>metallic layer 30 constitutes a very effective etch stopper.</u>"

(<u>Id.</u> at col. 6, lines 22-25, emphasis added.) Because of the

superior etch selectivity of complementary metallic layer 30,

[t]he method according to the [Ellwanger]
invention ... permits terminating the step
of etching the contact openings 33 without
the risk of excessive under-etching and of
degradation of the titanium silicide.

(<u>Id.</u> at col. 6, lines 31-34, emphasis added.)

To contrast the superior etch-stopping capability of

complementary metallic layer 30, Ellwanger points to weaknesses

in prior art contact islands formed by a double layer of

titanium nitride-titanium silicide.

The etching selectivity of silicon oxide
with respect to these materials [i.e.,

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE CA 95110
(408) 453-9200
FAX (408) 453-7979

L:\DMS\5785\M-3188_U\0140136.WP

- 5 -

SER. NO. 08/393,635

      titanium nitride and titanium silicide]
      only has a ratio close to 10/1.

(Id. at col. 6, lines 26-31, emphasis added.)  Thus, Ellwanger

not only fails to teach the use of titanium nitride in place of

complementary metallic layer 30 (as pointed out by the

Examiner), but, by teaching that titanium nitride is an

inferior etch stopper as compared to tungsten or molybdenum,

Ellwanger additionally provides ample motivation for not using

titanium nitride in place of complementary metallic layer 30.

      Applicant's second reason for disagreeing with the

Examiner's determination of obviousness is that neither the

admitted prior art nor Ellwanger suggests overlaying a first

metal nitride layer with a second metal nitride layer.  Without

some suggestion of the advantages of providing two overlying

metal nitride layers, such a combination would seem to include

an unnecessary additional nitride process.

      Finally, the cited Japanese patent to Yamazaki (i.e. the

'713 patent) shows in Figs. 1 and 2 a metal contact 18

electrically connected to a silicon substrate 10 via a single

titanium nitride film 17 and a titanium silicide film 14.

There appears to be no suggestion in the '713 patent to use an

additional metal nitride layer over titanium nitride layer 17.

The absence of an additional metal nitride layer in the

structure of the '713 patent implies that the '713 reference

recognized no incentive to provide an additional metal nitride

adhesive layer over the first titanium layer at the cost of an

additional process step.

      The Federal Circuit has held on numerous occasions that

the teachings of references can be combined only if there is

some suggestion or incentive to do so.  (See, for example, ACS

Hosp. Sys. v. Montefiore Hosp., 732 F.2d 1572, 1577, 221 USPQ

929, 933 (Fed. Cir. 1984).)  As argued above, the Examiner has

pointed to no suggestion or incentive in Ellwanger or in the

admitted prior art to

LAW OFFICES OF
SKJERVEN, MORRILL,
McPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FAX (408) 453-7979

> [deposit] a layer of a second metal nitride
> over said metal silicide layer, <u>such that
> the second metal nitride layer overlays and
> engages said first metal nitride layer,</u>

as recited in amended Claim 1. To the contrary, the primary
reference, Ellwanger, teaches that titanium nitride is an
inferior etch stopper, and therefore teaches away from the
combination suggested by the Examiner. Hence, Claim 1 may not
be considered obvious over the cited references.

Claims 3-7 depend from Claim 1, and are therefore
allowable for the reasons given above for Claim 1.

Claim 4, as amended, recites "the method of Claim 1,
wherein said metal silicide is titanium silicide, and wherein
the second metal nitride is titanium nitride." Using the
method of Claim 4, a nitrogen plasma is used to form a first
layer of titanium nitride, upon which is formed a second layer
of titanium nitride. The Examiner has pointed to nothing in
the cited references that suggests that a single layer of
titanium nitride would be insufficient to provide proper
adhesion or that a second layer of titanium nitride would be
beneficial. Moreover, as pointed out above, Ellwanger teaches
away from the use of a second titanium nitride layer in place
of Ellwanger's complementary metallic layer 30. Claim 4 is
therefore not obvious over the cited references.

### B.  *Claims 2, 8, and 9:*

Claims 2, 8, and 9 are rejected under §103 as unpatentable
over Ellwanger in view of the admitted prior art as applied to
Claim 1 and 3-6 and further in view of the '713 patent.

Claim 2 depends on Claim 1, and is therefore allowable
over the cited references for at least the reasons given above
for Claim 1.

Claim 8 recites the formation of <u>two titanium nitride
layers</u>, one of which overlies the other. As argued above
regarding Claims 1 and 4, the cited references provide no
motivation for providing two contacting layers of titanium

LAW OFFICES OF
SKJERVEN, MORRILL,
MACPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FAX (408) 453-7979

nitride, and in fact teach away from such a combination. In addition, the method of Claim 8 includes the steps of

> generating a plasma of active free nitrogen over [a layer of] dielectric and [a] contact area, thereby converting a portion of said contact area to titanium nitride;
> depositing a layer of titanium nitride over <u>and in contact with</u> said dielectric and said contact area...

Using these steps, the contact area of the semiconductor body covered by two layers of titanium nitride, while the dielectric layer 130 is directly overlaid by a single layer of titanium nitride. (<u>See</u>, for example, Applicant's Figures 9-11.) None of the cited references suggest the steps necessary to provide such a structure. Therefore, Claim 8 may not be considered obvious over the cited references.

Claim 9 is dependent on Claim 8 and therefore includes the step of "depositing a layer of titanium nitride over <u>and in contact with</u> said dielectric and said contact area..." As this step is neither taught or suggested in the cited references, Claim 9 should be allowed.

C.   *Claim 7:*

Claim 7 stands rejected under §103 as being unpatentable over Ellwanger in view of the admitted prior art as applied to Claims 1 and 3-6 above and further in view of Japanese patent 04-137621. Claim 7 is dependent on Claim 1, and is therefore allowable for at least the reasons given above for Claim 1.

CONCLUSION

Claims 1-13 were pending in the present application. Claims 10-13 have been canceled due to a restriction requirement. Claims 1, 4, 5, 8, and 9 are amended. For the reasons presented above, Applicant submits that pending Claims 1-9 are now in condition for allowance. Accordingly, a Notice of Allowance is a respectfully requested.

LAW OFFICES OF
SK ERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453 9200
FAX: (408) 45 -7979

L:\DMS\5785\M-3188_U\0140136.WP          - 8 -          SER. NO. 08/393,635

If the Examiner's next action is other than allowance of the pending claims, the Examiner is respectfully requested to call Applicant's attorney at (408) 453-9200.

Respectfully submitted,

Paul J. Winters
Attorney for Applicant
Reg. No. 25,246

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C., 20231, on August 15, 1995.

Date of Signature                    Attorney for Applicant

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
408) 453-9200
FAX (408) 453-7979



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/393,635 | 02/24/95 | IACOPONI      J | | M-3188-US |

| EXAMINER |
|---|
| DILORVOLEY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1107 | 4 |

PAUL J WINTERS
SKJERVEN MORRILL MACPHERSON
FRANKLIN & FRIEL
25 METRO DRIVE SUITE 700
SAN JOSE CA 95110

DINT/1002

**DATE MAILED:** 10/02/95

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined    ☑ Responsive to communication filed on _8/18/95_    ☑ This action is made final.

A shortened statutory period for response to this action is set to expire **3** month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☑ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☑ Claims _____ **1-9** _____ are pending in the application.

     Of the above, claims _____ are withdrawn from consideration.

2. ☑ Claims _**10-13**_____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _**1-9**_____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____. has (have) been ☐ approved by the
examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

The text of those sections of Title 35, U.S. Code not included in this action can be found in a prior Office action.

Applicant's election of group I, claims 1-9, in Paper No. 3 is acknowledged. Because applicant did not distinctly and specifically point out the supposed errors in the restriction requirement, the election has been treated as an election without traverse (M.P.E.P. § 818.03(a)).

Claims 1- 9 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

In claim 1, line 10, the scope of "engages", and in claim 8, lines 15-16, the scope of "in contact with" is unclear. Does the applicant intend that the second nitride physically contacts the first nitride or that the two layers are simply electrically contacted or something else?

In claim 9, it is unclear how the plasma step can precede the step of depositing the dielectric since in claim 8, the plasma step is performed over the dielectric i.e. the dielectric is already formed when the plasma step commence. Applicant has support for nitriding the silicide before the deposition of the dielectric. However, claim 8 clearly requires the deposition to occur before the dielectric deposition step

The following is a quotation of the first paragraph of 35 U.S.C. § 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

The specification is objected to under 35 U.S.C. § 112, first paragraph, as the specification as originally filed does not provide support for the invention as is now claimed. The applicant has support for nitriding a silicide contact area, but not for nitriding a contact area broadly.

Claims 8 and 9 are rejected under 35 U.S.C. § 112, first paragraph, for the reasons set forth in the objection to the specification.

The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Evaluations of the level of ordinary skill in the art requires consideration of such factors as various prior art approaches, types of problems encountered in the art, rapidity with which

innovations are made, sophistication of technology involved, educational background of those actively working in the field, commercial success, and failure of others.

The "person having ordinary skill" in this art has the capability of understanding the scientific and engineering principles applicable to the claimed invention. The evidence of record including the references and/or the admissions are considered to reasonably reflect this level of skill.

Claims 1-6, 8, and 9 are rejected under 35 U.S.C. § 103 as being unpatentable over

Ellwanger et al [US 4851369] in view of the admitted prior art and further in view of

Japanese patent 02-231713 (Japan '713).

Ellwanger et al teach depositing a titanium layer on a silicon surface and annealing to

form titanium silicide (201); performing a second anneal in a nitrogen atmosphere to form

TiN (202) on the titanium silicide (Figures 2 and 3, col 4, lines 58-col 5, line 14); forming

an isolating layer of silicon dioxide (32) over the silicide and etching a contact hole to the

nitride (Figure 4, col 6, line 1-15); forming an adhesive layer (40) over the dielectric and the

titanium nitride layer (202) (Figure 5b, col 7, lines 31-51); depositing tungsten (41) on the

adhesive layer contacting the TiN by selective CVD (col 5, lines 17-32);

Ellwanger et al do not teach the Tungsten adhesive layer to be TiN. The admitted

prior art teach forming a TiN over a dielectric and into a contact hole and subsequent

tungsten deposition where the TiN acts as an adhesive layer (instant, page 2, line 30- page 3,

line 4, Figure 6). It would have been obvious to have formed the adhesive layer in the

process of Ellwanger et al of TiN since the admitted prior art teach such a material to be
appropriate for an adhesive material for tungsten deposition in a contact forming process.

Ellwanger et al in view of the admitted prior art does not teach exposing the titanium
silicide to a nitrogen plasma to form the TiN or forming the TiN from the silicide before the
formation of the overlying isolating dielectric.

Japan '713 teaches forming a titanium layer on a silicon source/drain region (13);
annealing the metallic titanium to form a silicide layer (14); forming a PSG layer (15) and
then a contact hole over the silicon region; annealing the silicide in a plasma of ammonia to
convert the top portion of the silicide to a nitride (17) where the plasma anneal is performed
at low temperatures which eliminates the migration of impurities in the silicon; forming a
wiring layer (18) contacting the nitrided region (Figure 1, abstract); a second embodiment
where the nitriding is performed before the formation of the PSG layer (Figure 2).

It would have been obvious to one of ordinary skill in the art to have exposed the
silicide to nitriding plasma in the process of Ellwanger et al in view of the admitted prior art
for the benefits of reduced impurity migration as taught by Japan '731.

It would have been obvious to one of ordinary skill in the art to have exposed the
silicide to nitriding plasma either before or after the formation of the overlying isolating
dielectric in the process of Ellwanger et al in view of the admitted prior art since Japan '731
teaches either method to be appropriate for nitriding the silicide before contact formation.

In light of the indefiniteness of the word "engaged" in claim 1 and "contact" in claim 8, as mentioned above, the rejection is maintained.

Claim 7 is rejected under 35 U.S.C. § 103 as being unpatentable over Ellwanger et al in view of the admitted prior art and Japan '731 as applied to claims 1-6, 8, and 9 above and further in view of Japanese patent 04-137621 (Japan '621).

Ellwanger et al in view of the admitted prior art and Japan '731 do not teach a temperature for nitriding the titanium silicide in a plasma to be between 25 °C and 450 °C.

Japan '621 teach nitriding a titanium silicide layer (20) in a semiconductor contact forming process where the nitriding occurs in a $N_2$ plasma atmosphere at a temperature of 450 °C (abstract, figure 1, page 106, col 2, third paragraph).

It would have been obvious to one of ordinary skill in the art to have performed the silicide nitriding process in the process of Ellwanger et al in view of the admitted prior art and Japan '731 by the process parameters as taught by Japan '621 to be appropriate for nitriding titanium silicide for the benefits of a low temperature process.

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Nulman et al [US 5242860] teaches that titanium nitride deposition on a titanium

nitride layer may be required to achieve a desired thickness of titanium nitride (col 1, lines

38-54)

Applicant's arguments filed 8/15/95 have been fully considered but they are not

deemed to be persuasive.

Applicant argues (page 5 and page 6, last paragraph) that it would not be obvious to

substitute the tungsten metallic layer (30) of Ellwanger which acts as an etch stop for the TiN

layer of the admitted prior art. The examiner agrees. However, in the above rejection it

was suggested that it would be obvious to substitute the TiN layer of the admitted prior art

for the adhesion layer (40), not the layer (30).

Applicant argues (page 6, first full paragraph) that there is no suggestion to overlay a

second and first nitride layer in the admitted prior art or Ellwanger. However, Ellwanger

teaches an adhesion layer (40) for tungsten which is formed over a dielectric and in a

contact hole and the admitted prior art teach that TiN is an appropriate material to serve as

an adhesion layer for tungsten which is formed over a dielectric and in a contact hole.

Combining these two references would result in two TiN layers.

Applicant argues (page 6, second full paragraph) that Yamazaki teaches forming a

single TiN layer on silicide and not two TiN layers. The examiner agrees. However,

Yamazaki was used in the combined reference to teach two elements lacking in the other

references (1) that the order of forming the dielectric and nitriding the silicide are reversible and (2) that it is advantageous to nitride a silicide in a plasma. Yamazaki was not used to teach two layers of nitride.

Applicant argues (pages 7 and 8) that there is no suggestion in the references that a second nitride layer is necessary. However, Ellwanger does teach that an adhesion layer (40) is needed for tungsten deposition on a dielectric and the admitted prior art teaches that an appropriate adhesion layer for tungsten is TiN. Hence, there is motivation from the admitted prior art to provide a second layer of TiN in Ellwanger.

Applicant's amendment necessitated the new grounds of rejection. Accordingly, **THIS ACTION IS MADE FINAL**. See M.P.E.P. § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

Art Unit: 1107

      Applicant may respond to this office action by facsimile transmission as per 37 CFR 1.6(d) (Also see MPEP 502.01). Applicant is directed to 58 FR 54494 (October 22, 1993) and 1156 Off. Gaz. Pat. Office 61 (November 16, 1993). Also see 37 CFR 1.4(f). The transmission should identify the serial number of the application, art unit 1107 and the name of the examiner in charge of the application as indicated below. The facsimile numbers for group 1100 are (703)305-3599 and (703)305-3600.

      Any inquiry concerning this communication or earlier communications from the examiner should be directed to examiner Thomas Bilodeau whose telephone number is (703) 308-1090.

      Any inquiry of a general nature or relating to the status of the application should be directed to the Group Receptionist whose telephone number is (703) 308-0661.

GEORGE FOURSON
PATENT EXAMINER
GROUP 1100

Tbilodeau
September 26, 1995

December 18, 1995



Commissioner of Patents and Trademarks
Washington, D.C. 20231

Re:  Applicant(s):     John A. Iacoponi
     Assignee:        Advanced Micro Devices, Inc.
     Title:           NITROGEN TREATMENT FOR A METAL-SEMICONDUCTOR
                      CONTACT
     Serial No.:      08/393,635        Filed: 02/24/95
     Examiner:        T. Bilodeau       Group Art Unit: 1107
     Attorney Docket No.:  M-3188 US

Dear Sir:

Transmitted herewith are the following documents in the above-identified application:

> (1)  Amendment (responding to Office Action dated 10/02/95);
> (2)  Information Disclosure Statement With Fee Under 1.17(p);
> (3)  PTO-1449 Form w/reference;
> (4)  Return Postcard; and
> (5)  this transmittal sheet (in triplicate).

**RECEIVED**

XX   No additional fee is required.

___  The fee has been calculated as shown below:

**JAN 4 1996**

**GROUP 1100**

CLAIMS AS AMENDED

| | Claims Remaining After Amendment | Highest No. Previously Paid For | Present Extra | Rate | Additional Fee |
|---|---|---|---|---|---|
| Total Claims | 9 | Minus 20 | -0- | x $22 | $ -0- |
| Independent Claims | 2 | Minus 3 | -0- | x $76 | $ -0- |

___  Fee of $230 for the first filing of one or more multiple
     dependent claims per application                              $ -0-

                    Total additional fee for this Amendment:       $ -0-

___  Fee for Request for Extension of Time (  months)             $ -0-

XX   Conditional Petition for Extension of Time:
     If an extension of time is required for timely filing of
     the enclosed document(s) after all papers filed with this
     transmittal have been considered, an extension of time is
     hereby requested.

XX   Please charge our Deposit Account No. 19-2386 in
     the amount of                                                 $ -0-

XX   Also, charge any additional fees required and credit any
     overpayment to our Deposit Account No. 19-2386.

                              Respectfully submitted,

                              Paul J. Winters
                              Attorney for Applicant
                              Reg. No. 25,246

I hereby certify that this correspondence is being deposited with the United
States Postal Service as first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks, Washington, D.C., 20231, on
December 18, 1995.

_____          _____
Date of Signature                Attorney for Applicant

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FAX: (408) 453-7979

L:\DMS\5785\M-3188_U\0154434.WP

- 1 -                    SER. NO. 08/393,635



BOX AF

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:      John A. Iacoponi

Assignee:       Advanced Micro Devices, Inc.

Title:          "NITROGEN TREATMENT FOR A METAL-SEMICONDUCTOR
                CONTACT"

Serial No.:     08/393,635      Filed: 02/24/95

Examiner:       T. Bilodeau     Group Art Unit: 1107

Attorney Docket No.:  M-3188 US

------------------------------------------------

San Jose, California
December 18, 1995

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D. C.  20231

RECEIVED

JAN 4 1996

GROUP 1100

### AMENDMENT

Sir:

Responsive to the final Office Action dated October 2,
1995, please amend the above-identified patent application as
follows:

### In the Claims

Please amend the claims as follows.  **(For the Examiner's
convenience, those claims not amended are reproduced below in
reduced font.)**

1.    (Twice Amended)  A method for forming a contact to a
semiconductor body, said method comprising the steps of:

            forming a metal silicide layer on said body;

            exposing said metal silicide layer to nitrogen
ionized in a plasma, thereby converting a portion of said
metal silicide layer to a first metal nitride layer;

            depositing a layer of a second metal nitride over
said metal silicide layer, such that [the] said second
metal nitride layer overlays and engages said first metal
nitride layer; and

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FAX: (408) 453-7979

L:\DMS\5785\M-3188_U\0148586.WP          - 1 -          SER. NO. 08/393,635



11          depositing a layer of a second metal over said <u>second</u>

12      metal nitride layer.


2.      The method of Claim 1, further comprising the steps of:
        depositing a dielectric layer on said metal silicide layer; and
        etching contact holes through said dielectric layer to uncover
a contact area of said metal silicide layer.

3.      The method of Claim 1, wherein said metal forming step comprises:
        depositing a first metal on said body to form a layer of said
first metal on said body; and
        annealing said layer of said first metal.

4.      The method of Claim 1, wherein said metal silicide is titanium
silicide, and wherein the second metal nitride is titanium nitride.

5.      The method of Claim 2, wherein said dielectric is an oxide of
silicon.

6.      The method of Claim 1, wherein said active free nitrogen is
produced by generating a plasma above said semiconductor body using a
nitrogen source gas.

7.      The method of Claim 6, wherein said step of exposing is carried
out at temperatures of approximately 25°C to 450°C.


8.      (Twice amended)  A method for forming a contact to a

<u>silicide</u> contact area on a surface of a semiconductor body,

said method comprising the steps of:

4           forming a titanium silicide layer on said body by

5       depositing titanium on said body to form a titanium layer

6       on said body and annealing said titanium layer;

7           depositing a dielectric layer on said titanium

8       silicide layer;

9           etching contact holes through said dielectric layer

10      to uncover said <u>silicide</u> contact area of said body;

11          generating a plasma of active free nitrogen over

12      [said dielectric and] said <u>silicide</u> contact area, thereby

13      converting a portion of said <u>silicide</u> contact area to <u>a</u>

14      <u>first layer of</u> titanium nitride;

15          depositing a <u>second</u> layer of titanium nitride <u>, using</u>

16      <u>vapor deposition,</u> over and in <u>physical</u> contact with said

17      dielectric and said [contact area] <u>first layer of titanium</u>

18      <u>nitride</u>; and

LAW OFFICES OF
STEVEN MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FAX (408) 453-7979

19

20

2

1

2

depositing a layer of tungsten, by chemical vapor deposition, over said dielectric and said _silicide_ contact area.

     9.    The method of Claim 8, wherein said step of generating a plasma precedes said step of depositing a dielectric layer.

## REMARKS

Pending Claims 1-9 stand finally rejected under 35 U.S.C. sections 103 and 112. In response to comments from the Examiner, Applicant has amended the claims to improve clarity of expression. Applicant respectfully requests reconsideration.

### Rejections Under 35 U.S.C. § 112, First Paragraph

The Examiner rejected Claims 8 and 9 under the first paragraph of §112. The Examiner reasons that "the applicant has support for nitriding a silicide contact area, but not for nitriding a contact area broadly." (Office Action, page 3.) In response, Claim 8 is amended to recite "A method for forming a contact to a _silicide_ contact...." (Emphasis in original to show amendment).

### Rejections Under 35 U.S.C. § 112, Second Paragraph

Claims 1-9 stand rejected under §112, second paragraph, for indefiniteness. The Examiner states:

> In Claim 1, line 10, the scope of "engages," and in claim 8, lines 15-16, the scope of "in contact with" is unclear. Does the applicant intend that the second nitride physically contacts the first nitride or that the two layers are simply electrically contacted or something else?

(Office Action, page 2.) Applicant intends that the second nitride layer physically and electrically contacts the first nitride layer. The term "engages," which in one sense means to

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

2 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-5200
FAX (408) 453-7979

L:\DMS\5785\M-3188_U\0148586.WP      - 3 -     SER. NO. 08/393,635



mesh or to come together and interlock,[1] is used to convey more than a mere touching of the two layers. As stated in Applicant's specification, the "[d]eposited titanium nitride combines with titanium nitride layer 200 to form titanium nitride layer 220" of Figure 10. (Specification, Page 7, lines 9 and 10.) Applicant respectfully submits that the phrase of Claim 1 that states "the second metal nitride layer overlays and engages said first metal nitride layer" clearly excludes the possibility of an intermediate layer between the first and second metal nitride layers.

Applicant believes that the meaning of the term "contact" in Claim 8 is clear in light of the specification and Figures. However, in an attempt to make Claim 8 even clearer, Applicant has amended Claim 8 to recite

> depositing a _second_ layer of titanium
> nitride ... over and in _physical_ contact
> with said dielectric and said _first layer_
> _of titanium nitride_ ...

(emphasis in original to show amendment). This amendment is supported in the specification and the figures in the same way that "overlays and engages" is supported for Claim 1.

With respect to Claim 9, the Examiner states:

> it is unclear how the plasma step can
> precede the step of depositing the
> dielectric since in claim 8, the plasma
> step is performed over the dielectric i.e.
> the dielectric is already formed when the
> plasma step commence [sic].

(Office Action, page 2.) In response, Applicant has amended Claim 8 so that the plasma step is not necessarily performed over the dielectric. Claim 8 now recites the step of

> generating a plasma of active free
> nitrogen over [said dielectric and] said
> _silicide_ contact area, thereby converting a
> portion of said _silicide_ contact area to _a_ .
> _first layer of_ titanium nitride ...

(Brackets and underlines in original to show excised and inserted matter.) This amendment is supported in Applicant's specification, which states "titanium silicide layer 120 may be

---

[1] _See e.g._ Webster's Ninth New Collegiate Dictionary.

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FAX (408) 453-7979

exposed to active nitrogen species before deposition of dielectric 130..." (Specification, page 7, lines 26-28).

## Rejections Under 35 U.S.C. § 103

A. *Claims 1-6, 8, and 9*

Claims 1-6, 8, and 9 are rejected under §103 as being unpatentable over Ellwanger et al. ("Ellwanger") in view of the admitted prior art and further in view of Japanese patent 02-231713 (Japan '713). Specifically, the Examiner states:

> Ellwanger et al. teach depositing a titanium layer on a silicon surface and annealing to form titanium silicide (201); performing a second anneal in a nitrogen atmosphere to form TiN (202) on the titanium silicide (Figures 2 and 3, col 4, lines 58-col 5, line 14); forming an isolating layer of silicon dioxide (32) over the silicide and *etching a contact hole to the nitride* (Figure 4, col 6, lines 1-15); forming an adhesive layer (40) over the dielectric and the titanium nitride layer (202) (Figure 5b, col 7, lines 31-51); depositing tungsten (41) on the adhesive layer contacting the TiN by selective CVD (col 5, lines 17-32).

(Office action, page 4, emphasis added to show point of contention.)

Applicant respectfully disagrees with the Examiner's summary of the Ellwanger process, and in particular with the italicized portion of the foregoing quote. As shown in Ellwanger's Figure 4, the contact is etched to the complementary metallic layer 30, and not to the nitride, as advanced by the Examiner. As stated in the reference, "[t]he area of the contact openings 33 is such that these openings expose a surface part of the complementary metallic layer 30 covering the contact islands." (Ellwanger, col. 6, lines 15-18.)

The distinction between the Examiner's summary of Ellwanger and the process taught by Ellwanger is important because the Ellwanger process results in a metallic layer 30 between adhesive layer 40 and the thin layer of titanium nitride 202, as shown in Ellwanger's Figure 5b. Moreover,

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

21 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FAX: (408) 453-7979

Ellwanger teaches that a metallic layer 30 of below 20nm "no longer completely fulfills its function of etchstopper and can exhibit discontinuities resulting from the initial phase of growth." By reciting a minimum thickness for metallic layer 30, Ellwanger clearly teaches away from eliminating metallic layer 30 to create an adhesive layer directly over the thin layer of titanium nitride 30.

Applicant's Claims 1 recites:

> A method for forming a contact to a semiconductor body, said method comprising the steps of ...
> exposing [a] metal silicide layer to nitrogen ionized in a plasma, thereby converting a portion of said metal silicide layer to a first metal nitride layer;
> depositing a layer of a second metal nitride over said metal silicide layer, <u>such that said second metal nitride layer overlays and engages said first metal nitride layer</u> ...

(Emphasis added.) As explained above with respect to the Examiner's §112, second paragraph, rejection of Claim 1, the language underlined in the foregoing quote clearly excludes the possibility of an intermediate layer between the first and second metal nitride layers.

Because the combination of references suggested by the Examiner results in a contact that includes an intermediate metal layer 30, it would not have been possible to combine the cited references to produce the structure provided by Applicant's method of Claim 1. In addition, by reciting a minimum thickness for the intermediate metallic layer, Ellwanger teaches away from eliminating the metallic layer. For at least these reasons, the method of Applicant's Claim 1 may not be considered obvious over the cited references.

The method of Claim 8 is similarly not obvious over the cited references. Claim 8, as amended, recites the steps of:

> generating a plasma of active free nitrogen over said <u>silicide</u> contact area, thereby converting a portion of said <u>silicide</u> contact area to <u>a first layer of</u> titanium nitride;

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FAX (408) 453-7979

> depositing a <u>second</u> layer of titanium
> nitride, using vapor deposition, over and
> in <u>physical</u> contact with said dielectric
> and said <u>first layer of titanium nitride</u>
> . . .

(Emphasis in original to show amendment.)  As the above-quoted language makes clear, the contact resulting from the method of Claim 8 does not include an intermediate metallic layer between the first and second titanium nitride layer; to the contrary, the second layer is deposited "over and in physical contact with ... said first layer."

The arguments put forth with respect to Claim 1 apply equally to Claim 8.  Because combining the references as suggested by the Examiner would not provide the contact resulting from Applicant's inventive methods, and because Ellwanger teaches away from eliminating the metallic layer 30 from between the adhesive layer 40 and the titanium nitride layer 202, Claim 8 may not be considered obvious over the cited references.

Claims 2-7 depend from Claim 1, and are therefore allowable for the reasons given above for Claim 1. Furthermore, Claim 9 depends on Claim 8, and is therefore allowable over the cited references for at least the reasons given above for Claim 8.

## CONCLUSION

Claims 1-9 were pending in the present application and stand finally rejected.  Applicant has amended Claims 1 and 8, and pointed out that the claims are not obvious over the cited references.  For the reasons presented above, Applicant submits that pending Claims 1-9 are now in condition for allowance; accordingly, a Notice of Allowance is a respectfully requested.

LAW OFFICES OF
SQUIRES, MORRILL,
McPHERSON, FRANKLIN
& FRIEL

15 METRO DRIVE
SUITE 710
SAN JOSE, CA 95110
(408) 451-9300
FAX (408) 451-7979

L:\DMS\5785\M-3188_U\0148586.WP          - 7 -          SER. NO. 08/393,635

If the Examiner's next action is other than allowance of the pending claims, the Examiner is respectfully requested to call Applicant's attorney at (408) 453-9200.

Respectfully submitted,

Paul J. Winters
Attorney for Applicant
Reg. No. 25,246

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C., 20231, on December 18, 1995.

_____     _____
Date of Signature                        Attorney for Applicant

LAW OFFICES OF
SNEDIVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL

15 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 453-9200
FAX (408) 453-7979

L:\DMS\5785\M-3188_U\0148586.WP          - 8 -          SER. NO. 08/393,635