ROBERT T. HASLAM (Bar No. 71134)
rhaslam@cov.com
MICHAEL K. PLIMACK (Bar No. 133869)
mplimack@cov.com
CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
chaskett@cov.com
SAMUEL F. ERNST (Bar No. 223963)
sernst@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

ALAN H. BLANKENHEIMER (Bar No. 218713)
ablankenheimer@cov.com
LAURA E. MUSCHAMP (Bar No. 228717)
lmuschamp@cov.com
JO DALE CAROTHERS (Bar No. 228703)
jcarothers@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122-1225
Telephone: (858) 678-1800
Facsimile: (858) 678-1600

Attorneys for Defendants and Counterclaimants SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG TECHWIN CO., LTD., and SAMSUNG OPTO-ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., <br><br> Plaintiffs and Counterdefendants, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants and Counterclaimants. | Case No. 3:08-CV-0986-SI <br><br> **SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS** <br><br> DATE: April 3, 2009 <br> TIME: 9:00 a.m. <br> COURTROOM: 10, 19th Floor <br> JUDGE: The Honorable Susan Illston |

## I. INTRODUCTION

As Samsung discussed in its opening brief, this Court has routinely granted leave to amend Preliminary Invalidity Contentions, especially when, as in this case, the motion is made early in the case. *See, e.g.*, *Golden Hour Data Sys., Inc. v. Health Svc. Integration, Inc.*, No C06-7477 SI, 2008 WL 2622794 (N.D. Cal. July 1, 2008). AMD asks the Court to make an exception to this practice here even though Samsung's motion was made only a short time after Samsung's discovery of additional prior art, well before the commencement of Markman briefing, and more than nine months before the close of discovery.

In support of its contention that Samsung's invalidity case should be limited to the prior art identified by Samsung in its Preliminary Contentions, AMD argues that Samsung has not been diligent in filing motions to amend its Invalidity Contentions immediately upon discovering new art. AMD's arguments, however, fail to take into account the realities of uncovering invalidity issues in a complex patent case: First, Samsung could not immediately move to amend its Invalidity Contentions after discovering each new piece of art because Samsung properly took the necessary time to analyze the art, in conjunction with its experts, before deciding that the art formed the basis for an argument of invalidity of AMD's patents. To do otherwise would be imprudent and inappropriate.

Second, although AMD makes much of the fact that Samsung had discovered (but not fully analyzed) one of the prior art references around the time that Preliminary Invalidity Contentions were due, all of the other new references were located at different times after that date. Samsung waited a short time to file its motion to amend simply to avoid troubling the Court with seriatim motions to amend its Invalidity Contentions with different pieces of prior art. To find that Samsung did not act diligently by locating, analyzing, and preparing invalidity charts for numerous prior art references over a three-month time period early in the case would have the result of requiring accused infringers to file a new motion to amend every time a single new piece of prior art was discovered.

Finally, AMD's "prejudice" argument is disingenuous, at best. The prior art that it complains about most bitterly—the art relevant to the '592 patent that Samsung located around the

1

time of the Preliminary Invalidity Contentions—has no bearing on the upcoming Markman proceedings. Neither Samsung nor AMD identified any claims terms from the '592 patent for construction, so the '592 patent is simply not at issue in the Markman proceedings. And, moreover, none of the new art that Samsung has located presents any new theories that would require a revised approach to claim construction, as AMD appears to contend. Rather, the new art simply represents further instances in which the claims of AMD's asserted patents are rendered invalid under the same claim construction theories that the parties have pursued since the beginning of the process. Although AMD makes repeated references in its brief to a "shifting sands" approach to claim construction, AMD fails to provide even one concrete example of a claim term as to which this could be the case.

## II. ARGUMENT

### A. Samsung Has Been Diligent in Pursuing and Analyzing New Prior Art References.

As explained in Samsung's opening brief, each of the three AMD patents at issue emerges from a crowded field of prior art. The number of prior art references Samsung cited and charted for each of these patents in its Preliminary Invalidity Contentions shows the breadth of the available prior art that had to be reviewed and analyzed. In the case of the '893 Patent, Samsung found and cited 24 relevant prior art references. For the '990 Patent, Samsung originally identified 32 invalidating references. And for the '592 Patent the number is even more striking: Samsung cited 54 separate prior art references in its original Preliminary Invalidity Contentions. The depth of the available prior art pool is equally daunting: for all three of the patents, Samsung has found relevant prior art references dating back a decade or more from the filing date of the applicable patent.

Samsung's efforts to review and analyze the extensive bodies of prior art began as soon as this case was filed in February of 2008. *See* Declaration of Laura Muschamp in Support of Motion for Leave to Amend Preliminary Invalidity Contentions ("Muschamp Decl."), ¶2.[1] To conduct the

---

[1] AMD attempts to cut off Samsung's right to reply to the opposition by arguing that Samsung cannot provide any more facts or arguments, even in response to issues argued by AMD in its opposition. *See* AMD Opp. at 9. AMD misapplies the rule. What the courts frown upon are attempts to introduce wholly new arguments in reply that were *not* raised in either the opening or opposition briefs. *See Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 n.6 (9th Cir. 1994)

*(Footnote continued)*

2

prior art searches, Samsung relied not only upon its outside law firm but also on specialized prior art search firms, on other outside experts, and, in some cases, on its own personnel. *See* Muschamp Decl., ¶ 4. Samsung's extensive prior art search efforts continued up to and through the date that Samsung's Preliminary Invalidity Contentions were served. *See* Muschamp Decl., ¶¶ 4-6. It was these ongoing search and analysis endeavors that led Samsung to the additional prior art it now seeks leave to add to its Preliminary Invalidity Contentions.

In arguing that Samsung has been insufficiently diligent in bringing this motion, AMD asserts that "Samsung could have filed its motion for leave to amend its PICs back in December of 2008, but simply chose not to do so." AMD Opp. at 8. AMD's argument is based on two assumptions, both of which are simply wrong. First, AMD assumes that, on December 8, 2008, when Samsung sought AMD's prospective consent to serve amended contentions, Samsung already had all of the prior art references that are the subject of this motion. While it is true that, by that time, Samsung already had found the two references that it now seeks to add to its Preliminary Invalidity Contentions for the '592 Patent, the majority of the references Samsung seeks to add were not discovered until more recently. For example, despite a diligent, ongoing search, Samsung's attorneys did not become aware of the five new references that are prior art to the '990 Patent until mid-January, which was just a month before Samsung filed its motion. *See* Muschamp Decl., ¶6.

Second, AMD seems to assume that, upon finding a potentially relevant prior art reference, Samsung could have, and should have, moved more or less instantaneously to amend its Preliminary Invalidity Contentions to include that reference. AMD Opp. at 8. There is, however, an important distinction between simply having a prior art reference in hand (which AMD suggests is all Samsung needed to file its motion) and being in a position to contend that the reference does,

---

(criticizing defendant for raising new defense in summary judgment reply brief when opening brief apparently only argued plaintiffs' failure to prove certain elements of the cause of action); *Randolph v. City of East Palo Alto*, 2007 WL 1232057 (N.D. Cal. 2007) (defendants reply brief raised new argument). In this case, by contrast, Samsung did contend in its opening brief that it was diligent in pursuing additional prior art references. Samsung's reply is directly responsive to AMD's opposition and does not represent any improper 'shifting of gears.' *Cf.* AMD Opp. at 9.

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS
CV-08-0986-SI

in fact, bear on the invalidity of an asserted patent. It is the latter that is required. And in order to arrive at that point for each of the prior art references Samsung now seeks to add to its contentions, a substantial amount of work was needed. Samsung's attorneys were required to spend time analyzing the prior art references and drafting detailed invalidity claim charts. Moreover, the attorneys had to consult with Samsung's outside technical experts and with Samsung itself concerning the proposed amendments.

Finally, by waiting a short time before seeking leave to amend the Preliminary Invalidity Contentions on February 19, Samsung avoided the necessity of filing serial motions for leave to amend. For example, although Samsung might have been in a position to move for leave to add the references relevant to the '592 Patent to its invalidity contentions by December, as AMD insists it should have done, Samsung was, at that time, still in the process of reviewing and analyzing other pieces of prior art that had come to light more recently, and which it was not yet in a position to assert. *See* Muschamp Decl., ¶¶4-6. As Samsung believed that it would need to seek leave to add other invalidity contentions in the near future, it was entirely reasonable for Samsung not instantly to file a motion for leave to add the '592-related references, only to have to seek leave to amend a second or third time after its later-discovered prior art references had been analyzed.

The three months that passed between the time Samsung filed its original Preliminary Invalidity Contentions and the bringing of this motion is reasonably accounted for by the combination of (1) the difficulty in locating prior art references among the crowded fields occupied by AMD's patents, of which some references have only become apparent as discovery has progressed; (2) the need for careful and thorough analysis before asserting invalidity contentions; and (3) the need to avoid serial motions for leave to amend. Samsung and its attorneys and experts have acted diligently throughout, and particularly in the context of a motion made at this early stage of the case, AMD cannot show that more is required. *See Golden Hour*, 2008 WL 2622794, *4-5.

**B. All of the Other Factors Considered by the Court Also Favor Granting Leave to Amend.**

As this Court has ruled several times in the past, the diligence of the moving party is but one of several factors to be considered in the context of the motion for leave to amend preliminary

contentions. *See Yodlee, Inc. v. CashEdge, Inc.,* No. C05-01550 SI, 2007 WL 1454259, *2-3; *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods.*, No. C04-03526 SI, 2008 WL 2168379, *1. And indeed, it appears that—contrary to AMD's portrayal of diligence as a "threshold" issue—this Court does not even view diligence as the most important of the factors. *See Yodlee*, 2007 WL 1454259, *3 (referring to lack of prejudice as "most important[]" consideration in granting leave to amend); *Golden Hour*, 2008 WL 2622794, *5 (allowing amendment even though moving party "could have raised these [amended] contentions at an earlier date" because there was no prejudice to opposing party). All three of the other factors strongly favor granting Samsung leave to amend its invalidity contentions.

First, AMD does not even attempt to refute the relevance and materiality of Samsung's proposed additional prior art references. Instead, conceding by silence that the prior art references are relevant, AMD hopes they can be "avoided on the basis of…mere technicalities," a tactic this Court has rejected in the past. *Golden Hour*, 2008 WL 2622794, *4. With regard to the other two factors—the potential for prejudice and the prevention of gamesmanship—AMD's arguments are unpersuasive.

Trying to muster up a plausible prejudice argument to oppose Samsung's motion even though fact discovery is not due to close for another eight months and expert discovery has not yet begun, AMD has seized upon the upcoming claim construction proceedings. Samsung notes again, as it did in its opening brief, that this argument is entirely beside the point with regard to the additional prior art references relevant to the '592 Patent because there are *no* terms from the '592 Patent selected for claim construction during the Markman process by either side. AMD tries to sidestep this inconvenient fact by saying that, had it known of Samsung's proposed additional prior art references earlier, "it is *possible* that AMD would have proposed different claim terms.…" AMD Opp. at 9 (emphasis added). But this argument is belied by the fact that AMD admits that it has known of the Kamoshida reference—the reference about which AMD complains most—since the deposition of the '592 inventor, John Iacoponi, on November 18, 2008. Moreover, AMD does not point to any specific prejudice, nor any particular term from the '592 Patent that it would have added to the claim construction process. If the original 54 prior art references and eight claim

5

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS
CV-08-0986-SI

1 | charts for the '592 Patent included in Samsung's original Preliminary Invalidity Contentions were
not sufficient to make AMD include terms from that patent for claim construction, it is implausible
that the two additional references Samsung now seeks to add would have changed that decision.

AMD's Markman-based prejudice argument for the other two patents at issue—which, tellingly, is only made implicitly—is equally weak. For the '990 Patent, two of the prior art references Samsung seeks to add relate to a claim limitation (for accessing "at least two locations L1 and L2 in different rows having different row addresses") that does not contain any terms selected for construction. As with the '592 Patent, AMD already knew that Samsung was attacking this limitation of the '990 Patent: Samsung's original invalidity contentions included no fewer than 10 references that had some relationship to this limitation. The other three prior art references Samsung seeks to add relate to a different limitation, "selectively enabling said sense amplifier circuits," which includes terms already selected for construction by the parties. But again, it is implausible that, if AMD had seen Samsung's amended contentions regarding the new references earlier, it would have taken a different position on the meaning of the terms. By the time AMD formulated its proposed construction of the term, which, it is worth remembering, should not be slavishly dictated by the content of prior art references in the first place, it already had 15 prior art references that Samsung contends are relevant to this limitation. Similarly, the one new reference Samsung seeks to add for the '893 Patent is an anticipating reference, which joins five other prior art references Samsung has already cited and charted as teaching one or more elements of the asserted claims.

AMD's effort to show that Samsung is intentionally "sandbagging" AMD with the timing of these proposed amendments is also misleading. First, AMD's brief states that its opening claim construction brief is "due in three days," implying that that is all the time it had to review and incorporate Samsung's amended invalidity contentions. AMD Opp. at 9. In fact, Samsung's amendments were served on February 19, which was nearly a month prior to the March 13 filing date for the opening claim construction briefs. If AMD had felt the need to adjust its arguments in response, it certainly would have had time to do so. Further, AMD's assertion that "Samsung *withheld its new prior art references* and charts from AMD until the filing of its motion" is not true.

6
REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND PRELIMINARY INVALIDITY CONTENTIONS
CV-08-0986-SI

*See* AMD Opp. at 10 (emphasis added). Although the invalidity claim charts were served on AMD along with the motion to amend, the prior art references themselves—which put AMD on notice of the existence of the invalidating prior art and the need to counter it—were produced to AMD earlier than that. As AMD has pointed out in its own brief, the Kamoshida article (one of the references Samsung seeks to add to its contentions for the '592 Patent) was provided to AMD in the context of Mr. Iacoponi's deposition in November of last year. AMD Opp. at 8. The other prior art references were produced to AMD as Samsung concluded they were relevant to invalidity, and before Samsung filed this motion.[2] *See* Declaration of Christopher Longman in Support of Samsung's motion for Leave to Amend Preliminary Invalidity Contentions ("Longman Decl."), Exs. 1-3.

Finally, in accusing Samsung of practicing the "'shifting sands' approach to claim construction," AMD misapplies the rule. AMD Opp. at 10. What the prohibition on "shifting sands" generally refers to is an attempt by a party to change its position on infringement or invalidity *after* a claim construction ruling has issued. *Cf. LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (reviewing cases); *see Yodlee*, 2007 WL 1454259 (finding no gamesmanship when there had been no substantive rulings between the moving party's original contentions and motion for leave to amend). In other words, the Court is understandably reluctant to allow a party to amend its contentions in order to overcome an adverse ruling on claim construction or some other substantive ruling. This is not an issue here, as there has been no such ruling in this case. Moreover, Samsung's proposed amendments do not represent a "shift" in its positions at all. Indeed, it is Samsung's contention that the new prior art references Samsung seeks to add by this motion—like all of the prior art references cited in Samsung's original Preliminary Invalidity Contentions—render various claims of AMD's asserted patents invalid under the claim constructions already proposed by the parties. In short, there has been no shifting of positions, and there is no sound basis to deny Samsung's motion for leave to amend its contentions.

---

[2] The Nishimatsu reference (related to the '893 Patent) was produced on January 13, 2009. Longman Decl., Ex. 1. Two of the new prior art references relevant to the '990 Patent were produced on January 26; the other three were produced on February 12. *Id.*, Exs 2,3. The '126 Patent (the other new references relevant to the '592 Patent) was produced on January 26. *Id.* Ex. 2.

## III. CONCLUSION

For all of the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's Motion for Leave to Amend its Preliminary Invalidity Contentions.

DATED: March 20, 2009

COVINGTON & BURLING LLP

By */s/ Christine Saunders Haskett*
CHRISTINE SAUNDERS HASKETT

Attorneys for Defendants and Counterclaimants SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG TECHWIN CO., LTD., and SAMSUNG OPTO-ELECTRONICS AMERICA, INC.