# COVINGTON & BURLING LLP

333 TWIN DOLPHIN DRIVE
SUITE 700
REDWOOD SHORES, CA 94065-1418
TEL 650.632.4700
FAX 650.632.4800
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

ROBERT T. HASLAM
TEL 650.632.4702
FAX 650.632.4802
RHASLAM @ COV.COM

March 27, 2009

Hon. Susan Illston
U.S. District Court, Northern District
450 Golden Gate Avenue
San Francisco, CA 94102

Re: Advanced Micro Devices, Inc., et al. v. Samsung Electronics Co., Ltd., et al.,
Case No. C 08-00986 SI

Dear Judge Illston:

      We write regarding the Court's March 9, 2009 Order Re: AMD's Recent Discovery Requests. In that Order, the Court ordered Samsung to produce certain firmware source code by March 30, 2009. Samsung requests a short extension of that deadline to allow for further negotiation between and among Samsung, AMD, and a third party, Qualcomm, Inc., regarding the terms of an appropriate protective order covering the source code. Samsung is ready to produce the required firmware source code to AMD as soon as the protective order is finalized.

      Similar to other types of highly sensitive technical materials that Samsung has produced in this case, the source code that Samsung will produce consists of highly confidential, extremely valuable trade secret material that would cause enormous harm to Samsung if the access to it were not adequately controlled. For that reason, the parties have already negotiated an addendum to the protective order in this case that would provide that Samsung's source code will be provided on a stand-alone, non-networked computer in the San Francisco office of Samsung's outside counsel.

      In the course of identifying the source code to be produced to AMD in accordance with the Court's Order, however, Samsung determined that certain of that source code in Samsung's possession consists of source code obtained from Qualcomm, Inc. under a confidentiality agreement between Samsung and Qualcomm. Samsung is unable to provide this source code to AMD without Qualcomm's consent, and Samsung has requested that consent. Qualcomm has informed Samsung that it will require certain additional protections to be inserted into the protective order before it will provide its consent to the production. These additional protections consist of the following requirements:

- printouts of source code must be on watermarked, pre-Bates-numbered paper, with counsel for Samsung keeping the originals and copies provided on watermarked paper to AMD;

- AMD's counsel may request up to 10 printed copies of source code, with no further photocopies to be made;

SV: 19176-4

- no continuous block of source code shall be printed that exceeds 10 printed pages, except that AMD may request to print blocks that exceed 10 printed pages, which requests Samsung shall not unreasonably deny;

- printouts of source code shall be kept in a locked storage container when not in use;

- hard copies of the source code shall not be scanned using optical character recognition ("OCR") technology;

- AMD shall keep a log showing who received the source code printouts, which log shall be provided to Samsung after the case is over; and

- experts with access to the source code may not engage in commercial software development relating to wireless encryption and microprocessor technology for one year after the case is over.

None of these requirements are onerous or extreme, given the highly sensitive nature of the material that AMD has demanded. Furthermore, all of these requirements were previously ordered by the United States District Court for the Eastern District of Texas in another case involving Qualcomm, Samsung, Nokia, RIM, Palm, and others.[1]

AMD, however, has indicated that it will not accept these additions to the protective order. And although the parties are continuing to negotiate over the protective order provisions, AMD has informed Samsung that it expects production of all of the source code this Monday, March 30, regardless of whether the parties have reached agreement on the protective order.

Accordingly, Samsung requests that the Court provide Samsung with a short extension to provide the source code to AMD, just until the parties and Qualcomm are able to agree on the terms of the protective order. Samsung intends to work diligently on this issue with AMD but simply cannot produce information so sensitive and centrally relevant to its core trade secrets without a protective order in place.

Respectfully submitted,

/s/ *Robert T. Haslam*
Robert T. Haslam

---

[1] Although the additional provisions have been driven primarily by third-party requirements, AMD should agree to these provisions for all of the source code that Samsung will be producing. It would be highly impractical for the parties to operate under one set of provisions for Samsung code and another set of provisions for Qualcomm code, particular given that all of the code will be accessed on the same stand-alone computer.