**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

WILLIAM H. MANNING
612-349-8461

March 29, 2009

Hon. Susan Illston
United States District Court
Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Advanced Micro Devices, Inc. v. Samsung Electronics Co., Ltd. et al.*
Case No. CV-08-0986-SI

Dear Judge Illston:

Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies ULC (collectively "AMD") respectfully oppose Defendants' (collectively "Samsung") request for a delay in their production of firmware source code ordered by the Court on March 9, 2009 (Dkt. 119), and request that the Court enforce its Order and direct immediate production of the code in accordance with the provisions of the attached Second Addendum to the Joint Stipulated Protective Order.

Samsung's request for an additional delay in making its production follows Samsung's pattern of failing to provide timely production of documents in response to legitimate discovery requests, numerous meet-and-confers, and now Court orders. The following timeline details the course of AMD's attempts to discover source code important to AMD's infringement proof for U.S. Patent No. 6,784,879:

| | |
|---|---|
| **May 9, 2008** | AMD serves requests for user interface source code. |
| **October 15, 2008** | Samsung objects to AMD's discovery requests and refuses to produce source code. |

| October 2008 – February 2009 | The parties repeatedly correspond and meet-and-confer about source code, but Samsung refuses to produce. |
|---|---|
| **February 17, 2009** | AMD files its motion to compel firmware source code. |
| **March 9, 2009** | The Court orders Samsung to produce firmware source code. |
| **Wednesday, March 25, 2009** | The parties tentatively agree to Second Addendum to the Protective Order regarding materials designated "Highly Confidential – Restricted Access Only." |
| **Thursday, March 26, 2009** | Samsung first suggests that Qualcomm source code might affect the terms of the Protective Order. |
| **Friday, March 27, 2009** (approximately 10:00 a.m. PDT) | Samsung requests, for the first time, that AMD agree to onerous requirements in order to receive production of *any* firmware source code. |
| **Friday, March 27, 2009** (approximately 6:00 p.m. PDT) | Samsung requests that the Court extend the deadline for firmware source code production indefinitely. |
| **Monday, March 30, 2009** | Samsung must produce firmware source code in response to the Court's March 9 order. |

Samsung has demonstrated that it will postpone its production of firmware source code as long as possible. If the Court grants Samsung's request for an extension, Samsung will have no incentive to negotiate the terms of the Protective Order in a reasonable manner.

The Second Addendum to the Protective Order that the "parties have already negotiated," as discussed in the second paragraph of Samsung's letter, is the version referenced above on Wednesday, March 25, 2009. AMD was, and is, willing to enter that Addendum, which specifies production at the offices of Samsung's outside counsel, without the restrictions listed as bullet points in Samsung's letter to the Court. Samsung now has backed out of that addendum and deferred to a not-produced "confidentiality agreement" with Qualcomm, a third-party that has not participated in negotiations with AMD. On the last business day before it must produce source code, Samsung demanded that in exchange for Samsung's compliance with the Court's order, AMD must agree to comply with the several onerous requirements listed as bullet points in Samsung's letter.

Despite Samsung's characterization that "[n]one of these requirements are onerous or extreme," several of Samsung's bullet points impose unreasonable restrictions on AMD's ability to pursue its infringement case. First, Samsung seeks to apply the restrictions to its entire production of source code, despite its representation to AMD that the Qualcomm issues apply only to some cell phones. A "confidentiality agreement" that applies only to Qualcomm cell phone source code cannot serve as a basis to restrict AMD's access to source code for televisions, camcorders, digital cameras, and non-Qualcomm phones.

Second, the restrictions give Samsung access to AMD's work product. AMD has the right to develop its case without intrusion into its attorney work product. Samsung's first bullet point gives Samsung access to all original copies of AMD's printouts of Samsung's source code. This provision will allow Samsung to know exactly which portions of code AMD's attorneys and experts have selected to print, which invades AMD's work product protection. In contrast, Samsung assured the Court on September 2, 2008 (Dkt. #74), that restrictions on access to materials at the offices of Samsung's counsel "will not allow Samsung or [its counsel] to know what portions of the database AMD's experts review."

Similarly, Samsung's third bullet point requires AMD to "request to print blocks [of source code] that exceed 10 printed pages, which requests Samsung shall not unreasonably deny." AMD will have to tell Samsung which pages AMD wants to print to follow this rule. Again, Samsung will have a window into AMD's theories and development of its case. AMD cannot accept the first and third bullet points in Samsung's letter.

As a third unreasonable requirement, Samsung's seventh bullet point prevents any AMD expert from reviewing the source code unless the expert agrees not to pursue any "commercial software development relating to wireless encryption and microprocessor technology for one year after the case is over." The scope of the preclusion far exceeds the scope of the source code that Samsung must produce. The Court did not require Samsung to produce RTL source code for the microprocessors and other components used in Samsung's products. Samsung's attempt to preclude AMD's experts from developing software for "wireless encryption" and "microprocessor technology" does not relate to the user interface source code that must be produced. If AMD's expert cannot agree to Samsung's overbroad restriction, Samsung will have prevented AMD from working with the expert it disclosed to Samsung in September 2008.

In contrast, since November 2008, Samsung has had source code for AMD's microprocessors in its possession without any similar restriction on Samsung's experts. That AMD code has been produced at the offices of *Samsung's* outside counsel, not

AMD's outside counsel. To impose Samsung's newly proposed burdens on AMD's review of source code in addition to the requirement that the review occur at Samsung's counsel's offices is unfair.

In sum, AMD cannot agree to Samsung's first, third, and seventh bullet points which impose undue restrictions on AMD's preparation of its case. AMD is willing to compromise to some additional burdens, however, if Samsung's production is made at AMD's outside counsel's offices in Palo Alto, California, instead of at the offices of Samsung's counsel in San Francisco. AMD will agree to the following restrictions in Samsung's bullet points:

- printouts of source code must be on watermarked paper;

- AMD's counsel may produce up to 10 printed copies of source code, with no further photocopies to be made;

- printouts of source code shall be kept in a locked storage container when not in use;

- hard copies of the source code shall not be scanned using optical character recognition ("OCR") technology; and

- AMD shall keep a log showing who received the source code printouts, which log shall be provided to Samsung after the case is over.

Production at AMD's counsel's offices in Palo Alto will facilitate review by AMD's experts and minimize the number of printouts and copies of source code that must be made. It also will conform to the way AMD's microprocessor source code has been produced: at the offices of the Requesting Party's outside counsel.

AMD has attached its proposed Second Addendum to the Protective Order reflecting these conditions. It differs from the version the parties "already negotiated" on Wednesday, March 25, by adopting the restrictions listed above and expressly acknowledging the Court's authority to compel production at AMD counsel's offices in Palo Alto.

The Court's Order requires Samsung to produce source code on Monday, March 30. The parties tentatively had agreed to an addendum to the Protective Order on Wednesday, March 25. Samsung backed out of that addendum on Thursday. AMD received Samsung's new proposal at 10:00 a.m. PDT on Friday. At 6:00 p.m. PDT on Friday, Samsung asked the Court to approve Samsung's delay tactics and extend the production deadline indefinitely. AMD requests that the Court deny Samsung's request

and order Samsung to immediately produce the code at the offices of Reed Smith LLP in Palo Alto, California, subject to the additional restrictions listed above. AMD has attached a proposed Order to that effect.

           Respectfully submitted,

           ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

           William H. Manning

Enclosures

cc: Robert Haslam (counsel for Defendants)
   Michael Plimack (counsel for Defendants)
   Christine Saunders Haskett (counsel for Defendants)
   Alan Blankenheimer (counsel for Defendants)
   Brad P. Engdahl (counsel for Plaintiffs)