# EXHIBIT 16



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/660,522 | 02/25/91 | SAKAMOTO | S | AMD17979MCF/ |

MARTIN C. FLIESLER
FLIESLER, DUBB, MEYER & LOVEJOY
FOUR EMBARCADERO CTR., STE 400
SAN FRANCISCO, CA 94111-4156

| EXAMINER |
|---|
| LOKE, S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2508 | 12 |

DATE MAILED: 05/19/92

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined  ☒ Responsive to communication filed on 3/9/92  ☒ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), __—__ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I** THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☒ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II** SUMMARY OF ACTION

1. ☒ Claims _____1 — 6_____ are pending in the application.

    Of the above, claims _____5 — 6_____ are withdrawn from consideration.

2. ☒ Claims _____3 has_____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _____1, 2, 4_____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
    are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☒ The proposed drawing correction, filed on 3/9/92, has been ☐ approved. ☒ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 9-89)

07/660522

The following is a quotation of the first paragraph of 35

U.S.C. § 112:

> The specification shall contain a written description of the
> invention, and of the manner and process of making and using
> it, in such full, clear, concise, and exact terms as to
> enable any person skilled in the art to which it pertains,
> or with which it is most nearly connected, to make and use
> the same and shall set forth the best mode contemplated by
> the inventor of carrying out his invention.

The specification is objected to under 35 U.S.C. § 112,

first paragraph, as the specification, as originally filed, does

not provide support for the invention as is now claimed.   The

specification and the figure disclose the depth of the concave is

formed below the depth of the source and drain regions.   They

never disclose the depth of the concave is set to a value which

ranges between the depth of the first and second impurity regions

(source and drain regions) and its twofold.

Claims 1-2 and 4 are rejected under 35 U.S.C. § 112, first

paragraph, for the reasons set forth in the objection to the

specification.

The following is a quotation of the appropriate paragraphs
of 35 U.S.C. § 102 that form the basis for the rejections under
this section made in this Office action:

> A person shall be entitled to a patent unless --
> (b) the invention was patented or described in a printed
> publication in this or a foreign country or in public use or
> on sale in this country, more than one year prior to the
> date of application for patent in the United States.

Claims 1-2 and 4 insofar, as in compliance with 35 USC 112,

are rejected under 35 U.S.C. § 102(b) as being clearly

anticipated by Takeda et al.

Takeda et al discloses an insulated gate field effect device
in fig. 1.  It comprises:

A first main conductivity type semiconductor substrate
having a main surface,

said semiconductor substrate having a concave with a curved
surface formed on said main surface;

an insulating film formed on the main surface including said
concave;

first and second impurity regions of a second conductivity
type formed in the vicinity of said main surface of said
semiconductor substrate, and at one side and the other side of
said concave, respectively,

said first conductivity type region of said semiconductor
substrate between said first and second impurity regions having a
channel region formed along said concave; and

a conductive layer formed above said channel region with
said insulating film interposed therebetween;

the depth of the concave is formed below the depth of the
source and drain.

The drawings are objected to because figs. 6-9 should be
labeled as "prior art".  Correction is required.

The words that are being deleted or inserted cannot be found
on page 1, line 10, page 5, line 17, page 8, line 6 in the

amendment filed on 3/9/92.

This application contains claims 5-6 are drawn to an invention non-elected with traverse in Paper No. 7.  A complete response to the final rejection must include cancellation of non-elected claims or other appropriate action (37 C.F.R. § 1.144) M.P.E.P. § 821.01.

Applicant's arguments with respect to claims 1, 2 and 4 have been considered but are deemed to be moot in view of the new grounds of rejection.

Applicant's amendment necessitated the new grounds of rejection.  Accordingly, THIS ACTION IS MADE FINAL.  See M.P.E.P. § 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).


A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

Any inquiry concerning this communication should be directed to Loke at telephone number (703) 308-4920.

Loke/RPH
May 13, 1992

William Mintel
**WILLIAM MINTEL**
**PRIMARY EXAMINER**
**GROUP AU 258**