# COVINGTON & BURLING LLP

ONE FRONT STREET
SAN FRANCISCO, CA 94111-5356
TEL 415.591.6000
FAX 415.591.6091
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

ROBERT T. HASLAM
TEL 650.632.4702
FAX 650.632.4802
RHASLAM @ COV.COM

March 31, 2009

Hon. Susan Illston
U.S. District court, Northern District
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    Advanced Micro Devices, Inc., et al. v. Samsung Electronics
              Co., Ltd., et al.; Case No. C 08-00986 SI

Dear Judge Illston:

      We write to update the Court with respect to the ongoing discussions among Samsung, AMD, and Qualcomm regarding the firmware source code that the Court ordered Samsung to produce to AMD in its Order of March 9, 2009. The parties have made progress toward resolving much of the dispute, because Samsung can produce over 97% of the code to be produced pursuant to the terms of an addendum to the protective order the parties agreed to last week but had not filed when the issue regarding the Qualcomm code arose. We have enclosed a copy of that proposed addendum.. While the parties will continue to negotiate, the only remaining issue should be the additional terms that Qualcomm has insisted on with respect to the approximately 3% of the code, that comes from Qualcomm, that is to be produced.

      As Samsung informed the court previously, Samsung and AMD had already reached resolution on the protective order terms to be applicable to the Samsung source code that was not originally obtained from Qualcomm. That agreement is detailed in the enclosed addendum to the protective order. The parties had agreed that this code would be produced to AMD on a stand-alone computer in Samsung's counsel's office, with certain other restrictions to apply. Because Qualcomm required certain additional restrictions, however, Samsung had proposed a revised protective order to AMD containing those additional restrictions. On March 27, 2009, Samsung requested that the Court allow for a short extension of the March 30, 2009 production deadline in order for these issues to be resolved among the parties. On March 29, 2009, AMD filed a responsive filing with the Court in which it opposed Samsung's request for an extension and asked the Court to enter a protective order very different from the one upon with the parties had previously agreed, and including a provision that Samsung's (and Qualcomm's code) would be produced at AMD's counsel's office, rather than Samsung's counsel's office.

      Since we wrote our letter to the Court, we have determined that only about 2.6% of the code to be produced comes from Qualcomm. Moreover, the Qualcomm code only relates to

cellphones.  The code for the relevant TV's, camcorders and cameras is Samsung code.  Accordingly, Samsung can agree to produce the code pursuant to the protective order previously agreed upon, namely produced at Samsung's counsel's office, on a stand-alone computer, and certain additional restrictions.  Because third party Qualcomm still insists on the additional protections for its code, Samsung will produce the Qualcomm cell phone code (which accounts for only 2.6% by size of the total code to be produced) in accordance with the additional restrictions requested by Qualcomm.  Because this code accounts for such a small percentage of the total code, the additional restrictions requested by Qualcomm will impose little, if any, burden on AMD.  Moreover, Samsung will be producing 97.6% of the code in accordance with terms that have already been agreed upon between the parties.

Samsung has yet to receive a response from AMD to this proposal, but nonetheless wished to inform the Court of this latest proposal for resolving these issues.  Samsung also reiterates its request for a short extension of the production deadline in order for the parties to reach final resolution.

Respectfully submitted,


By *Robert T. Haslam*
Robert T. Haslam