# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Tel: 612-349-8500 Fax: 612-339-4181
www.rkmc.com

WILLIAM H. MANNING
612-349-8461

March 31, 2009

Hon. Susan Illston
United States District Court
Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Advanced Micro Devices, Inc. v. Samsung Electronics Co., Ltd. et al.*
Case No. CV-08-0986-SI

Dear Judge Illston:

AMD writes to respond to Samsung's "update" regarding its failure to produce source code pursuant to the Court's Order. Contrary to Samsung's representations, there have been no "discussions among Samsung, AMD, and Qualcomm." Not only has AMD never spoken with Qualcomm, but Samsung has not provided the Qualcomm confidentiality agreement and all related correspondence regarding this production of source code which AMD has requested from Samsung. Only today did Samsung disclose that only 2.6% of the code comes from Qualcomm, and that Samsung no longer insists that the onerous burdens associated with review of Qualcomm code should apply to 100% of the code, as it proposed on the last business day before its production was due. Samsung makes this proposal even though it represented to the Court last Friday that it "would be highly impractical for the parties to operate under one set of provisions for Samsung code and another set of provisions for Qualcomm code."

According to Samsung's counsel, the 2.6% does not refer to the percentage of *products* affected by the Qualcomm burdens, but instead refers to the total amount of code (by megabytes), not just for cell phones, but also for *all* relevant televisions, camcorders, and digital cameras. In fact, a majority of the relevant cell phones contain at least some Qualcomm code. Therefore, AMD cannot inspect the code for over half of the cell phones without agreeing to the Qualcomm burdens.

ATLANTA     BOSTON     LOS ANGELES     MINNEAPOLIS     NAPLES     SAINT PAUL

In addition, applying the onerous burdens to the review of Qualcomm code remains unacceptable for the reasons set forth in AMD's prior submission to the Court. AMD's expert cannot agree to the restrictions proposed by Samsung, so Samsung has effectively prevented AMD from using the expert disclosed to Samsung eight months ago. Samsung's newest proposal also fails to address Samsung's access to AMD's work product.

AMD's proposed resolution is reasonable and fair. Samsung has delayed the production of source code that should have been produced on October 15, 2008. For AMD to be able to comply with the Court's timelines for infringement proof, the production should be made at AMD's counsel's offices in Palo Alto, to enable AMD's experts, whose office is nearby, to more readily review the code. This is fair in light of the fact that Samsung has had access to AMD's source code at *Samsung's* counsel's office since November 2008.

Samsung continues to delay its production of source code, in disregard of the Court's Order. It did not raise any issue regarding third-party code until the last business day before production was due. Accordingly, AMD requests that the Court enter the proposed Addendum and Order submitted by AMD on March 29.

> Respectfully submitted,
>
> ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
>
> William H. Manning

Enclosures

cc: Robert Haslam (counsel for Defendants)
Michael Plimack (counsel for Defendants)
Christine Saunders Haskett (counsel for Defendants)
Alan Blankenheimer (counsel for Defendants)
Brad P. Engdahl (counsel for Plaintiffs)