IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., | No. C 08-00986 SI |
| Plaintiffs, | **ORDER GRANTING SAMSUNG'S MOTION TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS** |
| v. | |
| SAMSUNG ELECTRONICS CO., et al., | |
| Defendants. | |

Samsung has filed a motion for leave to amend its invalidity contentions. The motion is scheduled for hearing on April 3, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, Samsung's motion is GRANTED.

### DISCUSSION

Advanced Micro Devices, Inc. and ATI Technologies, ULC ("AMD") initiated this case on February 19, 2008. Samsung[1] served its Preliminary Invalidity Contentions on November 14, 2008. Samsung filed the instant motion, in which it seeks to amend its invalidity contentions, on February 19, 2009. Samsung's proposed changes concern U.S. Patents Nos. 5,545,592 ("the '592 patent"); 5,559,990 ("the '990 patent"), and 5,248,893 ("the '893 patent"). Samsung seeks to add (1) an item of prior art, a new patent, and inventor testimony relating to the '592 patent; (2) an item of prior art relating to the '893 patent; and (3) five new patents that relate to the '990 patent. Samsung contends that the item

---

[1] This case involves seven Samsung entities. For ease of reference, the Court refers to defendants collectively as "Samsung."

of prior art and the testimony concerning the '592 patent came to light after Samsung deposed the patent's named inventor, John Iacoponi, on November 18, 2008 (four days after the deadline for filing of invalidity contentions). In addition, the new patent concerning the '592 patent (U.S. Patent No. 5,175,126) took time to discover because, according to Samsung, the '592 patent "is part of [an] immense body of prior art." Def. Mot., at 5. As for the '990 patent, which concerns computer memory, Samsung discovered five new references in mid January of 2009, when an "outside technical expert" identified them. Decl. of Laura E. Muschamp in Supp. of Def. Mot. ¶ 6. Samsung contends that it did not locate these references earlier because there are few standard terms for describing the organization of computer memory, so Samsung had to examine the relevant patents individually. Finally, the new reference pertaining to the '893 patent is an article published in 1977, fifteen years before the '893 patent was filed.

The Patent Local Rules provide, in relevant part: "Amendment or modification of the . . . Preliminary or Final Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." Patent L.R. 3-6.[2] "The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006). In determining whether a motion for leave to amend invalidity contentions should be granted, this Court has examined such factors as the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, the difficulty of locating the prior art, and whether the opposing party will be prejudiced by the amendment. *See Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, *2-3 (N.D. Cal. May 17, 2007).

"Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction."

---

[2] The Court cites the version of the Local Patent Rules that was in effect when this case was filed, in February of 2008.

*LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (citation omitted). The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n.12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

The Court finds that Samsung should be allowed to amend its invalidity contentions. The patent rules' conservative approach to amendment is designed to prevent parties from plotting a new course in litigation each time an unfavorable wind blows their way. That concern is simply not implicated here. This case is still in its early stages[3] and Samsung filed the instant motion only three months after the filing deadline for invalidity contentions. The Court has not yet made any substantive rulings and AMD gives no reason for the Court to question Samsung's contention that the patents in suit emerge from a crowded field with a particularly high volume of prior art. Samsung has made a showing that the references are material – they would purportedly invalidate certain claims in the patents in suit – and AMD does not dispute this representation.

AMD argues that it will be prejudiced if amendment is permitted. According to AMD, it was forced to "scramble to digest" Samsung's new invalidity theories prior to filing its opening claim construction brief, which was due on March 16, 2009. Pl. Opp. at 9. AMD neither explains how Samsung's amendments will affect AMD's theory of claim construction nor contends that the proposed changes relate to terms that will be defined through the upcoming *Markman* proceedings. Moreover, Samsung disclosed its proposed amendments when it filed the instant motion on February 19, almost a month before the deadline for AMD's claim construction brief.

In sum, the Court finds that there is no credible evidence of gamesmanship by Samsung, AMD does not contest that the newly-discovered prior art is material, and AMD has not established that it will be prejudiced by Samsung's amendment. Some of the references could not have been identified before Samsung's deposition of one of the named inventors, which occurred after the invalidity contention filing deadline. As for the other references, the especially high volume of prior art in this field and the

---

[3] Although AMD filed suit more than a year ago, the case was stayed for three months to allow the parties to pursue settlement.

lack of standardized terms relating to computer memory indicate that the failure to discover them earlier was not due to lack of diligence on Samsung's part. Accordingly, Samsung's motion [Docket No. 104] is GRANTED. Samsung shall serve its Second Amended Preliminary Invalidity Contentions (Exhibit 1 to Samsung's motion, filed at Docket No. 105) within ten days of the entry of this order.

**IT IS SO ORDERED.**

Dated: April 1, 2009

SUSAN ILLSTON
United States District Judge