# Exhibit 3

Exhibit to the Supplemental Declaration of Aaron R. Fahrenkrog
in Support of Plaintiffs' Reply Claim Construction Brief

Dockets.Justia.com



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

*m⨍*

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/892,472 | 07/14/97 | ORR | S | AF1970611-1 |

| | EXAMINER |
|---|---|
| LM02/0707 INNOVATIVE PATENTING SERVICES P.O. BOX 2389 MCKINNEY TX 75070-2389 | FRENEL, V |
| | ART UNIT / PAPER NUMBER |
| | 2778 / 5 |
| | DATE MAILED: 07/07/99 |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

| Office Action Summary | Application No. 08/892,472 | Applicant(s) Jonathan Stephen Orr |
|---|---|---|
| | Examiner Vanel Frenel | Group Art Unit 2774 |

☒ Responsive to communication(s) filed on _May 6, 1999_.

☒ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) _1-28_ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) _1-28_ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §.119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐All ☐Some☒ ☐None of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____.

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____.

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892
☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____
☐ Interview Summary, PTO-413
☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)          Office Action Summary          Part of Paper No. __5__

# DETAILED ACTION

## *Claim Rejections - 35 USC § 103*

1.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

    (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

2.  Claims 1 and 7 are rejected under 35 U.S.C. 103(a) as being unpatentable over Pai et al (US Patent No.5,668,571) in view of Ranganathan (US Patent No.5754170).

    As to claims 1 and 7 Pai et al disclose a method for providing control of background video, the method comprising the steps:

    a) providing a video control icon that is visible on the display, wherein the video control icon relates to live video that is being presented as a background on a display (see col. 2; lines 2-20);

    b) detecting selection of the video control icon (see col.2; lines 54-59); but he fails to specifically disclose that the method having a control panel while the live video remains in the background and an application that was in focus remains focus (see col.13; lines 2-23). However, Ranganathan discloses that the method a control panel while the live video remains in the background and an application that was in focus remains focus (see col.13; lines 2-23 and Fig.2).

    It would have been obvious to one of ordinary skill in the art at the time the invention was made to have modified the teaching of Pai et al as taught by Ranganathan because such

modification would provide a video fetch compare means receives the current fetch count and receives the ending pixel address of the movie window converted to fetches. It indicates after a movie-end match is detected that dummy fetches to the CRT FIFO can no longer be performed. Thus the end to the dummy fetches is signaled when the movie-end match is detected between the current fetch count and the ending pixel address of the movie window converted to fetches (see col.4; lines 42-49).

3.      Claims 2-6, 8-28 are rejected under 35 U.S.C. 103(a) as being unpatentable over Pai et al (US Patent No.5,668,571) in view of Ranganathan (US Patent No.5,754,170) and further in view of Henley et al. (US Patent No. 5,761,417).

As to claims 2-3, 8, 9, 15 and 23, Pai et al and Ranganathan fail to disclose that the method further comprises as the control panel, at least one of: volume adjust icon, mute icon, pause icon, rewind icon, and fast-forward icon. However, Henley et al disclose that the method further comprises as the control panel, at least one of: volume adjust icon, mute icon, pause icon, rewind icon, and fast-forward icon (see col.19; lines 51-56).

It would have been obvious to one of ordinary skill in the art at the time the invention was made to have used the teachings of Henley into the combined method of Pai et al and Ranganathan because such modification would eliminate the disadvantages of video tape while providing a VTR (video tape recorder) metaphor for system control (see col.2; lines 61-62).

As to claims 4, 10, 16, 20, 24, and 28 Henley et al disclose the interface resembles the control panel of a video cassette recorder, which has control buttons such as Play, Pause, Rewind, and Stop . In addition, it also provides selection panels when an operation involves a selection by the user (for example, load requires the user to select a video presentation to be loaded. The graphical user interface is especially useful for direct user interactions (see col.19; lines 12-19).

As to claims 5-6, and 11-12, Hanley et al disclose broadcast methods ( including motion picture, cable, television network, and record industries ) generally provide storage in the form of analog or digitally recorded tape. The playing of tapes causes isochronous data streams to be generated which are then moved through broadcast industry equipment to the end user (see col.1; lines 60-66)

As to claims 13, 17, 21 and 25, Hanley et al disclose the processing of API functions is performed in the order that requests are received . This ensures that user operations are processed in the correct order. For example, a video must be connected (set up) before it can be played (see col.21; lines 1-4 and Fig.7) .

As to claims 14, 18-19, 22, 26, and 27, Hanley et al disclose a media streamer 10 provides a set of VCR-like play controls. The media streamer graphical user interface in Fig.8 shows that the following functions are available: Load, Eject, Play, Slow, Pause, Stop, Rewind, Fast Forward and Mute. These functions are activated by clicking on the corresponding soft buttons on the graphical user interface (see col.19; lines 51-56).

Application/Control Number: 08/892,472.a                                                    Page 5

Art Unit: 2778

## *Response to Arguments*

4.  Applicant's arguments filed on May 06, 1999 with respect to claims 1, 7, 13, 17, 21, and 25 have been considered but are moot in view of the new ground(s) of rejection.

## Conclusion

5.  Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Vanel Frenel whose telephone number is (703 )-305 4952 .The examiner can be reached on Monday through Thursday from 6:30 to 5:00 pm .

If attempts to reach the examiner by telephone are unsuccessful, the examiner 's supervisor, Shalwala Bippin, can be reached on (703)305-4938.

Any inquiry of general nature or relating to the status of this application or proceeding should be directed to Group receptionist whose telephone number (703) 305-3900.

**Any response to this action should be mailed to:**

>Commissioner of Patents and Trademarks
>
>Washington, D.C. 20231

**or faxed to:**

>(703) 308-9051, (for formal communications intended for entry)

**Or:**

>(703) 308-6606 (for informal or draft communications, please label "PROPOSED" or "DRAFT")

Hand-delivered responses should be brought to Crystal Park II, 2121 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).

Vanel Frenel

July 1, 1999

Amare Mengistu
Primary Examiner