# Exhibit 4

Exhibit to the Supplemental Declaration of Aaron R. Fahrenkrog
in Support of Plaintiffs' Reply Claim Construction Brief




# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D C 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 08/892,472 | 07/14/1997 | STEPHEN JONATHAN ORR | AT1970611-1 | 6939 |

24228       7590       09/13/2002
MARKISON & RECKAMP, PC
PO BOX 06229
WACKER DR
CHICAGO, IL 60606-0229

| EXAMINER |
|---|
| SHANKAR, VIJAY |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2673 | |

DATE MAILED: 09/13/2002

#12

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| Office Action Summary | Application No. 08/892,472 | Applicant(s) Stephen Orr |
|---|---|---|
| | Examiner VIJAY SHANKAR | Art Unit 2673  |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE ___3___ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *Jul 21, 2000*.

2a) ☐ This action is **FINAL**.  2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1-28* is/are pending in the application.

    4a) Of the above, claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) *1-28* is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are a) ☐ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All  b) ☐ Some*  c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____.

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    *See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

    a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s). _____
4) ☐ Interview Summary (PTO-413) Paper No(s). _____
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____

## DETAILED ACTION

1. Applicant's request for reconsideration of the finality of the rejection of the last Office action is persuasive and, therefore, the finality of that action is withdrawn.

## *Drawings*

2. This application has been filed with informal drawings which are acceptable for examination purposes only. Formal drawings will be required when the application is allowed.

## *Claim Rejections - 35 USC § 102*

3. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless -
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

The changes made to 35 U.S.C. 102(e) by the American Inventors Protection Act of 1999 (AIPA) do not apply to the examination of this application as the application being examined was not (1) filed on or after November 29, 2000, or (2)

voluntarily published under 35 U.S.C. 122(b). Therefore, this application is examined under 35 U.S.C. 102(e) prior to the amendment by the AIPA (pre-AIPA 35 U.S.C. 102(e)).

4.  Claims 1 and 7 are rejected under 35 U.S.C. 102(e) as being anticipated by over Pai et al (5,668,571).

As to claims 1 and 7 Pai et al disclose a method for providing control of background video, the method comprises providing a video control icon that is visible on the display, wherein the video control icon relates to live video that is being presented as a background on a display (see figs. 1-5; col.1, lines 14-67; col. 2; lines 2 - 63; col. 3, lines 1-55; col.4, line 28- col.6, line 61); detecting selection of the video control icon (see figs.1-5; col.2; lines 54-59); when the video control icon has been selected, providing a control panel while the live video remains in the background and an application that was in focus remains focus (see summary; background; col.4, line 28- col. 6, line 61; col.13; lines 2-23).

### *Claim Rejections - 35 USC § 103*

5.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject

matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

6.  Claims 2-6 and 8-28 are rejected under 35 U.S.C. 103(a) as being unpatentable over Pai et al (5,668,571) in view of Henley et al. ( 5,761,417).

As to claims 2-3, 8, 9, 15 and 23, Pai et al fail to disclose that the method further comprises as the control panel, at least one of: volume adjust icon, mute icon, pause icon, rewind icon, and fast-forward icon .

However, Henley et al disclose that the method further comprises as the control panel, at least one of: volume adjust icon, mute icon, pause icon, rewind icon, and fast-forward icon (see figs.1,2,8; col.9, line 38- col.11, line 31; col.19; lines 51-56).

It would have been obvious to one of ordinary skill in the art at the time the invention was made to have used the teachings of Henley into Pai et al for providing a cost effective system for recording, because such modification would eliminate the disadvantages of video tape while providing a VTR (video tape recorder) metaphor for system control (see col.2; lines 61-62).

As to claims 4, 10, 16, 20, 24, and 28 Henley et al disclose the interface resembles the control panel of a video cassette recorder, which has control buttons such as Play, Pause, Rewind, and Stop . In addition, it also provides selection panels when an operation involves a selection by the user (for example, load requires the user to select a video presentation to be loaded. The graphical user interface is especially useful for direct user interactions (see figs.1,2; col.9, line 38- col.11, line 31; col.19; lines 12-19).

As to claims 5-6, and 11-12, Hanley et al disclose broadcast methods ( including motion picture, cable, television network, and record industries ) generally provide storage in the form of analog or digitally recorded tape. The playing of tapes causes isochronous data streams to be generated which are then moved through broadcast industry equipment to the end user (see figs.1,2; col.9, line 38- col.11, line 31; col.1; lines 60-66).

Regarding Claims 13, 17, 21 and 25, Pai et al teaches all the subject matters claimed (see paragraph no.4 of office action) except first, second, and third storage means for storing progamming instructions.

Hanley et al teaches that first, second, and third storage means for storing progamming instructions (figs. 12-14,17; col.29, line 29- col.32, line 27; and figs.1,2,7-8; col.9, line 38- col.11, line 31; col.21; lines 1-4).

Thus, it would have been obvious to the person of ordinary skill in the art at the time of invention to incorporate the teaching of Henley et al into Pai et al for providing a system in which video data can be stored in a cost effective manner.

As to claims 14, 18-19, 22, 26, and 27, Hanley et al disclose a media streamer 10 provides a set of VCR-like play controls. The media streamer graphical user interface in Fig.8 shows that the following functions are available: Load, Eject, Play, Slow, Pause, Stop, Rewind, Fast Forward and Mute. These functions are activated by clicking on the corresponding soft buttons on the graphical user interface (see figs.1,2,8; col.9, line 38- col.11, line 31; col.19; lines 51-56).

7.      Applicant's arguments with respect to claims 1-28 have been considered but are moot in view of the new ground(s) of rejection.

Application/Control Number: Page 2

Art Unit:

8. Any inquiry concerning this communication or earlier communications from the examiner should be directed to VIJAY SHANKAR whose telephone number is (703) 305-4763.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Bipin Shalwala, can be reached on (703) 305-4938.

**Any response to this action should be mailed to:**

Commissioner of Patents and Trademarks

Washington, D.C. 20231

**or faxed to:    (703) 872-9314**

Hand-delivered responses should be brought to Crystal Park II, 2121 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Technology Center 2600 Customer Service Office whose telephone number is (703) 306-0377

VIJAY SHANKAR
PRIMARY EXAMINER
ART UNIT 2673