| | |
|---|---|
| William H. Manning (*pro hac vice*)<br>E-mail: WHManning@rkmc.com<br>Brad P. Engdahl (*pro hac vice*)<br>E-mail: BPEngdahl@rkmc.com<br>**Robins, Kaplan, Miller & Ciresi L.L.P.**<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Telephone:  612-349-8500<br>Facsimile:   612-339-4181 | Robert T. Haslam (Bar No. 71134)<br>E-mail: Rhaslam@cov.com<br>**Covington & Burling LLP**<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA  94065<br>Telephone:  650-632-4700<br>Facsimile:  650-632-4800<br><br>Christine Saunders Haskett<br>E-mail: Chaskett@cov.com<br>**Covington & Burling LLP** |
| John P. Bovich (SBN 150688)<br>E-mail: JBovich@reedsmith.com<br>**Reed Smith LLP**<br>Two Embarcadero Center, Suite 2000<br>San Francisco, CA 94111<br>Telephone:  415-543-8700 | One Front Street<br>San Francisco, CA 94111<br>Telephone: 415-591-7087<br>Facsimile: 415-955-6587<br><br>Attorneys for Samsung Electronics Co., Ltd., et al. |
| Attorneys for Advanced Micro Devices, Inc., et al. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>         Plaintiffs,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>         Defendants. | Case. No.  CV-08-0986-SI<br><br>**THIRD ADDENDUM TO JOINT STIPULATED PROTECTIVE ORDER**<br><br>**[Civil L.R. 7-12]** |

The parties in the above-referenced action hereby further agree that the following amends Section 7.5 of the previously filed Second Addendum to Joint Stipulated Protective Order (Dkt. #174), currently in effect, by adding subsections (g), (h), and (i):

7.5 Procedures for Accessing, Managing and Transmitting "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Restricted Access Only" only

to the persons permitted under Section 7.3. The following terms and conditions set forth additional requirements regarding the Receiving Party's access to and use of such materials:

(g) With respect to production of source code for cellular phones, digital cameras, camcorders, and televisions, the following additional restrictions shall apply: (1) counsel for the Receiving Party may print up to 10 copies of a section of source code on the watermarked paper only; and (2) hard copies of the source code may not be scanned using optical character recognition ("OCR") technology.

(h) With respect to production of source code for cell phones that contain source code provided by Qualcomm, Inc., the following additional restrictions shall apply: (1) the computer on which the source code is provided shall be equipped to print copies of the source code on watermarked pre-Bates numbered paper, which shall be provided by the Designating Party, with the Designating Party having the right to check only that all code was printed on the watermarked paper prior to leaving Samsung's counsel's office; (2) other than in connection with pleadings filed under seal and depositions designated "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS ONLY," no subsequent copies shall be made of the printed copies; and (3) the Receiving Party's counsel shall keep a log that records the identity of each individual to whom each hard copy of the source code is provided and when it was provided to that person, and within thirty days after the issuance of a final, non-appealable order resolving all issues in the case related to U.S. Patent No. 6,784,879, the Receiving Party must serve upon the Designating Party the log and, at the Designating Party's option, either serve upon the Designating Party, or certify the destruction of, all paper copies of the source code.

(i) Any expert consultant who reviews Qualcomm source code (whether in electronic form or otherwise) must agree in writing not to develop, for commercial purposes, user interface software for cellular phones until the issuance of a final, non-appealable order resolving all issues in the case related to U.S. Patent No. 6,784,879. This shall not preclude such expert consultants from consulting in litigation, so long as such consulting does not involve developing, for commercial purposes, user interface software for cellular phones.

| | | |
|---|---|---|
| 1 | DATED:  April 3, 2009 | **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.** |
| 2 | | |
| 3 | | By: /s/ Brad P. Engdahl _____ <br>     William H. Manning <br>     Brad P. Engdahl |
| 4 | | |
| 5 | | **ATTORNEYS FOR ADVANCED MICRO DEVICES, INC., ET AL.** |
| 7 | DATED:  April 3, 2009 | **COVINGTON & BURLING LLP** |
| 9 | | By: /s/ Christine S. Haskett _____ <br>     Robert T. Haslam <br>     Christine S. Haskett |
| 11 | | **ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., ET AL.** |
| 12-13 | | *Plaintiffs' counsel attests that concurrence in the filing of this document has been obtained from the above-named signatory.* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

April __, 2009

_[signature: Susan Illston]_
_____
Honorable Susan Illston
United States District Judge

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS