# COVINGTON & BURLING LLP

ONE FRONT STREET
SAN FRANCISCO, CA 94111-5356
TEL 415.591.6000
FAX 415.591.6091
WWW.COV.COM

BEIJING
BRUSSELS
LONDON
NEW YORK
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
WASHINGTON

April 10, 2009

The Honorable Susan Illston
United States District Court
Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

  Re: <u>Advanced Micro Devices, Inc. et al. v. Samsung Electronics Co.,
     Ltd. et al., No. CV-08-0986-SI</u>

Dear Judge Illston:

  Defendants and Counterclaimants (collectively, "Samsung") move, pursuant to paragraph 2 of the Court's Standing Order, for a protective order under Federal Rule of Civil Procedure 26(c) forbidding Plaintiffs and Counterdefendants (collectively, "AMD") to take discovery regarding Samsung processors in connection with U.S. Patent No. 5,545,592 ("the '592 patent"). The discovery AMD seeks is irrelevant and unduly burdensome because AMD has never accused Samsung processors of infringing the '592 patent. To the contrary, AMD has consistently limited its contentions to Samsung DRAM and NAND Flash memory products.

  AMD already has launched claims against nearly 19,000 Samsung products in this case, a staggering total that will increasingly tax the resources of the parties and the Court. The products already at issue include thousands of different semiconductor chips, along with thousands more end-user products such as televisions, cell phones, camcorders, and cameras. With respect to the '592 patent alone, AMD's existing allegations encompass several thousand Samsung DRAM and NAND Flash memory chips. AMD should not be allowed to expand its already overreaching allegations to include whole categories of products that it did not bother to investigate and chart as required by Patent Local Rule 3-1.

## I. Background

  On September 30, 2008, AMD served Samsung with Plaintiffs' Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs"). The PICs included only two infringement charts setting forth AMD's contentions regarding Samsung's alleged infringement of the '592 patent: one chart contained AMD's contentions regarding Samsung DRAM (Dynamic Random Access Memory) products and another contained AMD's contentions

regarding Samsung NAND Flash memory products.[1]  *See* Exhibits 1 and 2, attached hereto. Accordingly, the only infringement contentions that AMD provided for the '592 patent were for Samsung memory products.  Nowhere did AMD allege that Samsung *processors*—which are entirely different types of products from memory products—infringe the '592 patent.  The parties subsequently engaged in an extensive meet and confer process regarding AMD's discovery requests related to the alleged infringement of its patents.  During those discussions, taking place over several months, and up until February of 2009, AMD never indicated that it was accusing Samsung processors of infringing the '592 patent.

In response to AMD's discovery requests, Samsung produced many boxes of documents relevant to AMD's allegations that Samsung memory products infringe the '592 patent, including large numbers of highly technical process flow documents and process recipe documents.  Samsung also produced for deposition, on February 11, 2009, a Rule 30(b)(6) witness, Gilheyun Choi, knowledgeable about the design of and processes used to manufacture the nitrided contacts in Samsung's memory products.  At Mr. Choi's deposition, despite the fact that AMD's '592 infringement contentions are limited to Samsung memory products, counsel for AMD asked four general questions at the close of the deposition regarding the process used to make contacts in Samsung processor products.  Following Mr. Choi's deposition, AMD demanded that Samsung provide discovery regarding the processes used to make Samsung processors in order "to allow us to evaluate the process or processes, including but not limited to process flows, recipes, and technical reports."  *See* Exhibit 3, attached hereto.

As the documents requested by AMD are not relevant to its infringement claims, counsel for Samsung asked counsel for AMD to identify the legal basis for its newly asserted request for discovery into Samsung processor products.  After reviewing the arguments set forth by AMD in subsequent correspondence, Samsung's counsel informed AMD's counsel that Samsung would not agree to provide this discovery, as it is irrelevant and unlikely to lead to the discovery of admissible evidence regarding AMD's claims of infringement as set forth in its PICs.  AMD then informed Samsung that it would move to compel the discovery regardless.

## II. Argument

AMD does not accuse Samsung processors of infringing the '592 patent.  To the contrary, it has consistently limited its contentions in the context of the '592 patent to memory products, specifically Samsung DRAM and NAND Flash memory products.  Accordingly, AMD should be precluded from obtaining discovery that is irrelevant, highly burdensome, and will not lead to the discovery of admissible evidence regarding its claims against the accused memory products.

---

[1] As this case was filed on February 18, 2008, it is governed by the Patent Local Rules for the Northern District of California in effect at that time (i.e., the rules published in December of 2000).  Pursuant to Rule 3-1(c), a party's PICs must include "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality . . . ."  Patent L.R. 3-1(c).

COVINGTON & BURLING LLP

      A.      <u>AMD's Requests Regarding Samsung Processors Are Irrelevant</u>.

Although the scope of permissible discovery under Rule 26 is broad, it is nevertheless limited to information "relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Courts therefore routinely prohibit, as irrelevant to a party's claims, discovery aimed at determining whether that party may or may not have additional claims. *See Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim.") (emphasis in original).

Furthermore, the Patent Local Rules of this District are structured to prevent infringement allegations from becoming moving targets and require parties to state their contentions with specificity early in the litigation. Under Patent L.R. 3-1, parties must serve PICs that identify the patent claims at issue, "each accused apparatus, product, device, process, method, act or other instrumentality ('Accused Instrumentality') of each opposing party of which the party is aware," and claim charts for each accused product or process. *See* Patent L.R. 3-1(a)-(c). The PICs are deemed "final contentions" unless certain limited exceptions apply, and the ability of a party to amend them is restricted. *See* Patent L.R. 3-6(a), 3-7.

Accordingly, courts addressing discovery requests regarding products not accused in PICs have frequently prohibited such discovery as irrelevant. *See Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co., Ltd.*, No. CV-05-8493-AG(SHx), 2007 WL 4302701, at *2-3 (C.D. Cal. June 27, 2007) (applying N.D. Cal. Patent Local Rules to prohibit discovery on non-accused products and declining to permit "a fishing expedition, so that they [Matsushita] do not have to conduct an investigation into whether or not additional products infringe their patents"); *Caritas Techs., Inc. v. Comcast Corp.*, No. 2:05CV339, 2006 U.S. Dist. LEXIS 94879, at *14-15 (E.D. Tex. Feb. 9, 2006) (applying parallel local patent rules and holding that plaintiff "only has the right to discover information regarding the alleged infringing service, not the right to discover information on whether it should assert a claim of infringement regarding other services").

Further, courts that have extended discovery to include non-accused products have required that those products be "interrelated" or "reasonably similar" to those accused in PICs. *See DR. Systems, Inc. v. Fujifilm Med. Systems USA, Inc.*, No. 06-CV-417-JLS, 2008 WL 1734241, at *3 (S.D. Cal. Apr. 10, 2008) (permitting discovery of non-accused products because those products were related to the accused product and therefore relevant to claims already at issue); *Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, Nos. 2:05-CV-163-DF-CMC, 2:05-CV-356-DF-CMC, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007) ("[T]he scope of discovery may include products . . . 'reasonably similar' to those accused in the PICs.").

In this case, AMD has not accused Samsung processors of infringing the '592 patent but has consistently limited its contentions regarding the '592 patent to Samsung memory products. Samsung's processor products constitute entirely separate lines of products, unrelated to the memory products. AMD also cannot argue that Samsung's processor products are "reasonably similar" to its memory products because AMD failed to investigate this at the appropriate time.

AMD could have analyzed cross-sections of Samsung's processor products prior to the deadline for PICs, as it did for Samsung's memory products, but apparently chose not to do so. Moreover, "Samsung processors" does not describe just one Samsung product line; rather, the term could include an enormous and varied universe of products, including application processors and System LSI products like CMOS Image Sensors ("CIS" products) and LCD Driver ICs ("LDI" products). The few non-specific questions that AMD asked Mr. Choi in his deposition—more than four months after PICs were due—are entirely insufficient to show that Samsung's various different types of processors are similar to its memory products for the purposes of the specific attributes of the '592 patent. AMD is therefore not entitled to embark on a fishing expedition in an effort to expand its infringement claims beyond the nearly 19,000 products that it has already accused in this case.

   B. <u>AMD's Requests Regarding Samsung Processors Are Unduly Burdensome.</u>

In addition to lacking relevance to its contentions regarding the '592 patent, AMD's requests for discovery regarding Samsung processors are unduly burdensome as they would require Samsung to go back to square one and repeat the process of providing discovery that Samsung already undertook in connection with its memory products. Specifically, after engaging in extensive meet and confer with AMD, Samsung produced many boxes of highly technical process flows and recipes for the memory products that AMD has accused of infringing the '592 patent. In addition, Samsung brought one of its engineers from Korea to San Francisco to testify in detail about those process flows and recipes. AMD waited until after that deposition, and after Samsung had incurred substantial effort and expense in responding to discovery on this patent, before telling Samsung that it now wants Samsung to repeat all of those same steps for a separate line of products. Further, AMD's requests regarding "Samsung processors" on their face encompass a diverse range of products, including, for example, general purpose application processors, LDI products (commonly used in flat panel displays), and CIS products (used to read images into digital values in variety of end-user products). Given the vast array of products covered by the term "Samsung processors," the burden of collecting and producing information related to all such products would be substantial. Samsung should not now be forced to repeat all of its discovery efforts because AMD has belatedly decided that it may want to expand its case to include yet additional Samsung product lines.

   C. <u>In Order to Broaden Its Infringement Contentions to Include Processors, AMD Would Need to Show "Good Cause" to Amend Its PICs, and It Cannot Do So</u>.

If AMD believes that it has a reasonable basis to accuse Samsung processors of infringing the '592 patent—a position it has not taken in this litigation to date—it must move to amend its PICs to accuse them. Apart from amendments designed to take account of the court's claim construction or opposing party's document production regarding accused products, *see* Patent L.R. 3-6(a), amendments to contentions under the Patent Local Rules "may be made only by order of the Court, which shall be entered only upon a showing of good cause." Patent L.R. 3-7. A showing of good cause turns on: (1) the patentee's ability to learn of the additional devices prior to the deadline for infringement contentions; and (2) prejudice to the parties created

COVINGTON & BURLING LLP

by modification.  *Seiko Epson Corp. v. Coretronic Corp.*, No. C-06-06946-MHP, 2008 WL 2563383, at *2 (N.D. Cal. June 23, 2008).

Both of the Northern District of California cases that AMD has relied upon during the meet and confer process deal with a party's ability to amend its PICs to accuse products that it was unable to accuse through its own investigation.  *See Seiko*, 2008 WL 2563383 at *2-3 (permitting plaintiff to amend PICs to add models not included in its PICs because the model numbers were not publicly available); *Bd. of Trustees of Leland Stanford Jr. Univ. v. Roche Molecular Systems, Inc.*, No. C-05-04158, 2008 WL 624771, at *1-4 (N.D. Cal. Mar. 4, 2008) (allowing plaintiff to amend PICs to include product that was only approved for sale in the U.S. after the plaintiffs had served PICs).  These cases are inapposite here.  Just as AMD performed investigations into Samsung's memory products with respect to the '592 patent (including analyses of cross-sections of those products), *see* Exhibits 1 and 2, there is no reason that AMD could not have performed similar analyses of Samsung's processor products.  AMD cannot show that it did not have the ability to investigate Samsung's processor products prior to the deadline for PICs; it simply chose not to.  This is insufficient to demonstrate good cause to amend PICs.

Indeed, were AMD permitted to amend its PICs, Samsung would be prejudiced in its defense regarding the '592 patent.  At this point in the case, claim construction briefing has been completed (with Samsung having decided not to identify any terms from the '592 patent for construction); and Samsung has already filed a summary judgment motion of invalidity of the '592 patent.  Therefore, Samsung has already made important decisions with respect to the '592 patent and would be prejudiced if AMD were allowed to amend its infringement allegations regarding this patent so significantly at this stage of the case.

D. Any Discovery Should Be Stayed Pending Resolution of Samsung's Summary Judgment Motion of Invalidity.

Should the Court find AMD's newly asserted discovery requests permissible notwithstanding the above, the Court should stay the discovery pending resolution of Samsung's pending summary judgment motion of invalidity of the '592 patent.  *See Seiko*, 2008 WL 2563383 at *4 ("[T]he court will stay any discovery with respect to the newly asserted projectors until a decision is rendered on the parties' summary judgment motions regarding invalidity.").

III. **Conclusion**

Samsung respectfully requests that the Court issue a protective order prohibiting AMD from obtaining discovery regarding Samsung processors in connection with the '592 patent.

Respectfully submitted,
/s/ *Robert T. Haslam*
Robert T. Haslam

Attachments
cc: Counsel for AMD