# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LASALLE PLAZA
800 LASALLE AVENUE
MINNEAPOLIS, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

**WILLIAM H. MANNING**
**612-349-8461**

## HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY

April 14, 2009

Hon. Susan Illston
United States District Court
Northern District of California                    **FILED UNDER SEAL**
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    ***Advanced Micro Devices, Inc., et al. v. Samsung Electronics Co., Ltd., et al.***
       Case No. CV-08-0986-SI

Dear Judge Illston:

Plaintiffs Advanced Micro Devices, Inc. and ATI Technologies, ULC (collectively "AMD") submit this letter in opposition to Defendants and Counterclaimants' (collectively, "Samsung's") April 10, 2009 motion for a protective order (Dkt. #185). AMD respectfully requests that the Court deny the Samsung Motion for the reasons set forth below. Samsung filed its motion when AMD was on the verge of filing a motion to compel aimed at the same documents that Samsung seeks to protect. Therefore, in addition to asking that Samsung's motion be denied, AMD also respectfully requests that the Court issue an Order compelling Samsung to produce technical reports, process flows, and recipes sufficient to show the process for making Samsung processor contacts.

It is interesting to note that Samsung never states in its submission that its processors do not infringe. Samsung only attempts to limit discovery to obfuscate the pervasive nature of its infringement.

## I.     Samsung Exaggerates the Burdens Imposed By the Discovery Process Thus Far and By the Production of Processor-Related Documents.

AMD must respond to several statements by Samsung regarding the document production process in this case. First, while Samsung highlights the "staggering total" of Samsung products accused by AMD, Samsung fails to mention that the parties, at AMD's initiation, have stipulated to an exemplar process that has greatly streamlined the production process. Under the exemplar process, Samsung's production burden associated with the approximately 19,000 accused products is currently limited to a total of 46 exemplar products for six of the seven patents-in-suit. For the seventh (the Orr '879 patent), the parties have not yet agreed on exemplars, but based on Samsung's assertions, it appears that Orr '879 will be

ATLANTA          BOSTON          LOS ANGELES          MINNEAPOLIS          NAPLES

Dockets.Justia.com

represented by approximately 70 exemplars. This presumption is based on the fact that in opposing AMD's motion to compel firmware source code (Dkt. #103), Samsung stated that AMD's motion would require production of code for "approximately 7,095" products (Dkt. #107). In response to the Court's Order requiring production (Dkt. #119), Samsung has produced code for approximately 70 products. Samsung contends that these 70 sets of code represent all products implicated by AMD's motion to compel.

Second, the discovery that AMD requests is not as burdensome as Samsung would have the Court believe. Should Samsung agree to designation of exemplar processors for purposes of discovery, which it should, AMD will accept production of documents relating to exemplar processors only. While reserving the right to later ask for additional discovery, AMD is willing to further narrow its request by asking that Samsung produce only three specific types of technical documents for each exemplar processor: technical reports, process flows, and recipes. These documents are readily available to Samsung and would impose very little burden.

Third, while Samsung points out that adding processors would increase an already long list of accused products, concern over adding to the list is overblown. Many of the processors for which AMD seeks documents are already accused under the other AMD patents-in-suit. Samsung apparently recognizes the staggering breadth of its infringement in both its memory and now processor products and has brought this motion in an attempt to minimize its exposure.

Finally, Samsung emphasizes its efforts thus far, claiming that it has already produced "many boxes" of documents, and arguing that it will have to duplicate its efforts. Despite the fact that Samsung's sales dwarf those of AMD, and despite the fact that Samsung has in its counterclaims accused far fewer products than AMD has, AMD has produced many times the number of documents that Samsung has produced in this litigation. Samsung has not filed a single motion to compel against AMD because AMD has fulfilled its discovery obligations. AMD has actively attempted to get Samsung to comply with its requests, holding weekly calls with Samsung for which AMD prepares detailed agendas. In addition, the conclusion of fact discovery is many months away, and the parties have barely begun taking depositions.

## II.    Factual Background

Prior to submitting its Preliminary Infringement Contentions ("PICs") on September 30, 2008, AMD conducted extensive research of publicly-available information in order to compile a list of accused products. The research process was extremely effort-intensive and expensive, involving extensively researching thousands of Samsung products and tearing down several of those products. The teardown process involves having a third-party vendor conduct extensive analysis of the product, including taking cross-section photographs of the relevant parts of the integrated circuit and testing the chemical content of various parts of the integrated circuit. Tearing down integrated circuits is extremely expensive, a full teardown costing thousands of dollars for each product. AMD's analysis focused on memory products, where the infringing technology was likely to be found. Ultimately, based on the information available to it at the time, AMD submitted detailed infringement claim charts accusing two broad categories of Samsung memory products of infringement of the '592 patent: DRAM and NAND. AMD did

Hon. Susan Illston
April 14, 2009
Page 3

not identify Samsung processors as accused products because it did not have sufficient information to form a basis for doing so when it filed its PICs.

On February 11, 2009, AMD deposed Gilheyun Choi, the Samsung Rule 30(b)(6) witness who was to testify about various topics relating to the '592 patent. <span style="color:red">REDACTED</span>

<span style="color:red">REDACTED</span>

Since learning this information, AMD has maintained its level of diligence. In a March 6, 2009 letter, AMD requested that Samsung identify representative Samsung processors and produce documents for those representatives so that AMD could evaluate the process(es). Samsung did not provide a written response to this letter. In a March 20, 2009 phone call, Samsung's counsel requested that AMD provide legal support for its entitlement to these documents. AMD responded with a letter on March 23, 2009, which outlined its basis. During an April 3, 2009 telephonic meet-and-confer, Samsung explained that it will not produce the requested documents. Samsung's motion for a protective order followed.

III. **AMD Needs to Review Limited Technical Documents Regarding the Processors Based on** <span style="color:red">REDACTED</span>

Many of the cases cited in Samsung's motion indicate that AMD is in fact entitled to technical documents relating to Samsung processors. In *DR. Systems, Inc. v. Fujifilm Medical Systems, Inc.*, the Southern District of California faced a set of circumstances very similar to

those present here.  No. 06cv417 JLS (NLS), 2008 WL 1734241 (S.D. Cal. Apr. 10, 2008).  In that case, the court considered whether DR Systems should be allowed discovery of products not explicitly accused but "reasonably similar" to the products listed in its final infringement contentions.  *Id.* at *3. The court found that under Fed. R. Civ. P. 26, "DR Systems' discovery should not be limited to only the products they [sic] expressly accused," ultimately allowing discovery for "reasonably similar" products and overruling the defendant's objections.  *Id.*

In the *Epicrealm* case, the Eastern District of Texas decided there is "no bright line rule that discovery can only be obtained if related to an accused product identified in a party's PICs." *Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, Nos. 2:05-CV-163-DF-CMC, 2:05-CV-356-DF-CMC, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007).  As with *DR. Systems*, the *Epicrealm* court held that "the scope of discovery may include products and services . . . 'reasonably similar' to those accused in the PICs."  *Id.* (citations omitted).  The court noted that its "finding best comports with the 'notice pleading and broad discovery regime created by the Federal Rules' and the 'right to develop new information in discovery.'"  *Id.* (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

Samsung dismisses *DR. Systems* and *Epicrealm* as inapposite because they involve courts allowing discovery of non-accused products that are "reasonably similar" to the products listed in the infringement contentions.  Samsung argues that its processor products are "entirely separate lines of products" from Samsung memory products, and that such processor products are "unrelated to the memory products."  Samsung Motion at 3.  This argument obfuscates the point completely—the '592 patent is a process patent that covers a process for making contacts in integrated circuits.  Thus, the issue is not whether Samsung's processors and memory chips are different.  The issue is whether the *contacts* in Samsung processors and memory products are created according to the *same process*.                    REDACTED                    and AMD is entitled to the documents showing the processor contact formation process.

Samsung relies on *Caritas Technologies, Inc. v. Comcast Corp.*, No. 2:05CV339, 2006 U.S. Dist. LEXIS 94879, at *14-15 (E.D. Tex. Feb. 9, 2006).  It further relies upon *Samsung SDI Co., Ltd. v. Matsushita Electric Industrial Co., Ltd.*, No. CV 05-8493-AG(SHx), 2007 U.S. Dist. LEXIS 90457, at *9 (C.D. Cal. June 25, 2007), a June 2007 Central District of California case. Notably, both *Epicrealm*, which was decided in August 2007, and *DR. Systems*, which was decided in April 2008, came out after *Samsung SDI* and *Caritas Techs.  Epicrealm* was from the same district as *Caritas Techs.* but rejected the notion of a bright-line rule prohibiting discovery of products not found in contentions.  Samsung thus places its reliance on an outdated approach that seems to find diminishing support among the courts.

Samsung also cites two cases from the Northern District of California for the proposition that AMD should be precluded from amending its PICs.  Samsung does so despite the fact that AMD has not sought to amend its PICs.  While AMD may ultimately seek to do so, this issue is for another day.  Nonetheless, in dismissing the cases as inapposite, Samsung ignores language in those cases that strongly suggests that the Northern District of California would adopt an approach similar to the approach adopted in *DR. Systems* and *Epicrealm*.  In *Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc.*, the Court noted that

"discovery is not limited by the list of accused devices in the preliminary infringement contentions . . . ."  No. C 05-04158 MHP, 2008 WL 624771, at *4 (N.D. Cal. Mar. 4, 2008).  In *Seiko Epson Corp. v. Coretronic Corp.*, the Court noted that "discovery is often used to garner information not available to the proponent in order to thereafter expand the scope of litigation. This expansion is legitimate where it comes within the metes and bounds of the patent claims already in issue."  No. C 06-06946 MHP, 2008 WL 2563383, at *3 (N.D. Cal. June 23, 2008).

REDACTED

The scope of AMD's discovery should thus include documents relating to Samsung's processor contacts.  Samsung seeks to create a discovery dispute out of an issue that should be addressed on the merits.  AMD, on the other hand, seeks to address the new evidence regarding potentially infringing processors in the most efficient way possible.  AMD asks for nothing more than a limited set of technical documents illustrating the processes used by Samsung to fabricate contacts in representative processors.

Samsung claims that AMD must amend its PICs in order to accuse additional products of infringement.  AMD cannot, however, amend its PICs without discovery as to the specific parameters of the process used to form contacts in Samsung processors.

REDACTED

AMD would need more details about the specific parameters of those steps before it would have enough information to draft detailed contentions establishing that each element of the patent is present.  Such information would be contained in the documents sought by AMD, including the process flows and recipes. At bottom, Samsung attempts to ensnare AMD in a classic "Catch-22" by denying AMD the discovery it needs to amend its contentions and claiming that AMD needs to amend its contentions before it can obtain the discovery.

AMD was able to draft its contentions regarding the DRAM and NAND exemplars without similar discovery, but only because it reviewed teardowns of the products that made it reasonably clear that the patented processes had been performed.  Given the expense involved (as Samsung acknowledges, depending on how one defines a "processor," thousands of Samsung products could qualify as processors), it would be manifestly unfair to require AMD to take this step for the processors.  Samsung has easily at its fingertips the documents that AMD needs to determine whether to accuse the Samsung processors and could easily produce these documents.

## IV.     Conclusion

AMD respectfully requests that the Court deny Samsung's motion for a protective order. AMD has also attached a proposed Order that compels Samsung to produce technical reports, process flows, and recipes sufficient to show the process for making its processor contacts. AMD respectfully requests that the Court enter the proposed Order.

Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

/s/ William H. Manning

William H. Manning

cc:    Robert T. Haslam, Counsel for Defendants
       Michael K. Plimack, Counsel for Defendants
       Christine Saunders Haskett, Counsel for Defendants
       Alan Blankenheimer, Counsel for Defendants
       David E. Marder, Counsel for Plaintiffs