Goodard v. Google, Inc. Doc. 198 Att. 5

# Exhibit 6

Case No. CV-08-0986-SI  DECLARATION OF JACOB ZIMMERMAN

Dockets.Justia.com

William H. Manning (*pro hac vice*)
E-mail: WHManning@rkmc.com
Brad P. Engdahl (*pro hac vice*)
E-mail: BPEngdahl@rkmc.com
**Robins, Kaplan, Miller & Ciresi L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

Attorneys for Plaintiffs:
Advanced Micro Devices, Inc., and
ATI Technologies, ULC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | **AMD'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SAMSUNG'S FIRST SET OF INTERROGATORIES TO AMD (NOS. 1, 9)**<br><br>Case No. CV-08-0986-SI<br><br>**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY** |

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Advanced Micro Devices, Inc. and ATI Technologies, ULC (hereinafter "AMD") hereby supplements its objections and responses to Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Techwin Co., and Samsung Opto-Electronics America, Inc.'s (hereinafter "Samsung") First Set of Interrogatories (Nos. 1, 9) (hereinafter "Interrogatories") as follows:

respond to this interrogatory within a reasonable time after Samsung fulfills its discovery obligations.

**Interrogatory No. 9:**

Please state what Plaintiffs contend was the level of ordinary skill in the art at the time of the alleged inventions claimed in the AMD Patents, identifying all facts relevant to this contention.

**Response to Interrogatory No. 9:**

AMD incorporates by reference its General Objections. AMD also objects to Samsung's Interrogatory No. 9 as premature under Patent Local Rule 2-5 because Samsung has not yet served AMD with Samsung's preliminary invalidity contentions and, as a result, has not identified those claims in the AMD patents that Samsung contends are obvious over the prior art. *See Townshend Intellectual Property, LLC v. Broadcom Corp.*, Slip Op. No. C-06-05118 (N.D. Cal. August 29, 2007) (holding that an interrogatory seeking non-infringement contentions prior to service of infringement contentions was premature under the Local Patent Rules). AMD objects to this Interrogatory to the extent that it seeks documents or information protected from discovery by the attorney-client privilege and attorney work product doctrine. AMD objects to this Interrogatory as premature to the extent it calls for expert testimony or opinion. AMD objects to this Interrogatory as overbroad because it calls for information regarding "the alleged inventions of the AMD Patents" without regard to the specific claims that have been or will be challenged as invalid in this matter, and without regard to the invalidity bases alleged.

Subject to and without waiving these objections, AMD states as follows:

AMD will provide an answer to this Interrogatory as to the claims Samsung asserts are obvious over the prior art within a reasonable time following AMD's receipt of Samsung's Preliminary Invalidity Contentions.

**Supplemental Response to Interrogatory No. 9:**

AMD incorporates by reference its General Objections. AMD also Objects to Interrogatory No. 9 to the extent that it seeks documents or information protected from discovery by the attorney-client privilege and attorney work product doctrine. AMD objects to this Interrogatory as premature to the extent it calls for expert testimony or opinion. AMD objects to this Interrogatory as overbroad because it calls for information regarding "the alleged inventions of the AMD Patents" without regard to the specific claims that have been or will be asserted in this matter, or that will be challenged as invalid.

Subject to and without waiving these objections, AMD states that the level of ordinary skill in the art at the time of the inventions claimed in the AMD Patents is as follows:

### I.    Cheng '990 Patent

One having ordinary skill in the art would have a bachelor's degree in electrical or computer engineering or computer science and at least two years of experience working in integrated circuit development, or an equivalent combination of education and experience.

### II.    Sakamoto '893 Patent

One having ordinary skill in the art would be a person working in the relevant field and attempting to solve similar problems that the patent addressed, namely the design or fabrication of MOSFETs. Such a person would typically be a semiconductor device or process engineer with at least a bachelor's degree in either electrical engineering, physics, chemistry, or materials science, plus at least 2 years of graduate study in one of those fields, <u>or</u> at least 2 years of experience in the semiconductor device/fabrication industries.

### II.  Patel '830 Patent

One having ordinary skill in the relevant art would be a person having a master's degree or higher in electrical engineering, plus 3 to 5 years of experience working in integrated circuit design, and particularly circuit design and physical layout.

### III.  Iacoponi '592 Patent

One having ordinary skill in the art would have a master's degree or higher in a related field, typically materials science, electrical engineering, chemical engineering, or mechanical engineering, and further would have at least 2 years of experience in either a semiconductor fabrication facility, or in semiconductor equipment manufacturing.

### IV.  Purcell '434 Patent

One having ordinary skill in the art would have a bachelor's degree in electrical or computer engineering or computer science and a basic working knowledge of computer architecture, or an equivalent combination of education and experience.

### V.  Pedneau '200 Patent

One having ordinary skill in the art would have a bachelor's degree in electrical or computer engineering or computer science, and at least two years of experience working in integrated circuit development, or an equivalent combination of education and experience.

### VI.  Orr '879 Patent

One having ordinary skill in the art would have a bachelor's degree in electrical or computer engineering or computer science or an equivalent combination of education and experience.

**AS TO THE OBJECTIONS:**

DATED: March 6, 2009    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: _____

    William H. Manning
    Brad P. Engdahl

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
612-349-8500

**ATTORNEYS FOR PLAINTIFFS
ADVANCED MICRO DEVICES, INC. AND
ATI TECHNOLOGIES, ULC**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

Case No. CV-08-0986-SI — - 34 - — AMD'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SAMSUNG'S FIRST SET OF INTERROGATORIES TO AMD (NOS. 1, 9)

# VERIFICATION

Kent Cooper, formerly Patents & Licensing Director of Advanced Micro Devices, Inc., now with the law firm of Floyd & Buss, LLP and continuing as agent for Advanced Micro Devices, Inc. and ATI Technologies Inc., ULC, states that he has read these answers, but does not assert that he has personal knowledge of the matters that are the subject of these responses to Interrogatories (Nos. 1, 9). On behalf of Advanced Micro Devices, Inc. and ATI Technologies Inc., ULC and in accordance with Rule 33 of the Federal Rules of Civil Procedures, these answers are true and correct to the best current knowledge of Kent Cooper.

_[signature: Kent J. Cooper]_
Signature

**AGENT OF AMD**
Title

3/6/09
Date