Goodard v. Google, Inc.  Doc. 202 Att. 3

# EXHIBIT 4

Dockets.Justia.com

| SERIAL NUMBER | FILING DATE | CLASS | SUBCLASS | GROUP ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 07/865,812 | 03/31/92 | ~~365~~ 365 | 230.04 | 2312 | |

**PATENT DATE:** FEB 08 1994
**PATENT NUMBER:** 5285421

**APPLICANTS:**
ELVAN S. YOUNG, CUPERTINO, CA; PHILIP L. CRAINE, SARATOGA, CA.

**CONTINUING DATA:**
VERIFIED — THIS APPLN IS A CON OF 07/557,899 07/25/90 ABN
Yes J.A.L.

**FOREIGN/PCT APPLICATIONS:**
VERIFIED
None J.A.L.

FOREIGN FILING LICENSE GRANTED 04/24/92

| Foreign priority claimed ☐ yes ☒ no | AS FILED | STATE OR COUNTRY | SHEETS DRWGS. | TOTAL CLAIMS | INDEP. CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|---|
| 35 USC 119 conditions met ☐ yes ☒ no | | CA | 6 | 3 | 2 | $690.00 | M-1328-1C-US |
| Verified and Acknowledged J.A.L. | | | | | | | |

**ADDRESS:**
EDWARD C. KWOK
SKJERVEN MORRILL MACPHERSON FRANKLIN
AND FRIEL
25 METRO DR., SUITE 700
SAN JOSE, CA 95110

**TITLE:** SCHEME FOR ELIMINATING PAGE BOUNDARY LIMITATION ON INITIAL ACCESS OF A SERIAL CONTIGUOUS ACCESS MEMORY

U.S. DEPT. of COMM.-Pat. & TM Office — PTO-436L (rev. 10-78)

CERTIFICATE OF CORRECTION
DEC 6 1994

PREPARED FOR ISSUE
JACK A. LANE, Assistant Examiner
JOSEPH L. DIXON, SUPERVISORY PATENT EXAMINER GROUP 2300

NOTICE OF ALLOWANCE MAILED: 9-7-93

ISSUE FEE: Amount Due $1170.00 Date Paid 10-5-93

CLAIMS ALLOWED: Total Claims 3, Print Claim 1
DRAWING: Sheets Drwg 7, Figs Drwg 8, Print Fig 4

ISSUE CLASSIFICATION: Class 365 Subclass 230.04
ISSUE BATCH NUMBER: Q44

WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A (rev. 8/90)

1



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/865,812 | 03/31/92 | YOUNG | E  M-1328-1C-US |

EDWARD C. KWOK
SKJERVEN MORRILL MACPHERSON FRANKLIN
AND FRIEL
25 METRO DR., SUITE 700
SAN JOSE, CA 95110

| EXAMINER |
|---|
| LANE, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2312 | 13 |

DATE MAILED: 07/13/92

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined   ☒ Responsive to communication filed on _3/31/92_   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), ____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims _1, 4 and 6_ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. ☒ Claims _5_ has been cancelled.
3. ☐ Claims _____ are allowed.
4. ☒ Claims _1, 4 and 6_ are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.
7. ☒ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. ☐ Formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).
10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).
12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____ ; filed on _____.
13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

EXAMINER'S ACTION

PTOL-326 (Rev. 9-89)

Serial No. 07/557899 -2-
Art Unit 2312

1. This action is responsive to the preliminary amendment filed March 31, 1991.

2. The drawings are objected to for the following reasons:
   a) the signal lines from the control logic to the registers and 32 bit I/O lines from the memory to the registers must be labelled and discussed in the specification.
   b) the registers R0-R3 and R4-R7 should be labelled Bank A and Bank B respectively. Correction is required.

3. The subject matter of this application admits of illustration by a drawing to facilitate understanding of the invention. Applicant is required to furnish a drawing under 37 C.F.R. § 1.81.

   Claims 1 and 4 recite a timing relationship between the output of a first data word, second data word and the receipt of a two-part address. Neither the specification nor the drawings provide clear support for the claimed limitations. Applicant is reminded to avoid adding new matter.

4. Claims 1, 4 and 6 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

L:\DMS\5785\5785_001\0050734.WP

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicants: Elvan S. Young and Philip L. Crane

Assignee: Advanced Micro Devices, Inc.

Title: "Scheme for Eliminating Page Boundary Limitation on Initial Access of a Serial Contiguous Access Memory"

Serial No.: 07/557,899.   Filed: 7/25/90

Examiner: Lane, J.   Group Art Unit: 2312

Attorney Docket No.: M-1328-1C US

---

San Jose, California
January 13, 1993

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D. C. 20231

RECEIVED
FEB 03 1993
GROUP 2300

Amendment

Sir:

In response to the Office Action of 7/13/92, Applicant amend the above-mentioned Application as follows:

In the Drawings

Upon approval by the Examiner, please amend Figures 4 and 5, as indicated in red on the attached marked-up copies. In addition, please include the attached Figure 7 in the present Application.

In the Specification

On page 5, insert before line 20, --Figure 7 shows event diagrams 7(a) and 7(b) illustrating the sequence of events relating respectively to (a) an initial address specifying a byte within four bytes of a row address boundary and (b) an initial address specifying a byte not within four bytes of a row address boundary--.

On page 7, at line 9, after "lines" insert --on 32-bit busses 516 and 515 respectively--.

LAW OFFICES OF
SKJERVEN, MORRILL,
MacPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 293-1222
FAX (408) 293-1233

- 1 -

L:\DMS\5785\5785_001\0050734.WP

On page 7, at line 9, delete "each bit in each group" and substitute --each group of bits being a byte at the address which least significant three bits are specified--.

On page 7, at line 10, insert before "However" --3-bit Control signal busses 417 and 418 specify which of the four bytes in each of register banks A and B is to be output, and accordingly asserts an output enable signal to each register bank to enable its output buffer.--

On page 7, at line 10, delete "addressable".

On page 8, at line 2, delete "503" and substitute --501--; delete "A0-A3" and substitute --A0-A2--.

On page 8, line 22, after "application." insert --The possible sequences of events between receipt of an initial address to continuous output of data without stutter are summarized generally by event diagrams Figures 7(a) and 7(b). Event diagram Figure 7(a) shows receipt at time $t_0$ of a two-part address which requires a third output word to cross a row address boundary. Event diagram Figure 7(b) shows receipt at time $t_0$ of a two-part address in which a row address boundary is not crossed within the first four bytes of data output. As shown in event diagram 7(a), since a row address boundary is crossed within four bytes of output, word lines $WL_{k+1}$ and $WL_k$ in the left and right halves of the memory are activated, respectively, at time $t_1$. As shown in event diagram 7(b), since a word line boundary is not crossed within four bytes of output, word lines $WL_k$ and $WL_k$ in the left and right halves of the memory are activated, respectively, at time $t_1$. Both event diagrams show output from register bank A and register bank B at intervals of $t_{RCO}$ after the initial access time of $t_{ASA}$.--

LAW OFFICES OF
SKJERVEN, MORRILL,
MACPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222
FAX (408) 283-1233

- 2 -

## In the Claims

Please amend Claims 1 and 4 as follows:

1. ((three times amended)) A memory system capable of providing output data upon receiving a two-part address comprising row and column addresses, said memory system comprising:

a memory array having a plurality of memory cells organized into first and second portions of said memory array, each portion of said memory array having a plurality of word lines and a plurality of bit lines, wherein said row address selects one word line in each of said first and second portions of said memory array, wherein each column address selects a plurality of bit lines forming *data words* ~~a data word~~, and wherein word lines in said first portion of said memory array are activated independently from word lines in said second portion of said memory array;

logic means for activating word lines and bit lines in said memory array such that a predetermined number of output data words corresponding to memory cells having contiguous addresses are provided from said memory array, wherein, when a subset of said number of output data words are stored in memory cells in said first portion of said memory array and the remaining of said number of output data words not in said subset are stored in memory cells of said second portion of said memory array, said logic means activates simultaneously in said first portion of said memory array a word line corresponding to said row address and in said second portion of said memory array a word line corresponding to said row address increased by one; and

an internal register for receiving the data words corresponding to contents of memory cells accessed by said

LAW OFFICES OF
SKJERVEN, MORRILL,
ACPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222
FAX (408) 283-1233

word lines in said first and second portions of said memory array, said internal register providing said data words as output data of said memory system one [datum] <u>data word</u> at a time in contiguous address order, said internal register providing each data word, after a first data word, at a time interval substantially less than the time interval between said memory system receiving said two-part address and said internal register providing said first data word, regardless of the position of said first data word in said internal register.

7. (twice amended) A memory system capable of providing output data upon receiving an address formed by a row address and a column address, comprising:

first and second pluralities of memory cells, each memory cell accessible by activating a word line selectable by said row address and a plurality of bit lines selectable by said column address, such that data words formed by <u>contents of said</u> memory cells in said first plurality of memory cells is being accessed when said column address belongs to a first range of contiguous column addresses, and data words formed by <u>contents of</u> memory cells of said second plurality of memory cells is being accessed when said column address belongs to a second range of contiguous column addresses, said second range of contiguous column addresses being column addresses numerically greater than said first range of contiguous column addresses;

logic means for, when a data word in said first plurality of memory cells is accessed, <u>simultaneously</u> selecting in each of said first and second pluralities of memory cells a word line corresponding to said row address and, when a data word in said second plurality of memory

- 4 -

LAW OFFICES OF
SKJERVEN, MORRILL,
MACPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222
FAX (408) 283-1233

cells is accessed, selecting in said second plurality of memory cells a word line corresponding to said row address, and <u>simultaneously</u> selecting in said first plurality of memory cells a word line corresponding to said row address increased by one;

an internal register for receiving the data words corresponding to contents of memory cells accessed by said word lines in said first and second plurality of memory cells, said internal register providing said data words as output data of said memory system one [datum] <u>data word</u> at a time in contiguous address order, said internal register providing each data word, after a first data word, at a time interval substantially less than the time interval between said memory system receiving said row and column addresses and said internal register providing said first data word, regardless of the position of said first data word in said internal register.

## Remarks

Applicants amend Figures 4 and 5 to label the signal lines from the control logic to the registers and 32-bit I/O lines from the memory to registers, as required by the Examiner. Also, the registers R0-R3 and R4-R7 are labelled "A" and "B" respectively, as required by the Examiner.

As required by the Examiner, Figure 7 is submitted to further facilitate understanding of the timing relationship between the receipt of the two-part address amd the output of data words. Event diagram 7(a) of Figure 7 shows receipt at time $t_0$ of a two-part address which requires an output data word to cross a row address boundary within four bytes of contiguous output. Event diagram 7(b) of Figure 7 shows receipt at time $t_0$ of a two-part address in which a row address boundary is not crossed within the first four bytes of data

LAW OFFICES OF
SKJERVEN, MORRILL,
MACPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222
FAX (408) 283-1233

- 5 -

output. As shown in event diagram 7(a), since a row address boundary is crossed within four bytes of output, word lines $WL_{k+1}$ and $WL_k$ in the left and right halves of the memory are activated, respectively, at time $t_1$. As shown in event diagram 7(b), since a row address boundary is not crossed within four bytes of output, word lines $WL_k$ and $WL_k$ in the left and right halves of the memory are activated, respectively, at time $t_1$. Both event diagrams show output from register bank A and register bank B at intervals of $t_{RCO}$ after the initial access time of $t_{ASA}$. Since Figure 7 summarizes the description in Applicants' Specification, beginning at page 7, line 16 to page 8, line 28, no new matter is introduced.

The Specification is amended to correct several plain errors, and to provide a description of Figure 7, which is based on the description in the Specification at pages 7-8. No new matter is introduced.

The Examiner rejected Claims 1, 4 and 6 under 35 U.S.C. § 112, second paragraph, stating:

> Regarding claim 1, lines 33-34, the language "one datum at a time" is unclear. Is this a data word?
> Regarding claim 4, Applicant should review the comments for claim 1.

Claims 1 and 4, as amended, no longer include the phrase to which the Examiner objected. Applicants therefore request withdrawal of the Examiner's rejection under 35 U.S.C. § 112, and reconsideration of claims 1, 4 and 6.

The Examiner also rejected Claims 1, 4 and 6 under 35 U.S.C. § 103 over Yoshimoto in view of Tanaka and the admitted prior art, stating:

> Yoshimoto (figures 3 and 5) teaches a memory devices comprising:
>
> > a first and second memory cell array having word lines and bit lines, an x decoder for activating word lines in the first and second array in such a way that output data constitutes data stored at an even row address and odd row address in different memory

LAW OFFICES OF
BKJERVEN, MORRILL,
MACPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222
FAX (408) 283-1233

L:\OMS\5785\5785_001\0050734.WP

> arrays. However, Yoshimoto does not discuss simultaneously accessing data at a selected row address in one array and at the selected row address incremented by 1 in a second array.
>
> Tanaka (figures 1 and 4; col. 4, line 58-col. 5, line 17) discloses a bit boundary access function capable of accessing a portion of a data word at a selected address in one array (12) and the remaining portion of the data word at the selected address incremented by 1 in a second array (11) in order to read/write data words from memory regardless of the starting point.
>
> The admitted prior art as set forth on page 1, line 37-page 2, line 18, reveals a "pre-fetching" operation whereby data may be made available in a period of time shorter than that required for the first "initial access" for increasing operating speed.
>
> It would have been obvious to one having ordinary skill in the art at the time the invention was made to incorporate the bit boundary access function of Tanaka and the admitted prior art into the device of Yoshimoto in order to read/write data words (8 bits) even in the event that address boundaries are crossed at an increased operating speed because Tanaka and the admitted prior art discuss advantages which would improve the overall operating performance the device of Yoshimoto.

Applicants respectfully disagree with the Examiner that the teachings of Yoshimoto and Tanaka can be properly combined as references to render obvious Claims 1, 4 and 6. In particular, the word lines in Yoshimoto's first and second memory cell arrays are activated in an interleaved manner (Yoshimoto's Figure 2), whereas the word lines in Tanaka's odd and even number memory banks are accessed simultaneously, similarly to the manner recited in Applicants' amended Claims 1 and 4. The advantage of Yoshimoto's memory circuit results from the ability to access Yoshimoto's first and second memory arrays alternately, and partially overlapping in time in a precise timing relationship. To access Yoshimoto's first and second memory arrays simultaneously will destroy the advantage of interleaving, and in fact, would render Yoshimoto's circuit

LAW OFFICES OF
SKJERVEN, MORRILL,
MACPHERSON, FRANKLIN
& FRIEL
75 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222
FAX (408) 283-1233

- 7 -

inoperable. Thus, Yoshimoto teaches away from such combination.

Further, neither Yoshimoto nor Tanaka suggests or discloses how their teachings can be combined in the direction suggested by the Examiner to avoid stutter across a row address boundary with respect to claims 1, 4 and 6. Therefore, Applicants respectfully submit that the Examiner's suggestion of such combination is mere hindsight. Hindsight assembly of the claimed elements is improper and does not present a prima facie showing of obviousness.

For these reasons, Applicants respectfully submit that Claims 1, 4, and 6 are not obvious in view of Yoshimoto, Tanaka and Applicants' admitted prior art. Applicants therefore respectfully request withdrawal of the Examiner's rejection under 35 U.S.C. § 103 and reconsideration.

Because of the reasons set forth above, all pending claims, i.e. Claims 1, 4 and 6 are believed allowable. Thus, if the Examiner's next action is other than allowance of all claims, Applicants respectfully request a telephonic interview with the Examiner. The undersigned Attorney for Applicant may be reached at (408)-283-1222, should the Examiner have any questions regarding the above.

Respectfully submitted,

Edward C. Kwok
Attorney for Applicant(s)
Reg. No. 33,938

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C., 20231, on January 13, 1993

1/13/93
Date of Signature

Attorney for Applicant(s)

LAW OFFICES OF
SKJERVEN, MORRILL,
MCPHERSON, FRANKLIN
& FRIEL
25 METRO DRIVE
SUITE 700
SAN JOSE, CA 95110
(408) 283-1222
FAX (408) 283-1255

- 8 -

11



FIGURE 4



FIGURE 5



FIGURE 7



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/865,812 | 03/31/92 | YOUNG | E | M-1328-1C-US |

EXAMINER: LANE, J

EDWARD C. KWOK    23M3
SKJERVEN MORRILL MACPHERSON FRANKLIN
AND FRIEL
25 METRO DR., SUITE 700
SAN JOSE, CA 95110

ART UNIT: 2312
PAPER NUMBER: 16
DATE MAILED: 04/05/93

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

[X] This application has been examined  [X] Responsive to communication filed on 1/19/93  [ ] This action is made final.

A shortened statutory period for response to this action is set to expire **3** month(s), ____ days from the date of this letter. Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133.

**Part I  THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. [X] Notice of References Cited by Examiner, PTO-892.
2. [ ] Notice re Patent Drawing, PTO-948.
3. [X] Notice of Art Cited by Applicant, PTO-1449.
4. [ ] Notice of Informal Patent Application, Form PTO-152
5. [ ] Information on How to Effect Drawing Changes, PTO-1474.
6. [ ] _____

**Part II  SUMMARY OF ACTION**

1. [X] Claims **1, 4 and 6** are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. [ ] Claims _____ have been cancelled.
3. [ ] Claims _____ are allowed.
4. [X] Claims **1, 4 and 6** are rejected.
5. [ ] Claims _____ are objected to.
6. [ ] Claims _____ are subject to restriction or election requirement.
7. [X] This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. [ ] Formal drawings are required in response to this Office action.
9. [ ] The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are [ ] acceptable; [ ] not acceptable (see explanation or Notice re Patent Drawing, PTO-948).
10. [ ] The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been [ ] approved by the examiner; [ ] disapproved by the examiner (see explanation).
11. [X] The proposed drawing correction, filed **1/19/93**, has been [X] approved; [ ] disapproved (see explanation).
12. [ ] Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has [ ] been received [ ] not been received [ ] been filed in parent application, serial no. _____; filed on _____.
13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. [ ] Other

**EXAMINER'S ACTION**

PTOL-326 (Rev.9-89)

Serial No. 07/865,812 -2-
Art Unit 2312

1. This office action is responsive to the amendment filed 1/19/93. The drawing changes have been approved by the Examiner. Claims 1, 4 and 6 are pending.

2. The drawings are objected to for the following reasons:
Label the figures in figure 7 as ---FIGURE 7(A)--- and ---FIGURE 7(B)--- respectively.
The specification should reflect any changes in the drawings.

3. Applicant is required to submit a proposed drawing correction in response to this Office action. However, correction of the noted defect can be deferred until the application is allowed by the examiner. The drawing should be filed as a separate paper with a transmittal letter addressed to the Official Draftsman. Also note MPEP 608.02(r) and (v).

4. The disclosure is objected to because of the following informalities:
Pages 7-8, line 38, "two groups of memory cells in different word lines" is awkward and unclear.
Page 8, insertion at line 22 et seq. "the third output word" lacks antecedent basis.
Page 8, the insertion at lines 22 et seq., "at time at time

M-1328-1C US\00069169\ECK\SJL\cjl

MAIL ROOM AUG 26 1993 PAT. & TRADEMARK OFF.

RECEIVED AUG 31 1993 GROUP 2300

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s): Elvan S. Young and Philip L. Crane

Assignee: Advanced Micro Devices, Inc.

Title: SCHEME FOR ELIMINATING PAGE BOUNDARY LIMITATION ON INITIAL ACCESS OF A SERIAL CONTIGUOUS ACCESS MEMORY

Serial No.: 07/557,899    Filed: 07/25/90

Examiner: Lane, J.    Group Art Unit: 2312

Attorney Docket No.: M-1328-1C US

---

San Jose, California
August 23, 1993

COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D. C. 20231

### AMENDMENT AFTER FINAL REJECTION

Sir:

In response to the Office Action mailed April 5, 1993, Applicants respectfully submit the following amendments and remarks.

### IN THE DRAWINGS

Applicants submit a copy of Figure 7 and request permission to make the amendment shown in red.

### IN THE SPECIFICATION

On page 5, delete the description of Figure 7 and substitute the following: --

Figure 7(a) shows an event diagram illustrating the sequence of events relating to an initial address specifying a byte within four bytes of a row address boundary.

Figure 7(b) shows an event diagram illustrating the sequence of events relating to an initial address specifying a byte not within four bytes of a row address boundary --.

On page 7, line 38, delete "corresponds to two groups of

- 1 -

memory cells" and insert -- are provided from memory cells of both left and right halves of the memory array --.

On page 8, in the insertion at line 22 et seq. change "the third output word" to -- a third output word --; change "7(a) and 7(b) of Figure 7" to -- Figures 7(a) and 7(b) --; change "7(a) of Figure 7" to -- Figure 7(a) -- at both occurences; change "7(b) of Figure 7" to -- Figure 7(b) -- at both occurrences; and change "at time at time $t_1$" to -- at time $t_1$ --.

## IN THE CLAIMS

Please amend Claims 1 and 4 as follows:

In Claim 1, at line 12, change "a data word" to -- data words --.

In Claim 4, at lines 7-8, and at line 11, change "a data word" to -- data words --.

## REMARKS

Claims 1, 4 and 6 are pending in the case and stand rejected.

Claim 1 and 4 are amended to more clearly define Applicants' invention with no substantive limitations added. Therefore, it is respectfully submitted that the amendment to Claims 1 and 4 are entitled to entry under Rule 116.

As required by the Examiner, the two diagrams of Figure 7 have been labelled "Figure 7(A)" and "Figure 7(B)". The description of Figure 7 in the specification is accordingly amended. Applicants will submit corrected formal drawings upon receipt of a Notice of Allowance.

The informalities in the disclosure indicated by the Examiner are corrected.

The Examiner rejected Claims 1, 4 and 6 under 35 U.S.C.

- 2 -